```
TOWNSEND AND TOWNSEND AND CREW LLP
ERIC P. JACOBS (State Bar No. 88413)
PETER H. GOLDSMITH (State Bar No. 91294)
ROBERT A. McFARLANE (State Bar No. 172650)
IGOR SHOIKET (State Bar No. 190066)
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:    (415) 576-0200
Facsimile:    (415) 576-0300
E-mail:       epjacobs@townsend.com
              phgoldsmith@townsend.com
              ramcfarlane@townsend.com
              ishoiket@townsend.com
```

Attorneys for Defendant
FAIRCHILD SEMICONDUCTOR CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, LTD., and ALPHA & OMEGA SEMICONDUCTOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR CORPORATION, <br><br> Defendant. | Case No. C 07-02638 JSW <br><br> **ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT; COUNTERCLAIMS FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

Defendant Fairchild Semiconductor Corporation ("Fairchild"), by and through its attorneys, hereby answers the Complaint for Patent Infringement and Declaratory Judgment ("Complaint") of plaintiffs Alpha & Omega Semiconductor, Ltd., ("AOS, Ltd.") and Alpha & Omega Semiconductor, Inc., ("AOS, Inc.") (collectively, "AOS") as follows:

**PARTIES**

1.    Fairchild is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint, and denies them on such basis.

1  2. Fairchild is without sufficient knowledge or information to form a belief as to the truth
2  or falsity of the allegations of paragraph 2 of the Complaint, and denies them on such basis.
3  3. Fairchild admits that it is a Delaware corporation, with a place of business at 82
4  Running Hill Road, South Portland, ME 04106.

**JURISDICTION AND VENUE**

6  4. Fairchild admits that the Complaint purports to assert claims arising under the patent
7  laws of the United States, 35 U.S.C. §§ 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C.
8  §§ 2201 and 2202. Fairchild also admits this Court has subject matter jurisdiction over this action
9  under 28 U.S.C. §§ Section 1331 and 1338(a). Except as so admitted, Fairchild denies the remaining
10 allegations of paragraph 4 of the Complaint.
11 5. Fairchild admits that this Court has personal jurisdiction over Fairchild and that it has
12 facilities located in San Jose, California. Fairchild admits that it has communicated with AOS in
13 California regarding AOS's business and Fairchild's patents. Except as so admitted, Fairchild denies
14 the remaining allegations of paragraph 5 of the Complaint.
15 6. Fairchild admits that venue is proper in this judicial district.

**INTRADISTRICT ASSIGNMENT**

17 7. Fairchild admits that this action is subject to assignment on a district-wide basis under
18 the local rules of this Court.

**GENERAL ALLEGATIONS**

20 8. Fairchild is without sufficient knowledge or information to form a belief as to the truth
21 or falsity of the allegations of paragraph 8 of the Complaint, and denies them on such basis.
22 9. Fairchild admits that the face of U.S. Patent No. 5,907,776 ("the '776 patent"), entitled
23 "Method of Forming a Semiconductor Structure Having Reduced Threshold Voltage and High Punch-
24 through Tolerance," states that it was issued on May 25, 1999. Fairchild also admits that the face of
25 U.S. Patent No. 5,767,567 ("the '567 patent"), entitled "Design of Device Layout for Integration with
26 Power MOSFET Packaging to Achieve Better Lead Wire Connections and Lower On Resistance,"
27 states that it was issued on June 16, 1998. Except as so admitted, Fairchild is without sufficient
28 knowledge or information to form a belief as to the truth or falsity of the remaining allegations of

paragraph 9 of the Complaint, and denies them on such basis.

10. Fairchild is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint, and denies them on such basis.

11. Fairchild admits that it has alleged that AOS infringes U.S. Patent No. 6,429,481 ("the '481 patent"), entitled "Field Effect Transistor and Method of its Manufacture," and U.S. Patent No. 6,710,406 ("the '406 patent"), entitled "Field Effect Transistor and Method of its Manufacture," and that these patents issued on August 6, 2002, and March 23, 2004, respectively.

12. Fairchild admits that it has directed correspondence to AOS stating that certain AOS products infringe the '481 and '406 patents and requesting that AOS license rights to those patents. Fairchild is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 12 of the Complaint, and denies them on such basis.

13. Fairchild is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint, and denies them on such basis.

14. Fairchild admits that AOS's complaint denies that AOS infringes any valid and enforceable claim of any of the Fairchild patents, but Fairchild denies the basis for AOS's denial.

15. Fairchild admits that an actual and justiciable controversy exists between Fairchild and AOS concerning whether AOS infringes any valid claim of the '481 and '406 patents and that AOS's Complaint seeks a declaratory judgment that the claims of the '481 and '406 patents are invalid and that AOS does not infringe any valid claim of certain of the '481 and '406 patents.

**FIRST CLAIM FOR RELIEF**
**(Alleged Infringement of U.S. Patent No. 5,907,776 by Fairchild)**

16. Fairchild incorporates herein by reference its responses to paragraphs 1 through 10 of the Complaint.

17. Fairchild denies each and every allegation of paragraph 17 of the Complaint.

18. Fairchild denies each and every allegation of paragraph 18 of the Complaint.

19. Fairchild denies each and every allegation of paragraph 19 of the Complaint.

20. Fairchild denies each and every allegation of paragraph 20 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Alleged Infringement of U.S. Patent No. 5,767,567 by Fairchild)**

21. Fairchild incorporates herein by reference its responses to paragraphs 1 through 10 of the Complaint.

22. Fairchild denies each and every allegation of paragraph 22 of the Complaint.

23. Fairchild denies each and every allegation of paragraph 23 of the Complaint.

24. Fairchild denies each and every allegation of paragraph 24 of the Complaint.

25. Fairchild denies each and every allegation of paragraph 25 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Alleged Non-Infringement of U.S. Patent No. 6,429,481)**

26. Fairchild incorporates herein by reference its responses to paragraphs 1 through 15 of the Complaint.

27. Fairchild denies each and every allegation of paragraph 27 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Alleged Non-Infringement of U.S. Patent No. 6,710,406)**

28. Fairchild incorporates herein by reference its responses to paragraphs 1 through 15 of the Complaint.

29. Fairchild denies each and every allegation of paragraph 29 of the Complaint.

**AFFIRMATIVE DEFENSES**

Fairchild, for its further and separate defenses to the allegations of the Complaint, alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Each claim of the '776 and the '567 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, and/or 115.

### THIRD AFFIRMATIVE DEFENSE

3.  AOS's claim for relief is barred by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4.  AOS's claim for damages is barred, in whole or in part, by the operation of applicable statutes, including 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE

5.  AOS's claim for relief is barred by the doctrine of equitable estoppel

### SIXTH AFFIRMATIVE DEFENSE

6.  AOS's claim for relief is barred by the doctrine of laches.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### JURISDICTION AND VENUE

1.  These counterclaims are brought under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1338(a) (Patents), 2201 (Declaratory Relief), and 2202 (Declaratory Relief).

2.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

3.  This court has personal jurisdiction over AOS because AOS has availed itself of the jurisdiction of the Court by filing its Complaint. AOS also has sufficient minimum contacts with this State, maintains offices within this State and, on information and belief, conducts substantial business within this State.

### PARTIES

4.  Fairchild Semiconductor Corporation is a corporation duly organized and existing under the laws of the State of Delaware and has a place of business in San Jose, California.

5.  On information and belief, Alpha and Omega Semiconductor Incorporated is a corporation organized and existing under the laws of the State of California and has a place of business in Sunnyvale, California. On information and belief, Alpha and Omega Semiconductor Limited is a Bermuda corporation with a place of business in Taipei, Taiwan.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement)**

6. Fairchild incorporates by reference the allegations of Paragraphs 1 through 5, as if fully set forth herein.

7. AOS purports to be the owner by assignment of the '776 and '567 patents.

8. An actual and justiciable case or controversy exists between Fairchild, on the one hand, and AOS, on the other hand, as to Fairchild's alleged infringement of the '776 and '567 patents by virtue of the allegations in the Complaint in this action.

9. Fairchild has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any valid claim of the '776 and '567 patents.

10. Fairchild seeks a judicial determination from this Court that it has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any valid claim of the '776 and '567 patents.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity)**

11. Fairchild incorporates by reference the allegations of paragraphs 1 through 9, as if fully set forth herein.

12. An actual and justiciable case or controversy exists between Fairchild, on the one hand, and AOS, on the other hand, as to the validity of the claims of the '776 and '567 patents by virtue of the allegations in the Complaint in this action.

13. Each claim of the '776 and '567 patents is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Fairchild seeks a judicial determination from this Court that the claims of the '776 and '567 patents are invalid.

///

**THIRD COUNTERCLAIM**
**(Infringement of U.S. Patent No. 6,429,481)**

15. Fairchild incorporates by reference and realleges paragraphs 1 through 5.

16. On August 6, 2002, United States Patent No. 6,429,481 ("the '481 patent"), entitled "Field Effect Transistor and Method of its Manufacture," was duly and legally issued by the United States Patent and Trademark Office. Fairchild is the assignee of the '481 patent and continues to hold all rights and interest in the '481 patent. A true and correct copy of the '481 patent is attached hereto as Exhibit A.

17. AOS has directly, indirectly, contributorily, and/or by inducement infringed and continues to infringe the '481 patent by its manufacture, use, sale, importation, and/or offer for sale of certain products, including without limitation, AOS power transistors. AOS is liable for its infringement of the '481 patent pursuant to 35 U.S.C. § 271.

18. AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to proof at trial. AOS's infringement of Fairchild's exclusive rights under the '481 patent will continue to cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

19. Upon information and belief, AOS's infringement of the '481 patent is willful and deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**FOURTH COUNTERCLAIM**
**(Infringement of U.S. Patent No. 6,710,406)**

20. Fairchild incorporates by reference and realleges paragraphs 1 through 5.

21. On March 23, 2004, United States Patent No. 6,710,406 ("the '406 patent"), entitled "Field Effect Transistor and Method of its Manufacture," was duly and legally issued by the United States Patent and Trademark Office. Fairchild is the assignee of the '406 patent and continues to hold all rights and interest in the '406 patent. A true and correct copy of the '406 patent is attached hereto as Exhibit B.

22. AOS has directly, indirectly, contributorily, and/or by inducement infringed and continues to infringe the '406 patent by its manufacture, use, sale, importation, and/or offer for sale of certain products, including without limitation, AOS power transistors. AOS is liable for its infringement of the '406 patent pursuant to 35 U.S.C. § 271.

23. AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to proof at trial. AOS's infringement of Fairchild's exclusive rights under the '406 patent will continue to cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

24. Upon information and belief, AOS's infringement of the '406 patent is willful and deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**FIFTH COUNTERCLAIM**
**(Infringement of U.S. Patent No. 6,521,497)**

25. Fairchild incorporates by reference and realleges paragraphs 1 through 5.

26. On February 18, 2003, United States Patent No. 6,521,497 ("the '497 patent"), entitled "Method of Manufacturing a Field Effect Transistor," was duly and legally issued by the United States Patent and Trademark Office. Fairchild is the assignee of the '497 patent and continues to hold all rights and interest in the '497 patent. A true and correct copy of the '497 patent is attached hereto as Exhibit C.

27. AOS has directly, indirectly, contributorily, and/or by inducement infringed and continues to infringe the '497 patent by its manufacture, use, sale, importation, and/or offer for sale of certain products, including without limitation, AOS power transistors. AOS is liable for its infringement of the '497 patent pursuant to 35 U.S.C. § 271.

28. AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to proof at trial. AOS's infringement of Fairchild's exclusive rights under the '497 patent will continue to cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law

1 unless enjoined by this Court.

2     29. Upon information and belief, AOS's infringement of the '497 patent is willful and
3 deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and
4 costs incurred in prosecuting this action under 35 U.S.C. § 285.

**SIXTH COUNTERCLAIM**
**(Infringement of U.S. Patent No. 6,828,195)**

7     30. Fairchild incorporates by reference and realleges paragraphs 1 through 5.

8     31. On December 7, 2004, United States Patent No. 6,828,195 ("the '195 patent"), entitled
9 "Method of Manufacturing a Trench Transistor Having a Heavy Body Region," was duly and legally
10 issued by the United States Patent and Trademark Office. Fairchild is the assignee of the '195 patent
11 and continues to hold all rights and interest in the '195 patent. A true and correct copy of the '195
12 patent is attached hereto as Exhibit D.

13     32. AOS has directly, indirectly, contributorily, and/or by inducement infringed and
14 continues to infringe the '195 patent by its manufacture, use, sale, importation, and/or offer for sale of
15 certain products, including without limitation, AOS power transistors. AOS is liable for its
16 infringement of the '195 patent pursuant to 35 U.S.C. § 271.

17     33. AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled
18 to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to
19 proof at trial. AOS's infringement of Fairchild's exclusive rights under the '195 patent will continue to
20 cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law
21 unless enjoined by this Court.

22     34. Upon information and belief, AOS's infringement of the '195 patent is willful and
23 deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and
24 costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

26 WHEREFORE, Fairchild requests entry of judgment in its favor and against AOS as follows:
27     A. That the claims of AOS alleged in its Complaint be denied in their entirety and that
28 AOS take nothing by way of its Complaint;

1       B.      A declaration that Fairchild has not willfully or otherwise infringed, contributed to the

2   infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe,

3   contribute to the infringement of, or actively induce others to infringe, any valid claim of the '776 and

4   '567 patents;

5       C.      A declaration that the claims of the '776 and '567 patents are invalid;

6       D.      A judgment that AOS has infringed, and is infringing, the '481, '406, '497 and '195

7   patents;

8       E.      A permanent injunction enjoining AOS and its respective officers, agents, employees,

9   subsidiaries, and those acting in privity or concert with AOS, including related individuals and

10  entities, customers, representatives, dealers, and distributors, from further infringement, contributory

11  infringement and/or inducement of infringement of the '481, '406, '497 and '195 patents;

12      F.      An award of damages arising out of AOS's infringement of the '481, '406, '497 and

13  '195 patents, including enhanced damages pursuant to 35 U.S.C. §284, together with prejudgment and

14  post-judgment interest, in an amount according to proof;

15      G.      A declaration that this case is an exceptional case within the meaning of 35 U.S.C.

16  § 285 and an award of reasonable attorneys' fees to Fairchild; and

17      H.      Costs of suit and such other and further relief as the Court deems just and proper.

18

19  DATED: June 18, 2007                    Respectfully submitted,

20

21                                          By:  /s/*Eric P. Jacobs*
                                                Eric P. Jacobs
22                                              Peter H. Goldsmith
                                                Robert A. McFarlane
23                                              Igor Shoiket
                                                TOWNSEND AND TOWNSEND AND CREW LLP
24                                              Two Embarcadero Center, 8th Floor
                                                San Francisco, California  94111
25                                              Telephone:  (415) 576-0200
                                                Facsimile:  (415) 576-0300
26
                                                Attorneys for Defendant
27                                              FAIRCHILD SEMICONDUCTOR CORPORATION

28  61074564 v2

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS                10
CASE NO. C 07-02638 JSW

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fairchild demands a trial by jury on all issues so triable.

DATED:  June 18, 2007                Respectfully submitted,


By: /s/*Eric P. Jacobs*
Eric P. Jacobs
Peter H. Goldsmith
Robert A. McFarlane
Igor Shoiket
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300

Attorneys for Defendant
FAIRCHILD SEMICONDUCTOR CORPORATION

61074564 v2