TOWNSEND AND TOWNSEND AND CREW LLP
ERIC P. JACOBS (State Bar No. 88413), *epjacobs@townsend.com*
PETER H. GOLDSMITH (State Bar No. 91294), *phgoldsmith@townsend.com*
ROBERT A. McFARLANE (State Bar No. 172650), *ramcfarlane@townsend.com*
IGOR SHOIKET (State Bar No. 190066), *ishoiket@townsend.com*
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Defendant, Counterclaimant and Plaintiff
FAIRCHILD SEMICONDUCTOR CORPORATION

MORGAN, LEWIS & BOCKIUS LLP
DANIEL JOHNSON, JR. (State Bar No. 57409), *djjohnson@morganlewis.com*
RITA E. TAUTKUS (State Bar No. 162090), *rtautkus@morganlewis.com*
BRETT M. SCHUMAN (State Bar No. 189247), *bschuman@morganlewis.com*
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

ANDREW J. WU (State Bar No. 214442), *awu@morganlewis.com*
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2111
Telephone: (650) 843-4000
Facsimile: (650) 843-4001

Attorneys for Plaintiffs, Counterdefendants and Defendants
ALPHA & OMEGA SEMICONDUCTOR, LTD., and
ALPHA & OMEGA SEMICONDUCTOR, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, LTD., and ALPHA & OMEGA SEMICONDUCTOR, INC.<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR CORPORATION,<br><br>Defendant and Counterclaimant.<br><br>AND CONSOLIDATED ACTION. | Case No. C 07-2638 JSW<br><br>(Consolidated with Case No. C 07-2664 JSW)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in the above-entitled action (the "Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted.  In addition, the parties contemplate that non-parties may produce confidential information that should also be subjected to limited disclosure and use.  Accordingly, the parties hereby stipulate to, and respectfully request the Court to enter, the following Stipulated Protective Order (the "Order").  The parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and in-house counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:   highly sensitive "Confidential Information or Items," the disclosure of which to another Party or non-party would create a substantial risk of serious injury to the Producing Party.

2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as " Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel:  attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this Action.

2.10    In-house Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and In-house Counsel (as well as their support staff).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.13    Professional Vendors:  persons or entities that provide  litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

1  directs.

2      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

3          5.1    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

4  Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order

5  must be clearly so designated before the material is disclosed or produced.

6          Designation in conformity with this Order requires:

7              (a)    <u>for information in documentary form</u> (apart from transcripts of

8  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

9  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

10 document that contains associated protected material.  Unless otherwise indicated, the designation of

11 confidentiality shall apply to the entire document.  If only a portion or portions of the document

12 qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and

13 must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

14 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

15              (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

16 that the Party or non-party offering or sponsoring the testimony identify on the record all Protected

17 Material and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or

18 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify

19 separately each portion of testimony that is entitled to protection, and when it appears that substantial

20 portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or

21 gives the testimony may invoke on the record a right to designate the entire testimony or particular

22 topic thereof "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

23 Testimony in a deposition may also be designated "CONFIDENTIAL" or "HIGHLY

24 CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the deposing party in writing within

25 fourteen (14) calendar days of the conclusion of the deposition.  No deposition may be read by anyone

26 other than the deponent, the attorneys for the parties, and those qualified to see "CONFIDENTIAL" or

27 "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" material under Paragraph 7 during the

28 fourteen (14) calendar day period following a deposition unless otherwise agreed upon among the

1   Outside Counsel.  Upon being informed that certain portions of a deposition disclose either

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information,

3   each party must cause each copy of the transcript in its custody or control to promptly be marked with

4   the appropriate designation.

5           Transcript pages containing Protected Material must contain on each page the

6   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

7   instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

8           (c)    for electronic documents and other electronic files, that the Producing

9   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY" as appropriate to the media containing the documents, or by indicating in writing those

11  documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY."

13          (d)    for information produced in some form other than documentary, and for

14  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

15  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or

17  item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

18  portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL

19  — ATTORNEYS' EYES ONLY."

20          5.2    Inadvertent Failure to Designate.  The inadvertent or unintentional production

21  by any Producing Party, or any third party subject to an obligation of confidentiality, of confidential

22  material or information without designating such material or information as "CONFIDENTIAL" or

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole

24  or in part of a party's claim of confidentiality, either as to that specific information or as to any other

25  information.  In the event that a Producing Party discovers that it or a third party subject to an

26  obligation of confidentiality inadvertently or unintentionally provided Confidential Information

27  without designation, that party shall promptly, by letter sent to opposing counsel, designate all

28  documents or portions thereto containing such information as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the protections of this Order, and a Receiving Party shall make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  If inadvertently or unintentionally provided Confidential Information has been disclosed by a Receiving Party in any filing, motion, hearing, trial or proceeding, then the Receiving Party, after being duly notified by letter, shall, to the extent necessary, designate all documents or portions containing such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  To the extent this Confidential Information was submitted in a filing or motion, the party submitting the filing shall cooperate in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures.

    5.3  <u>Inadvertent Production of Work Product or Privileged Information</u>.  The inadvertent or unintentional production of documents subject to work product immunity, trade secret immunity, or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly after learning of the production notifies the receiving party in writing of such inadvertent production.  No party to this Action thereafter shall assert that such inadvertent disclosure alone waived any privilege or immunity.  Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  Any Receiving Party will return or destroy such inadvertently produced items and all copies within five (5) business days of receiving a written request from the Producing Party for the return or destruction of such items and certify such return or destruction in writing to the Producing Party.  The return of such items shall not be construed as an agreement by the returning party that the information is, in fact, protected by any privilege or immunity.  The Receiving Party, having so returned the items, may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure (without asserting waiver based solely on their inadvertent production).  Nothing in this Order shall be construed to require the production of any information, document, electronically stored information or thing that a party contends is protected from disclosure by any privilege or immunity.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Objections to Confidentiality Designations and Judicial Intervention.  Any party may object to the designation of particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " information by identifying the information to which the objection is made in a written notice to the party designating the disputed information.  If the parties cannot resolve the objection, it shall be the obligation of the party challenging the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation to file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Section 6.2 below.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with the Designating Party.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3    Judicial Intervention.  A Party that elects to initiate a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.  PRESERVATION AND USE OF PROTECTED MATERIAL

7.1  Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).

All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall make best efforts to prevent any disclosure thereof except in accordance with the terms of this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f)  during their depositions, witnesses in the Action to whom disclosure is

1  reasonably necessary for this Action.  Pages of transcribed deposition testimony or exhibits to

2  depositions that reveal Protected Material must be separately bound by the court reporter and may not

3  be disclosed to anyone except as permitted under this Order;

4          (g)    each person the document or information identifies as an author, source

5  or recipient of such document or information; and

6          (h)    any person that evidence demonstrates to have already viewed the

7  information or document or been told of its content, provided that the party desiring such disclosure

8  first provide five (5) calendar days advanced written notice to the Designating Party of the planned

9  disclosure describing precisely what is to be disclosed, to whom it will be disclosed, and the

10  evidentiary basis for believing the document or information has already been disclosed to such person.

11  Should the Designating Party object to such disclosure within the five (5) calendar days, disclosure

12  shall not be made under this provision.

13          7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

14  Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

15  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

16  CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

17          (a)    The Receiving Party's Outside Counsel of record in this Action, as well

18  as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information

19  for this Action;

20          (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

21  necessary for this Action, (2) who have signed the "Agreement to Be Bound by Protective Order"

22  (Exhibit A),  and (3) as to whom the procedures set forth in Section 7.4 below, have been followed;

23          (c)    the Court and its personnel;

24          (d)    court reporters, their staffs, and Professional Vendors to whom

25  disclosure is reasonably necessary for this Action;

26          (e)    each person the document or information identifies as an author, source

27  or recipient of such document or information; and

28          (f)    any person that evidence demonstrates to have already viewed the

1   information or document or been told of its content, provided that the party desiring such disclosure

2   first provide five (5) calendar days advanced written notice to the Designating Party of the planned

3   disclosure describing precisely what is to be disclosed, to whom it will be disclosed, and the

4   evidentiary basis for believing the document or information has already been disclosed to such person.

5   Should the Designating Party object to such disclosure within the five (5) calendar days, disclosure

6   shall not be made under this provision.

7         7.4     Procedures for Approving Disclosure of "CONFIDENTIAL" or "HIGHLY

8   CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to "Experts"

9               (a)    Unless otherwise ordered by the Court or agreed in writing by the

10  Designating Party, a Receiving Party that seeks to disclose to an "Expert" (as defined in this Order)

11  any Protected Material first must make a written request to the Designating Party that (1) states that

12  the Receiving Party seeks to disclose Protected Material to the Expert, (2) identifies the Expert by

13  setting forth the full name of the Expert and the address of his or her primary residence, (3) attaches a

14  copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies (by

15  name, address, telephone number and dates of service) each person or entity from whom the Expert

16  has received compensation for work in his or her areas of expertise or to whom the expert has

17  provided professional services at any time during the preceding five years, (6) identifies (by name and

18  number of the case, filing date, and location of court) any litigation in connection with which the

19  Expert has provided any professional services during the preceding five years, and (7) describes the

20  nature of any relationship (purpose and length of relationship) that the Expert has or has had with any

21  Party to this Action.

22              (b)    A Receiving Party that makes a request and provides to the Designating

23  Party the information specified in Section 7.4 (a) above may disclose Protected Material to the

24  identified Expert unless, within seven (7) calendar days of making the request, the Receiving Party

25  receives a written objection from the Designating Party.  Any such objection must set forth in detail

26  the grounds on which it is based.

27              (c)    A Receiving Party that receives a timely written objection must meet

28  and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is

reached, the Party challenging the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking a Protective Order from the Court to prohibit the disclosure to the Expert.  Any such notice must describe the circumstances with specificity, set forth in detail the reasons for the challenge, assess the risk of harm to the Designating Party that the disclosure would entail, and may suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement.  The Receiving Party shall not disclose any Protected Material to the Expert until the objection is resolved by the parties or the Court.  Disagreement by the producing party that the Expert is competent to render an admissible opinion in this Action is not a valid basis for refusing disclosure.  Likewise, the disclosure of designated material to an Expert under the terms of this Order may not be used as evidence that the Producing Party acquiesced to the expertise or qualifications of the Expert.

        7.5    <u>Patent Prosecutors</u>

Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party may not disclose any Protected Material to an attorney that performs patent prosecution work for the Receiving Party relating to the technical subject matter of the patents-at-issue in this litigation.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

(a)  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing, promptly and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the

1  subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of

2  this Order promptly to the party in the other action that caused the subpoena or order to issue.

3        (c)  The purpose of imposing these duties is to alert the interested parties to the

4  existence of this Order and to afford the Designating Party in this case an opportunity to try to protect

5  its confidentiality interests in the court from which the subpoena or order issued.  The Designating

6  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

7  material, and nothing in these provisions should be construed as authorizing or encouraging a

8  Receiving Party in this action to disobey a lawful directive from another court.

9        9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Order, the Receiving Party

12  must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

13  its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

14  whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such

15  person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

16  as Exhibit A.

17        10.    FILING PROTECTED MATERIAL

18        Without written permission from the Designating Party or a court order secured after

19  appropriate notice to all interested persons, a Party may not file in the public record in this Action any

20  Protected Material.  A Party that seeks to file under seal any Protected Material must comply with

21  Civil Local Rule 79-5.

22        11.    FINAL DISPOSITION

23        Unless otherwise ordered or agreed in writing by the Producing Party, within 90

24  calendar days after the final termination of this Action, each Receiving Party must return all Protected

25  Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

26  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

27  Protected Material.  In lieu of returning to the Producing Party, counsel for a Receiving Party may

28  destroy any Protected Material that is intertwined with attorney work product or privileged

communications.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 calendar day deadline that verifies all the Protected Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, expert reports, motion papers, deposition and hearing transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION) above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Parties may by stipulation provide for exceptions to this Order, provided that such stipulation is presented to the Court as a Consent Order, and any Party may seek an order of this Court modifying or interpreting this Order.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Enforcement.  In the event anyone shall violate or threaten to violate the terms of this Order, subject to meet and confer obligations in the Court's Local Rules, the aggrieved party may apply to obtain injunctive relief against any such person, and in such event, the respondent, subject to the terms of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.  The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over the Order and the parties for the purpose

1    of enforcing the Order.

2          12.4    No Waiver.  Nothing in this Order, or the taking of any action in accordance

3    with the provisions of this Order, or the failure to object thereto, shall be construed as a waiver or

4    admission of any claim or defense in the Action.  The failure to object to a designation shall not

5    constitute an admission by the Receiving Party that the designated information is in fact trade secret or

6    proprietary information.  This Order shall not in any way limit what a party may do or disclose with its

7    own documents or information.  Nothing in this Order shall be deemed to preclude a party from

8    seeking and obtaining, on an appropriate showing, different or additional protections or relief

9    regarding matter designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY" information.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:  August 1, 2007

4                                                    TOWNSEND AND TOWNSEND AND CREW LLP

5                                                    By:   /s/*Eric P. Jacobs*
                                                              ERIC P. JACOBS
6                                                             PETER GOLDSMITH
                                                              IGOR SHOIKET
7                                                             ROB McFARLANE

8                                                    Attorneys for Defendant, Counterclaimant and Plaintiff
                                                     FAIRCHILD SEMICONDUCTOR CORPORATION
9

10

11   DATED:  August 1, 2007

                                                     MORGAN, LEWIS & BOCKIUS LLP
12

13                                                   By:    /s/*Brett M. Schuman*
                                                              BRETT M. SCHUMAN
14                                                            DANIEL JOHNSON, JR.
                                                              RITA E. TAUTKUS
15                                                            ANDREW J. WU

16                                                   Attorneys for Plaintiffs, Counterdefendants and
                                                     Defendants
17                                                   ALPHA & OMEGA SEMICONDUCTOR, INC., and
                                                     ALPHA & OMEGA SEMICONDUCTOR, LTD.

18
     Pursuant to Stipulation, it is so ORDERED.
19

20                              By:
                                       THE HONORABLE JEFFREY S. WHITE
21                                     United States District Judge

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order (the "Order") that was issued by the United States District Court for the Northern

District of California on _____ [date] in the case of C 07-02664 JSW

(the "Action"). I agree to comply with and to be bound by all the terms of this Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item that is

subject to this Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Order, even if such

enforcement proceedings occur after termination of this Action.


Date: _____


City and State where sworn and signed: _____


Printed name: _____
                         [printed name]


Signature: _____
                         [signature]

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2      I, Eric P. Jacobs, attest that concurrence in the filing of this document has been obtained from

3 counsel for plaintiffs, counterdefendants and defendants.  I declare under penalty of perjury under the

4 laws of the United States of America that the foregoing is true and correct.

5      Executed this 1st day of August, 2007, at San Francisco, California.

6

7                                          /s/ *Eric P. Jacobs*
                                           ERIC P. JACOBS

8

9

10    61095903 v4

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28