MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Brett Schuman (State Bar No. 189247)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
bschuman@morganlewis.com
aspicer@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
awu@morganlewis.com

Attorneys for Plaintiffs and Counterdefendants
ALPHA & OMEGA SEMICONDUCTOR, INC.
ALPHA & OMEGA SEMICONDUCTOR, LTD.

TOWNSEND AND TOWNSEND AND CREW LLP
Eric P. Jacobs (State Bar No. 88413)
Peter H. Goldsmith (State Bar No. 91294)
Robert A. McFarlane (State Bar No. 172650)
Igor Shoiket (State Bar No. 190066)
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Tel: 415.576.0200
Fax: 415.576.0300
epjacobs@townsend.com
phgoldsmith@townsend.com
ramcfarlane@townsend.com
ishoiket@townsend.com

Attorneys for Defendant and Counterclaimant
FAIRCHILD SEMICONDUCTOR CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,

Plaintiffs and Counterdefendants,

v.

FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,

Defendant and Counterclaimant.

AND RELATED COUNTERCLAIMS

Case No. C 07-2638 JSW
(Consolidated with Case No. C-07-2664 JSW)

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**

Pursuant to Civil L.R. 16-9(a) and Patent L.R. 2-1(a), plaintiffs and counterdefendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc. (collectively, "AOS") and defendant and counterclaimant Fairchild Semiconductor Corp. ("Fairchild") jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case. As described below, the Court consolidated this case for all purposes with *Fairchild Semiconductor Corp. v. Alpha & Omega Semiconductor, Inc., et al.*, Case No. 07-2664 JSW, and the parties request that all provisions of this Case Management Statement and Proposed Order apply to both cases.

**I. Jurisdiction and Service**

This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of this action, including Fairchild's counterclaims, pursuant to 28 U.S.C. §§ 1331 and 1338. The parties agree that venue is proper in this district and that the Court has personal jurisdiction over all current parties. There are no remaining parties to be served.

**II. Description Of The Case and Disputed Factual Issues**

This is a patent infringement action. The patents-in-suit relate to certain methods and designs for semiconductor technology. On May 17, 2007, AOS filed the above-captioned suit (the "*AOS*" action) for patent infringement and declaratory judgment against Fairchild seeking relief for Fairchild's alleged willful infringement of U.S. Patent No. 5,907,776 (the "'776 patent") and U.S. Patent No. 5,767,567 (the "'567 patent") (collectively, "the AOS patents-in-suit"). AOS also seeks declaratory judgment of alleged non-infringement of U.S. Patent No. 6,429,481 (the "'481 patent") and U.S. Patent No. 6,710,406 (the "'406 patent").

On May 18, 2007, Fairchild filed suit against AOS, *Fairchild Semiconductor Corp. v. Alpha & Omega Semiconductor, Inc., et al.*, Case No. 07-2664 (the "*Fairchild*" action). In its complaint, Fairchild seeks relief for AOS's alleged willful infringement of U.S. Patent No. 6,429,481 (the "'481 patent"), U.S. Patent No. 6,710,406 (the "'406 patent"), U.S. Patent No. 6,521,497 (the "'497 patent"), and U.S. Patent No. 6,828,195 (the "'195 patent") (collectively, "the Fairchild patents-in-suit").

Subsequently, Fairchild asserted six counterclaims in the *AOS* action. Fairchild's first and second counterclaims seek declaratory judgment of alleged non-infringement and alleged invalidity of the '776 and '567 patents – the two patents AOS asserted against Fairchild in the *AOS* action. Fairchild additionally seeks relief for alleged willful infringement of the '481, '406, '497, and '195 patents – the four patents Fairchild asserted against AOS in the *Fairchild* action.

This Court deemed the two cases to be related within the meaning of Civil Local Rule 3-12 and the later-filed *Fairchild* action was reassigned to the Honorable Jeffrey S. White on June 15, 2007. Pursuant to the parties' stipulation, the Court thereafter consolidated the two actions into the *AOS* action, Civil Action No. 07-2638, on July 31, 2007.

AOS asserts that Fairchild has directly, indirectly, contributorily and/or by inducement infringed and continues to infringe the AOS patents-in-suit by its manufacture, use, sale, importation and/or offer for sale of certain products that embody inventions claimed in the AOS patents-in-suit. AOS alleges that this infringement is willful and deliberate. Fairchild denies AOS's allegations, including that Fairchild infringes the '776 and '567 patents. Fairchild also raises a number of affirmative defenses to AOS's claims, including that the '776 and '567 patents are invalid.

Fairchild asserts that AOS has directly, indirectly, contributorily and/or by inducement infringed and continues to infringe the Fairchild patents-in-suit by its manufacture, use, sale, importation and/or offer for sale of certain products that embody inventions claimed in the Fairchild patents-in-suit. Fairchild alleges that this infringement is willful and deliberate. AOS denies Fairchild's allegations, including that AOS infringes the '481, '406, '497, and '195 patents. AOS also raises a number of affirmative defenses to Fairchild's counterclaims, including that the '481, '406, '497, and '195 patents are invalid.

The principal factual issues in dispute are:

1. whether Fairchild has infringed and is infringing the AOS patents-in-suit;

2. whether Fairchild has contributed to the infringement by others of the AOS patents-in-suit;

3. whether Fairchild has induced others to infringe the AOS patents-in-suit;

4. whether any such infringement by Fairchild is willful;

5. whether AOS's patents-in-suit are valid;

6. the amount of AOS's damages;

7. whether AOS has infringed and is infringing the Fairchild patents-in-suit;

8. whether AOS has contributed to the infringement by other of the Fairchild patents-in-suit;

9. whether AOS has induced other to infringe the Fairchild patents-in-suit;

10. whether any such infringement by AOS is willful;

11. whether Fairchild's patents-in-suit are valid;

12. the amount of Fairchild's damages.

**III. Description Of the Legal Issues**

The principal disputed legal issues are:

1. the construction of the claims of the patents-in-suit;

2. the validity of the patents-in-suit;

3. whether any infringement was willful, and it so, the amount of enhanced damages;

4. whether an injunction (or injunctions) should issue if any of the patents-in-suit are found valid, enforceable, and infringed.

**IV. Motions**

There are no pending motions. The parties anticipate filing motions for summary judgment on the issues of infringement and/or invalidity.

**V. Amendment Of Pleadings**

AOS may seek to amend its complaint to allege infringement of additional patents. Likewise, Fairchild may seek to amend its counterclaims to allege infringement of additional patents. Neither party expects to add to or dismiss any of the current parties. The parties propose a deadline of November 16, 2007, for the amendment of the pleadings with the right to seek leave of the Court to amend the pleadings beyond that date.

**VI. Evidence Preservation**

AOS and Fairchild have taken steps, including the suspension of normal document

destruction programs and the institution of a litigation hold for both hardcopy documents and electronic documents, to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasure of e-mails, voice mails, and other electronically-recorded material.

**VII. Disclosures**

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on July 27, 2007. During that conference, the parties agreed that initial disclosures will be served no later than August 10, 2007. The parties each reserve the right to supplement their disclosures as discovery continues.

**VIII. Discovery**

The parties agree to the following discovery plan:

(a) Discovery Needed –

1. The alleged infringement of the asserted six patents
2. The alleged invalidity of the asserted six patents
3. The enforceability of the asserted six patents
4. The alleged damages resulting from the alleged infringement of each of the asserted six patents
5. If any asserted patent is found valid and infringed, whether the infringement was willful

(b) Bifurcation – The parties oppose bifurcation for discovery or trial.

(c) Interrogatories – The parties request that each party be allowed to serve a maximum of 25 interrogatories.

(d) Depositions –

AOS's Position: In view of the fact that these consolidated cases involve six patents with multiple inventors, AOS requests that each side be limited to 30 depositions lasting no more than 10 hours per witness, with the exception that depositions that require an interpreter shall last no longer than 20 hours per witness.

Fairchild's Position: These consolidated cases involve the same six patents. The four

Fairchild patents-in-suit are related to the same parent patent application and share the same named inventors. Consequently, Fairchild believes that 20 depositions per side is sufficient. Fairchild requests that each deposition last no longer than seven hours per witness, with the exception that depositions that require an interpreter should last no longer than fourteen hours per witness.

(e) Requests for Admissions and for Documents – The parties agree that there should be no limits on requests for admissions or document discovery requests.

(f) Foreign Deponents – The parties agree that each party shall produce for deposition in the United States any foreign witness over which it has control.

(g) Representative Accused Products –

AOS's Position: Because this case is in its initial stages, AOS is not in a position to make an informed decision regarding the viability of using only representative accused products or the process by which the parties would select those products. AOS proposes that the parties discuss this issue as discovery progresses.

Fairchild's Position: Fairchild proposes that the parties agree to select representative accused products in order to reduce the amount of discovery and to reduce the length of trial.

**IX. Class Action**

This is not a class action.

**X. Related Cases**

Related cases C 07-2638 JSW and C 07-2664 JSW have been consolidated. The parties are not aware of any other related cases pending before another judge of this Court or before another court or administrative body.

**XI. Relief**

AOS seeks a declaration of non-infringement and invalidity of the '481 and '406 patents. AOS also seeks judgment of infringement of the '776 and '567 patents. AOS requests entry of a permanent injunction, an award of damages, including enhanced damages pursuant to 35 U.S.C. § 284, a declaration that the case is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorney's fees and costs. AOS also seeks dismissal of all of Fairchild's counterclaims

asserting infringement of the '481, '406, '497, and '195 patents.

Fairchild seeks a declaration of non-infringement and invalidity of the '776 and '567 patents. Fairchild also seeks judgment of infringement of the '481, '406, '497, and '195 patents. Fairchild requests entry of a permanent injunction, an award of damages, including enhanced damages pursuant to 35 U.S.C. § 284, a declaration that the case is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorney's fees and costs.

**XII. Settlement and ADR**

The parties timely met and conferred pursuant to ADR Local Rule 3-5(a). During that meeting, the parties agreed to participate in private mediation and filed a Stipulation and [Proposed] Order Selecting ADR Process with the Court on July 27, 2007. The parties believe that mediation should be scheduled after they have had an opportunity to engage in sufficient discovery related to the (1) design, fabrication method, and structure of the accused products, and (2) invalidity allegations to allow for meaningful settlement discussions. It may also be more productive to conduct the mediation after the Court has issued its claim construction ruling.

**XIII. Consent To Magistrate Judge For All Purposes**

AOS's Position: AOS does not consent to the assignment of this case to a United States Magistrate Judge.

Fairchild's Position: Fairchild would agree to assignment of this case to a United States Magistrate Judge for jury trial subject to the approval of the parties.

**XIV. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

AOS's Position: AOS requests that this Court handle all claims construction, pretrial and trial issues.

Fairchild's Position: Fairchild would agree to having claims construction issues referred to a special master if the Court would find that to be an efficient use of its time.

**XV. Narrowing Of The Issues**

The parties are not aware of any issues that can be narrowed by agreement or motion at

this time. The parties believe that discovery is not mature enough and trial is too remote at this time to determine issues that can be narrowed, suggestions to expedite the presentation of evidence at trial, or whether bifurcation of issues, claims or defenses is appropriate. The parties intend to address these issues as discovery proceeds and the issues become clearer.

**XVI. Expedited Schedule**

The parties at this time do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**XVII. SCHEDULING**

The parties agree to the following schedule:

| **EVENT** | **PARTIES' PROPOSED DATES** |
|---|---|
| Initial Disclosures | August 10, 2007 |
| Initial Case Management Conference | August 17, 2007 |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions (Patent L.R. 3-1) | August 31, 2007 |
| Exchange of Documents Supporting Infringement Contentions (Patent L.R. 3-2) | August 31, 2007 |
| Disclosure of Preliminary Invalidity Contentions (Patent L.R. 3-3) | October 15, 2007 |
| Exchange of Documents Supporting Invalidity Contentions (Patent L.R. 3-4) | October 15, 2007 |
| Simultaneous Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | October 29, 2007 |
| Meet and Confer re: Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(b)) | November 5, 2007 |
| Last Day to Amend Complaint/Counterclaims | November 16, 2007 |
| Simultaneous Exchange of Preliminary Claim Constructions (Patent L.R. 4-2(a)) | November 19, 2007 |
| Preliminary Exchange of Extrinsic Evidence (Patent L.R. 4-2(b)) | November 19, 2007 |
| Joint Claim Construction Statement Due (Patent L.R. 4-3) | December 14, 2007 |

| | |
|---|---|
| Discovery on Claim Construction Closes (Patent L.R. 4-4) | January 14, 2007 |
| Opening Claim Construction Brief(s) Due (Patent L.R. 4-5(a)) | February 1, 2008 |
| Opposition Claim Construction Brief(s) Due (Patent L.R. 4-5(b)) | February 15, 2008 |
| Reply Claim Construction Brief(s) Due (Patent L.R. 4-5(c)) | February 22, 2008 |
| Tutorial | March 5, 2008 |
| Claim Construction Hearing | March 12, 2008 |
| Fact Discovery Cut-off | Remainder of dates to be set during post-claim construction case management conference |
| Disclosure of Identity of Liability Experts | |
| Written Expert Reports Due | |
| Rebuttal Expert Reports Due | |
| Expert Discovery Cut-off | |
| Deadline for Filing Dispositive Motions | |
| Pre-trial Conference | |
| Trial | |

**XVIII. Trial**

Both parties have requested a jury trial and agree that trial will last three to four weeks.

**XIX. Disclosure Of Non-Party Interested Entities Or Persons**

The parties have each filed the required Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

AOS certifies that that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

ALPHA & OMEGA SEMICONDUCTOR (SHANGHAI) LIMITED

ALPHA & OMEGA SEMICONDUCTOR (HONG KONG) LIMITED

Fairchild certifies that that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

FAIRCHILD SEMICONDUCTOR CORPORATION

**XX. Patent Related Issues Pursuant To Patent Local Rule 2-1(a)**

**A. Order of Presentation at the Claims Construction Hearing**

The parties propose that AOS will present first at the claims construction hearing with respect to the construction of claims of the AOS patents-in-suit and that Fairchild will present first at the claims construction hearing with respect to the construction of the claims of the Fairchild patents-in-suit.

**B. Extrinsic Evidence and Live Testimony at the Claims Construction Hearing**

Currently, the parties do not anticipate presenting live testimony at the Claims Construction Hearing. If these positions change during the course of discovery and briefing, the parties will seek the Court's approval should they decide to present extrinsic evidence at the hearing pursuant to the Court's Standing Order for Patent Cases ¶ 10.

**C. Need for Limits on Discovery Relating to Claims Construction**

The parties do not envision the need for any limits on discovery related to claims construction, other than those provided by the Federal Rules or as provided by this Case Management Order.

**D. Scheduling of a Claims Construction Prehearing Conference**

At this time, the parties do not anticipate the need for the scheduling of a Claim Construction Prehearing Conference.

Dated: August 10, 2007

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Daniel Johnson, Jr.
Daniel Johnson, Jr.
Attorneys for Plaintiffs and Counterdefendants
ALPHA & OMEGA SEMICONDUCTOR, LTD., AND ALPHA & OMEGA SEMICONDUCTOR, INC.

Dated: August 10, 2007

TOWNSEND AND TOWNSEND AND CREW LLP

By: /s/ Eric P. Jacobs
Eric P. Jacobs
Attorneys for Defendant and Counterclaimant
FAIRCHILD SEMICONDUCTOR CORPORATION

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case. The parties shall comply with this Order.

**IT IS SO ORDERED.**

Dated:

HON. JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Amy M. Spicer, attest that concurrence in the filing of this document has been obtained from counsel for plaintiffs, counterdefendants, counterclaimants, and defendants. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of August 2007, at San Francisco, California.

/s/ Amy M. Spicer .
Amy M. Spicer