# EXHIBIT A

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Brett M. Schuman (State Bar No. 189247)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
bschuman@morganlewis.com
aspicer@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
awu@morganlewis.com

Attorneys for Plaintiffs
ALPHA & OMEGA SEMICONDUCTOR, INC.
ALPHA & OMEGA SEMICONDUCTOR, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation; and ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 07-2638 JSW<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ALPHA & OMEGA SEMICONDUCTOR, LTD. ("AOS, Ltd.") and ALPHA & OMEGA SEMICONDUCTOR, INC. ("AOS, Inc.") (collectively "AOS") allege as follows:

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7610485.1

1

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

## PARTIES

1. Plaintiff AOS, Ltd. is a Bermuda corporation.

2. Plaintiff AOS, Inc. is a California corporation in good standing with its principal place of business at 495 Mercury Drive, Sunnyvale, California 94085. AOS, Inc. is qualified and duly authorized to conduct business in the State of California.

3. On information and belief, defendant FAIRCHILD SEMICONDUCTOR CORPORATION ("Fairchild") is a Delaware corporation with its principal place of business at 82 Running Hill Road MS 35-4E, South Portland, ME 04106.

## JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for infringement by Fairchild of patents owned by AOS, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Fairchild because Fairchild has engaged in sufficient contacts with the State of California to satisfy both the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure. Fairchild has design facilities located in San Jose, California. In addition, Fairchild has intentionally engaged in contacts with California involving Fairchild patents. These contacts include directing multiple written and oral communications to AOS in California regarding AOS's business and Fairchild's patents, engaging in extensive negotiations with AOS relating to Fairchild's patents and concurrently threatening to sue AOS for infringement of those patents, and by suing AOS for infringement of those patents in this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

7. Under Local Rule 3-2(c), this action for patent infringement and declaratory judgment shall be assigned on a district-wide basis, notwithstanding the fact that a substantial part of the events that give rise to the claims alleged herein occurred in Santa Clara County, in the San

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7610485.1

2

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

Jose Division of this Court. The present action has now been assigned to the San Francisco division.

## GENERAL ALLEGATIONS

8. AOS produces and sells over 100 power transistor products. AOS owns valuable intellectual property rights in semiconductor technology.

9. Among these intellectual property rights are the following United States patents:

(A) U.S. Patent No. 5,907,776 (the "'776 patent"), duly and legally issued by the Patent and Trademark Office on May 25, 1999, entitled "Method of Forming a Semiconductor Structure Having Reduced Threshold Voltage and High Punch-through Tolerance." A true and correct copy of the '776 patent is attached to this First Amended Complaint as Exhibit 1 and is incorporated herein by reference.

(B) U.S. Patent No. 5,767,567 (the "'567 patent"), duly and legally issued by the Patent and Trademark Office on June 16, 1998, entitled "Design of Device Layout for Integration with Power MOSFET Packaging to Achieve Better Lead Wire Connections and Lower On Resistance." A true and correct copy of the '567 patent is attached to this First Amended Complaint as Exhibit 2 and is incorporated herein by reference.

(C) U.S. Patent No. 5,930,630 (the "'630 patent"), duly and legally issued by the Patent and Trademark Office on July 27, 2999, entitled "Method for Device Ruggedness Improvement and On-resistance Reduction for Power MOSFET Achieved by Novel Source Contact Structure." A true and correct copy of the '630 patent is attached to this First Amended Complaint as Exhibit 3 and is incorporated herein by reference.

10. The '776, '567, and '630 patents were duly issued and are owned by AOS. AOS has the full legal right to sue, enforce, and recover damages for all infringement of these patents.

11. Fairchild has alleged that AOS, by its manufacture, offers for sale, and/or sales of power semiconductor products infringes the following patents:

(A) U.S. Patent No. 6,429,481 (the "'481 patent"), issued on August 6, 2002, entitled

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-SF/7610485.1
3
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

1  "Field Effect Transistor and Method of Its Manufacture." A true and correct copy of the '481 patent is attached to this First Amended Complaint as Exhibit 4 and is incorporated herein by reference.

(B)  U.S. Patent No. 6,710,406 (the "'406 patent"), issued on March 23, 2004, entitled "Field Effect Transistor and Method of Its Manufacture." A true and correct copy of the '406 patent is attached to this First Amended Complaint as Exhibit 5 and is incorporated herein by reference.

(C)  U.S. Patent No. 6,521,497 (the "'497 patent"), issued on February 18, 2003, entitled "Method of Manufacturing a Field Effect Transistor." A true and correct copy of the '497 patent is attached to this First Amended Complaint as Exhibit 6 and is incorporated herein by reference.

(D)  U.S. Patent No. 6,828,195 (the "'195 patent"), issued on December 7, 2004, entitled "Method of Manufacturing a Trench Transistor Having a Heavy Body Region." A true and correct copy of the '195 patent is attached to this First Amended Complaint as Exhibit 7 and is incorporated herein by reference.

12. An actual and justiciable controversy exists between AOS and Fairchild as to AOS's alleged infringement of any valid claim of the '481, '406, '497, and '195 patents by virtue of the allegations in Fairchild's counterclaims in this action.

13. AOS denies that it infringes any valid and enforceable claim of any of the Fairchild patents.

14. AOS now seeks a declaratory judgment that the claims of the Fairchild patents are invalid and that AOS does not infringe any valid claim of the Fairchild patents.

### FIRST CLAIM FOR RELIEF

(Infringement of United States Patent No. 5,907,776 by Fairchild)

15. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 10 of this First Amended Complaint.

16. Fairchild has been and still is infringing the '776 patent by making, using, offering for sale and/or selling products in the United States that embody or otherwise practice one or

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco
1-SF/7610485.1
4
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

more of the claims of the '776 patent, or by otherwise contributing to infringement or inducing others to infringe the '776 patent.

17. On information and belief, Fairchild's infringement has taken place with full knowledge of the '776 patent and has been intentional, deliberate, and willful.

18. On information and belief, Fairchild will continue to infringe the '776 patent unless and until it is enjoined by this Court.

19. As a direct result of Fairchild's infringing activities, AOS has suffered damages, including, but not limited to, lost profits in an amount not yet ascertained. AOS is entitled to recover damages adequate to compensate AOS for Fairchild's infringing activities in an amount to be determined at trial in an accounting, but in no event less than a reasonable royalty, together with interest and costs.

## SECOND CLAIM FOR RELIEF

(Infringement of United States Patent No. 5,767,567 by Fairchild)

20. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 10 of this First Amended Complaint.

21. Fairchild has been and still is infringing the '567 patent by making, using, offering for sale and/or selling products in the United States that embody or otherwise practice one or more of the claims of the '567 patent, or by otherwise contributing to infringement or inducing others to infringe the '567 patent.

22. On information and belief, Fairchild's infringement has taken place with full knowledge of the '567 patent and has been intentional, deliberate, and willful.

23. On information and belief, Fairchild will continue to infringe the '567 patent unless and until it is enjoined by this Court.

24. As a direct result of Fairchild's infringing activities, AOS has suffered damages, including, but not limited to, lost profits in an amount not yet ascertained. AOS is entitled to recover damages adequate to compensate AOS for Fairchild's infringing activities in an amount to be determined at trial in an accounting, but in no event less than a reasonable royalty, together with interest and costs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7610485.1

5

FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

## THIRD CLAIM FOR RELIEF

(Infringement of United States Patent No. 5,930,630 by Fairchild)

25. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 10 of this First Amended Complaint.

26. Fairchild has been and still is infringing the '630 patent by making, using, offering for sale and/or selling products in the United States that embody or otherwise practice one or more of the claims of the '630 patent, or by otherwise contributing to infringement or inducing others to infringe the '630 patent.

27. On information and belief, Fairchild's infringement has taken place with full knowledge of the '630 patent and has been intentional, deliberate, and willful.

28. On information and belief, Fairchild will continue to infringe the '630 patent unless and until it is enjoined by this Court.

29. As a direct result of Fairchild's infringing activities, AOS has suffered damages, including, but not limited to, lost profits in an amount not yet ascertained. AOS is entitled to recover damages adequate to compensate AOS for Fairchild's infringing activities in an amount to be determined at trial in an accounting, but in no event less than a reasonable royalty, together with interest and costs.

## FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of United States Patent No. 6,429,481)

30. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 of this First Amended Complaint.

31. AOS has not and is not, willfully or otherwise, directly infringing, contributorily infringing, or actively inducing others to infringe any valid and enforceable claim of the '481 patent as properly construed.

32. AOS seeks a judicial determination from this Court that it has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim of the '481 patent as properly construed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7610485.1

6

FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

### FIFTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of United States Patent No. 6,429,481)

33. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 and 30-32 of this First Amended Complaint.

34. Each claim of the '481 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

35. AOS seeks a judicial determination from this Court that the claims of the '481 patent are invalid.

### SIXTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of United States Patent No. 6,710,406)

36. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 and 30-35 of this First Amended Complaint of this Complaint.

37. AOS has not and is not, willfully or otherwise, directly infringing, contributorily infringing, or actively inducing others to infringe any valid and enforceable claim of the '406 patent as properly construed.

38. AOS seeks a judicial determination from this Court that it has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim of the '406 patent as properly construed.

### SEVENTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of United States Patent No. 6,710,406)

39. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 and 30-38 of this First Amended Complaint.

40. Each claim of the '406 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

41. AOS seeks a judicial determination from this Court that the claims of the '406

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7610485.1

7

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

1  patent are invalid.

## EIGHTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of United States Patent No. 6,521,497)

42. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 and 30-41 of this First Amended Complaint of this Complaint.

43. AOS has not and is not, willfully or otherwise, directly infringing, contributorily infringing, or actively inducing others to infringe any valid and enforceable claim of the '497 patent as properly construed.

44. AOS seeks a judicial determination from this Court that it has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim of the '497 patent as properly construed.

## NINTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of United States Patent No. 6,521,497)

45. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 and 30-44 of this First Amended Complaint.

46. Each claim of the '497 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

47. AOS seeks a judicial determination from this Court that the claims of the '497 patent are invalid.

## TENTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of United States Patent No. 6,828,195)

48. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 and 30-47 of this First Amended Complaint of this Complaint.

49. AOS has not and is not, willfully or otherwise, directly infringing, contributorily infringing, or actively inducing others to infringe any valid and enforceable claim of the '195 patent as properly construed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7610485.1

8

FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

50. AOS seeks a judicial determination from this Court that it has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim of the '195 patent as properly construed.

### ELEVENTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of United States Patent No. 6,828,195)

51. AOS realleges and incorporates by reference the allegations stated in paragraphs 1 through 14 and 30-50 of this First Amended Complaint.

52. Each claim of the '195 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

53. AOS seeks a judicial determination from this Court that the claims of the '195 patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, AOS prays that this Court:

A. As to the First, Second, and Third Claims for Relief,

    (1) enter a judgment that Fairchild has infringed, contributorily infringed, and actively induced others to infringe the '776, '567, and '630 patents;

    (2) grant a permanent injunction restraining and enjoining Fairchild, its officers, directors, agents, servants, employees, successors, assigns, parent, subsidiaries, affiliated or related companies, and attorneys from infringing, inducing others to infringe, and contributing to the infringement of the '776, '567, and '630 patents;

    (3) award AOS damages in an amount sufficient to compensate AOS for Fairchild's infringement, contributory and active inducement of others' infringement of the '776, '567, and '630 patents, but not less than a reasonable royalty;

    (4) award pre-judgment interest to AOS pursuant to 35 U.S.C. § 284; and

    (5) award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to AOS, by reason of Fairchild's

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7610485.1

9

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & DECLARATORY JUDGMENT
C 07-2638 JSW

1  willful infringement of the '776, '567, and '630 patents;

2      B.    As to the Fourth through Eleventh Claims for Relief,

3          (1)    enter a declaratory judgment that the manufacture, use, sale, or offer for sale of AOS's product(s) does not infringe any valid claim of the Fairchild patents; and

5          (2)    enter a declaratory judgment that the manufacture, use, sale, or offer for sale of AOS's product(s) does not constitute an inducement to infringe or contributory infringement of any valid and enforceable claim of Fairchild's patents.

8          (3)    enter a declaratory judgment that the claims of the '481, '406, '497, and '195 are invalid.

10      C.    Declare this case exceptional under 35 U.S.C. § 285 and award AOS its reasonable attorneys' fees, expenses and costs incurred in this action;

12      D.    Grant AOS such other action and further relief as this Court may deem just and proper, or that AOS may be entitled to as a matter of law or equity.

Dated: September 28, 2007        MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Daniel Johnson, Jr.
Daniel Johnson, Jr.
Attorneys for Plaintiffs
ALPHA & OMEGA SEMICONDUCTOR, LTD., AND ALPHA & OMEGA SEMICONDUCTOR, INC.

**DEMAND FOR JURY TRIAL**

AOS hereby requests a trial by jury.

Dated: September 28, 2007        MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Daniel Johnson, Jr.
Daniel Johnson, Jr.
Attorneys for Plaintiffs
ALPHA & OMEGA SEMICONDUCTOR, LTD., AND ALPHA & OMEGA SEMICONDUCTOR, INC.