# EXHIBIT A

1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California  94111
   Telephone:    (415) 576-0200
5  Facsimile:    (415) 576-0300
   E-mail:       epjacobs@townsend.com
6                phgoldsmith@townsend.com
                 ramcfarlane@townsend.com
7                ishoiket@townsend.com

8  Attorneys for Defendant and Counterclaimant
   FAIRCHILD SEMICONDUCTOR CORPORATION

9

10              UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13

14  ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW
    LTD. and ALPHA & OMEGA               [Consolidated with Case No. C 07-2664 JSW]
15  SEMICONDUCTOR, INC.
                                         **ANSWER TO FIRST AMENDED**
16       Plaintiffs and Counterdefendants,   **COMPLAINT FOR PATENT**
                                         **INFRINGEMENT AND DECLARATORY**
17            v.                         **JUDGMENT; SECOND AMENDED**
                                         **COUNTERCLAIMS FOR PATENT**
18  FAIRCHILD SEMICONDUCTOR              **INFRINGEMENT AND DECLARATORY**
    CORPORATION,                         **JUDGMENT**
19       Defendant and Counterclaimant.

20                                       **JURY TRIAL DEMANDED**

21

22  ────────────────────────────
    AND CONSOLIDATED ACTION.
23

24

25

26

27

28

1    Defendant and counterclaimant Fairchild Semiconductor Corporation ("Fairchild"), by and

2    through its attorneys, hereby answers the First Amended Complaint for Patent Infringement and

3    Declaratory Judgment ("Complaint") of plaintiffs and counterdefendants Alpha & Omega

4    Semiconductor, Ltd., ("AOS, Ltd.") and Alpha & Omega Semiconductor, Inc., ("AOS, Inc.")

5    (collectively, "AOS") as follows:

6                                          **PARTIES**

7        1.      Fairchild is without sufficient knowledge or information to form a belief as to the truth

8    or falsity of the allegations of paragraph 1 of the Complaint, and denies them on such basis.

9        2.      Fairchild is without sufficient knowledge or information to form a belief as to the truth

10    or falsity of the allegations of paragraph 2 of the Complaint, and denies them on such basis.

11        3.      Fairchild admits that it is a Delaware corporation, with a place of business at 82

12    Running Hill Road, South Portland, ME 04106.

13                              **JURISDICTION AND VENUE**

14        4.      Fairchild admits that the Complaint purports to assert claims arising under the patent

15    laws of the United States, 35 U.S.C. §§ 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C.

16    §§ 2201 and 2202.  Fairchild also admits this Court has subject matter jurisdiction over this action

17    under 28 U.S.C. §§ Section 1331 and 1338(a).  Except as so admitted, Fairchild denies the remaining

18    allegations of paragraph 4 of the Complaint.

19        5.      Fairchild admits that this Court has personal jurisdiction over Fairchild.  Fairchild

20    admits that it has facilities located in San Jose, California.  Fairchild admits that it has communicated

21    with AOS in California regarding AOS's business and Fairchild's patents, that it engaged in

22    negotiations with AOS relating to Fairchild's patents, and that it has sued AOS for infringement of

23    those patents in this Court.  Except as so admitted, Fairchild denies the remaining allegations of

24    paragraph 5 of the Complaint.

25        6.      Fairchild admits that venue is proper in this judicial district.

26                              **INTRADISTRICT ASSIGNMENT**

27        7.      Fairchild admits that this action is subject to assignment on a district-wide basis under

28    the local rules of this Court and that the present action has now been assigned to the San Francisco

1   division.

2   **GENERAL ALLEGATIONS**

3       8.      Fairchild is without sufficient knowledge or information to form a belief as to the truth

4   or falsity of the allegations of paragraph 8 of the Complaint, and denies them on such basis.

5       9.      Fairchild admits that the face of U.S. Patent No. 5,907,776 ("the '776 patent"), entitled

6   "Method of Forming a Semiconductor Structure Having Reduced Threshold Voltage and High Punch-

7   through Tolerance," states that it was issued on May 25, 1999.  Fairchild also admits that the face of

8   U.S. Patent No. 5,767,567 ("the '567 patent"), entitled "Design of Device Layout for Integration with

9   Power MOSFET Packaging to Achieve Better Lead Wire Connections and Lower On Resistance,"

10  states that it was issued on June 16, 1998.  Fairchild also admits that the face of U.S. Patent No.

11  5,930,630 ("the '630 patent"), entitled "Method for Device Ruggedness Improvement and On-

12  resistance Reduction for Power MOSFET Achieved by Novel Source Contact Structure," states that it

13  was issued on July 27, 1999.  Except as so admitted, Fairchild is without sufficient knowledge or

14  information to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 of the

15  Complaint, and denies them on such basis.

16      10.     Fairchild is without sufficient knowledge or information to form a belief as to the truth

17  or falsity of the allegations of paragraph 10 of the Complaint, and denies them on such basis.

18      11.     Fairchild admits the allegations of paragraph 11 of the Complaint.

19      12.     Fairchild admits the allegations of paragraph 12 of the Complaint.

20      13.     Fairchild admits that AOS's complaint denies that AOS infringes any valid and

21  enforceable claim of any of the Fairchild patents, but Fairchild denies the basis for AOS's denial.

22      14.     Fairchild admits that AOS's Complaint seeks a declaratory judgment that the claims of

23  the '481, '406, '497, and '195 patents are invalid and that AOS does not infringe any valid claim of

24  certain of the '481, '406, '497, and '195 patents.

25  **FIRST CLAIM FOR RELIEF**
    **(Alleged Infringement of U.S. Patent No. 5,907,776 by Fairchild)**
26

27      15.     Fairchild incorporates herein by reference its responses to paragraphs 1 through 10 of

28  the Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND
SECOND AMENDED COUNTERCLAIMS
CASE NO. C 07-02638 JSW [CONSOLIDATED WITH 07-2664 JSW]

2

16.     Fairchild denies each and every allegation of paragraph 16 of the Complaint.

17.     Fairchild denies each and every allegation of paragraph 17 of the Complaint.

18.     Fairchild denies each and every allegation of paragraph 18 of the Complaint.

19.     Fairchild denies each and every allegation of paragraph 19 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Alleged Infringement of U.S. Patent No. 5,767,567 by Fairchild)**

20.     Fairchild incorporates herein by reference its responses to paragraphs 1 through 10 of the Complaint.

21.     Fairchild denies each and every allegation of paragraph 21 of the Complaint.

22.     Fairchild denies each and every allegation of paragraph 22 of the Complaint.

23.     Fairchild denies each and every allegation of paragraph 23 of the Complaint.

24.     Fairchild denies each and every allegation of paragraph 24 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Alleged Infringement of U.S. Patent No. 5,930,630 by Fairchild)**

25.     Fairchild incorporates herein by reference its responses to paragraphs 1 through 10 of the Complaint.

26.     Fairchild denies each and every allegation of paragraph 26 of the Complaint.

27.     Fairchild denies each and every allegation of paragraph 27 of the Complaint.

28.     Fairchild denies each and every allegation of paragraph 28 of the Complaint.

29.     Fairchild denies each and every allegation of paragraph 29 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Alleged Non-Infringement of U.S. Patent No. 6,429,481)**

30.     Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 of the Complaint.

31.     Fairchild denies each and every allegation of paragraph 31 of the Complaint.

32.     Fairchild admits that, as alleged in paragraph 32 of the Complaint, AOS seeks a judicial determination from this Court that it has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe,

ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND
SECOND AMENDED COUNTERCLAIMS
CASE NO. C 07-02638 JSW [CONSOLIDATED WITH 07-2664 JSW]

3

1  contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim

2  of the '481 patent as properly construed, but Fairchild denies the existence of any basis for such a

3  judicial determination.

**FIFTH CLAIM FOR RELIEF**
**(Alleged Invalidity of U.S. Patent No. 6,429,481)**

6    33.    Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 and

7  30 through 32 of the Complaint.

8    34.    Fairchild denies each and every allegation of paragraph 34 of the Complaint.

9    35.    Fairchild admits that, as alleged in paragraph 35 of the Complaint, AOS seeks a judicial

10  determination from this Court that the claims of the '481 patent are invalid, but Fairchild denies the

11  existence of any basis for such a judicial determination.

**SIXTH CLAIM FOR RELIEF**
**(Alleged Non-Infringement of U.S. Patent No. 6,710,406)**

14    36.    Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 and

15  30 through 35 of the Complaint.

16    37.    Fairchild denies each and every allegation of paragraph 37 of the Complaint.

17    38.    Fairchild admits that, as alleged in paragraph 38 of the Complaint, AOS seeks a judicial

18  determination from this Court that it has not willfully or otherwise infringed, contributed to the

19  infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe,

20  contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim

21  of the '406 patent as properly construed, but Fairchild denies the existence of any basis for such a

22  judicial determination .

**SEVENTH CLAIM FOR RELIEF**
**(Alleged Invalidity of U.S. Patent No. 6,710,406)**

25    39.    Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 and

26  30 through 38 of the Complaint.

27    40.    Fairchild denies each and every allegation of paragraph 40 of the Complaint.

28    41.    Fairchild admits that, as alleged in paragraph 41 of the Complaint, AOS seeks a judicial

1  determination from this Court that the claims of the '406 patent are invalid, but Fairchild denies the

2  existence of any basis for such a judicial determination .

3  **EIGHTH CLAIM FOR RELIEF**
   **(Alleged Non-Infringement of U.S. Patent No. 6,521,497)**
4

5       42.     Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 and

6  30 through 41 of the Complaint.

7       43.     Fairchild denies each and every allegation of paragraph 43 of the Complaint.

8       44.     Fairchild admits that, as alleged in paragraph 44 of the Complaint, AOS seeks a judicial

9  determination from this Court that it has not willfully or otherwise infringed, contributed to the

10 infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe,

11 contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim

12 of the '497 patent as properly construed, but Fairchild denies the existence of any basis for such a

13 judicial determination .

14 **NINTH CLAIM FOR RELIEF**
   **(Alleged Invalidity of U.S. Patent No. 6,521,497)**
15

16      45.     Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 and

17 30 through 44 of the Complaint.

18      46.     Fairchild denies each and every allegation of paragraph 46 of the Complaint.

19      47.     Fairchild admits that, as alleged in paragraph 47 of the Complaint, AOS seeks a judicial

20 determination from this Court that the claims of the '497 patent are invalid, but Fairchild denies the

21 existence of any basis for such a judicial determination.

22 **TENTH CLAIM FOR RELIEF**
   **(Alleged Non-Infringement of U.S. Patent No. 6,828,195)**
23

24      48.     Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 and

25 30 through 47 of the Complaint.

26      49.     Fairchild denies each and every allegation of paragraph 49 of the Complaint.

27      50.     Fairchild admits that, as alleged in paragraph 50 of the Complaint, AOS seeks a judicial

28 determination from this Court that it has not willfully or otherwise infringed, contributed to the

1    infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe,

2    contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim

3    of the '195 patent as properly construed, but Fairchild denies the existence of any basis for such a

4    judicial determination.

## ELEVENTH CLAIM FOR RELIEF
### (Alleged Invalidity of U.S. Patent No. 6,828,195)

7    51.    Fairchild incorporates herein by reference its responses to paragraphs 1 through 14 and

8    30 through 50 of the Complaint.

9    52.    Fairchild denies each and every allegation of paragraph 52 of the Complaint.

10    53.    Fairchild admits that, as alleged in paragraph 53 of the Complaint, AOS seeks a judicial

11    determination from this Court that the claims of the '195 patent are invalid, but Fairchild denies the

12    existence of any basis for such a judicial determination.

## AFFIRMATIVE DEFENSES

15    Fairchild, for its further and separate defenses to the allegations of the Complaint, alleges as

16    follows:

### FIRST AFFIRMATIVE DEFENSE

18    54.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20    55.    Each of the claims of the '776, '567, and '630 patents are invalid for failure to meet one

21    or more of the conditions of patentability specified in Title 35 of the United States Code, including but

22    not limited to 35 U.S.C. §§ 102, 103, 112, and/or 115.

### THIRD AFFIRMATIVE DEFENSE

24    56.    AOS's claim for relief is barred by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE

26    57.    AOS's claim for damages is barred, in whole or in part, by the operation of applicable

27    statutes, including 35 U.S.C. § 287.

28    ///

**FIFTH AFFIRMATIVE DEFENSE**

58.    AOS's claim for relief is barred by the doctrine of equitable estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

59.    AOS's claim for relief is barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

60.    AOS's claim for infringement of the '776 patent is barred because the '776 patent is unenforceable, as the applicants engaged in inequitable conduct before the United States Patent and Trademark Office (the "Patent Office").

61.    The '776 patent states that its application was filed with the Patent Office on July 11, 1997, and its date of issuance was May 25, 1999.  On information and belief, Fwu-Iuan Hshieh ("Hshieh") was the President of MegaMOS Corporation, to which the '776 patent was assigned, during the prosecution of the '776 patent.

62.    Hshieh is listed as a named inventor of the '776 patent and was subject to the duty to disclose information material to patentability under 37 C.F.R. 1.56.  During the prosecution of the patent application that led to issuance of the '776 patent, no Information Disclosure Statement was submitted to the Patent Office by Mr. Hshieh or by any other person.  Accordingly, neither Hshieh nor any other person disclosed any prior art to the Patent Office during the prosecution of the '776 patent. Similarly, Hshieh is listed as a named inventor of the '630 patent and was subject to the duty to disclose information material to patentability under 37 C.F.R. 1.56.  During the prosecution of the patent application that led to issuance of the '630 patent, no Information Disclosure Statement was submitted by Hshieh or by any other person.  Accordingly, neither Hshieh nor any other person disclosed any prior art to the Patent Office during the prosecution of the '630 patent.

63.    U.S. Patent No. 5,341,011 ("the '011 patent"), entitled "Short Channel Trenched DMOS Transistor" issued on August 23, 1994, and lists Fwu-Iuan Hshieh as a named inventor.  U.S. Patent No. 5,474,943 ("the '943 patent"), entitled "Method for Fabricating a Short Channel Trenched DMOS Transistor," issued on December 12, 1995, and lists Fwu-Iuan Hshieh as a named inventor.  U.S. Patent No. 5,821,583 ("the '583 patent"), entitled "Trenched DMOS Transistor with Lightly Doped Tub," issued on October 13, 1998, and lists Fwu-Iuan Hshieh as a named inventor.  On information

1    and belief, the Fwu-Iuan Hshieh listed as a named inventor on each of the '011, '943 and '583 patents

2    is the same Fwu-Iuan Hshieh listed as a named inventor on the '776 patent.

3        64.    Each of the '011, '943 and '583 patents were issued prior to the issuance of the '776

4    patent and each is highly material to the patentability of the inventions claimed by the '776 patent.  As

5    a named inventor on each of these patents, Hshieh necessarily knew of the existence of each of these

6    patents and of their materiality to the examination of the '776 patent, yet Hshieh did not disclose any

7    of them to the Patent Office.

8        65.    On information and belief, the inventors of the inventions claimed by the '776 patent

9    knowingly and willfully failed to disclose the existence of this prior art to the Patent Office with intent

10   to deceive in violation of their duty of candor.  Consequently, in light of this inequitable conduct, the

11   '776 patent is unenforceable.

12

13                    **COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

14                            **JURISDICTION AND VENUE**

15       1.    These counterclaims are brought under the patent laws of the United States, Title 35 of

16   the United States Code.  This Court has subject matter jurisdiction over this action pursuant to 28

17   U.S.C. §§ 1331 (Federal Question), 1338(a) (Patents), 2201 (Declaratory Relief), and 2202

18   (Declaratory Relief).

19       2.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

20       3.    This court has personal jurisdiction over AOS because AOS has availed itself of the

21   jurisdiction of the Court by filing its Complaint.  AOS also has sufficient minimum contacts with this

22   State, maintains offices within this State and, on information and belief, conducts substantial business

23   within this State.

24                                **PARTIES**

25       4.    Fairchild Semiconductor Corporation is a corporation duly organized and existing

26   under the laws of the State of Delaware and has a place of business in San Jose, California.

27       5.    On information and belief, Alpha and Omega Semiconductor Incorporated is a

28   corporation organized and existing under the laws of the State of California and has a place of

1  business in Sunnyvale, California.  On information and belief, Alpha and Omega Semiconductor

2  Limited is a Bermuda corporation with a place of business in Taipei, Taiwan.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

5  6.  Fairchild incorporates by reference the allegations of Paragraphs 1 through 5, as if fully

6  set forth herein.

7  7.  AOS purports to be the owner by assignment of the '776, '567, and '630 patents.

8  8.  An actual and justiciable case or controversy exists between Fairchild, on the one hand,

9  and AOS, on the other hand, as to Fairchild's alleged infringement of the '776, '567, and '630 patents

10  by virtue of the allegations in the Complaint in this action.

11  9.  Fairchild has not willfully or otherwise infringed, contributed to the infringement of, or

12  actively induced others to infringe, and does not willfully or otherwise infringe, contribute to the

13  infringement of, or actively induce others to infringe, any valid claim of the '776, '567, and '630

14  patents.

15  10.  Fairchild seeks a judicial determination from this Court that it has not willfully or

16  otherwise infringed, contributed to the infringement of, or actively induced others to infringe, and

17  does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to

18  infringe, any valid claim of the '776, '567, and '630 patents.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

21  11.  Fairchild incorporates by reference the allegations of paragraphs 1 through 9, as if fully

22  set forth herein.

23  12.  An actual and justiciable case or controversy exists between Fairchild, on the one hand,

24  and AOS, on the other hand, as to the validity of the claims of the '776, '567, and '630 patents by

25  virtue of the allegations in the Complaint in this action.

26  13.  Each of the claims of the '776, '567, and '630 patents are invalid for failure to meet one

27  or more of the conditions of patentability specified in Title 35 of the United States Code, including but

28  not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

1    14.    Fairchild seeks a judicial determination from this Court that the claims of the '776,

2  '567, and '630 patents are invalid.

3                          **THIRD COUNTERCLAIM**
                    **(Infringement of U.S. Patent No. 6,429,481)**
4

5    15.    Fairchild incorporates by reference the allegations of paragraphs 1 through 5, as if fully

6  set forth herein.

7    16.    On August 6, 2002, United States Patent No. 6,429,481 ("the '481 patent"), entitled

8  "Field Effect Transistor and Method of its Manufacture," was duly and legally issued by the United

9  States Patent and Trademark Office.  Fairchild is the assignee of the '481 patent and continues to hold

10  all rights and interest in the '481 patent.  A true and correct copy of the '481 patent is attached hereto

11  as Exhibit A.

12    17.    AOS has directly, indirectly, contributorily, and/or by inducement infringed and

13  continues to infringe the '481 patent by its manufacture, use, sale, importation, and/or offer for sale of

14  certain products, including without limitation, AOS power transistors.  AOS is liable for its

15  infringement of the '481 patent pursuant to 35 U.S.C. § 271.

16    18.    AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled

17  to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to

18  proof at trial.  AOS's infringement of Fairchild's exclusive rights under the '481 patent will continue to

19  cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law

20  unless enjoined by this Court.

21    19.    Upon information and belief, AOS's infringement of the '481 patent is willful and

22  deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and

23  costs incurred in prosecuting this action under 35 U.S.C. § 285.

24                          **FOURTH COUNTERCLAIM**
                    **(Infringement of U.S. Patent No. 6,710,406)**
25

26    20.    Fairchild incorporates by reference the allegations of paragraphs 1 through 5, as if fully

27  set forth herein.

28  / / /

21.     On March 23, 2004, United States Patent No. 6,710,406 ("the '406 patent"), entitled "Field Effect Transistor and Method of its Manufacture,"  was duly and legally issued by the United States Patent and Trademark Office.  Fairchild is the assignee of the '406 patent and continues to hold all rights and interest in the '406 patent.  A true and correct copy of the '406 patent is attached hereto as Exhibit B.

22.     AOS has directly, indirectly, contributorily, and/or by inducement infringed and continues to infringe the '406 patent by its manufacture, use, sale, importation, and/or offer for sale of certain products, including without limitation, AOS power transistors.  AOS is liable for its infringement of the '406 patent pursuant to 35 U.S.C. § 271.

23.     AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to proof at trial.  AOS's infringement of Fairchild's exclusive rights under the '406 patent will continue to cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

24.     Upon information and belief, AOS's infringement of the '406 patent is willful and deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### FIFTH COUNTERCLAIM
### (Infringement of U.S. Patent No. 6,521,497)

25.     Fairchild incorporates by reference the allegations of paragraphs 1 through 5, as if fully set forth herein.

26.     On February 18, 2003, United States Patent No. 6,521,497 ("the '497 patent"), entitled "Method of Manufacturing a Field Effect Transistor," was duly and legally issued by the United States Patent and Trademark Office.   Fairchild is the assignee of the '497 patent and continues to hold all rights and interest in the '497 patent.  A true and correct copy of the '497 patent is attached hereto as Exhibit C.

27.     AOS has directly, indirectly, contributorily, and/or by inducement infringed and continues to infringe the '497 patent by its manufacture, use, sale, importation, and/or offer for sale of

ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND
SECOND AMENDED COUNTERCLAIMS
CASE NO. C 07-02638 JSW [CONSOLIDATED WITH 07-2664 JSW]

11

1  certain products, including without limitation, AOS power transistors.  AOS is liable for its

2  infringement of the '497 patent pursuant to 35 U.S.C. § 271.

3      28.      AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled

4  to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to

5  proof at trial.  AOS's infringement of Fairchild's exclusive rights under the '497 patent will continue to

6  cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law

7  unless enjoined by this Court.

8      29.      Upon information and belief, AOS's infringement of the '497 patent is willful and

9  deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and

10  costs incurred in prosecuting this action under 35 U.S.C. § 285.

11                    **SIXTH COUNTERCLAIM**
12               **(Infringement of U.S. Patent No. 6,828,195)**

13      30.      Fairchild incorporates by reference the allegations of paragraphs 1 through 5, as if fully

14  set forth herein.

15      31.      On December 7, 2004, United States Patent No. 6,828,195 ("the '195 patent"), entitled

16  "Method of Manufacturing a Trench Transistor Having a Heavy Body Region," was duly and legally

17  issued by the United States Patent and Trademark Office.   Fairchild is the assignee of the '195 patent

18  and continues to hold all rights and interest in the '195 patent.  A true and correct copy of the '195

19  patent is attached hereto as Exhibit D.

20      32.      AOS has directly, indirectly, contributorily, and/or by inducement infringed and

21  continues to infringe the '195 patent by its manufacture, use, sale, importation, and/or offer for sale of

22  certain products, including without limitation, AOS power transistors.  AOS is liable for its

23  infringement of the '195 patent pursuant to 35 U.S.C. § 271.

24      33.      AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled

25  to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to

26  proof at trial.  AOS's infringement of Fairchild's exclusive rights under the '195 patent will continue to

27  cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law

28  unless enjoined by this Court.

1    34.    Upon information and belief, AOS's infringement of the '195 patent is willful and

2    deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and

3    costs incurred in prosecuting this action under 35 U.S.C. § 285.

**SEVENTH COUNTERCLAIM**
**(Infringement of U.S. Patent No. 7,148,111)**

6    35.    Fairchild incorporates by reference the allegations of paragraphs 1 through 5, as if fully

7    set forth herein.

8    36.    On December 12, 2006, United States Patent No. 7,148,111 ("the '111 patent"), entitled

9    "Method of Manufacturing a Trench Transistor Having a Heavy Body Region," was duly and legally

10   issued by the United States Patent and Trademark Office.   Fairchild is the assignee of the '111 patent

11   and continues to hold all rights and interest in the '111 patent.  A true and correct copy of the '111

12   patent is attached hereto as Exhibit E.

13   37.    AOS has directly, indirectly, contributorily, and/or by inducement infringed and

14   continues to infringe the '111 patent by its manufacture, use, sale, importation, and/or offer for sale of

15   certain products, including without limitation, AOS power transistors.  AOS is liable for its

16   infringement of the '111 patent pursuant to 35 U.S.C. § 271.

17   38.    AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled

18   to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to

19   proof at trial.  AOS's infringement of Fairchild's exclusive rights under the '111 patent will continue to

20   cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law

21   unless enjoined by this Court.

22   39.    Upon information and belief, AOS's infringement of the '111 patent is willful and

23   deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and

24   costs incurred in prosecuting this action under 35 U.S.C. § 285.

**EIGHTH COUNTERCLAIM**
**(Infringement of U.S. Patent No. 6,818,947)**

27   40.    Fairchild incorporates by reference the allegations of paragraphs 1 through 5, as if fully

28   set forth herein.

41.     On November 16, 2004, United States Patent No. 6,818,947 ("the '947 patent"), entitled "Buried State-Field Termination Structure," was duly and legally issued by the United States Patent and Trademark Office.   Fairchild is the assignee of the '947 patent and continues to hold all rights and interest in the '947 patent.  A true and correct copy of the '947 patent is attached hereto as Exhibit F.

42.     AOS has directly, indirectly, contributorily, and/or by inducement infringed and continues to infringe the '947 patent by its manufacture, use, sale, importation, and/or offer for sale of certain products, including without limitation, AOS power transistors.  AOS is liable for its infringement of the '947 patent pursuant to 35 U.S.C. § 271.

43.     AOS's acts of infringement have caused damage to Fairchild, and Fairchild is entitled to recover from AOS the damages sustained as a result of AOS's wrongful acts in an amount subject to proof at trial.  AOS's infringement of Fairchild's exclusive rights under the '947 patent will continue to cause damage to Fairchild, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

44.     Upon information and belief, AOS's infringement of the '947 patent is willful and deliberate, entitling Fairchild to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of U.S. Patent No. 5,907,776 due to Inequitable Conduct)

45.     Fairchild incorporates by reference the allegations of paragraphs 1 through 9, as if fully set forth herein.

46.     An actual and justiciable case or controversy requiring declaratory relief now exists between Fairchild, on the one hand, and AOS, on the other hand, as to the enforceability of the '776 patent.

47.     The '776 patent and the claims contained therein are unenforceable based upon inequitable conduct during prosecution, as alleged above in paragraphs 60-65 of the Answer regarding Fairchild's Seventh Affirmative Defense.

48.     Fairchild seeks a judicial determination from this Court that the '776 patent and the claims contained therein are unenforceable.

ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND
SECOND AMENDED COUNTERCLAIMS
CASE NO. C 07-02638 JSW [CONSOLIDATED WITH 07-2664 JSW]

14

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Fairchild requests entry of judgment in its favor and against AOS as follows:

3      A.      That the claims of AOS alleged in its Complaint be denied in their entirety and that

4 AOS take nothing by way of its Complaint;

5      B.      A declaration that Fairchild has not willfully or otherwise infringed, contributed to the

6 infringement of, or actively induced others to infringe, and does not willfully or otherwise infringe,

7 contribute to the infringement of, or actively induce others to infringe, any valid claim of the '776,

8 '567, and '630 patents;

9      C.      A declaration that the claims of the '776, '567, and '630 patents are invalid;

10     D.      A declaration that the '776 patent and the claims contained therein are unenforceable

11 due to inequitable conduct;

12     E.      A judgment that AOS has infringed, and is infringing, the '481, '406, '497, '195, '111,

13 and '947 patents;

14     F.      A permanent injunction enjoining AOS and its respective officers, agents, employees,

15 subsidiaries, and those acting in privity or concert with AOS, including related individuals and

16 entities, customers, representatives, dealers, and distributors, from further infringement, contributory

17 infringement and/or inducement of infringement of the '481, '406, '497, '195, '111, and '947 patents;

18     G.      An award of damages arising out of AOS's infringement of the '481, '406, '497, '195,

19 '111, and '947 patents, including enhanced damages pursuant to 35 U.S.C. §284, together with

20 prejudgment and post-judgment interest, in an amount according to proof;

21     H.      A declaration that this case is an exceptional case within the meaning of 35 U.S.C.

22 § 285 and an award of reasonable attorneys' fees to Fairchild; and

23     I.      Costs of suit and such other and further relief as the Court deems just and proper.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    DATED:  October 18, 2007      Respectfully submitted,

2

3                                By:  /s/*Eric P. Jacobs*

                                 Eric P. Jacobs

4                                  Peter H. Goldsmith

                                 Robert A. McFarlane

5                                  Igor Shoiket

                                 TOWNSEND AND TOWNSEND AND CREW LLP

6                                  Two Embarcadero Center, 8th Floor

                                 San Francisco, California  94111

7                                  Telephone:  (415) 576-0200

                                 Facsimile:  (415) 576-0300

8

                                 Attorneys for Defendant and Counterclaimant

9                                  FAIRCHILD SEMICONDUCTOR CORPORATION

10    61185252 v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY DEMAND

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fairchild demands a trial

3    by jury on all issues so triable.

4

5    DATED:  October 18, 2007              Respectfully submitted,

6

7                                         By:   /s/*Eric P. Jacobs*
                                              Eric P. Jacobs
8                                             Peter H. Goldsmith
                                              Robert A. McFarlane
9                                             Igor Shoiket
                                              TOWNSEND AND TOWNSEND AND CREW LLP
10                                            Two Embarcadero Center, 8th Floor
                                              San Francisco, California  94111
11                                            Telephone:  (415) 576-0200
                                              Facsimile:  (415) 576-0300
12
                                         Attorneys for Defendant
13                                       FAIRCHILD SEMICONDUCTOR CORPORATION

14
     61185252 v1
15

16

17

18

19

20

21

22

23

24

25

26

27

28