1   MORGAN, LEWIS & BOCKIUS LLP
    Daniel Johnson, Jr. (State Bar No. 57409)
2   Brett M. Schuman (State Bar No. 189247)
    Amy M. Spicer (State Bar No. 188399)
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   djjohnson@morganlewis.com
    bschuman@morganlewis.com
6   aspicer@morganlewis.com

7   MORGAN, LEWIS & BOCKIUS LLP
    Andrew J. Wu (State Bar No. 214442)
8   2 Palo Alto Square
    3000 El Camino Real, Suite 700
9   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
10  Fax:  650.843.4001
    awu@morganlewis.com
11
    Attorneys for Plaintiffs and Counterdefendants
12  ALPHA & OMEGA SEMICONDUCTOR, INC.
    ALPHA & OMEGA SEMICONDUCTOR, LTD.
13

14                  UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17

18  ALPHA & OMEGA                          Case No. 07-2638 JSW (EDL)
    SEMICONDUCTOR, INC., a                 (Consolidated with Case No. 07-2664 JSW)
19  California corporation; and ALPHA &
    OMEGA SEMICONDUCTOR, LTD., a           **NOTICE OF MOTION AND MOTION
20  Bermuda corporation,                   TO STRIKE FAIRCHILD
                                           SEMICONDUCTOR CORP.'S PATENT
21                 Plaintiffs,             LOCAL RULE 3.1 DISCLOSURE**

22         v.                              Date:  November 27, 2007
                                           Time:  9:00 a.m.
23  FAIRCHILD SEMICONDUCTOR                Location: Courtroom E, 15th Floor
    CORP., a Delaware corporation,         Judge:  Hon. Elizabeth D. Laporte
24
                   Defendant.
25

26  AND RELATED COUNTERCLAIMS

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO STRIKE FAIRCHILD'S LOCAL RULE 3.1
DISCLOSURE, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1

## NOTICE OF MOTION TO STRIKE

2      TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on Tuesday, November 27, 2007, at 9:00 a.m., or as

4  soon thereafter as counsel may be heard, in Courtroom E, 15th Floor, of the Northern

5  District of California, San Francisco Division, located at 450 Golden Gate Avenue, San

6  Francisco, California, Plaintiffs and Counterdefendants Alpha & Omega Semiconductor,

7  Inc. and Alpha & Omega Semiconductor, Ltd. (collectively, "AOS") will and hereby do

8  move the Court to strike the Preliminary Infringement Contentions ("PICs") of Defendant

9  and Counterclaimant Fairchild Semiconductor Corp. ("Fairchild").

10      Specifically, AOS respectfully requests that the Court strike Fairchild's PICs and

11  compel Fairchild to serve PICs compliant with Patent Local Rule 3-1 by December 4,

12  2007.

13      This motion is based on this Notice, as well as the below Memorandum of Points

14  and Authorities in support of this motion, the Declaration of Brett Schuman submitted

15  herewith and exhibits thereto, any argument presented by AOS's counsel at the hearing,

16  and any further information that may be presented to the Court regarding this motion.

17

18  Dated:    October 23, 2007              MORGAN, LEWIS & BOCKIUS LLP

19

20                                         By:   /s/ Brett M. Schuman
21                                         Brett M. Schuman
                                           *Attorneys for Plaintiffs and*
22                                         *Counterclaim Defendants Alpha &*
                                           *Omega Semiconductor, Ltd. and Alpha*
23                                         *& Omega Semiconductor, Inc.*

24

25

26

27

28

MOTION TO STRIKE FAIRCHILD'S LOCAL RULE 3.1
DISCLOSURE, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616228.1

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

3

## I.    INTRODUCTION

4

This is a patent case.  Plaintiffs Alpha & Omega Semiconductor, Ltd. and Alpha &

5

Omega Semiconductor, Inc. (collectively, "AOS") have sued defendant Fairchild

6

Semiconductor Corporation ("Fairchild") claiming infringement of three AOS patents.

7

Fairchild has counterclaimed against AOS, claiming infringement by AOS of six Fairchild

8

patents.

9

Patent Local Rule 3.1 requires a party claiming patent infringement to serve a

10

disclosure identifying (a) each claim of each patent in suit that is allegedly infringed; (b)

11

separately for each asserted claim, each accused apparatus, product, and so forth, of each

12

opposing party of which the party is aware; and (c) specifically where each element of

13

each asserted claim is found within each accused product.

14

The overriding principle of the Patent Local Rules is to streamline the discovery

15

process and make it more efficient by requiring a plaintiff to articulate its claims with

16

specificity.  *See*, *e.g.*, *InterTrust Technologies Corp. v. Microsoft Corp*., No. 01-1640,

17

2003 WL 23120174, \*2 (N.D. Cal. Dec. 1, 2003).  Further to this objective, the Patent

18

Local Rules require the identification of the accused products to be "*as specific as*

19

*possible*."  *See* Patent Local Rule 3.1(b) (emphasis added).

20

Fairchild served its Patent Local Rule 3.1 Disclosure on August 31, 2007.  *See*

21

Declaration of Brett M. Schuman In Support of AOS's Motion to Strike Fairchild's Patent

22

Local Rule 3.1 Disclosure (hereafter "Schuman Decl."), Ex. A.  In that document,

23

Fairchild purports to identify AOS's entire MOSFET product line as accused products by

24

attaching and referencing AOS's own "MOSFET Selector Guide – All Products" to its

25

Disclosure.  Fairchild does not even attempt to provide the information required by Patent

26

Local Rule 3.1 for all of the AOS products it purports to accuse.  Rather, Fairchild

27

attempts to re-write the rules by choosing to provide a Local Rule 3.1 Disclosure for what

28

it claims is a "representative sample" of 14 AOS products – without explaining how or

1   why it selected the 14 products it did – and then broadly accusing all of AOS's other

2   MOSFET products without providing *any* of the information required by Patent Local

3   Rule 3.1 for any of those other products.  There is no authority for Fairchild's novel

4   approach.  Further, Fairchild's approach is inconsistent with the purpose of the Local

5   Rules, which is to crystallize the parties' contentions and thereby streamline the litigation.

6   The Court should strike Fairchild's Patent Local Rule 3.1 Disclosure and require Fairchild

7   to comply with the rules.

8          As demonstrating in the accompanying declaration, AOS attempted to meet and

9   confer with Fairchild regarding this issue but Fairchild refused to amend its Disclosure in

10  any way.  *See* Schuman Decl., ¶¶3-8.

11  **II.    RELEVANT BACKGROUND**

12         This is a patent case in which AOS and Fairchild accuse each other of infringing

13  certain patents.  Pursuant to stipulation, the parties exchanged PICs under Patent L.R. 3-1

14  on August 31, 2007.  Schuman Decl. ¶ 3 & Ex. A.  AOS notified Fairchild of deficiencies

15  in Fairchild's PICs in a letter dated September 21, 2007.  Schuman Decl., ¶ 4 & Ex. B at

16  p. 2.  In this letter, AOS's counsel explained:  "Fairchild's own PICs include far more

17  significant flaws, and fail to comply with Patent L.R. 3-1.  For example, Fairchild's

18  identification of the AOS products that Fairchild accuses of infringement does not appear

19  to be a good faith identification complying with the appropriate rules.  Fairchild states that

20  every product listed in AOS's 'all products' selection guide infringes every accused

21  Fairchild claim."  *Id*.

22         Fairchild stated in a response letter and in other meet and confer communications

23  that it did not intend to supplement its PICs.  Schuman Decl., ¶¶ 5-8 & Exs. C-E.

24  Nevertheless, since each party believed that the other party's PICs were deficient, the

25  parties agreed that any supplemental PICs would be exchanged on October 19, 2007.

26  Schuman Decl., ¶ 7.  AOS served supplemental PICs on October 19, 2007.[1]  Fairchild did

27  ───────────────
    [1] AOS contends that its original PICs compiled in full with the Patent Local Rules,
28  nevertheless, it supplemented its PICs in the interest of avoiding unnecessary motion
    practice.  Schuman Decl., ¶ 9.

MOTION TO STRIKE FAIRCHILD'S LOCAL RULE 3.1
DISCLOSURE, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616228.1

1  not supplement its PICs, leading to the present motion.  AOS has conferred in good faith

2  with opposing counsel in an effort to resolve this dispute without court action, as required

3  by Federal Rule of Civil Procedure 37, Civil Local Rule 37-1(a), and this Court's Order

4  Re: Discovery Procedures ¶ 1.

5  **III.    ARGUMENT**

6      **A.    The Requirements Of The Patent Local Rules**

7      Patent Local Rule 3.1 provides, in pertinent part:

8          Not later than 10 days after the Initial Case Management
9          Conference, a party claiming patent infringement must serve
   on all parties a "Disclosure of Asserted Claims and
   Preliminary Infringement Contentions" . . . .  [T]he
10         [Disclosure] shall contain the following information:

11         (a) Each claim of each patent in suit that is allegedly infringed
   by each opposing party;
12

13         (b) Separately for each asserted claim, each accused apparatus,
   product, device, process, method, act, or other instrumentality
14         ("Accused Instrumentality") of each opposing party of which
   the party is aware.  This identification shall be as specific as
15         possible.  Each product, device, and apparatus must be
   identified by name or model number, if known.  Each method
16         or process must be identified by name, if known, or by any
   product, device, or apparatus which, when used, allegedly
17         results in the practice of the claimed method or process;

18         (c) A chart identifying specifically where each element of each
   asserted claim is found within each Accused Instrumentality,
19         including for each element that such party contends is
   governed by 35 U.S.C. § 112(6), the identity of the
20         structure(s), act(s), or material(s) in the Accused
   Instrumentality that performs the claimed function . . .

21

22 **"The overriding principle of the Patent Local Rules is that they are designed [to]**

23 **make the parties more efficient, to streamline the litigation process, and to articulate**

24 **with specificity the claims and theory of a plaintiff's infringement claims**."

   *InterTrust*, 2003 WL 23120174, at *2 (emphasis added); *see also Renesas Tech. Corp. v.*
25
   *Nanya Tech. Corp.*, No. 03-5709, 2004 WL 2600466, *2 (N.D. Cal. Nov. 10, 2004)
26
   ("Patent L.R. 3-1 is essentially a 'discovery device' intended to streamline the discovery
27
   process by 'taking the place of a series of interrogatories that defendants would likely
28

MOTION TO STRIKE FAIRCHILD'S LOCAL RULE 3.1
DISCLOSURE, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616228.1

1   have propounded").

2          A party claiming patent infringement must set forth its infringement theories "with

3   sufficient specificity to provide defendants with notice of infringement beyond that which

4   is provided by the mere language of the patents themselves." *Network Caching Tech*.,

5   *LLC v. Novell, Inc*., No. 01-2079, 2003 WL 21699799, *4 (N.D. Cal. March 21, 2003).

6   "At this stage, mapping specific elements of defendants' allegedly infringing products

7   onto NCT's claim construction is adequate." *Id.*, at *5.

8          "The local rules do not specify the actions that the district court may or must take if

9   there is non-compliance with the requirements for disclosure of contentions.  However,

10  the rules are essentially a series of case management orders . . . [t]he court may impose

11  any 'just' sanction for the failure to obey a scheduling order . . . ." *O2 Micro Int'l Ltd. v.*

12  *Monolithic Power Sys., Inc*., 467 F.3d 1355, 1363 (Fed. Cir. 2006).  There is precedent

13  supporting an order striking a Patent Local Rule 3.1 Disclosure that does not comply with

14  the Local Rules.  *See, e.g., InterTrust*, 2003 WL 23120174, *4; *Renesas Tech. Corp.*, 2004

15  WL 2600466, *6.

16         **B.     Fairchild's Insufficient Disclosure**

17         In its Patent Local Rule 3.1 Disclosure, Fairchild purports to identify

18  indiscriminately all of AOS's MOSFET products as "Accused Products" with respect to

19  numerous groupings of claims contained in four different patents.  *See* Schuman Decl.,

20  Ex. A at p. 2.[2]  However, Fairchild provides claim charts purporting to identify where

21  elements of these claims may be found in only 14 specific AOS products:  AO4812,

22  AO4468, AO6402, AOL1412, AO4410, AO4914, AO4422, AO4704, AOD414,

23  AO4413A, AO6405, AO4912, AOD438 and AOL1414.  But Fairchild then says it is

24  actually accusing *hundreds more* of AOS's MOSFET products:

25              Fairchild contends that each of the accused AOS products

26  _____

[2] Fairchild initially counterclaimed for infringement by AOS of four Fairchild patents.  It
27  later amended its counterclaim to assert infringement of two additional patents.  By
    stipulation and order, Fairchild has until October 29 to serve a Patent Local Rule 3.1
28  Disclosure as to the two new patents asserted in its amended counterclaim.  *See* Docket
    No. 44.

5                    MOTION TO STRIKE FAIRCHILD'S LOCAL RULE 3.1
                                         DISCLOSURE, CASE NO. 07-2638 JSW (EDL)
                                         (CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616228.1

meets the limitations of the asserted claims because, based
upon their published characteristics, they are likely to have the
same design and structure as the products for which reverse
engineering data is provided. In addition, each of the accused
AOS products is likely to have been manufactured using a
process that is the same or similar in all respects relevant to
the asserted claims as the products for which reverse
engineering data is provided.

*Id.*, at p. 3.

Patent Local Rule 3.1 does not permit Fairchild's extrapolation. If Fairchild has a
valid basis for accusing AOS products, it must provide a disclosure showing "separately"
and "specifically" where its claims may be found in "each product." Patent Local Rule
3.1(b) & (c). Fairchild's attempt to accuse all AOS products based on reverse engineering
purportedly conducted only on *some* products violates both the letter and spirit of the
Patent Local Rules. Reverse engineering is practically required before a product can be
accused. *See Network Caching Tech.*, 2003 WL 21699799, *4. The purpose of the
disclosure requirement is to "streamline" and "crystallize" the litigation. *See*, *e.g.*,
*InterTrust*, 2003 WL 23120174, *1-2. Here, Fairchild's Patent Local Rule 3.1 Disclosure
is designed to do just the opposite – to open up the litigation to all of AOS's products,
based on analyses purportedly conducted on a supposedly "reasonable sampling of AOS
products" (selected by Fairchild) and unsubstantiated speculation by Fairchild regarding
AOS's other products. *See* Schuman Decl., Ex. A at p. 3.

Fairchild's Patent Local Rule 3.1 Disclosure is analogous to the disclosure stricken
by Judge Armstrong in the *InterTrust v. Microsoft* case. *See* 2003 WL 23120174. There,
InterTrust asserted that all versions of Microsoft's products either did or will infringe
InterTrust's patents. The court found this disclosure insufficient because it did not
sufficiently crystallize InterTrust's theory of the case. *Id.* at *2-3. Here, Fairchild has not
crystallized or streamlined its case, either. Instead, it argues in its Disclosure that AOS's
entire product line must be accused because of Fairchild's assessment of the unspecified
"published characteristics" of AOS's products. Schuman Decl., Ex. A at p. 3.

On its face, Fairchild's Local Rule 3.1 Disclosure provides *none* of the information

6

1-SF/7616228.1

1  required by Patent Local Rule 3.1, subsection (c), for hundreds of purportedly accused

2  AOS MOSFETs: "A chart identifying specifically where each element of each asserted

3  claim is found within each Accused Instrumentality . . . ."

4       Additional practical implications of Fairchild's improper Patent Local Rule 3.1

5  Disclosure are revealed in correspondence from Fairchild.  Fairchild contends, based on

6  its Patent Local Rule 3.1 Disclosure, it is entitled to massive written discovery and

7  document production with respect to AOS's entire line of MOSFETs:

8  
9         Fairchild has specifically identified several hundred additional
accused products in Exhibit 1 to its Preliminary Infringement
Contentions served on August 31, 2007 . . . .  Fairchild is

10  entitled to discovery relating to every AOS device that
infringes Fairchild's asserted patents, including, but not
limited to, the devices that were listed in Exhibit 1 to

11  Fairchild's Preliminary Infringement Contentions.

12  Schuman Decl., ¶10 & Ex. F at p. 2.  Fairchild is not entitled to such broad discovery

13  based on its unsubstantiated extrapolation.  The Patent Local Rules require more.

14       In short, Fairchild is required to provide AOS with a disclosure that complies with

15  the Patent Local Rules.  That means it must either: (1) provide claim charts and other

16  information for each accused AOS product; or (2) eliminate from its identification of

17  accused AOS products those for which it cannot or will not provide the information

18  required by the Patent Local Rules.

19  **IV.   <u>CONCLUSION</u>**

20       For the foregoing reasons, the Court should strike Fairchild's Patent Local Rule 3.1

21  Disclosure and compel Fairchild to serve PICs compliant with Patent Local Rule 3-1 by

22  December 4, 2007.

23

24

25

26

27

28

MOTION TO STRIKE FAIRCHILD'S LOCAL RULE 3.1
DISCLOSURE, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616228.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:      October 23, 2007                    MORGAN, LEWIS & BOCKIUS LLP

By:   /s/ Brett M. Schuman
      Brett M. Schuman
      *Attorneys for Plaintiffs and*
      *Counterclaim Defendants Alpha &*
      *Omega Semiconductor, Ltd. and Alpha*
      *& Omega Semiconductor, Inc.*

MOTION TO STRIKE FAIRCHILD'S LOCAL RULE 3.1
DISCLOSURE, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616228.1