MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Brett M. Schuman (State Bar No. 189247)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
bschuman@morganlewis.com
aspicer@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
awu@morganlewis.com

Attorneys for Plaintiffs and
Counterdefendants
ALPHA & OMEGA
SEMICONDUCTOR, INC.
ALPHA & OMEGA
SEMICONDUCTOR, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-2638 JSW (EDL)<br>(Consolidated with Case No. 07-2664 JSW)<br><br>**DECLARATION OF BRETT M. SCHUMAN IN SUPPORT OF AOS'S MOTION TO STRIKE FAIRCHILD'S PATENT LOCAL RULE 3.1 DISCLOSURE**<br><br>Date: November 27, 2007<br>Time: 9:00 a.m.<br>Location: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SCHUMAN DECLARATION IN SUPPORT OF AOS'S
MOTION TO STRIKE CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

I, Brett M. Schuman, declare as follows:

1. I am an attorney at law, licensed to practice in all courts in the State of California and before the United States District Court in and for the Northern District of California. I am a partner in the law firm of Morgan, Lewis & Bockius LLP, counsel to plaintiffs and counterclaim defendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc. (together, "AOS"), and I am one of the attorneys working on this case.

2. This is a patent case. I am making this declaration in support of AOS's motion to strike the Patent Local Rule 3.1 Disclosure of Defendant and Counterclaimant Fairchild Semiconductor Corporation ("Fairchild").

3. Attached hereto as Exhibit A is a true and correct copy of Fairchild's Patent Local Rule 3.1 Disclosure, served on August 31, 2007. Patent Local Rule 3.1 requires, among other things, a patent plaintiff to identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality . . . of each opposing party of which the party is aware. This identification shall be as specific as possible." In its Patent Local Rule 3.1 Disclosure, Fairchild purports to identify *all* of AOS's MOSFETS as accused products.

4. Attached hereto as Exhibit B is a true and correct copy of a letter dated September 21, 2007, from my partner, Andrew Wu, to Fairchild's counsel, regarding the deficiencies in Fairchild's Patent Local Rule 3.1 Disclosure. In this letter, Mr. Wu explained: "Fairchild's own PICs include far more significant flaws, and fail to comply with Patent L.R. 3-1. For example, Fairchild's identification of the AOS products that Fairchild accuses of infringement does not appear to be a good faith identification complying with the appropriate rules. Fairchild states that every product listed in AOS's 'all products' selection guide infringes every accused Fairchild claim."

5. Attached hereto as Exhibit C is a true and correct copy of a letter dated September 26, 2007 from Fairchild's counsel to Mr. Wu, responding to Exhibit B. In this letter, Fairchild's counsel rejects AOS's position that Fairchild's Patent Local Rule 3.1

Disclosure is insufficient.

6. Attached hereto as <u>Exhibit D</u> is a true and correct copy of a letter dated October 1, 2007 from me to Fairchild's counsel, responding to Exhibit C and attempting once again to explain to Fairchild that its Patent Local Rule 3.1 Disclosure is insufficient. As I stated in the letter, "[i]t is inconsistent with both the letter and the spirit of the Local Rules for Fairchild to accuse AOS's entire product line, as it purports to do in its PICs. There is no provision in the Local Rules authorizing Fairchild's approach of accusing all of AOS's products and then providing information required by Local Rule 3.1 only as to a 'representative sample' of 14 products."

7. On October 2, 2007, I participated in a conference call with Fairchild's counsel regarding, among other things, the issues addressed in the letters attached hereto as Exhibits A-D. During that conference call, Fairchild's counsel (Mr. Jacobs) stated that he believed Fairchild's Patent Local Rule 3.1 Disclosure complied with the rules and that Fairchild did not intend to change it. Nevertheless, the parties agreed that any supplemental PICs would be exchanged on October 19, 2007.

8. Attached hereto as <u>Exhibit E</u> is a true and correct copy of a letter from Fairchild's counsel dated October 5, 2007. In that letter, Fairchild's counsel states: "As we discussed on October 2, Fairchild does not intend to amend its PICs because we believe they are in compliance with the rules . . . ."

9. In the correspondence attached to my declaration, the parties are also addressing Fairchild's claim that AOS's Patent Local Rule 3.1 Disclosure is insufficient. AOS believes its Disclosure complies with the Local Rules but agreed to review its Disclosure and provide appropriate supplemental information by October 19, 2007.

10. Attached hereto as <u>Exhibit F</u> is a true and correct copy of a letter from Fairchild's counsel dated October 10, 2007.

11. AOS has conferred in good faith with opposing counsel in an effort to resolve this dispute without court action, as required by Federal Rule of Civil Procedure 37, Civil Local Rule 37-1(a), and this Court's Order Re: Discovery Procedures ¶ 1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

SCHUMAN DECLARATION IN SUPPORT OF AOS'S
MOTION TO STRIKE CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616182.1

1

2    I declare under penalty of perjury under the laws of the United States that the

3  foregoing is true and correct to my personal knowledge.

4    Executed this 23rd day of October, 2007, at San Francisco, California.

5

6                          By _____
7                              Brett M. Schuman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4    SCHUMAN DECLARATION IN SUPPORT OF AOS'S
     MOTION TO STRIKE CASE NO. 07-2638 JSW (EDL)
     (CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616182.1

I, Brett M. Schuman, declare as follows:

1.     I am an attorney at law, licensed to practice in all courts in the State of California and before the United States District Court in and for the Northern District of California. I am a partner in the law firm of Morgan, Lewis & Bockius LLP, counsel to plaintiffs and counterclaim defendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc. (together, "AOS"), and I am one of the attorneys working on this case.

2.     This is a patent case. I am making this declaration in support of AOS's motion to strike the Patent Local Rule 3.1 Disclosure of Defendant and Counterclaimant Fairchild Semiconductor Corporation ("Fairchild").

3.     Attached hereto as Exhibit A is a true and correct copy of Fairchild's Patent Local Rule 3.1 Disclosure, served on August 31, 2007. Patent Local Rule 3.1 requires, among other things, a patent plaintiff to identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality . . . of each opposing party of which the party is aware. This identification shall be as specific as possible." In its Patent Local Rule 3.1 Disclosure, Fairchild purports to identify *all* of AOS's MOSFETS as accused products.

4.     Attached hereto as Exhibit B is a true and correct copy of a letter dated September 21, 2007, from my partner, Andrew Wu, to Fairchild's counsel, regarding the deficiencies in Fairchild's Patent Local Rule 3.1 Disclosure. In this letter, Mr. Wu explained: "Fairchild's own PICs include far more significant flaws, and fail to comply with Patent L.R. 3-1. For example, Fairchild's identification of the AOS products that Fairchild accuses of infringement does not appear to be a good faith identification complying with the appropriate rules. Fairchild states that every product listed in AOS's 'all products' selection guide infringes every accused Fairchild claim."

5.     Attached hereto as Exhibit C is a true and correct copy of a letter dated September 26, 2007 from Fairchild's counsel to Mr. Wu, responding to Exhibit B. In this letter, Fairchild's counsel rejects AOS's position that Fairchild's Patent Local Rule 3.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7616182.1

2    SCHUMAN DECLARATION IN SUPPORT OF AOS'S
MOTION TO STRIKE CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1  Disclosure is insufficient.

2  6.  Attached hereto as <u>Exhibit D</u> is a true and correct copy of a letter dated October 1, 2007 from me to Fairchild's counsel, responding to Exhibit C and attempting once again to explain to Fairchild that its Patent Local Rule 3.1 Disclosure is insufficient. As I stated in the letter, "[i]t is inconsistent with both the letter and the spirit of the Local Rules for Fairchild to accuse AOS's entire product line, as it purports to do in its PICs. There is no provision in the Local Rules authorizing Fairchild's approach of accusing all of AOS's products and then providing information required by Local Rule 3.1 only as to a 'representative sample' of 14 products."

7.  On October 2, 2007, I participated in a conference call with Fairchild's counsel regarding, among other things, the issues addressed in the letters attached hereto as Exhibits A-D. During that conference call, Fairchild's counsel (Mr. Jacobs) stated that he believed Fairchild's Patent Local Rule 3.1 Disclosure complied with the rules and that Fairchild did not intend to change it. Nevertheless, the parties agreed that any supplemental PICs would be exchanged on October 19, 2007.

8.  Attached hereto as <u>Exhibit E</u> is a true and correct copy of a letter from Fairchild's counsel dated October 5, 2007. In that letter, Fairchild's counsel states: "As we discussed on October 2, Fairchild does not intend to amend its PICs because we believe they are in compliance with the rules . . . ."

9.  In the correspondence attached to my declaration, the parties are also addressing Fairchild's claim that AOS's Patent Local Rule 3.1 Disclosure is insufficient. AOS believes its Disclosure complies with the Local Rules but agreed to review its Disclosure and provide appropriate supplemental information by October 19, 2007.

10. Attached hereto as <u>Exhibit F</u> is a true and correct copy of a letter from Fairchild's counsel dated October 10, 2007.

11. AOS has conferred in good faith with opposing counsel in an effort to resolve this dispute without court action, as required by Federal Rule of Civil Procedure 37, Civil Local Rule 37-1(a), and this Court's Order Re: Discovery Procedures ¶ 1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SCHUMAN DECLARATION IN SUPPORT OF AOS'S
3   MOTION TO STRIKE CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616182.1

1
2     I declare under penalty of perjury under the laws of the United States that the
3  foregoing is true and correct to my personal knowledge.
4     Executed this 23rd day of October, 2007, at San Francisco, California.
5
6                                   By _____/s/_____
7                                        Brett M. Schuman

4    SCHUMAN DECLARATION IN SUPPORT OF AOS'S
     MOTION TO STRIKE CASE NO. 07-2638 JSW (EDL)
     (CONSOL. WITH CASE NO. 07-2664 JSW)

1-SF/7616182.1