**EXHIBIT B**

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650.843.4000
Fax: 650.843.4001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Andrew J. Wu**
Partner
650.843.7511
awu@morganlewis.com

September 21, 2007

**VIA E-MAIL AND U.S. MAIL**

Leonard J. Augustine, Jr.
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111-3834

Re:  *Alpha & Omega Semiconductor, Ltd. et al. v. Fairchild Semiconductor Corp.*,
Case No. C 07-2638 JSW (consolidated with Case No. C 07-2664 JSW)

Dear Mr. Augustine:

I write in response to your letter to Brett Schuman dated September 12, 2007 regarding AOS's Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"). We disagree with your contentions regarding AOS's PICs, and we have a number of issues with Fairchild's Patent L.R. 3-1 Disclosures.

In your letter, you contend that "AOS's PICs are completely devoid of any *specific information* identifying anything in the accused products or methods that allegedly practices the elements of the asserted claims." (emphasis added). We disagree. Significantly, AOS has identified specific Fairchild products—by part number—that are believed to be manufactured using methods disclosed by the asserted patents. Furthermore, for each of the methods that are believed to be used in the manufacture of these products, AOS has provided a chart identifying—on an element-by-element basis—where in the accused products or processes the claim elements are found. In some instances, the description of the step happens to coincide with the claim language in large part because that is the language that describes the step, *e.g.*, "providing a substrate" or "forming a trench."

Indeed, AOS's disclosures use very similar language to the language Fairchild used in its own PICs. For example, Fairchild's PICs include the following language (Exhibit 30):

1-PA/3665973.1

Morgan Lewis
COUNSELORS AT LAW

Leonard J. Augustine, Jr.
September 21, 2007
Page 2

| forming a plurality of trenches extending to a first depth into the semiconductor substrate; | The accused method includes creating a plurality of trenches that extend to a predetermined depth into the substrate (a first depth). (Fig. AO4812-3 (Scanning Electron Microscopy image), item B: Fig. AO4812-4 (Scanning Capacitance Microscopy image), item B.) |
| --- | --- |

This disclosure parallels the AOS disclosure you identify as faulty in your letter:

| (b) forming at least one trench in said substrate; | The Accused '776 Patent Methods include the step of forming at least one trench gate in the aforementioned substrate. |
| --- | --- |

In light of the similarities between the parties' disclosures, it is difficult for AOS to understand the issues Fairchild has raised with respect to AOS' claims charts.

Moreover, as noted in AOS's PICs, AOS provided the PICs prior to receiving any discovery for Fairchild. Accordingly, AOS cannot be expected to identify at this stage of the litigation the steps or elements of Fairchild's processes using the specific language that Fairchild uses to refer to those steps, or to correlate the claim elements to the steps as described in Fairchild's processing recipes or other documents.

Fairchild's own PICs include far more significant flaws, and fail to comply with Patent L.R. 3-1. For example, Fairchild's identification of the AOS products that Fairchild accuses of infringement does not appear to be a good faith identification complying with the appropriate rules. Fairchild states that every product listed in AOS's "all products" selection guide infringes every accused Fairchild claim. This "shotgun" identification is starkly inconsistent with the statement in your letter that "the overriding principle of the Patent Local Rules is to streamline the discovery process," and is particularly improper given that Fairchild only provides claim charts for a handful of products, with no suggestion of how those charts justify assertions that every other AOS product infringes. Further, in its pre-litigation correspondence, Fairchild only identified certain AOS products. Fairchild must limit its accusation to those products that it in good faith believes infringe its patents.

Also, with respect to Fairchild's disclosure under Patent L.R. 3-1(f), Fairchild has not identified specific products that practice the asserted claims, but simply states "PowerTrench MOSFETS." Fairchild must amend its Patent L.R. 3-1(f) disclosure to identify specific products, and not just categories of products, that reflect each of the asserted claims.

Finally, the exhibits to Fairchild's Patent L.R. 3-1 Disclosures are also improper. Fairchild includes various analyses purportedly supporting the accusations of its claim charts, including SEMs, SCMs, and SIMS analyses. Fairchild, however provides no information or

**Morgan Lewis**
COUNSELORS AT LAW

Leonard J. Augustine, Jr.
September 21, 2007
Page 3

documentation regarding these purported analyses, including documents explaining what products were analyzed, the parameters of the analyses, how the images were generated, etc. For example, it is not clear if the SIMS images are taken from a single analysis or are created from a compilation of analyses, nor is it even clear what part of the device is being analyzed. Even more strikingly, for some of the products, Fairchild provides analysis for a product, and then acknowledges that the analysis is actually of a different product. Further, we suspect that at least one of the parts identified is not even an AOS product.

Indeed, we invite you to review the analyses included in Fairchild's Patent L.R. 3-1 disclosures and confirm that you believe the products infringe, since it appears that some of the products do not infringe even under what we suspect is Fairchild's theory of infringement.

Please let me know your thoughts on these matters. Thank you.

Sincerely,

Andrew J. Wu   for/by permission

**EXHIBIT C**

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

September 26, 2007

*VIA ELECTRONIC MAIL AND U.S. MAIL*

Andrew J. Wu
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
(650) 843-7511
awu@morganlewis.com

Re:     Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.,
        Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
        Our File No.: 18865P-021600

Dear Mr. Wu:

I write in response to your letter of September 21, 2007 concerning AOS's Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1 ("PICs") served on August 31, 2007.

As detailed in my September 12, 2007 letter to Brett Schuman, AOS's PICs fail to provide the required disclosure under Patent L.R. 3-1 with respect to U.S. Patents No. 5,767,567 and 5,907,776. The PICs fail to provide charts "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality" under Patent L.R. 3-1(c). The PICs instead merely parrot back the language of each asserted claim without any supporting analysis or evidence identifying where the elements of the asserted claims are found in Fairchild's products and methods. The PICs further fail to identify "separately for each asserted claim, each [] apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim" under Patent L.R. 3-1(f). The PICs thus fail to provide the required disclosure of AOS's infringement theories as required under the Patent Local rules. *See e.g., Intertrust Technologies Corp. v. Microsoft Corp.*, 2003 WL 23120174, *1 (N.D. Cal. 2003); *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citation omitted).

Your assertion that AOS "uses very similar language to the language Fairchild used in its own PICs" in its claim charts is wrong and conveniently misses the point. Fairchild's claim

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

September 26, 2007
Page 2

charts cite to *evidence* that shows how AOS's products and methods infringe Fairchild's patent claims, while AOS's claim charts cite *no* evidence with respect to Fairchild's products and methods.

The excerpts you cite in an attempt to show that Fairchild's PICs disclosure is "similar" to AOS's only underscore how different Fairchild's disclosure is from AOS's: the excerpted Fairchild Exhibit 30 claim element includes a citation to both a Scanning Electron Microscopy image and a Scanning Capacitance Microscopy image that were attached as exhibits to Fairchild's claim charts, each of which show how AOS's accused methods include that claim element. By contrast, the excerpted AOS claim element provides no citation to any evidence. Your letter acknowledges that Fairchild has supported its PICs with such evidence ("Fairchild includes various analyses purportedly supporting the accusations of its claim charts, including SEMs, SCMs, and SIMS analyses"), but ignores that AOS has not only failed to provide anything similar, it has failed to cite to any evidence at all.

AOS chose to pursue its patent infringement claims in the Northern District of California, knowing full well that the Northern District Patent Local Rules impose on a plaintiff an obligation to disclose its infringement theories under Patent L.R. 3-1 prior to receiving any discovery. *See e.g.*, *Network Caching Technology, LLC v. Novell, Inc.*, 2002 WL 32126128, *4 (N.D. Cal. 2002) (granting in part motion to strike PICs). Accordingly, AOS cannot rely on the fact that no discovery has occurred in this case to excuse its failure to provide PICs that disclose its infringement theories. Fairchild was similarly burdened with an obligation to disclose its infringement theories for the infringement claims it is pursuing against AOS, and has fully met that obligation, as stated above.

The other points in your letter are similarly untenable. Fairchild has identified in good faith the AOS products that Fairchild accuses of infringement in compliance with Patent L.R. 3-1(b) and (c). Your assertion that Fairchild has provided claim charts for only a "handful" (actually 14) of products attempts to impose on Fairchild a duty beyond what is required by the Patent Local Rules. Fairchild has more than adequately described in the PICs its basis for asserting infringement against all the products identified, based on a representative sample of AOS's products. Furthermore, contrary to your implication that Fairchild may accuse only products it identified in pre-litigation correspondence with AOS, Fairchild may accuse any product which it believes in good faith infringes its patent claims pursuant to its investigation of the factual and legal basis for its complaint. That is precisely what Fairchild has done.

Your assertion that Fairchild's disclosures under Patent L.R. 3-1(f) are not specific enough is also wrong. Patent L.R. 3-1(f) does not impose an obligation that the identification of a party's *own* instrumentalities that practice the claimed inventions be "as specific as possible," as Patent L.R. 3-1(b) does for the identification of *accused* instrumentalities. Patent L.R. 3-1(f) merely requires that the party "identify" such instrumentalities. Fairchild has clearly identified its products that practice the claimed inventions. Your assertion that Fairchild's exhibits provide insufficient information is also wrong. The Patent Local Rules require that the PICs provide fair

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

September 26, 2007
Page 3

notice to AOS of Fairchild's theories of infringement. The provided disclosure, including the exhibits and the figures attached thereto, are in full compliance, including providing even information you assert is lacking.

We reiterate our previous request that you please provide amended PICs that fully comply with the requirements of the Patent Local Rules. As I stated in my September 12 letter, Fairchild's Preliminary Invalidity Contentions are due within 45 days of service of AOS's Preliminary Infringement Contentions, and we interpret that to mean service of contentions that comply with the Patent Local Rules. Please let us know by the end of the day on Thursday, September 27, 2007 a date certain in the near future by which you will provide fully compliant PICs. If you do not provide us such a date, we may be forced to seek appropriate relief from the Court.

Finally, you have asserted that "we suspect that at least one of the parts identified is not even an AOS product," while failing to identify such part. We request that you promptly identify such part, if any, including an explanation of why you assert it is not an AOS product.

We are available to meet and confer on these matters today or tomorrow. Please contact me by telephone at (650) 592-3114 if you wish to discuss these matters.

Regards,

Leonard J. Augustine, Jr.

LJA/lja

61162311 v2

**EXHIBIT  D**

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

**Brett M. Schuman**
Partner
415.442.1024
bschuman@morganlewis.com

October 1, 2007

## VIA ELECTRONIC MAIL AND U.S. MAIL

Leonard J. Augustine, Jr.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834

Re:   *Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.*
      Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)

Dear Mr. Augustine:

I am responding to your letter dated September 26, 2007 to Andrew Wu. As I have previously
advised you, Mr. Wu is out of the country on his honeymoon. Notwithstanding that information,
and the fact that you have been corresponding with Mr. Wu on the topic of each side's Local
Rule 3.1 PICs, you insisted on an immediate response from us to your September 26, 2007 letter.
After I informed you that Mr. Wu was out of the country, you then asked whether we would
stipulate to shortened time for a motion to compel. Put simply, the above referenced
correspondence does not satisfy Fairchild's obligation to meet and confer in good faith regarding
the PICs.

I have now reviewed the prior correspondence between you and Mr. Wu. AOS does not agree
with your suggestion that it is required to produce evidence supporting its preliminary
infringement contentions. The authorities you cite in your letters do not support that position;
indeed, they defeat it. *See Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL
21699799, *4 (N.D.Cal. 2003) ("Patent L.R. 3-1 does not require NCT to produce evidence of
infringement or to set forth ironclad and irrefutable claim constructions"). In *Network Caching*,
the court elaborated: "At this juncture, a party may comply with Patent L.R. 3-1 by setting forth
particular theories of infringement with sufficient specificity to provide defendants with notice of
infringement beyond that which is provided by the mere language of the patents themselves." *Id.*
AOS's PICs plainly meet this standard. In your purported meet and confer letters, you do not
claim - nor could you – that Fairchild lacks notice regarding the claims, methods, or products at
issue in this case.

1-SF/7612240.1

Morgan Lewis
COUNSELORS AT LAW

Leonard J. Augustine, Jr.
October 1, 2007
Page 2

However, without conceding that its initial PICs are in any way insufficient, AOS will agree to re-examine its PICs and provide appropriate supplemental information.

Fairchild must do the same. As stated in Mr. Wu's September 21, 2007 letter, "Fairchild's own PICs include far more significant flaws." It is inconsistent with both the letter and the spirit of the Local Rules for Fairchild to accuse AOS's entire product line, as it purports to do in its PICs. There is no provision in the Local Rules authorizing Fairchild's approach of accusing all of AOS's products and then providing information required by Local Rule 3.1 only as to a "representative sample" of 14 products. In short, Fairchild must amend its PICs to identify properly the alleged accused products, and to address the other deficiencies outlined in Mr. Wu's September 21, 2007 letter.

Now that both AOS and Fairchild have amended their pleadings to assert additional claims for patent infringement, the PICs need to be amended to address those new claims as well. I propose that each side have until October 19 to serve amended PICs that address the newly added patents and the issues discussed above, and that the deadline for service of invalidity contentions be continued to November 16, 2007.

Very truly yours,

Brett M. Schuman

c: Eric P. Jacobs, Esq.

1-SF/7612240.1

**EXHIBIT E**

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

October 5, 2007

*VIA ELECTRONIC MAIL AND U.S. MAIL*

Brett Schuman
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
(415) 442-1024

      Re:    Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.,
             Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
             Our File No.: 18865P-021600

Dear Mr. Schuman:

      A Stipulation and [Proposed] Order Modifying Case Management Schedule (the "Stipulation") accompanies this letter, in accordance with the agreement of the parties reached on October 3, 2007. The Stipulation includes the new deadlines agreed upon and proposed corresponding changes to the Court's schedule. Although AOS contends that its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs") served on August 31, 2007, is in compliance with the Patent Local Rules, AOS has agreed to amend its PICs by October 19, 2007.

      As we discussed on October 2, Fairchild does not intend to amend its PICs because we believe they are in compliance with the rules. Fairchild has identified each of the accused AOS products and has supplied detailed claim charts to support its infringement allegations. As stated in Fairchild's PICs, we have a good faith belief that each of the accused AOS products is similar in all material respects to those products for which we have provided claim charts. As we mentioned to you, Fairchild has several times suggested that the parties enter into a stipulation that would focus discovery and trial on representative parts, but AOS has thus far rejected that suggestion.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
ᴸᴸᴾ

Brett Schuman
October 5, 2007
Page 2

Please let us know if we have your authorization to file the Stipulation.

Regards,

Leonard J. Augustine, Jr.

LJA/lja

61172428 v1

**EXHIBIT F**

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 941 t1-3834
Tel 415.576.0200
Fax 415.576.0300

psreenivasan@townsend.com

October 10 , 2007

*VIA ELECTRONIC MAIL AND U.S. MAIL*

Harry F. Doscher
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
(415) 442-1024

> Re:    Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.,
> Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
> Our File No.: 18865P-021600

Dear Harry:

I am writing to you regarding AOS's deficient discovery responses and document production[1].

Regarding AOS's production of documents, AOS produced only two prosecution file histories as part of its obligations under Patent L.R. 3-2. No documents have been produced in response to Fairchild's document requests. Fairchild has already sent AOS three separate document productions. AOS should commence its document production immediately.

**Deficiencies in AOS's Responses to Fairchild's Interrogatories:**

**Case No. 02664:**

AOS has incorrectly limited Fairchild's definition of "accused products" in Case No. 07-2664 to "trench MOSFET products that were identified by Fairchild in a letter dated August 3,

---

[1] As raised in an e-mail chain between Igor Shoiket and Brett Schuman dated September 30, 2007, AOS failed to serve its responses in a timely manner. Fairchild served its discovery requests by hand-delivery on July 27, 2007, before the close of business. Although Mr. Schuman contends that they were not served by the close of business, a messenger service receipt shows otherwise. Consequently, AOS's responses were due on August 27, 2007. Thereafter, the parties agreed to a mutual 30-day extension to respond to discovery responses. This extension required AOS to serve its responses on September 27, 2007. By serving its responses two days late on September 29, AOS waived any objections. *Davis v. Fendler*, 650 F. 2d 1154, 1160 (9th Cir. 1981). Fairchild does not waive its right to raise this issue at a later date.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
October 10 , 2007
Page 2

2005, from Stephen Schott to Dr. Michael Chang: AO4812, AO4912, AOD412, AOD414, AOD404, AOD406, AO4407, AO4422." AOS has given no legal support whatsoever for its limitation of Fairchild's definition of "accused products." Fairchild has specifically identified several hundred additional accused AOS products in Exhibit 1 to its Preliminary Infringement Contentions served on August 31, 2007. There is absolutely no basis for AOS to limit the "accused products" to those described in a letter from two years ago. Fairchild is entitled to discovery relating to every AOS device that infringes Fairchild's asserted patents, including, but not limited to, the devices that were listed in Exhibit 1 to Fairchild's Preliminary Infringement Contentions.

AOS has limited Interrogatory Nos. 1-2, 5 and 8-10 to the products that are identified in the paragraph above. For the reasons stated in the previous paragraph, AOS must supplement these interrogatory responses immediately.

AOS's response to Interrogatory No. 4 simply responds by referring to the list of products provided in connection with AOS's Preliminary Infringement Contentions. AOS agreed to serve amended Preliminary Infringement Contentions on or before October 19. In its amended Preliminary Infringement Contentions and in response to Interrogatory No. 4, AOS must specifically identify *which* Fairchild product or process allegedly infringes the asserted claims. Please supplement this interrogatory as soon as possible.

AOS's response to Interrogatory No. 5 simply states that AOS neither sold nor offered to sell any of the AOS products listed in AOS's Disclosure of Asserted Claims. Please confirm that AOS has no information that *anyone other than AOS* has sold or offered for sale any of the AOS products listed in AOS's Disclosure of Asserted Claims. Additionally, for Interrogatory No. 6, confirm that AOS has no information that *anyone other than AOS* has publicly used or demonstrated any product that AOS contends embodies, incorporates or includes the subject matter claimed by each of the AOS patents-in-suit. Please confirm this information immediately.

AOS's response to Interrogatory No. 7 is also deficient. Rather than answer this interrogatory regarding the corporate structure of AOS, AOS simply references the response to Interrogatory No. 6. Interrogatory No. 7 is directed to the corporate structure of AOS, including information regarding any additional companies that are related to AOS, such as subsidiaries, parents, affiliates and any subsidiaries or parents of such corporations. Please supplement this response immediately to include this information.

AOS has completely failed to provide any response to Interrogatory Nos. 11-15 and 17-19. These interrogatories should be answered immediately. AOS sought and was granted a 30-day extension to respond to discovery requests. Therefore, AOS had ample time to gather the information that relates to these responses. As you are aware, contention interrogatories are permissible and acceptable under Federal Rule of Civil Procedure 33(c). *O'Conner v. Boeing North American, Inc.*, 185 F.R.D. 272, 280-81 (C.D. Cal. 1999). Simply claiming that these contention interrogatories are "premature" and "harassing" is not an appropriate response.

TOWNSEND
*and*
TOWNSEND
*and*
CREW *LLP*

Harry F. Doscher
October 10 , 2007
Page 3

**Case No. 07-2638:**

In its response to Interrogatory No. 1, AOS simply cites to Federal Rule of Civil Procedure 33(d) and the file histories of the AOS patents. Please provide a detailed explanation of the facts leading up to and constituting the conception and reduction to practice of the inventions claimed and a specific identification of all persons having knowledge of any fact or contention recited in your answer to this interrogatory.

AOS's response to Interrogatory No. 7 is unacceptable. Information regarding the relevant art and the level of ordinary skill in the art to which the patents-in-suit relate is relevant to this litigation, particularly with regard to invalidity and infringement. Please respond to this interrogatory immediately.

AOS has refused to respond to Interrogatory No. 10, requesting the factual basis, if any, upon which AOS contends that its asserted patent claims are not invalid including a specific identification of each "secondary consideration" of non-obviousness. AOS propounded a similar interrogatory to Fairchild (Interrogatory No. 21). In the spirit of cooperation, Fairchild proposes that both sides defer any response to Fairchild's Interrogatory No. 10 and AOS's Interrogatory No. 21 until after invalidity contentions are exchanged. Please confirm that AOS will accept this proposal.

**Deficiencies in AOS's Responses to Fairchild's Document Requests:**

**Case No. 07-2664:**

In its responses to Fairchild's document requests in Case No. 07-2664, AOS has improperly limited Fairchild's definition of "accused products" to "trench MOSFET products that were identified by Fairchild in a letter dated August 3, 2005, from Stephen Schott to Dr. Michael Chang." As discussed above, there is no legitimate basis for AOS to restrict its responses in this manner. Fairchild has offered on several occasions to attempt to arrive at an agreement which would limit discovery to representative parts, but AOS has thus far refused to do so. Consequently, AOS must produce responsive documents that relate at a minimum to all accused products identified by Fairchild in its Disclosure of Asserted Claims and Preliminary Infringement Contentions. AOS must also produce documents that are responsive to Fairchild's definition of accused products, which is "any and all systems or products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold or imported into the United States by you, on your behalf or by any of your customers." Please produce such documents in response to Request Nos. 1-9, 14, and 18-21.

In its responses, AOS has improperly limited Request Nos. 1-9 to more general requests. For example, AOS has limited Request No. 1 to "documents sufficient to show the technical design and operation of the accused products" when the request specifically seeks particular documents: plots of mask layers, cell plots, design drawings, electronic design automation files

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
October 10 , 2007
Page 4

and starting material descriptions." Request Nos. 2-9 are also improperly limited by AOS. Please confirm that AOS will produce documents responsive to each of those requests, including, but not limited to, the specific documents that have been requested by Fairchild.

Request No. 13 requires documents sufficient to describe the corporate structure of AOS. AOS improperly objected that the term "corporate structure" is vague and ambiguous. Please produce documents responsive to this request immediately, including, but not limited to, documents that describe the corporate structure of AOS, including information on any additional companies that are related to AOS, such as subsidiaries, parents, affiliates and any subsidiaries or parents of such corporations.

AOS has improperly limited Request No. 14 to only identify the officers, directors or employees of AOS who have knowledge of the technical design, manufacture and operation of the accused products. Please confirm that AOS will also produce documents that identify officers, directors or employees of AOS who have knowledge of the above categories as well as : production, distribution and importation of the accused products, all of which relate to Fairchild's allegation of induced infringement.

In its response to Request No. 14, AOS has also not included documents that identify officers, directors or employees of AOS who may have knowledge regarding marketing, offers for sale and/or sale of any accused products. This discovery was not deferred in the signed Stipulation; however, since this is related to damages, we agree that this information may be deferred until a later point in discovery provided that AOS will produce this information later in discovery. Please confirm. Finally, please confirm that AOS will produce the specific types of documents that are listed in Fairchild's request, including company directories, organizational charts and similar documents that show the name, location and reporting lines of AOS officers, directors or employees who have had knowledge regarding any of the accused products.

**Case No. 07-2638:**

Request No. 10 specifically requests documents and things "that relate to any products embodying any claims of the AOS patents-in-suit that were sold or offered for sale at any point in time." AOS has limited this request to "responsive document sufficient to demonstrate the commercial success of the AOS products listed in AOS' Disclosure of Asserted Claims and Preliminary Infringement Contentions." This request is not limited to commercial success. Please confirm that AOS will produce documents that are responsive to this request in its entirety.

Request No. 12 specifically requests "external and internal specifications, design specifications and data sheets for any products embodying any claims of the AOS patents-in-suit." AOS has limited this response to "documents sufficient to show the design, operation and commercial success of the AOS products listed in AOS' Disclosure of Asserted Claims and Preliminary Infringement Contentions." This request is not limited to the categories that AOS

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
October 10 , 2007
Page 5

has listed. Please confirm that AOS will produce documents that are responsive to this request in its entirety.

Request No. 13 requests all documents that relate to the "specifications of any products embodying any claims of the AOS patents-in-suit." AOS has duplicated its response to Request No. 12. This request is not limited to the categories that AOS has listed. Please confirm that AOS will produce documents that are responsive to this request in its entirety, including documents that describe the product specifications.

AOS has limited Request No. 26 to "officers, directors or employees of AOS who have knowledge of the technical design and operation of AOS products that embody the subject matter described in the AOS patents-in-suit." However, Request No. 26 specifies documents that relate to "officers, directors or employees who may have had knowledge concerning AOS's design, development, manufacture and production of any AOS power transistor products, including any products that embody the claims of the AOS patents-in suit." Please confirm that AOS will produce responsive documents to this request in its entirety.

In its response to Request No. 26, AOS has also not agreed to produce documents that identify officers, directors or employees of AOS who may have knowledge regarding marketing, offers for sale and/or sale of any AOS transistor products, including those that embody the claims of the AOS patents-in-suit. This discovery was not deferred in the signed Stipulation; however, since this is related to damages, we agree that this information may be deferred until a later point in discovery provided that AOS will produce this information later in discovery. Please confirm. Finally, please confirm that AOS will produce the specific types of documents that are listed in Fairchild's request, including company directories, organizational charts and similar documents that show the name, location and reporting lines of AOS officers, directors or employees who have had knowledge regarding products that practice the inventions claimed by the AOS patents-in-suit.

Finally, AOS's response to Request No. 32 is perplexing. AOS does not agree to produce documents in response to Request No. 32, yet AOS has agreed to produce documents in response to the same request served in Case No. 07-2664. Please confirm that AOS will produce documents in response to this request.

I am generally available to meet and confer about these issues this week.

Very truly yours,

*Priya Sreenivasan*

Priya Sreenivasan

P2S/ks
61173667 v1

61173667 v1