1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California  94111
   Telephone:    (415) 576-0200
5  Facsimile:    (415) 576-0300
   E-mail:        epjacobs@townsend.com
6                 phgoldsmith@townsend.com
                  ramcfarlane@townsend.com
7                 ishoiket@townsend.com

8  Attorneys for Defendant and Counterclaimant
   FAIRCHILD SEMICONDUCTOR CORPORATION
9

10              UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14

15  ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW (EDL)
    INC., a California corporation; and   (Consolidated with Case No. C 07-2664 JSW)
16  ALPHA & OMEGA SEMICONDUCTOR,
    LTD., a Bermuda corporation,          **FAIRCHILD SEMICONDUCTOR
17                                         CORPORATION'S NOTICE OF MOTION
        Plaintiffs and Counterdefendants, AND MOTION TO COMPEL RESPONSES
18                                         TO INTERROGATORIES AND
        v.                                 PRODUCTION OF DOCUMENTS**
19  FAIRCHILD SEMICONDUCTOR
    CORP., a Delaware corporation,         Date:        December 11, 2007
20                                         Time:        9:00 a.m.
        Defendant and Counterclaimant.     Courtroom:   Courtroom E, 15th Floor
21
22  ─────────────────────────────          Hon. Elizabeth D. Laporte

23  AND RELATED COUNTERCLAIMS.

24

25

26

27

28

1    TO PLAINTIFFS AND COUNTERDEFENDANTS ALPHA & OMEGA
2    SEMICONDUCTOR, INC., AND ALPHA & OMEGA SEMICONDUCTOR, LTD.:

3    PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and

4    Northern District of California Civil L.R. 7-1, 7-2, and 37-2, Defendant and Counterclaimant Fairchild

5    Semiconductor Corporation ("Fairchild") hereby moves the Court for an Order To Compel Responses

6    To Interrogatories And Production Of Documents. Specifically, Fairchild moves this Court to order

7    Plaintiffs and Counterdefendants Alpha & Omega Semiconductor, Inc., and Alpha & Omega

8    Semiconductor, Ltd. (collectively, "AOS") to provide full and complete discovery responses regarding

9    all AOS trench power MOSFET products accused of infringement in this case.

10    This motion will be heard in Courtroom E, 15th Floor, of the Northern District of California,

11    San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, on December

12    11, 2007, at 9:00 AM, or as soon thereafter as counsel may be heard, or at such other date and time as

13    the Court orders *sua sponte* or pursuant to the Motion to Change Time To Consolidate The Hearing

14    Dates On Discovery Motions, filed concurrently herewith. This motion is based on this notice and

15    memorandum, the attached declarations and exhibits, the oral argument to be heard at the hearing on

16    this motion, and any and all papers on file in this proceeding.

17    **MEMORANDUM OF POINTS AND AUTHORITIES**

18    **I.    INTRODUCTION**

19    Fairchild filed its complaint for patent infringement against AOS on May 18, 2007. In its

20    Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"), Fairchild

21    specifically identified 342 AOS power MOSFET[1] products as infringing Fairchild's asserted patents.

22    AOS seeks to limit its discovery obligations in this case to eighteen AOS products, including fourteen

---

[1] A "MOSFET" is a Metal Oxide Semiconductor Field Effect Transistor. It is a semiconductor device that is used to switch current on and off. An "IGBT" is an Insulated Gate Bipolar Transistor. It is similar to a MOSFET in respects that are material to the Fairchild patents-in-suit. Based on information available to Fairchild from AOS's website at the time of service of Fairchild's PICs, it appears that AOS does not manufacture or sell trench IGBT products at this time. To the extent AOS does manufacture any trench IGBT products, Fairchild believes that such products also practice the asserted claims of Fairchild's patents and are included in Fairchild's discovery requests.

1  AOS products for which Fairchild provided claim charts and reverse-engineering analysis in its PICs,

2  as well as four additional AOS products that are identified in a letter dated August 3, 2005, from

3  Fairchild's Director of Patents to AOS's Chief Executive Officer.  AOS's ostensible justification for

4  unilaterally limiting its discovery obligations is its assertion that Fairchild's definition of "accused

5  product(s)" in its discovery requests is so broad as to "encompass every electronic system device used

6  by either AOS or its customers including, e.g., telephones and automobiles."  AOS had previously

7  taken the untenable position that its discovery obligations were limited to eight products listed in the

8  August 3, 2005 letter, on the basis that Fairchild's PICs are "legally insufficient to identify more than

9  the products identified by Fairchild in its August 3, 2005 letter."   (Declaration of Igor Shoiket In

10 Support Of Fairchild's Motion To Compel Responses To Interrogatories And Production Of

11 Documents, ("Shoiket Decl."), Exh. 6).  The day Fairchild filed the present motion, AOS abandoned

12 this indefensible position in a letter from AOS's counsel to Fairchild's counsel.  (Shoiket Decl., Exh.

13 7).  Nonetheless, AOS still refuses to produce discovery on the other 324 products identified in

14 Fairchild's PICs.

15       AOS's arguments are legally unsupported and factually incorrect.  Fairchild has accused all of

16 AOS's trench power MOSFET and IGBT products, whether sold by themselves or in modules with

17 other electronic devices, and provided PICs explaining how the asserted claims of the Fairchild

18 patents read on the accused products.  AOS's attempts to limit its discovery obligations to a small

19 subset of those products should be rejected, and AOS should be ordered to produce discovery on all of

20 its accused trench power MOSFET and IGBT products.

21       Fairchild's counsel met-and-conferred in good faith with opposing counsel as required by Rule

22 37 of the Federal Rules of Civil Procedure, Civil Local Rule 37-1(a), and the Court's Order regarding

23 Discovery Procedures in an effort to resolve this dispute without Court intervention.  (Shoiket Decl.,

24 ¶¶ 7-9, and exhibits attached thereto).

25 **II.    BACKGROUND**

26       Fairchild served its First Set Of Interrogatories To Alpha And Omega Semiconductor Limited

27 and its First Set Of Requests For Production Of Documents To Alpha And Omega Semiconductor

28 Incorporated and Alpha And Omega Semiconductor Limited on July 27, 2007.  (Shoiket Decl., Exhs.

1 and 2).  The first set of interrogatories and the first set of requests for production both include the
following definition of "accused product(s)":

> 3.    The term "accused product(s)" refers to any and all systems of
> products, including but not limited to modules, containing trench design
> power MOSFETs or IGBTs made, used, offered for sale, sold, or
> imported into the United States by you, on your behalf, or by any of
> your customers."

(Shoiket Decl., Exh. 1 at 2, Exh. 2 at 2).  Fairchild's first set of interrogatories and its first set of
requests for production both include a number of discovery requests directed towards information
regarding the design, manufacture, testing, operation, structure and function of AOS's "accused
product(s)."  (Shoiket Decl., Exh. 1 at 4-6, Exh. 2 at 5-7).  In particular, interrogatories 1-5 and 8-12,
and requests for production 1-10 and 14-21, all reference AOS's "accused product(s)."  (Shoiket Decl.,
Exh. 1 at 4-6, Exh. 2 at 5-7).

AOS served its responses and objections to these requests on September 28, 2007.  (Shoiket
Decl., Exhs. 3 and 4).  AOS interposed the following objection to Fairchild's definition of "accused
product(s)" in the "General Objections" section:

> 4.    AOS objects to Fairchild's definition of "accused product(s)" as
> overly broad.  As Fairchild has defined the term, it purports to
> encompass *each and every trench MOSFET product* that AOS has ever
> made, used, offered for sale, sold or imported.  AOS will treat this term
> as referring to the following trench MOSFET products that were
> identified by Fairchild in a letter dated August 3, 2005, from Stephen
> Schott to Dr. Michael Chang: AO4812, AO4912, AOD412, AOD414,
> AOD404, AOD406, AO4407, and AO4422.

(Shoiket Decl., Exh. 3 at 3, Exh. 4 at 3) (emphasis added).  AOS incorporated its general objection to
Fairchild's definition of "accused product(s)" throughout its responses, refusing to provide any
information in its interrogatory responses, or to produce any documents, relating to products other
than the eight products specifically referenced in AOS's objection to the definition of "accused
product(s)."  (Shoiket Decl., Exh. 3 at 3-8, Exh. 4 at 3-10).  Thus, AOS has limited the scope of its
discovery obligations in this case to those eight products.

In a letter from AOS's counsel to Fairchild's counsel dated October 25, 2007, AOS again stated
that it is limiting the scope of "accused products" as that term is used in Fairchild's discovery requests
to the eight products identified in the August 3, 2005 letter.  (Shoiket Decl., Exh. 6 at 2).  In the

1  October 25 letter, AOS's counsel asserted that its objection to Fairchild's definition of "accused

2  product(s)" is related to its objection to the sufficiency of Fairchild's PICs.  (Id.).  Specifically, AOS's

3  counsel stated that "[t]he PICs served by Fairchild fail to provide any guidance as to what products are

4  at issue in this case.  Fairchild's PICs, as with its definition of accused products, purport to cover an

5  indiscriminate array of AOS's MOSFET products."  (Id.).  AOS also stated that "Fairchild's PICs are

6  legally insufficient to identify more than the products identified by Fairchild in its August 3, 2005

7  letter."  (Id.).

8       The October 25 letter explicitly tied AOS's refusal to provide discovery on anything but eight

9  of its power MOSFET products (out of approximately 342 accused power MOSFET products) to

10  purported deficiencies in Fairchild's PICs.  (Shoiket Decl., Exh. 6 at 2).  However, as explained in

11  Fairchild's opposition to AOS's motion to strike Fairchild PICs, filed concurrently herewith,

12  Fairchild's PICs clearly and unambiguously identified the accused products and provided results of

13  reverse engineering analyses that shows how the asserted claims of Fairchild's patents read on the

14  accused products.  (Fairchild's PICs are attached to the Declaration Of Brett M. Schuman In Support

15  Of AOS's Motion To Strike Fairchild's Patent Local Rule 3.1, ("Schuman Decl."), Exh. A).  Moreover,

16  discovery is not limited by the patentholder's PICs.  *See  Epicrealm, Licensing, LLC v. Autoflex

17  Leasing, Inc.*, 2007 WL 2580969 (E.D.Texas, Aug. 27, 2007) (construing Eastern District of Texas

18  patent local rules which are substantively the same as the Northern District of California's patent local

19  rules).

20       In its PICs, which were served on August 31, 2007, Fairchild explicitly accused 342 of AOS's

21  power MOSFET products listed in Exhibit 1 to the PICs of infringing various claims of U.S. Patent

22  Nos. 6,429,481 ("the '481 Patent"), 6,521,497 ("the '497 Patent"), 6,710,406 ("the '406 Patent"), and

23  6,828,195 ("the '195 Patent").  (Schuman Decl., Exh. A).  Exhibit 1 to the PICs, which is entitled

24  "MOSFET Selector Guide – All Products" ("the MOSFET Selector Guide"), lists all 342 of AOS's

25  trench power MOSFETs that were available at the time of the service of the PICs, and which are

26  accused of infringing the Fairchild patents.  (Id.)  The MOSFET Selector Guide provides detailed

27  information about each of those 342 products, such as its configuration (e.g., single, dual,

28  complementary), its type (e.g., p-channel, n-channel), its drain-source voltage ($V_{DS}$), and numerous

1    other parameters. (Id.)

2        Fairchild's PICs also contain detailed claim charts, supported by reverse-engineering analyses,

3    for the 14 AOS trench power MOSFET products analyzed by Fairchild as part of its pre-filing

4    investigation. (Schuman Decl., Exh. A). These 14 parts are included in the list of 342 AOS power

5    MOSFETs provided in the MOSFET Selector Guide. (Id.) With regard to these 14 parts, Fairchild

6    stated:

7            These claim charts are based on information available to Fairchild at this
             time and are based, in part, upon reverse engineering of a reasonable
8            sampling of AOS products. Fairchild contends that each of the accused
             AOS products meets the limitations of the asserted claims because,
9            based upon their published characteristics, they are likely to have the
             same design and structure as the products for which reverse engineering
10           data is provided. In addition, each of the accused AOS products is
             likely to have been manufactured using a process that is the same or
11           similar in all respects relevant to the asserted claims as the products for
             which reverse engineering data is provided.
12
      (Id.)
13
14        The August 3, 2005, letter referenced in AOS's general objections to Fairchild's discovery

15    requests was written by Stephen Schott, Director of Patents and Associate General Counsel at

16    Fairchild, to Dr. Michael Chang, the CEO of AOS, as part of the parties' licensing negotiations in

17    2005. (Shoiket Decl., Exh. 8). The letter described prior communications between several senior

18    employees at Fairchild and Dr. Chang regarding the possibility of AOS taking a license to four of the

19    Fairchild patents that are at issue in this litigation. (Id.) In addition to identifying eight AOS

20    products, the letter also stated that Fairchild believed that a wide range of additional AOS products are

21    covered by these Fairchild patents. (Id. at 1). Fairchild's accusation of infringement cannot be limited

22    to a few products identified by Fairchild in licensing negotiations that took place two years before this

23    action was filed.

24        In a letter from AOS's counsel to Fairchild's counsel dated November 6, 2007, AOS abandoned

25    its position that it would product discovery on only the eight AOS products listed in the August 3,

26    2005 letter. (Shoiket Decl., Exh. 7). In that letter, AOS repeated its position that the definition of

27

28

1   "accused product(s)" in Fairchild's discovery requests is overly broad.[2]  (Id.)  AOS also recognized,

2   however, that Fairchild's PICs identify ten additional AOS products that were not previously identified

3   in pre-litigation correspondence.[3]  (Id.)  AOS stated that it will produce discovery on these additional

4   ten AOS products, in addition to the eight AOS products listed in the August 3, 2005 letter.  (Id.)

5   AOS still refuses, however, to produce discovery on the remaining 324 products explicitly identified

6   in Fairchild's PICs.  (Id.)

7   **III.    ARGUMENT**

8          **A.    Fairchild's Definition Of "Accused Product(s)" Is Not Overly Broad**

9          AOS objects to Fairchild's definition of "accused product(s)" as being overly broad, arguing

10  that the definition "purports to encompass each and every trench MOSFET product that AOS has ever

11  made, used, offered for sale, sold or imported."  (Shoiket Decl., Exh. 3 at 3, Exh. 4 at 3).  AOS also

12  argues that Fairchild's definition of this phrase is "so vague and overly broad that it fails to put AOS

13  on fair notice of the products that Fairchild suspects are infringing its patents."  (Shoiket Decl., Exh. 6

14  at 2).  AOS provides no explanation, however, as to why seeking discovery on AOS's entire trench

15  power MOSFET product line is overly broad.  If all of AOS's trench MOSFET products infringe

16  Fairchild's patents, as Fairchild believes they do, then Fairchild is entitled to discovery on all those

17  products.

18

19  _____

20  [2] AOS also stated in the November 6, 2005, letter that Fairchild's PICs for the '111 and '947 Patents, which were served on October 29, include a narrower identification of accused products than is provided in the PICs for the '481, '497, '406, and '195 Patents.  The reason why the PICs for the '111
21  and '947 Patents includes a narrower identification of products is because Fairchild believes that only a subset, and not all, of AOS's trench MOSFET products infringe those patents.  Fairchild believes
22  that all of AOS's trench MOSFET products infringe the '481, '497, '406, and '195 Patents.  Therefore, Fairchild cannot agree to limit the number AOS trench MOSFET products accused of infringing the
23  '481, '497, '406, and '195 Patents, as it has done for the '111 and '947 Patents.

24  [3] The August 3, 2005, letter listed AO4812, AO4912, AOD412, AOD414, AOD404, AOD406, AO4407, and AO4422 as being covered by Fairchild's patents.  Fairchild's PICs include reverse-
25  engineering analysis for fourteen AOS products, specifically AO4410, AO4413A, AO4422, AO4468, AO4704, AO4812, AO4914, AO6402, AO6405, AOD414, AOL1412, AO4912, AOD438, and
26  AOL1414.  Thus, Fairchild's PICs provide reverse-engineering analysis for four of the AOS products that were identified in the August 3, 2005 letter.  Ten of the AOS products for which reverse-
27  engineering analysis is provided in the PICs were not listed in the August 3, 2005 letter.

28

1      The scope of discovery in all federal court litigation, including patent cases, is set forth in

2    Federal Rule of Civil Procedure 26(b)(1), which provides that:

3          Parties may obtain discovery regarding *any matter, not privileged, that
           is relevant to the claim or defense of any party*, including the existence,
4          description, nature, custody, condition, and location of any books,
           documents, or other tangible things and the identity and location of
5          persons having knowledge of any discoverable matter. For good cause,
           the court may order discovery of any matter relevant to the subject
6          matter involved in the action. Relevant information need not be
           admissible at the trial if the discovery appears reasonably calculated to
7          lead to the discovery of admissible evidence. All discovery is subject to
           the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

8

9    (Emphasis added).  Fairchild's discovery requests relating to AOS's "accused product(s)" are relevant

10   to Fairchild's claims of patent infringement and reasonably calculated to lead to the discovery of

11   admissible evidence.  As clearly stated in the PICs and reflected in the corresponding definitions of

12   "accused product(s)" in Fairchild's discovery requests, Fairchild has accused AOS's entire line of

13   power MOSFETs of infringing Fairchild's '481, '497, '406, and '195 Patents.  (Schuman Decl., Exh. A;

14   Shoiket Decl., Exh. 1 at 2, Exh. 2 at 2).  Fairchild's infringement assertions are based upon a detailed

15   pre-filing investigation of the design and process of manufacture of a reasonable sample of fourteen of

16   AOS's power MOSFETs, as reflected in the reverse-engineering results of AOS's products supporting

17   Fairchild's PICs.[4]  (AOS has never complained about the sufficiency of the PICs as they relate to the

18   fourteen products, yet AOS even refuses to provide discovery on some of *those* products.)  AOS has

19   no basis for limiting its discovery obligations to some artificially narrow subset of the accused

20   products of its own choosing.

21      Fairchild has on several occasions offered to enter into an agreement that would limit

22   discovery and trial to a set of accused products that are representative of other products.  *See, e.g.,*

23   Joint Case Management Conference Statement (Docket No. 28) at p. 6.  Such an agreement is

24   typically entered into in semiconductor patent litigation as a means of reducing discovery costs and

25

26   [4] A Declaration of Dr. Richard A. Blanchard accompanies Fairchild's opposition to AOS's motion to
     strike Fairchild's PICs.  In his declaration, Dr. Blanchard, who is a noted semiconductor expert,
27   explains why it is reasonable to assume that *all* of AOS's power MOSFETs have a similar design and
     are made by a similar process as those products for which reverse engineering was performed.

28

1    trial time.  Such agreements make sense because many semiconductor products are of similar design

2    and manufacture.  AOS has refused to enter into such an agreement.  Consequently, any argument by

3    AOS that Fairchild's discovery requests are overbroad is disingenuous.

4    **B.     Fairchild's Preliminary Infringement Contentions Do Not Limit The Scope Of Discovery In This Litigation**

5            After first arguing that the definition of "accused product(s)" is overly broad, AOS then argues

6    that Fairchild's PICs do not provide any clarification as to what products are being accused of

7    infringement.  (Shoiket Decl., Exh. 6 at 2).  AOS's argument is wrong for two reasons.  First, in its

8    PICs Fairchild clearly identified by part number every AOS product accused of infringement as of the

9    date the PICs were served.  (Schuman Decl., Exh. A).  Second, the PICs themselves do not serve to

10   limit the scope of discovery.  The scope of discovery is set forth in Federal Rule of Civil Procedure

11   26(b).  The Northern District of California's Patent Local Rules do not introduce any limits on the

12   scope of discovery beyond what are set forth in the Federal Rules of Civil Procedure.  In particular,

13   the portions of the Patent Local Rules dealing with Preliminary Infringement Contentions do not state

14   in any way that the PICs are intended to limit the scope of discovery.

15           While Fairchild could not find a decision from the Northern District of California that

16   specifically addressed the effect of the PICs on the scope of discovery, other jurisdictions have issued

17   such decisions.  In particular, the Eastern District of Texas, which has adopted patent local rules that

18   model those adopted by the Northern District of California, has held that the scope of discovery in a

19   patent case is not limited by the PICs.  In *Epicrealm, Licensing, LLC v. Autoflex Leasing, Inc.*, 2007

20   WL 2580969 (E.D. Texas, Aug. 27, 2007), the District Court for the Eastern District of Texas

21   addressed the issue of "whether the scope of discovery should be strictly limited to the products and

22   services specifically identified in the patent holder's PICs."  *Id.* at *2.  The court held that:

23               … the Court finds no bright line rule that discovery can only be obtained
24               if related to an accused product identified in a party's PICs. For
                 example, the Dallas Division of the Northern District of Texas has
25               adopted local rules for patent cases directing that "the scope of
                 discovery is not limited to the preliminary infringement contentions or
26               preliminary invalidity contentions but is governed by the Federal Rules
                 of Civil Procedure." § 2-5, Miscellaneous Order No. 62 (Apr. 2, 2007).
27               The Court infers that this Dallas Division local rule intends that the
                 scope of discovery is determined on a case-by-case basis and as
28               contemplated by the "relevant to the claim or defense of any party"
                 language in Federal Rule of Civil Procedure 26(b)(1). Further, Judge

1

2

3

4

> Ward of the Eastern District of Texas has found that relevant discovery in a patent infringement suit "includes discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product." *See, e.g., Microunity Sys. Eng'g, Inc. v. Advanced Micro Devices, Inc.,* 2-06-cv-486, Dkt. No. 38 at ¶ 3 (E.D.Tex. May 23, 2007).

5

6

7

8

> The Court concludes that the scope of discovery may include products and services (in this case, websites and systems) "reasonably similar" to those accused in the PICs. *Id.* This finding best comports with the "notice pleading and broad discovery regime created by the Federal Rules" and the "right to develop new information in discovery." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

9

10

11

*Id.* at *3.  Thus, the Eastern District of Texas, whose local patent rules closely follow those of the Northern District of California, has expressly rejected the argument that discovery is limited to the specific products listed in a plaintiff's PICs.  *Id.*

12

### C.    AOS Has No Justification For Limiting The Scope Of Discovery To The Eighteen AOS Products Listed In The November 6, 2007, Letter

13

14

15

16

17

There is simply no justification for limiting AOS's discovery obligations to the eighteen AOS products identified in the November 6, 2007, letter.  The Northern District of California has at least implicitly stated that all the products disclosed in a plaintiff's PICs, and not some subset of those products, are within the scope of discovery.  In *IXYS Corp. v. Advanced Power Technology, Inc.*, 2004 WL 1368860 (N.D.Cal. June 16, 2004), the plaintiff's PICs accused the following products:

18

19

> (a) any and all Power MOS 7® products or Power MOS V® (Generation 5) products with dual-layer metallization manufactured, used, sold, or offered for sale by APT on or after August 15, 1996, and

20

21

22

> (b) any and all products manufactured, used, sold, or offered for sale by APT on or after August 15, 1996 *that are designed in substantially the same way, or function in substantially the same way*, as APT 5018BLL [a Power MOS 70 MOSFET].

23

24

25

26

27

28

*Id.* at *3 (quoting Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions) (emphasis added).  With regard to the defendant's discovery obligations under Patent Local Rule 3-4(a), the court stated that "[b]y consequence [of the plaintiff having accused these products in its PICs], it is documents describing *those* devices that APT was obligated to produce …."  *Id.*  Thus, the scope of discovery in the IXYS case covered two *families of products* having a particular feature (i.e., all "Power MOS 7® products" and all of the "Power MOS V® (Generation 5) products") having dual-

layer metallization), as well as all products that were ***designed in substantially the same way*** or that ***functioned in substantially the same way*** as a particular product (the "APT 5018BLL power MOSFET"). In other words, the scope of discovery included every accused product that was listed in the PICs, not even excluding other family members that were not listed specifically by name, and not excluding products that had similar characteristics to the specifically enumerated products.

In this case, Fairchild has explicitly accused 342 of AOS's power MOSFET products of infringing Fairchild's patents. (Schuman Decl., Exh. A). Fairchild's PICs could not be any clearer in identifying the products that are accused of infringement.

**IV.    CONCLUSION**

For these reasons, Fairchild respectfully requests that the court compel AOS to supplement its discovery responses to include information related to all of its systems of products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold, or imported into the United States on its behalf, or by any of its customers, as originally requested by Fairchild, within fourteen days of the issuance of the Court's Order.

DATED: November 6, 2007            TOWNSEND AND TOWNSEND AND CREW LLP


                                   By:/s/*Igor Shoiket*
                                      IGOR SHOIKET

                                   Attorneys for Defendant and Counterclaimant.
                                   FAIRCHILD SEMICONDUCTOR CORPORATION

61200149 v5