# EXHIBIT 1

1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California 94111
   Telephone:    (415) 576-0200
5  Facsimile:    (415) 576-0300
   E-mail:       epjacobs@townsend.com
6                phgoldsmith@townsend.com
                 ramcfarlane@townsend.com
7                ishoiket@townsend.com

8  Attorneys for Plaintiff FAIRCHILD
   SEMICONDUCTOR CORPORATION
9

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  FAIRCHILD SEMICONDUCTOR              Case No. C 07-02664 JWS
    CORPORATION,
15                                       **FAIRCHILD SEMICONDUCTOR**
                    Plaintiff,           **CORPORATION'S FIRST SET OF**
16                                       **INTERROGATORIES TO ALPHA**
         v.                              **AND OMEGA SEMICONDUCTOR**
17                                       **LIMITED**
    ALPHA AND OMEGA SEMICONDUCTOR
18  INCORPORATED and ALPHA AND OMEGA
    SEMICONDUCTOR LIMITED,
19                  Defendants.
20

21

22       Plaintiff Fairchild Semiconductor Corporation ("Fairchild") pursuant to Rules 26 and 33 of the

23  Federal Rules of Civil Procedure, hereby propounds its First Set of Interrogatories to Defendant Alpha

24  and Omega Semiconductor Limited.

25

26                          **A.  DEFINITIONS**

27       1.  The terms "AOS," "you," and "your" as used herein shall mean Defendants Alpha and

28  Omega Semiconductor Incorporated and Alpha and Omega Semiconductor Limited., and all

1    predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and

2    all past or present officers, directors, affiliates, agents, employees, attorneys, consultants,

3    representatives and any other person acting or purporting to act on behalf of Defendants AOS.

4        2.  The term "patents-in-suit" refers collectively to U.S. Patent Nos. 6,429,481, 6,710,406,

5    6,521,497 and 6,828,195.

6        3.  The term "accused product(s)" refers to any and all systems or products, including but

7    not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for

8    sale, sold or imported into the United States by you, on your behalf, or by any of your customers.

9        4.  The term "document" shall be broadly construed as intended by the Federal Rules of

10    Civil Procedure and shall include, but not be limited to, any written, printed, recorded or graphic

11    matter, computer memory (including but not limited to hard drives, portable memory, laptops

12    computers, FLASH memory devices, memory sticks, CDs and DVDs of any format, and optical

13    memory devices), computer tapes and diskettes, tapes, films, photographs, drawings, or any other

14    tangible thing by which information is contained, stored or displayed, of every kind or description,

15    however produced or reproduced, whether or draft or final, original or reproduction, signed or

16    unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including

17    without limitation written and electronic communications, electronic data, electronic files, letters,

18    correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars,

19    interoffice communications, fax messages, E-mail, telegrams, telex messages, records, studies, bills,

20    receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses,

21    statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks,

22    invention disclosure documents, patent applications and drafts thereof, test records, test reports,

23    assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications,

24    patents, manuals, magnetic tapes, tabulations, records, work papers, journals, microfiche, microfilm

25    photographic film, surveys, forms, printed brochures or material similar to any of the foregoing,

26    however denominated, by whomever prepared, and to whomever addressed, which are in your

27    possession, custody or control or to which you have, have had or can obtain access.

28        5.  The terms "regarding" shall mean constitute, consist of, refer, relate, summarize,

1  demonstrate, reflect, evidence, contain, study, analyze, consider, explain, mention, show, discuss,

2  embody, identify, state, describe, contradict, undermine, nullify or comment upon.

3      6.   The term "person" means any natural person, firm, association, partnership,

4  government agency, corporation, proprietorship, or other entity and its officers, directors, partners,

5  employees, representatives and agents.

6      7.   The term "third party" means anyone other than Fairchild or AOS.

7      8.   The term "communication" means or refers to all discussions, conversations,

8  negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams,

9  advertisements or other forms of information exchanged, whether oral, electronic or written.

10     9.   The words "and" and "or" shall be construed conjunctively or disjunctively, whichever

11  makes the request more inclusive.

12     10. Any pronouns shall be construed to refer to the masculine, feminine or neuter gender,

13  in singular or plural, as in each case is most appropriate.

14     11. The words "all" and "any" shall be construed to mean "any and all."

15     12. The word "each" shall be construed to mean "each and every."

16     13. The singular form of any word shall be construed to also include the plural.

17     14. The term "identify" when used with respect to a natural person requires that you

18  provide the following information with respect to the person: name, last known business address, last

19  known residence address, last known telephone number, name of employer or business with whom the

20  person is or was associated, and the person's title, position and duties at the time relevant to the

21  identification, and if that person is believed to be deceased to so state and state to the best of your

22  belief approximately when and where you believe that person died.  Once a person has been thus

23  identified in an answer, it shall be sufficient, when again identifying that person, to state only that

24  person's name.

25     15. The term "identify" when used with respect to a person that is not a natural person

26  means, to the extent applicable, to provide the same information required as though the entity were a

27  natural person, and provide the additional information concerning the nature of the entity (e.g.,

28  partnership, corporation, etc.).

16. The term "identify" when used with respect to a communication means to state the names of the parties to the communication, the date or approximate date of the communication, and the substance of the communication, and to list all documents containing or relating to the communication.

17. The term "identify" when used with respect to a document means to state (1) the title (if any), (2) the type of document (e.g., book, telegram, chart, letter report, memorandum, computer printout, newspaper advertisement, invoice, etc.) or some other means of identifying it, (3) its date, (4) the identity of each author, sender, addressee and recipient, (5) its last known custodian or location, (6) a brief description of its subject matter and size, (7) whether you believe the document has been lost, discarded or destroyed (stating which), and (8) if you believe the document has been lost, discarded or destroyed, the approximate date when you believe it was lost, discarded or destroyed, and the circumstances of said loss, discarding or destruction.   In lieu of identifying any document, you may attach a copy of the document to your answers to these Interrogatories, indicating the Interrogatory to which it is responsive.

## B. INTERROGATORIES

INTERROGATORY NO. 1:

Identify (by manufacturer and commercial part number where possible) each accused product.

INTERROGATORY NO. 2:

Identify the date of the first sale for each accused product.

INTERROGATORY NO. 3:

State separately for each accused product imported into the United States the total number of units imported per calendar quarter since May 2001.

INTERROGATORY NO. 4:

State separately for each sale in the United States of any accused product since May 2001 to whom it was sold, in what quantity (in units) and the sales price per unit.

INTERROGATORY NO. 5:

Identify each person to whom you have sold or otherwise supplied (whether or not in the United States and whether or not as a component of another device, product or module) any trench

1    design power MOSFETs or IGBTs made by you since May 2001, and separately for each such person

2    identify (by commercial part number where possible) each such device, the total number of units so

3    sold or supplied and, in the case of sales, the sales price per unit.

4    INTERROGATORY NO. 6:

5        Describe the corporate relationship between Alpha and Omega Semiconductor Incorporated

6    and Alpha and Omega Semiconductor Limited.

7    INTERROGATORY NO. 7:

8        Describe the corporate structure of AOS.

9    INTERROGATORY NO. 8:

10       Identify each person that makes the accused products for you or on your behalf.

11   INTERROGATORY NO. 9:

12       Identify each person that makes any system, product, or module that incorporates any of the

13   accused products.

14   INTERROGATORY NO. 10:

15       Identify each person that uses, sells, offers for sale or imports into the United States any

16   system, product, or module that incorporates any of the accused products

17   INTERROGATORY NO. 11:

18       State separately for each accused product and each claim of the patents-in-suit all facts on

19   which you base the contention (or which support or otherwise relate to that contention) set forth in

20   your First Affirmative Defense, "Failure To State A Claim," including (without limitation) a detailed

21   explanation of reasons for that contention, an identification (e.g., by document production numbers) of

22   all documents that support or otherwise relate to that contention or the supporting facts, and an

23   identification (by full name and last known employer, address and telephone number) of the identities

24   of all persons having knowledge of any fact or contention recited in your answer to this interrogatory.

25   INTERROGATORY NO. 12:

26       State separately for each accused product and each claim of the patents-in-suit all facts on

27   which you base the contention (or which support or otherwise relate to that contention) set forth in

28   your Second Affirmative Defense, "Non-infringement of the Asserted Patents," including (without

1  limitation) a detailed explanation of reasons for that contention, an identification (e.g., by document

2  production numbers) of all documents that support or otherwise relate to that contention or the

3  supporting facts, and an identification (by full name and last known employer, address and telephone

4  number) of the identities of all persons having knowledge of any fact or contention recited in your

5  answer to this interrogatory.

6  INTERROGATORY NO. 13:

7      State separately for each claim of the patents-in-suit all facts on which you base the contention

8  (or which support or otherwise relate to that contention) set forth in your Third Affirmative Defense,

9  "Invalidity of the Asserted Patents," including (without limitation) a detailed explanation of reasons

10  for that contention, an identification (e.g., by document production numbers) of all documents that

11  support or otherwise relate to that contention or the supporting facts, and an identification (by full

12  name and last known employer, address and telephone number) of the identities of all persons having

13  knowledge of any fact or contention recited in your answer to this interrogatory.

14  INTERROGATORY NO. 14:

15     State separately for each of the patents-in-suit all facts on which you base the contention (or

16  which support or otherwise relate to that contention) set forth in your Fourth Affirmative Defense,

17  "Failure to Mark," including (without limitation) a detailed explanation of reasons for that contention,

18  an identification (e.g., by document production numbers) of all documents that support or otherwise

19  relate to that contention or the supporting facts, and an identification (by full name and last known

20  employer, address and telephone number) of the identities of all persons having knowledge of any fact

21  or contention recited in your answer to this interrogatory.

22  INTERROGATORY NO. 15:

23     State separately for each claim of the patents-in-suit all facts on which you base the contention

24  (or which support or otherwise relate to that contention) set forth in your Fifth Affirmative Defense,

25  "Unavailability of Relief," including (without limitation) a detailed explanation of reasons for that

26  contention, an identification (e.g., by document production numbers) of all documents that support or

27  otherwise relate to that contention or the supporting facts, and an identification (by full name and last

28  known employer, address and telephone number) of the identities of all persons having knowledge of

1  any fact or contention recited in your answer to this interrogatory.

2  INTERROGATORY NO. 16:

3      State separately for each claim of the patents-in-suit all facts on which you base the contention

4  (or which support or otherwise relate to that contention) set forth in your Sixth Affirmative Defense,

5  "Unavailability of Enhanced Damages," including (without limitation) a detailed explanation of

6  reasons for that contention, an identification (e.g., by document production numbers) of all documents

7  that support or otherwise relate to that contention or the supporting facts, and an identification (by full

8  name and last known employer, address and telephone number) of the identities of all persons having

9  knowledge of any fact or contention recited in your answer to this interrogatory.

10  INTERROGATORY NO. 17:

11      State separately for each claim of the patents-in-suit all facts on which you base the

12  contention (or which support or otherwise relate to that contention) set forth in your Seventh

13  Affirmative Defense, "Prosecution History Estoppel," including (without limitation) a detailed

14  explanation of reasons for that contention, an identification (e.g., by document production numbers) of

15  all documents that support or otherwise relate to that contention or the supporting facts, and an

16  identification (by full name and last known employer, address and telephone number) of the identities

17  of all persons having knowledge of any fact or contention recited in your answer to this interrogatory.

18  INTERROGATORY NO. 18:

19      State separately for each claim of the patents-in-suit all facts on which you base the

20  contention (or which support or otherwise relate to that contention) set forth in your Eighth

21  Affirmative Defense, "Laches/Prosecution Laches/Estoppel," including (without limitation) a detailed

22  explanation of reasons for that contention, an identification (e.g., by document production numbers) of

23  all documents that support or otherwise relate to that contention or the supporting facts, and an

24  identification (by full name and last known employer, address and telephone number) of the identities

25  of all persons having knowledge of any fact or contention recited in your answer to this interrogatory.

26  INTERROGATORY NO. 19:

27      State separately for each claim of the patents-in-suit all facts on which you base the contention

28  (or which support or otherwise relate to that contention) set forth in your Ninth Affirmative Defense,

1    "Adequate Remedy At Law," including (without limitation) a detailed explanation of reasons for that

2    contention, an identification (e.g., by document production numbers) of all documents that support or

3    otherwise relate to that contention or the supporting facts, and an identification (by full name and last

4    known employer, address and telephone number) of the identities of all persons having knowledge of

5    any fact or contention recited in your answer to this interrogatory.

6

7    DATED:  July 27, 2007                    Respectfully submitted,

8

9

10                                    By: _____
                                         Eric P. Jacobs

11                                       Peter H. Goldsmith
                                         Robert A. McFarlane

12                                       Igor Shoiket
                                         TOWNSEND AND TOWNSEND AND CREW LLP

13                                       Two Embarcadero Center, 8th Floor
                                         San Francisco, California  94111

14                                       Telephone:  (415) 576-0200
                                         Facsimile:  (415) 576-0300

15
                                         Attorneys for Plaintiff
16                                       FAIRCHILD SEMICONDUCTOR CORPORATION

17    61100708 v2

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

3

I declare that I am employed in the City and County of San Francisco, California; I am over

4

the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.  On the date set forth below, I served a true

5

and accurate copy of the document(s) entitled:

## PLAINTIFF FAIRCHILD SEMICONDUCTOR CORPORATION'S FIRST SET

6

## OF INTERROGATORIES TO DEFENDANTS

7

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

8

**BY MAIL**                                              **BY HAND**

9

Andrew J. Wu                                          Daniel Johnson, Jr.
Morgan Lewis & Bockius LLP                Rita E. Tautkus

10

2 Palo Alto Square                                  Morgan Lewis & Bockius LLP
3000 El Camino Real, Suite 700            One Market Street, Spear Street Tower

11

Palo Alto, CA 94306                              San Francisco, CA  94105-1126
Tel:       650-843-4000                            Tel:       415-442-1000

12

Fax:      650-843-4001                            Fax:      415-442-1001
Email:    awu@morganlewis.com          Email:    djjohnson@morganlewis.com

13

                                                              Email:    rtautkus@morganlewis.com
*Attorneys for Defendants*

                                                              *Attorneys for Defendants*

14

☒       [By First Class Mail]  I am readily familiar with my employer's practice for collecting

15

and processing documents for mailing with the United States Postal Service.  On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by

16

placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the

17

United States Postal Service that same day in the ordinary course of business.

18

☐       [By Overnight Courier]  I caused each envelope to be delivered by a commercial carrier

service for overnight delivery to the offices of the addressee(s).

19

☒       [By Hand]  I directed each envelope to the party(ies) so designated on the service list to

20

be delivered by courier this date.

☐       [By Facsimile Transmission]  I caused said document to be sent by facsimile

21

transmission to the fax number indicated for the party(ies) listed above.

22

☐       [By Electronic Transmission]  I caused said document to be sent by electronic

transmission to the e-mail address(es) indicated for the party(ies) listed above.

23

I declare under penalty of perjury that the foregoing is true and correct and that this declaration

24

was executed this date at San Francisco, California.

25

Dated:  July 27, 2007.

26

Esther Casillas

27

61100708 v2

28

# EXHIBIT 2

1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California 94111
   Telephone:    (415) 576-0200
5  Facsimile:    (415) 576-0300
   E-mail:       epjacobs@townsend.com
6                phgoldsmith@townsend.com
                 ramcfarlane@townsend.com
7                ishoiket@townsend.com

8  Attorneys for Plaintiff FAIRCHILD
   SEMICONDUCTOR CORPORATION
9

10                 UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14  FAIRCHILD SEMICONDUCTOR              Case No. C 07-02664 JWS
    CORPORATION,
15                                       **FAIRCHILD SEMICONDUCTOR
             Plaintiff,                   CORPORATION'S FIRST SET OF
16                                        REQUESTS FOR PRODUCTION TO
         v.                               ALPHA AND OMEGA
17                                        SEMICONDUCTOR
    ALPHA AND OMEGA SEMICONDUCTOR         INCORPORATED AND ALPHA
18  INCORPORATED and ALPHA AND OMEGA      AND OMEGA SEMICONDUCTOR
    SEMICONDUCTOR LIMITED,                LIMITED**
19
             Defendants.
20

21

22

23          Plaintiff Fairchild Semiconductor Corporation ("Fairchild") hereby requests pursuant to

24  Rule 34 of the Rules of Civil Procedure that defendants Alpha and Omega Semiconductor

25  Incorporated and Alpha and Omega Semiconductor Limited produce each of the following documents

26  and tangible things within thirty (30) days from the date of service hereof, at the offices of Townsend

27  and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San Francisco, California 94111.

28  ///

## A. DEFINITIONS

1.      The terms "AOS", "you" and "your" as used herein mean defendants Alpha and Omega Semiconductor Incorporated and Alpha and Omega Semiconductor Limited, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of AOS.

2.      The term "patents-in-suit" refers collectively to U.S. Patent Nos. 6,429,481, 6,710,406, 6,521,497 and 6,828,195.

3.      The term "accused product(s)" refers to any and all systems or products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold or imported into the United States by you, on your behalf or by any of your customers.

4.      The terms "refer or relate to" shall mean constitute, consist of, refer, relate, summarize, demonstrate, reflect, evidence, contain, study, analyze, consider, explain, mention, show, discuss, embody, identify, state, describe, contradict, undermine, nullify or comment upon.  Similarly, the term "referring or relating to" shall mean constituting, consisting of, referring, relating, summarizing, demonstrating, reflecting, evidencing, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, embodying, evidencing, identifying, stating, describing, contradicting, undermining, nullifying or commenting upon.

5.      The term "document" shall be broadly construed as intended by the Federal Rules of Civil Procedure and shall include, but not be limited to, any written, printed, recorded or graphic matter, computer memory (including but not limited to hard drives, portable memory, laptops computers, FLASH memory devices, memory sticks, CDs and DVDs of any format, and optical memory devices), computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether or draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, electronically stored information, electronic data, electronic files, letters, correspondence, notes, memoranda of telephone conversations or

1  meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail, telegrams, telex

2  messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions,

3  studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer

4  printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts

5  thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements,

6  market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work

7  papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or

8  material similar to any of the foregoing, however denominated, by whomever prepared, and to

9  whomever addressed, which are in your possession, custody or control or to which you have, have had

10  or can obtain access.

11       6.    The term "sale(s)", "sell" or "sold" shall include sales, licenses, leases loans,

12  consignments, distribution to resellers or others and all other methods of product distribution whether

13  direct or indirect and whether the produce is distributed singly or in combination with or as part of

14  another product, and whether or not revenue was or will be received therefrom.

15       7.    The term "person" means any natural person, firm, association, partnership,

16  government agency, corporation, proprietorship, or other entity and its officers, directors, partners,

17  employees, representatives and agents.

18       8.    The term "third party" means anyone other than AOS or Fairchild.

19       9.    The term "communication" means or refers to all discussions, conversations,

20  negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams,

21  advertisements or other forms of information exchanged, whether oral, electronic or written.

22       10.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever

23  makes the request more inclusive.

24       11.    Any pronouns shall be construed to refer to the masculine, feminine or neuter gender,

25  in singular or plural, as in each case is most appropriate.

26       12.    The words "all" and "any" shall be construed to mean "any and all."

27       13.    The word "each" shall be construed to mean "each and every."

28       14.    The singular form of any word shall be construed to also include the plural.

**B. INSTRUCTIONS**

1.      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to respond within 30 days from the date of service of this request.

2.      If you contend that any document requested to be produced is protected from discovery by the attorney-client privilege, work product doctrine, or any other ground of privilege or immunity, each such document shall be identified as follows:

            a.      the date of the document;

            b.      the name and title or position of the author(s) of the document;

            c.      the name and title or position of all persons designated as addressees or otherwise as recipients of copies of the document;

            d.      the subject matter of the document;

            e.      the type of document (memorandum, letter, report, etc.)

            f.      the specific grounds for withholding the document in sufficient detail for the Court to rule on the merits of the claim of attorney-client privilege, work product doctrine; or other ground of privilege or immunity; and

            g.      the number of the document request(s) to which the document pertains.

3.      In producing documents pursuant to this request, AOS shall indicate the specific request(s) in response to which each document or group of documents is being produced. If there are no documents in the possession, custody or control of AOS which are responsive to a request herein, AOS shall state that fact in its written response to such request(s).

4.      Unless otherwise indicated, this request for production of documents seeks all documents existing or prepared through the present.

5.      This request shall be deemed continuing so as to require prompt and further supplemental production if AOS obtains additional documents at any time between the time of the initial production and the time of hearing or trial.

///

///

///

# C.  DOCUMENT REQUESTS

<u>DOCUMENT REQUEST NO. 1:</u>

All documents describing any aspect of the structure or design of any accused product, including without limitation plots of mask layers, cell plots, design drawings, electronic design automation files and starting material descriptions.

<u>DOCUMENT REQUEST NO. 2:</u>

All documents describing any aspect of the process of manufacture of any accused product, including without limitation process, flows, process travelers and process recipes.

<u>DOCUMENT REQUEST NO. 3:</u>

All documents describing the configuration of any accused product at any stage of its manufacture (including without limitation documents depicting the configuration of the semiconductor junctions and layers atop the silicon substrate and how those junction patterns and layers are/were formed).

<u>DOCUMENT REQUEST NO. 4:</u>

All documents describing the arrangements made for the manufacture of any accused products, including without limitation documents describing the place of wafer fabrication, the changes to the manufacturing process over time, and the shipment of wafers for assembly into accused products and eventual sale.

<u>DOCUMENT REQUEST NO. 5:</u>

Data books, catalogs, datasheets, application notes, instructional materials, product selector guides, application notes, designer's manual, web pages or other product literature referring or relating to any accused product.

<u>DOCUMENT REQUEST NO. 6:</u>

All travel logs, masks, process run cards, manufacturing specifications, manufacturing drawings, schematics, blueprints, drawings, sketches, design specifications, or flow charts referring or relating to the accused products.

<u>DOCUMENT REQUEST NO. 7:</u>

All documents and things, including but not limited to, photographs, micrographs or

1   prototypes that relate to or were referred to, examined or used in the design or development of the

2   accused products.

3   DOCUMENT REQUEST NO. 8:

4       All documents and things that relate to the structure or design of the accused products.

5   DOCUMENT REQUEST NO. 9:

6       All documents and things that relate to or evidence modification(s) or improvement(s) to the

7   accused products.

8   DOCUMENT REQUEST NO. 10:

9       All documents that relate to or evidence the contemplation of, the negotiation for, or the

10  entering into of any patent or technology licenses or agreements with third parties relating to the

11  accused products.

12  DOCUMENT REQUEST NO. 11:

13      All documents that relate to any investigation, report, opinion, study, or analysis (legal or

14  otherwise) whether formal or informal concerning, discussing or relating to any potential or alleged

15  infringement of one or more of the patents-in-suit or any claim thereof.

16  DOCUMENT REQUEST NO. 12:

17      Documents sufficient to describe the corporate relationship between Alpha and Omega

18  Semiconductor Incorporated and Alpha and Omega Semiconductor Limited.

19  DOCUMENT REQUEST NO. 13:

20      Documents sufficient to describe the corporate structure of AOS.

21  DOCUMENT REQUEST NO. 14:

22      All documents that relate to company directories, organizational charts and similar documents

23  sufficient to show names, locations (geographic or by department or division) and reporting lines of all

24  AOS officers, directors or employees who may have had knowledge concerning AOS's design,

25  development, manufacture, production, marketing, distribution, importation, offers for sale and/or sale

26  of any of the accused products.

27  DOCUMENT REQUEST NO. 15:

28      All documents that relate to AOS's marketing and sales in the United States of any of the

1  accused products from May 2001 to the present (including but not limited to marketing and business

2  plans).

3  DOCUMENT REQUEST NO. 16:

4     All documents reflecting any sales of any accused product in the United States, including

5  without limitation all customer lists and periodic sales reports for such products from May 2001 to the

6  present.

7  DOCUMENT REQUEST NO. 17:

8     All documents that relate to agreements with any third party, including but not limited to

9  distributors or resellers, that imports, promotes, markets, sells, offers to sell or uses the accused

10  products.

11  DOCUMENT REQUEST NO. 18:

12     Documents sufficient to identify each person that makes the accused products for you or on

13  your behalf.

14  DOCUMENT REQUEST NO. 19:

15     Documents sufficient to identify each person that makes any system, product, or module that

16  incorporates any of the accused products.

17  DOCUMENT REQUEST NO. 20:

18     Documents sufficient to identify each person that uses, sells, offers for sale or imports into the

19  United States any system, product, or module that incorporates any of the accused products.

20  DOCUMENT REQUEST NO. 21:

21     All documents that relate to any comparisons between the accused products and any product

22  made or sold by Fairchild.

23  DOCUMENT REQUEST NO. 22:

24     All documents and things you identified and/or were requested to identify in your answers to

25  Fairchild's First Set of Interrogatories.

26

27

28

1    DATED:  July 27, 2007                Respectfully submitted,

2

3                                          By: _____

4                                             Eric P. Jacobs
                                              Peter H. Goldsmith
                                              Robert A. McFarlane
5                                             Igor Shoiket
                                              TOWNSEND AND TOWNSEND AND CREW LLP
6                                             Two Embarcadero Center, 8th Floor
                                              San Francisco, California  94111
7                                             Telephone:  (415) 576-0200
                                              Facsimile:  (415) 576-0300
8
                                           Attorneys for Plaintiff
9                                          FAIRCHILD SEMICONDUCTOR CORPORATION

10
     61100788 v3
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled:

**PLAINTIFF FAIRCHILD SEMICONDUCTOR CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

| **BY MAIL** | **BY HAND** |
|---|---|
| Andrew J. Wu | Daniel Johnson, Jr. |
| Morgan Lewis & Bockius LLP | Rita E. Tautkus |
| 2 Palo Alto Square | Morgan Lewis & Bockius LLP |
| 3000 El Camino Real, Suite 700 | One Market Street, Spear Street Tower |
| Palo Alto, CA 94306 | San Francisco, CA 94105-1126 |
| Tel: 650-843-4000 | Tel: 415-442-1000 |
| Fax: 650-843-4001 | Fax: 415-442-1001 |
| Email: awu@morganlewis.com | Email: djjohnson@morganlewis.com |
| | Email: rtautkus@morganlewis.com |
| *Attorneys for Defendants* | |
| | *Attorneys for Defendants* |

☒  [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐  [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☒  [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐  [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐  [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: July 27, 2007.

_____
Esther Casillas

61100788 v3

PROOF OF SERVICE
CASE NO. C 07-02664 JSW

# EXHIBIT 3
# FILED UNDER SEAL

# EXHIBIT 4

1   MORGAN, LEWIS & BOCKIUS LLP
    DANIEL JOHNSON, JR., State Bar No. 57409
2   BRETT M. SCHUMAN, State Bar No. 189247
    **MORGAN, LEWIS & BOCKIUS LLP**
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   E-mail:  djjohnson@morganlewis.com

6   ANDREW J. WU, State Bar No. 214442
    AHREN C. HOFFMAN (State Bar No. 250469)
7   **MORGAN, LEWIS & BOCKIUS LLP**
    2 Palo Alto Square
8   3000 El Camino Real, Suite 700
    Palo Alto, CA  94306
9   Tel: 650.843.4000
    Fax: 650.843.4001
10  E-mail: awu@morganlewis.com

11  Attorneys for Plaintiffs and Counterdefendants
    ALPHA & OMEGA SEMICONDUCTOR, INC.
12  ALPHA & OMEGA SEMICONDUCTOR, LTD.

13

                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17

18  ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW
    INC. a California corporation; and ALPHA   (Consolidated with Case No. C-07-2664 JSW)
19  & OMEGA SEMICONDUCTOR, LTD., a
    Bermuda corporation,
20                                         **AOS'S RESPONSES AND OBJECTIONS**
             Plaintiffs and               **TO FAIRCHILD'S FIRST SET OF**
21           Counterdefendants,           **REQUESTS FOR PRODUCTION  SERVED**
                                          **IN CASE NO. C 07-2664 JSW**
22       vs.

23  FAIRCHILD SEMICONDUCTOR
    CORP., a Delaware corporation,
24
             Defendant and
25           Counterclaimant.

26
         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs and
27
    Counterdefendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor,
28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

1    Inc. (collectively "AOS") hereby respond to the First Set of Requests for Production ("Requests")

2    propounded by Defendant and Counterclaimant Fairchild Semiconductor Corp. ("Fairchild") in

3    Case No. 07-02664 JSW, averring as follows:

## GENERAL OBJECTIONS

5        1.    AOS generally objects to the Requests to the extent they seek documents and

6    things subject to the attorney-client privilege and/or work-product doctrine, or any other privilege

7    or protection afforded by law.  Any inadvertent production of any document or thing shall not

8    constitute a waiver of any privileges of AOS, and AOS reserves its rights to demand and obtain

9    the return of any such document or thing, and all copies thereof.  AOS further objects to the

10   Requests to the extent they require AOS to search for and reveal privileged information,

11   documents, and things from its and its attorneys' files.  AOS will not schedule on a privilege log

12   any materials protected by the attorney-client privilege and/or work-product doctrine created on

13   or after May 17, 2007, the date this lawsuit was initiated.  As used herein, the term "non-

14   privileged" refers to information, documents, and things that are not protected by the attorney-

15   client privilege, the work-product doctrine, or any other applicable privilege or protection from

16   discovery.

17       2.    AOS generally objects to the Requests to the extent they seek to impose upon AOS

18   obligations different from, or in addition to, those obligations imposed by the Federal Rules of

19   Civil Procedure, the Civil Local Rules or the Patent Local Rules of the Northern District of

20   California, or any Orders of the Court.  AOS' responses shall be controlled by the requirements

21   imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, the applicable Local

22   Rules, and Orders of the Court.

23       3.    AOS objects to Fairchild's definitions of "AOS," "you," and "your" as vague,

24   ambiguous, overly broad, and unduly burdensome to the extent they seek to make the Requests

25   apply to, and seek information, documents, or things from, persons or entities other than, or

26   beyond the control of, Alpha & Omega Semiconductor, Ltd. or Alpha & Omega Semiconductor,

27   Inc.  Subject to its general and specific objections, AOS shall base its answers to the Requests

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1   solely on information, documents, or things that are in the custody, possession, or control of

2   Alpha & Omega Semiconductor, Ltd. or Alpha & Omega Semiconductor, Inc.

3        4.    AOS objects to Fairchild's definition of "accused product(s)" as overly broad.  As

4   Fairchild has defined the term, it purports to encompass each and every trench MOSFET product

5   that AOS has ever made, used, offered for sale, sold or imported.  AOS will treat this term as

6   referring to the following trench MOSFET products that were identified by Fairchild in a letter

7   dated August 3, 2005, from Stephen Schott to Dr. Michael Chang: AO4812, AO4912, AOD412,

8   AOD414, AOD404, AOD406, AO4407, and AO4422.

9        5.    AOS objects to Fairchild's Instruction No. 2 as overly broad and unduly

10  burdensome to the extent it seeks to impose obligations different from, or in addition to, the

11  obligations imposed by Rule 26(b)(5) of the Federal Rules of Civil Procedure.  Accordingly, AOS

12  shall comply with Rule 26(b)(5) with respect to any documents requested to be produced that are

13  withheld on the grounds that they are subject to the attorney-client privilege and/or work-product

14  doctrine, or any other privilege or protection afforded by law.  Furthermore, as stated in General

15  Objection No. 1, AOS will not schedule on a privilege log any materials protected by the

16  attorney-client privilege or work-product doctrine created on or after May 17, 2007, the date this

17  lawsuit was initiated.

18       6.    AOS objects to Fairchild's Instruction No. 3 as unduly burdensome to the extent it

19  seeks to limit the manner in which documents may be produced.

20                              **RESPONSES**

21  **REQUEST FOR PRODUCTION NO. 1:**

22       All documents describing any aspect of the structure or design of any accused product,

23  including without limitation plots of mask layers, cell plots, design drawings, electronic design

24  automation files and starting material descriptions.

25  **RESPONSE TO REQUEST FOR DOCUMENT NO. 1:**

26       AOS incorporates by this reference its General Objections.  AOS further objects to this

27  request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

28  lead to the discovery of admissible evidence.  Subject to and without waiving its objections, AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1    will produce non-privileged documents responsive to this request sufficient to show the technical

2    design and operation of the accused products.

3    **REQUEST FOR DOCUMENT NO. 2:**

4        All documents describing any aspect of the process of manufacture of any accused

5    product, including without limitation process, flows, process travelers and process recipes.

6    **RESPONSE TO REQUEST FOR DOCUMENT NO. 2:**

7        AOS incorporates by this reference its General Objections.  AOS further objects to this

8    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

9    lead to the discovery of admissible evidence.  Subject to and without waiving its objections, AOS

10   will produce non-privileged documents responsive to this request sufficient to describe the

11   manufacture of the accused products.

12   **REQUEST FOR DOCUMENT NO. 3:**

13       All documents describing the configuration of any accused product at any stage of its

14   manufacture (including without limitation documents depicting the configuration of the

15   semiconductor junctions and layers atop the silicon substrate and how those junction patterns and

16   layers are/were formed).

17   **RESPONSE TO REQUEST FOR DOCUMENT NO. 3:**

18       AOS incorporates by this reference its General Objections.  AOS further objects to this

19   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

20   lead to the discovery of admissible evidence.  AOS further objects that the undefined term

21   "configuration," as used in this request, is vague, ambiguous and unintelligible.  Subject to and

22   without waiving its objections, AOS will produce non-privileged documents responsive to this

23   request sufficient to describe the manufacture of the accused products.

24   **REQUEST FOR DOCUMENT NO. 4:**

25       All documents describing the arrangements made for the manufacture of any accused

26   products, including without limitation documents describing the place of wafer fabrication, the

27   changes to the manufacturing process over time, and the shipment of wafers for assembly into

28   accused products and eventual sale.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1-PA/3664697.6

1    **RESPONSE TO REQUEST FOR DOCUMENT NO. 4:**

2        AOS incorporates by this reference its General Objections. AOS further objects to this

3    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

4    lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

5    will produce non-privileged documents responsive to this request sufficient to describe the

6    manufacture of the accused products.

7    **REQUEST FOR DOCUMENT NO. 5:**

8        Data books, catalogs, datasheets, application notes, instructional materials, product

9    selector guides, application notes, designer's manual, web pages or other product literature

10   referring or relating to any accused product.

11   **RESPONSE TO REQUEST FOR DOCUMENT NO. 5:**

12       AOS incorporates by this reference its General Objections. AOS further objects to this

13   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

14   lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

15   will produce non-privileged documents responsive to this request sufficient to show the technical

16   operation of the accused products.

17   **REQUEST FOR DOCUMENT NO. 6:**

18       All travel logs, masks, process run cards, manufacturing specifications, manufacturing

19   drawings, schematics, blueprints, drawings, sketches, design specifications, or flow charts

20   referring or relating to the accused products.

21   **RESPONSE TO REQUEST FOR DOCUMENT NO. 6:**

22       AOS incorporates by this reference its General Objections. AOS further objects to this

23   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

24   lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

25   will produce non-privileged documents responsive to this request sufficient to show the

26   manufacturing process of the accused products.

27   **REQUEST FOR DOCUMENT NO. 7:**

28       All documents and things, including but not limited to, photographs, micrographs or

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

5

1-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1  prototypes that relate to or were referred to, examined or used in the design or development of the

2  accused products.

3  **RESPONSE TO REQUEST FOR DOCUMENT NO. 7:**

4      AOS incorporates by this reference its General Objections. AOS further objects to this

5  request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

6  lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

7  will produce non-privileged documents responsive to this request sufficient to show the design

8  and development of the accused products.

9  **REQUEST FOR DOCUMENT NO. 8:**

10     All documents and things that relate to the structure or design of the accused products.

11  **RESPONSE TO REQUEST FOR DOCUMENT NO. 8:**

12     AOS incorporates by this reference its General Objections. AOS further objects to this

13  request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

14  lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

15  will produce non-privileged documents responsive to this request sufficient to show the structure

16  and design of the accused products.

17  **REQUEST FOR DOCUMENT NO. 9:**

18     All documents and things that relate to or evidence modification(s) or improvement(s) to

19  the accused products.

20  **RESPONSE TO REQUEST FOR DOCUMENT NO. 9:**

21     AOS incorporates by this reference its General Objections. AOS further objects to this

22  request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

23  lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

24  will produce non-privileged documents responsive to this request sufficient to show the technical

25  design of the accused products.

26  **REQUEST FOR DOCUMENT NO. 10:**

27     All documents that relate to or evidence the contemplation of, the negotiation for, or the

28  entering into of any patent or technology licenses or agreements with third parties relating to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

I-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1  accused products.

2  **RESPONSE TO REQUEST FOR DOCUMENT NO. 10:**

3      Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

4  request at a later time.

5  **REQUEST FOR DOCUMENT NO. 11:**

6      All documents that relate to any investigation, report, opinion, study, or analysis (legal or

7  otherwise) whether formal or informal concerning, discussing or relating to any potential or

8  alleged infringement of one or more of the patents-in-suit or any claim thereof.

9  **RESPONSE TO REQUEST FOR DOCUMENT NO. 11:**

10      Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

11  request at a later time.

12  **REQUEST FOR DOCUMENT NO. 12:**

13      Documents sufficient to describe the corporate relationship between Alpha and Omega

14  Semiconductor Incorporated and Alpha and Omega Semiconductor Limited.

15  **RESPONSE TO REQUEST FOR DOCUMENT NO. 12:**

16      AOS incorporates by this reference its General Objections.  AOS objects further on the

17  grounds that the term "corporate relationship" is vague and ambiguous.  Subject to and without

18  waiving its objections, AOS will produce documents sufficient to show that Alpha and Omega

19  Semiconductor Incorporated is a wholly owned subsidiary of Alpha and Omega Semiconductor

20  Limited.

21  **REQUEST FOR DOCUMENT NO. 13:**

22      Documents sufficient to describe the corporate structure of AOS

23  **RESPONSE TO REQUEST FOR DOCUMENT NO. 13:**

24      AOS incorporates by this reference its General Objections.  AOS objects further on the

25  grounds that the term "corporate structure" is vague and ambiguous.  Subject to and without

26  waiving its objections, AOS will produce documents sufficient to show that Alpha and Omega

27  Semiconductor Incorporated is a wholly owned subsidiary of Alpha and Omega Semiconductor

28  Limited.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

1-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1    **REQUEST FOR DOCUMENT NO. 14:**

2        All documents that relate to company directories, organizational charts and similar

3    documents sufficient to show names, locations (geographic or by department or division) and

4    reporting lines of all AOS officers, directors or employees who may have had knowledge

5    concerning AOS's design, development, manufacture, production, marketing, distribution,

6    importation, offers for sale and/or sale of any of the accused products.

7    **RESPONSE TO REQUEST FOR DOCUMENT NO. 14:**

8        AOS incorporates by this reference its General Objections.  Subject to and without

9    waiving its objections, AOS will produce non-privileged documents responsive to this request

10   sufficient to identify the officers, directors, or employees of AOS who have knowledge of the

11   technical design, manufacture, and operation of the accused products.

12   **REQUEST FOR DOCUMENT NO. 15:**

13       All documents that relate to AOS's marketing and sales in the United States of any of the

14   accused products from May 2001 to the present (including but not limited to marketing and

15   business plans).

16   **RESPONSE TO REQUEST FOR DOCUMENT NO. 15:**

17       Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

18   request at a later time.

19   **REQUEST FOR DOCUMENT NO. 16:**

20       All documents reflecting any sales of any accused product in the United States, including

21   without limitation all customer lists and periodic sales reports for such products from May 2001

22   to the present.

23   **RESPONSE TO REQUEST FOR DOCUMENT NO. 16:**

24       Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

25   request at a later time.

26   **REQUEST FOR DOCUMENT NO. 17:**

27       All documents that relate to agreements with any third party, including but not limited to

28   distributors or resellers, that imports, promotes, markets, sells, offers to sell or uses the accused

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                    AOS'S RESPONSES AND OBJECTIONS TO
                     FAIRCHILD'S FIRST SET OF REQUESTS FOR
                     PRODUCTION (C 07-2664 JSW)

1  products.

2  **RESPONSE TO REQUEST FOR DOCUMENT NO. 17:**

3      Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

4  request at a later time.

5  **REQUEST FOR DOCUMENT NO. 18:**

6      Documents sufficient to identify each person that makes the accused products for you or

7  on your behalf.

8  **RESPONSE TO REQUEST FOR DOCUMENT NO. 18:**

9      AOS incorporates by this reference its General Objections.  AOS further objects to this

10  request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

11  lead to the discovery of admissible evidence.  AOS objects further to the extent this request

12  purports to require that AOS produce documents it is obligated to keep confidential.  Subject to

13  and without waiving its objections, AOS refers Fairchild to its response to Interrogatory No. 1 in

14  Case No. C 07-2664.

15  **REQUEST FOR DOCUMENT NO. 19:**

16      Documents sufficient to identify each person that makes any system, product, or module

17  that incorporates any of the accused products.

18  **RESPONSE TO REQUEST FOR DOCUMENT NO. 19:**

19      AOS incorporates by this reference its General Objections.  AOS objects further on the

20  ground that this request is overly broad, vague, ambiguous, unduly burdensome, and not

21  reasonably calculated to lead to the discovery of admissible evidence.  AOS further objects to this

22  request to the extent it seeks documents and things containing information that AOS is obligated

23  to keep confidential pursuant to an agreement or agreements with a third party or parties.  Subject

24  to and without waiving its objections, AOS refers Fairchild to its response to Interrogatory No. 9

25  in Case No. C 07-2664.

26  **REQUEST FOR DOCUMENT NO. 20:**

27      Documents sufficient to identify each person that uses, sells, offers for sale or imports into

28  the United States any system, product, or module that incorporates any of the accused products.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1   **RESPONSE TO REQUEST FOR DOCUMENT NO. 20:**

2   　　　AOS incorporates by this reference its General Objections.  AOS objects further on the

3   ground that this request is overly broad, vague, ambiguous, unduly burdensome, and not

4   reasonably calculated to lead to the discovery of admissible evidence.  AOS further objects to this

5   request to the extent it seeks documents and things containing information that AOS is obligated

6   to keep confidential pursuant to an agreement or agreements with a third party or parties.  Subject

7   to and without waiving its objections, AOS refers Fairchild to its response to Interrogatory No. 9

8   in Case No. C 07-2664.

9   **REQUEST FOR DOCUMENT NO. 21:**

10   　　　All documents that relate to any comparisons between the accused products and any

11   product made or sold by Fairchild.

12   **RESPONSE TO REQUEST FOR DOCUMENT NO. 21:**

13   　　　AOS incorporates by this reference its General Objections.  AOS further objects to this

14   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

15   lead to the discovery of admissible evidence.  AOS further objects to this request as premature

16   under the Patent Local Rules.  Subject to and without waiving its objections, AOS will produce

17   all non-privileged responsive documents responsive to this request.

18   **REQUEST FOR DOCUMENT NO. 22:**

19   　　　All documents and things you identified and/or were requested to identify in your answers

20   to Fairchild's First Set of Interrogatories.

21   **RESPONSE TO REQUEST FOR DOCUMENT NO. 22:**

22   　　　AOS incorporates by this reference its General Objections.  AOS further objects to this

23   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

24   lead to the discovery of admissible evidence.  Subject to and without waiving its objections, AOS

25   will produce the non-privileged and responsive documents it has agreed to produce in response to

26   Fairchild's interrogatories and other document requests.

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

10

1-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1    Dated: September 28, 2007                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                                By _____

4                                                   Brett M. Schuman.

5                                                Attorneys for Plaintiffs and
                                                 Counterdefendants
6                                                Alpha & Omega Semiconductor, Inc.
                                                 Alpha & Omega Semiconductor, Ltd.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

1-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

# EXHIBIT 5

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel  415.576.0200
Fax 415.576.0300

psreenivasan@townsend.com

October 10 , 2007

*VIA ELECTRONIC MAIL AND U.S. MAIL*

Harry F. Doscher
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
(415) 442-1024

> Re:   Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.,
> Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
> Our File No.: 18865P-021600

Dear Harry:

I am writing to you regarding AOS's deficient discovery responses and document production[1].

Regarding AOS's production of documents, AOS produced only two prosecution file histories as part of its obligations under Patent L.R. 3-2. No documents have been produced in response to Fairchild's document requests. Fairchild has already sent AOS three separate document productions. AOS should commence its document production immediately.

**Deficiencies in AOS's Responses to Fairchild's Interrogatories:**

**Case No. 02664:**

AOS has incorrectly limited Fairchild's definition of "accused products" in Case No. 07-2664 to "trench MOSFET products that were identified by Fairchild in a letter dated August 3,

---

[1] As raised in an e-mail chain between Igor Shoiket and Brett Schuman dated September 30, 2007, AOS failed to serve its responses in a timely manner. Fairchild served its discovery requests by hand-delivery on July 27, 2007, before the close of business. Although Mr. Schuman contends that they were not served by the close of business, a messenger service receipt shows otherwise. Consequently, AOS's responses were due on August 27, 2007. Thereafter, the parties agreed to a mutual 30-day extension to respond to discovery responses. This extension required AOS to serve its responses on September 27, 2007. By serving its responses two days late on September 29, AOS waived any objections. *Davis v. Fendler*, 650 F. 2d 1154, 1160 (9th Cir. 1981). Fairchild does not waive its right to raise this issue at a later date.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

2005, from Stephen Schott to Dr. Michael Chang:  AO4812, AO4912, AOD412, AOD414, AOD404, AOD406, AO4407, AO4422."  AOS has given no legal support whatsoever for its limitation of Fairchild's definition of "accused products."  Fairchild has specifically identified several hundred additional accused AOS products in Exhibit 1 to its Preliminary Infringement Contentions served on August 31, 2007.  There is absolutely no basis for AOS to limit the "accused products" to those described in a letter from two years ago.  Fairchild is entitled to discovery relating to every AOS device that infringes Fairchild's asserted patents, including, but not limited to, the devices that were listed in Exhibit 1 to Fairchild's Preliminary Infringement Contentions.

AOS has limited Interrogatory Nos. 1-2, 5 and 8-10 to the products that are identified in the paragraph above.  For the reasons stated in the previous paragraph, AOS must supplement these interrogatory responses immediately.

AOS's response to Interrogatory No. 4 simply responds by referring to the list of products provided in connection with AOS's Preliminary Infringement Contentions.  AOS agreed to serve amended Preliminary Infringement Contentions on or before October 19.  In its amended Preliminary Infringement Contentions and in response to Interrogatory No. 4, AOS must specifically identify *which* Fairchild product or process allegedly infringes the asserted claims.  Please supplement this interrogatory as soon as possible.

AOS's response to Interrogatory No. 5 simply states that AOS neither sold nor offered to sell any of the AOS products listed in AOS's Disclosure of Asserted Claims.  Please confirm that AOS has no information that *anyone other than AOS* has sold or offered for sale any of the AOS products listed in AOS's Disclosure of Asserted Claims.  Additionally, for Interrogatory No. 6, confirm that AOS has no information that *anyone other than AOS* has publicly used or demonstrated any product that AOS contends embodies, incorporates or includes the subject matter claimed by each of the AOS patents-in-suit.  Please confirm this information immediately.

AOS's response to Interrogatory No. 7 is also deficient.  Rather than answer this interrogatory regarding the corporate structure of AOS, AOS simply references the response to Interrogatory No. 6.  Interrogatory No. 7 is directed to the corporate structure of AOS, including information regarding any additional companies that are related to AOS, such as subsidiaries, parents, affiliates and any subsidiaries or parents of such corporations.  Please supplement this response immediately to include this information.

AOS has completely failed to provide any response to Interrogatory Nos. 11-15 and 17-19.  These interrogatories should be answered immediately.  AOS sought and was granted a 30-day extension to respond to discovery requests.  Therefore, AOS had ample time to gather the information that relates to these responses.  As you are aware, contention interrogatories are permissible and acceptable under Federal Rule of Civil Procedure 33(c).  *O'Conner v. Boeing North American, Inc.*, 185 F.R.D. 272, 280-81 (C.D. Cal. 1999).  Simply claiming that these contention interrogatories are "premature" and "harassing" is not an appropriate response.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**Case No. 07-2638:**

In its response to Interrogatory No. 1, AOS simply cites to Federal Rule of Civil Procedure 33(d) and the file histories of the AOS patents. Please provide a detailed explanation of the facts leading up to and constituting the conception and reduction to practice of the inventions claimed and a specific identification of all persons having knowledge of any fact or contention recited in your answer to this interrogatory.

AOS's response to Interrogatory No. 7 is unacceptable. Information regarding the relevant art and the level of ordinary skill in the art to which the patents-in-suit relate is relevant to this litigation, particularly with regard to invalidity and infringement. Please respond to this interrogatory immediately.

AOS has refused to respond to Interrogatory No. 10, requesting the factual basis, if any, upon which AOS contends that its asserted patent claims are not invalid including a specific identification of each "secondary consideration" of non-obviousness. AOS propounded a similar interrogatory to Fairchild (Interrogatory No. 21). In the spirit of cooperation, Fairchild proposes that both sides defer any response to Fairchild's Interrogatory No. 10 and AOS's Interrogatory No. 21 until after invalidity contentions are exchanged. Please confirm that AOS will accept this proposal.

**Deficiencies in AOS's Responses to Fairchild's Document Requests:**

**Case No. 07-2664:**

In its responses to Fairchild's document requests in Case No. 07-2664, AOS has improperly limited Fairchild's definition of "accused products" to "trench MOSFET products that were identified by Fairchild in a letter dated August 3, 2005, from Stephen Schott to Dr. Michael Chang." As discussed above, there is no legitimate basis for AOS to restrict its responses in this manner. Fairchild has offered on several occasions to attempt to arrive at an agreement which would limit discovery to representative parts, but AOS has thus far refused to do so. Consequently, AOS must produce responsive documents that relate at a minimum to all accused products identified by Fairchild in its Disclosure of Asserted Claims and Preliminary Infringement Contentions. AOS must also produce documents that are responsive to Fairchild's definition of accused products, which is "any and all systems or products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold or imported into the United States by you, on your behalf or by any of your customers." Please produce such documents in response to Request Nos. 1-9, 14, and 18-21.

In its responses, AOS has improperly limited Request Nos. 1-9 to more general requests. For example, AOS has limited Request No. 1 to "documents sufficient to show the technical design and operation of the accused products" when the request specifically seeks particular documents: plots of mask layers, cell plots, design drawings, electronic design automation files

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

and starting material descriptions." Request Nos. 2-9 are also improperly limited by AOS. Please confirm that AOS will produce documents responsive to each of those requests, including, but not limited to, the specific documents that have been requested by Fairchild.

Request No. 13 requires documents sufficient to describe the corporate structure of AOS. AOS improperly objected that the term "corporate structure" is vague and ambiguous. Please produce documents responsive to this request immediately, including, but not limited to, documents that describe the corporate structure of AOS, including information on any additional companies that are related to AOS, such as subsidiaries, parents, affiliates and any subsidiaries or parents of such corporations.

AOS has improperly limited Request No. 14 to only identify the officers, directors or employees of AOS who have knowledge of the technical design, manufacture and operation of the accused products. Please confirm that AOS will also produce documents that identify officers, directors or employees of AOS who have knowledge of the above categories as well as : production, distribution and importation of the accused products, all of which relate to Fairchild's allegation of induced infringement.

In its response to Request No. 14, AOS has also not included documents that identify officers, directors or employees of AOS who may have knowledge regarding marketing, offers for sale and/or sale of any accused products. This discovery was not deferred in the signed Stipulation; however, since this is related to damages, we agree that this information may be deferred until a later point in discovery provided that AOS will produce this information later in discovery. Please confirm. Finally, please confirm that AOS will produce the specific types of documents that are listed in Fairchild's request, including company directories, organizational charts and similar documents that show the name, location and reporting lines of AOS officers, directors or employees who have had knowledge regarding any of the accused products.

**Case No. 07-2638:**

Request No. 10 specifically requests documents and things "that relate to any products embodying any claims of the AOS patents-in-suit that were sold or offered for sale at any point in time." AOS has limited this request to "responsive document sufficient to demonstrate the commercial success of the AOS products listed in AOS' Disclosure of Asserted Claims and Preliminary Infringement Contentions." This request is not limited to commercial success. Please confirm that AOS will produce documents that are responsive to this request in its entirety.

Request No. 12 specifically requests "external and internal specifications, design specifications and data sheets for any products embodying any claims of the AOS patents-in-suit." AOS has limited this response to "documents sufficient to show the design, operation and commercial success of the AOS products listed in AOS' Disclosure of Asserted Claims and Preliminary Infringement Contentions." This request is not limited to the categories that AOS

TOWNSEND
and
TOWNSEND
and
CREW
LLP

has listed.  Please confirm that AOS will produce documents that are responsive to this request in
its entirety.

Request No. 13 requests all documents that relate to the "specifications of any products
embodying any claims of the AOS patents-in-suit."  AOS has duplicated its response to Request
No. 12.  This request is not limited to the categories that AOS has listed.  Please confirm that
AOS will produce documents that are responsive to this request in its entirety, including
documents that describe the product specifications.

AOS has limited Request No. 26 to "officers, directors or employees of AOS who have
knowledge of the technical design and operation of AOS products that embody the subject matter
described in the AOS patents-in-suit."  However, Request No. 26 specifies documents that relate
to "officers, directors or employees who may have had knowledge concerning AOS's design,
development, manufacture and production of any AOS power transistor products, including any
products that embody the claims of the AOS patents-in suit."  Please confirm that AOS will
produce responsive documents to this request in its entirety.

In its response to Request No. 26, AOS has also not agreed to produce documents that
identify officers, directors or employees of AOS who may have knowledge regarding marketing,
offers for sale and/or sale of any AOS transistor products, including those that embody the
claims of the AOS patents-in-suit.  This discovery was not deferred in the signed Stipulation;
however, since this is related to damages, we agree that this information may be deferred until a
later point in discovery provided that AOS will produce this information later in discovery.
Please confirm.  Finally, please confirm that AOS will produce the specific types of documents
that are listed in Fairchild's request, including company directories, organizational charts and
similar documents that show the name, location and reporting lines of AOS officers, directors or
employees who have had knowledge regarding products that practice the inventions claimed by
the AOS patents-in-suit.

Finally, AOS's response to Request No. 32 is perplexing.  AOS does not agree to produce
documents in response to Request No. 32, yet AOS has agreed to produce documents in response
to the same request served in Case No. 07-2664.  Please confirm that AOS will produce
documents in response to this request.

I am generally available to meet and confer about these issues this week.

Very truly yours,

Priya Sreenivasan

P2S/ks
61173667 v1

61173667 v1

# EXHIBIT 6

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel. 650.843.4000
Fax: 650.843.4001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Ahren C. Hoffman**
Associate
650.843.7250
ahoffman@morganlewis.com

October 25, 2007

**VIA U.S. MAIL AND E-MAIL (psreenivasan@townsend.com)**

Priya Sreenivasan, Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111-3834

Re:    *Alpha & Omega Semiconductor, Ltd. et al. v Fairchild Semiconductor Corp.*
       Case No. C 07-2638 JSW (consolidated with Case No. C 07-2664 JSW)

Dear Priya:

I am responding to your letter to Harry Doscher dated October 10, 2007, regarding AOS's discovery responses.

## I.    Service of AOS's Discovery Responses

Fairchild's statements about the service of AOS's Responses and Objections (hereinafter "Responses") to Fairchild's First Set of Requests for Production and Interrogatories (hereinafter "Requests") are inaccurate. Significantly, the statement that AOS "serv[ed] its responses two days late on September 29" is incorrect. Rather, as evidenced by the accompanying Proof of Service, AOS's Reponses were served on the date of mailing, September 28, 2007. Service by mail is complete on mailing, not on delivery. *See* Fed. R. Civ. P. 5(b).

Fairchild is further mistaken as to when AOS's Responses were due. As we have previously explained, Fairchild's Requests were *not* served on AOS's counsel by the close of business on July 27, 2007, and we have evidence confirming that fact. Therefore, the due date for the Responses could not have run from a date earlier than the next business day, which was July 30, 2007. Even assuming that the parties agreed to serve responses sixty (60) days after the date of service, which they did not, the due date would have been September 28, 2007.

Palo Alto  Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton  Chicago
Minneapolis  Dallas  Houston  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Beijing  Tokyo

1-PA/3672358.1

Priya Sreenivasan, Esq.
10/25/2007
Page 2


Morgan Lewis
COUNSELORS AT LAW

The parties agreed specifically to serve discovery responses on September 28, 2007. Such an agreement was evidenced in part by the negotiations between Mr. Schuman and Mr. Jacobs regarding the bifurcation of discovery. Moreover, Fairchild continued to negotiate with AOS regarding the deferral of certain discovery responses even after the date that Fairchild now contends responses were due. *See* email from P. Sreenivasan to H. Doscher dated 9/28/2007 at 4:01 pm agreeing to the terms of the proposed stipulation re: deferral of certain discovery responses. If Fairchild's intention was to use those negotiations to prevent AOS from responding to Fairchild's discovery requests until after such date as Fairchild mistakenly believed responses were due, then Fairchild has breached its good faith obligations under the federal rules.

## II.    AOS's Responses to Fairchild's Interrogatories in Case No. 07-2664

### A.    Definition of "Accused Products"

Fairchild complains that AOS has improperly limited the scope of "accused products" in Case No. 07-2664. As we have previously explained, Fairchild's definition of accused products as "any and all systems or products . . . containing trench design power MOSFETs or IGBTs" is so vague and overly broad that it fails to put AOS on fair notice of the products that Fairchild suspects are infringing its patents. The term "trench design" is vague and overbroad and literally includes a variety of unrelated structures such as, e.g., planar trench contact MOSFETs. This definition, as is, can only be read to encompass every electronic system or device used by either AOS or its customers including, e.g., telephones and automobiles.

The PICs served by Fairchild fail to provide any guidance as to what products are at issue in this case. Fairchild's PICs, as with its definition of accused products, purport to cover an indiscriminate array of AOS's MOSFET products. We have explained in exhaustive length on numerous prior occasions that Fairchild cannot properly identify all of AOS's MOSFET products as accused products without providing any substantiating evidence or support. The shotgun approach that Fairchild has taken to its PICs is clearly contrary to Patent L.R. 3-1 and applicable case law. *See, e.g., InterTrust Technologies Corp. v. Microsoft Corp.*, No. 01-1640, 2003 WL 23120174, *2-3 (N.D. Cal. Dec. 1, 2003) (finding disclosures that identified virtually all of defendant's products as deficient).

Fairchild's PICs are legally insufficient to identify more than the products identified by Fairchild in its August 3, 2005 letter. Although the parties stipulated to allow each other to supplement their PICs by October 19, 2007, Fairchild chose not to do so and must now accept the consequences of its insufficient PICs. AOS will continue to interpret "accused products" as referring to the products identified by Fairchild in the August 3, 2005 letter.

Priya Sreenivasan, Esq.
10/25/2007
Page 3



Morgan Lewis
COUNSELORS AT LAW

      B.     Interrogatory No. 7

Subject to and without waiving its objections, AOS will provide supplementary information about the corporate structure of AOS.

      C.     Interrogatory Nos. 11-15, and 17-19

These interrogatories seek information about AOS's affirmative defenses to Fairchild's counterclaims. AOS disagrees that contention interrogatories like these are appropriate at this early stage of the litigation. Moreover, AOS cannot understand why Fairchild complains of AOS's responses to these interrogatories when Fairchild itself has refused to answer similar interrogatories propounded by AOS. This inconsistency should be resolved before Fairchild raises this issue again.

## III.    AOS's Responses to Fairchild's Interrogatories in Case No. 07-2638

      A.     Interrogatory No. 1

Fairchild complains that AOS does not provide a detailed account of the facts leading up to the conception and reduction to practice of the inventions claimed in the '567 and '776 patents. AOS, however, has no further information responsive to Interrogatory No. 1.

      B.     Interrogatory No. 4[1]

Fairchild complains that AOS has not identified any specific Fairchild products or processes in response to Interrogatory No. 4. This interrogatory, however, only seeks information about AOS's own products and processes. AOS's response to this interrogatory is therefore proper. For information about accused Fairchild products and processes, AOS refers Fairchild to its supplemental PICs, served on October 19, 2007.

      C.     Interrogatory No. 5

Fairchild requests confirmation that "AOS has no information that *anyone other than AOS* has sold or offered for sale any of the AOS products listed in AOS's Disclosure of Asserted Claims" (emphasis added). This request is overly broad and beyond the scope of Interrogatory No. 5,

---

[1] In the October 10th letter, Fairchild discusses Interrogatory Nos. 4-6 under the heading for Case No. 07-2664. The substance of the discussion, however, clearly indicates that Fairchild is referring to Interrogatory Nos. 4-6 in Case No. 07-2638. Therefore, AOS groups its discussion of Interrogatory Nos. 4-6 along with its discussion of the other interrogatories from Case No. 07-2638.

Priya Sreenivasan, Esq.
10/25/2007
Page 4



which concerns sales or offers for sale that are potentially prior art to the '567 and '776 patents. Nevertheless, AOS confirms that it has no information that anyone sold or offered to sell any of the AOS products listed in Exhibit C to AOS's supplemental PICs prior to the filing dates of the '567 or '776 patents.

     D.     Interrogatory No. 6

Similar to its request concerning Interrogatory No. 5, Fairchild requests confirmation that no information exists about public uses or demonstrations by anyone other than AOS. Again, AOS contends that this request is overly broad and beyond the scope of the information sought by Interrogatory No. 6. Nevertheless, AOS confirms that it has no information that anyone publicly used or demonstrated any of the AOS products listed in Exhibit C to AOS's supplemental PICs prior to the filing dates of the '567 or '776 patents.

     E.     Interrogatory No. 7

Fairchild complains that AOS does not identify the relevant art and the level of ordinary skill in the art to which the '567 and '776 patents relate. AOS, however, maintains that this information is the domain of expert opinion and testimony. As deadlines for expert disclosures have still not been agreed on in this case, Fairchild's demand for such information at this stage of the litigation is premature.

     F.     Interrogatory No. 10

AOS agrees with Fairchild's proposal to defer any responses to Fairchild's Interrogatory No. 10 and AOS's Interrogatory No. 21 until after invalidity contentions are exchanged. By this agreement, AOS does not waive any objections previously asserted in its response to Interrogatory No. 10.

## IV.    AOS's Responses to Fairchild's Document Requests in Case No. 07-2664

     A.     Definition of "Accused Products"

For all the same reasons described above, Fairchild's definition of "accused products" is overbroad, vague and ambiguous, not relevant, and not calculated to lead to the discovery of admissible evidence, and Fairchild's PICs are insufficient under Patent L.R. 3-1.

     B.     Request Nos. 1-9

Priya Sreenivasan, Esq.
10/25/2007
Page 5



Fairchild complains that AOS has improperly limited the scope of these requests to documents
sufficient to show the design, development, manufacture, and technical operation of the accused
products. The federal discovery rules, however, do not give a party carte blanche to demand an
unlimited array of discovery from the other side. Under Federal Rule of Civil Procedure 26(b),
discovery can be limited even with respect to relevant documents, where the discovery requested
would be unreasonably cumulative or duplicative of other discovery. Fairchild therefore is not
entitled to each and every document covered by Request Nos. 1-9, as these requests in effect call
for the production of all manufacturing, design, and technical operation documents in the control
of AOS, without any limitation whatsoever. The production of each and every one of these
documents would be unduly burdensome to AOS. Moreover, the vast majority of the documents
sought by these requests are not relevant to issues in this case. Accordingly, AOS's responses to
Request Nos. 1-9 properly guard against the redundant and oppressive discovery sought by
Fairchild.

  C.  Request No. 13

Subject to and without waiving its objections, AOS will produce documents sufficient to show
the corporate structure of AOS.

  D.  Request No. 14

Subject to and without waiving its objections, AOS will produce documents sufficient to identify
the officers, directors, or employees of AOS who have knowledge of the technical design,
manufacture, operation, production, distribution, and importation of the accused products. AOS
agrees, again without waiving its objections, to defer the production of documents identifying
officers, directors, and employees of AOS who have knowledge of marketing, offers for sale, or
sales of accused products.

Fairchild has further requested AOS to confirm that it will produce the specific types of
documents listed in Request No. 14. Subject to and without waiving its objections, AOS will
produce such non-privileged, responsive documents that are within AOS's possession, custody
or control and that can be located after a reasonably diligent good faith search.

## V. AOS's Responses to Fairchild's Document Requests in Case No. 07-2638

  A.  Request No. 10

This request seeks "[a]ll documents and things that relate to any products embodying any claims
of the AOS patents-in-suit that were sold or offered for sale at any point in time." In essence, it
calls for the production of each and every document related to the AOS products identified in

Priya Sreenivasan, Esq.
10/25/2007
Page 6


Morgan Lewis
COUNSELORS AT LAW

AOS's PICs. As explained above, Fairchild is not entitled to unlimited discovery on AOS's products and must tailor its requests to focus on relevant issues. Nevertheless, AOS previously agreed in its response to produce documents sufficient to show the commercial success of the AOS products identified in AOS's PICs, as AOS understands such information may be relevant to considerations of non-obviousness. Fairchild has made no attempt to identify additional relevant issues covered by this request. Accordingly, AOS's response to this request is proper.

        B.      Request No. 12

This request seeks "[a]ll external and internal specifications, design specification and data sheets for any products embodying any claims of the AOS patents-in-suit." By this request, Fairchild is once again seeking overly broad and burdensome discovery. AOS previously agreed in its response to produce documents sufficient to show the design, operation, and commercial success of the AOS products identified in its PICs. AOS's response to this request properly protects AOS from having to produce documents that are unreasonably cumulative and redundant of other discovery.

        C.      Request No. 13

This request seeks "[a]ll documents that relate to the specification of any products embodying any claims of the AOS patents-in-suit." For reasons similar to those stated above with respect to Request Nos. 10 and 12, AOS has already given a proper response to this request.

        D.      Request No. 26

This request seeks all documents that relate to, among other things, company directories and organizational charts that identify officers, directors, and employees who have knowledge of "any AOS power transistor products." This request is blatantly overbroad, as the phrase "any AOS power transistor products" can only be interpreted to cover virtually all of the products made and sold by AOS. In effect, this request seeks documents related to almost every employee at AOS. As reiterated throughout this letter, Fairchild is not entitled to unlimited discovery from AOS.

Nevertheless, AOS previously agreed in its response to provide documents responsive to this request to the extent they are sufficient to identify the officers, directors, or employees of AOS who have knowledge of the technical design and operation of the AOS products that embody the subject matter described in the AOS patents-in-suit. Subject to and without waiving its objections, AOS further agrees to provide documents responsive to this request to the extent they are sufficient to identify the officers, directors, or employees of AOS who have knowledge of the design, manufacture, production, and distribution of the AOS products that embody the subject

Priya Sreenivasan, Esq.
10/25/2007
Page 7



Morgan Lewis
C O U N S E L O R S   A T   L A W

matter described in the AOS patents-in-suit. Finally, subject to and without waiving its
objections, AOS agrees to defer the production of documents identifying officers, directors, and
employees of AOS who have knowledge of marketing, offers for sale, or sales of the AOS
products that embody the subject matter described in the AOS patents-in-suit.

Fairchild has further requested AOS to confirm that it will produce the specific types of
documents listed in Request No. 26. Subject to and without waiving its objections, AOS will
produce such non-privileged, responsive documents that are within AOS's possession, custody
or control and that can be located after a reasonably diligent good faith search.

     E.     Request No. 32

Subject to and without waiving its objections, AOS will produce such non-privileged, responsive
documents that are within AOS's possession, custody or control and that can be located after a
reasonably diligent good faith search that it agreed to produce in response to Fairchild's
interrogatories and other document requests.

*    *    *

To the extent that we have not previously reached an impasse on the issues addressed above, we
are available to meet and confer later this week and all of next.

Yours sincerely,

Ahren C. Hoffman

cc:    Leonard J. Augustine, Jr., Esq. (via email: laugustine@townsend.com)
       Matthew R. Hulse (via email: mrhulse@townsend.com)
       Eric P. Jacobs, Esq. (via email: epjacobs@townsend.com)
       Igor Shoiket (via email: ishoiket@townsend.com)

# EXHIBIT 7

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650.843.4000
Fax: 650.843.4001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Andrew J. Wu**
Partner
650.843.7511
awu@morganlewis.com

November 6, 2007

**VIA FIRST CLASS MAIL AND E-MAIL: ishoiket@townsend.com**

Igor Shoiket, Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834

Re:    *Alpha & Omega Semiconductor, Ltd. et al. v Fairchild Semiconductor Corp.*
       Case No. C 07-2664 JSW

Dear Igor:

As a follow-up to our conference call at 4:00 yesterday afternoon, I write regarding AOS's objection to the definition of "accused product(s)" that was employed by Fairchild in its discovery requests.

In its responses, AOS properly objected to Fairchild's definition of this term as overly broad because it purportedly covers each and every trench MOSFET product made by AOS. Such an over-reaching definition left AOS with no choice but to treat the term as referring to the eight *specific* trench MOSFET products that Fairchild appeared to accuse in good faith, as identified in Fairchild's pre-litigation correspondence (*i.e.*, AO4407, AO4422, AO4812, AO4912, AOD404, AOD406, AOD412, and AOD414).

AOS nevertheless recognizes that Fairchild has identified additional AOS products in its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICS") for the '481, '497, '406, and '195 patents that were not previously identified in the pre-litigation correspondence. The previously unidentified products include AO4410, AO4413A, AO4468, AO6402, AO6405, AO4704, AO4914, AOD438, AOL1412, AOL1414.

Without waiving its objections, AOS will treat the term "accused product(s)" as further including these previously unidentified products. Thus, for purposes of AOS's responses to these

Igor Shoiket, Esq.
November 6, 2007
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

discovery requests, AOS will interpret "accused product(s)" as including AO4407, AO4410, AO4413A, AO4422, AO4468, AO6402, AO6405, AO4704, AO4812, AO4912, AO4914, AOD438, AOD404, AOD406, AOD412, AOD414, AOL1412, and AOL1414.

Moreover, we note that Fairchild's more recent PICs regarding the '111 and '947 patents, served on October 29, have included a narrower identification of accused products. Specifically, those PICs have identified accused products that included specific products and also included "all other AOS products that are the same or substantially similar in all respects relevant to the asserted claims." If Fairchild is willing to adopt that approach in its other PICs, AOS may be willing to modify its understanding of "accused products."

Please let me know your thoughts on this matter. Also, we expect to continue the meet and confer discussions regarding AOS's requests for discovery from Fairchild later this week.

Sincerely,

Andrew J. Wu

cc:    Priya Sreenivasan, Esq. (via email: psreenivasan@townsend.com)
       Matthew R. Hulse (via email: mrhulse@townsend.com)
       Eric P. Jacobs, Esq. (via email: epjacobs@townsend.com)
       Leonard J. Augustine, Jr., Esq. (via email: laugustine@townsend.com)

# EXHIBIT 8
# FILED UNDER SEAL