TOWNSEND AND TOWNSEND AND CREW LLP
ERIC P. JACOBS (State Bar No. 88413)
PETER H. GOLDSMITH (State Bar No. 91294)
ROBERT A. McFARLANE (State Bar No. 172650)
IGOR SHOIKET (State Bar No. 190066)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300
E-mail:      epjacobs@townsend.com
             phgoldsmith@townsend.com
             ramcfarlane@townsend.com
             ishoiket@townsend.com

Attorneys for Defendant and Counterclaimant
FAIRCHILD SEMICONDUCTOR CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>    Plaintiffs and Counterdefendants,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>    Defendant and Counterclaimant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C 07-2638 JSW (EDL)<br><br>(Consolidated with Case No. C 07-2664 JSW)<br><br>**FAIRCHILD SEMICONDUCTOR CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' PATENT LOCAL RULE 3-1 DISCLOSURES**<br><br>Date:        December 11, 2007<br>Time:        9:00 a.m.<br>Courtroom:   Courtroom E, 15th Floor<br><br>Hon. Elizabeth D. Laporte |

1  TO PLAINTIFFS AND COUNTERDEFENDANTS ALPHA & OMEGA
   SEMICONDUCTOR, INC., and ALPHA & OMEGA SEMICONDUCTOR, LTD., AND THEIR
2  ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that Defendant and Counterclaimant Fairchild Semiconductor

4  Corporation ("Fairchild") hereby moves the Court to strike the Supplemental Disclosure of Asserted

5  Claims and Preliminary Infringement Contentions ("PICs") of Plaintiffs and Counterdefendants Alpha

6  & Omega Semiconductor, Inc., and Alpha & Omega Semiconductor, Ltd. (collectively, "AOS"), and

7  to order AOS to amend its PICs to comply with its obligations under Patent Local Rule 3-1.  This

8  motion will be heard in Courtroom E, 15th Floor, of the Northern District of California, San Francisco

9  Division, located at 450 Golden Gate Avenue, San Francisco, California, on December 11, 2007, at

10 9:00 AM, or as soon thereafter as counsel may be heard, or at such other date and time as the Court

11 may order *sua sponte* or pursuant to Fairchild's Motion to Change Time To Consolidate The Hearing

12 Dates On Discovery Motions, filed concurrently herewith.  This motion is based on this notice and

13 memorandum, the attached declaration and exhibits, the oral argument to be heard at the hearing on

14 this motion, and any and all papers on file in this proceeding.

15 **I.    INTRODUCTION**

16      The Northern District of California's Patent Local Rules ("Patent Local Rules") require each

17 party alleging patent infringement to provide a Disclosure of Asserted Claims and Preliminary

18 Infringement Contentions ("PICs").  The party must separately and specifically identify where each

19 asserted claim is found within each accused product.  Patent L.R. 3-1(c).  "This rule takes the place of

20 a series of interrogatories that defendants would likely have propounded had the patent local rules not

21 provided for streamlined discovery."  *InterTrust Tech. Corp. v. Microsoft Corp.*, 2003 WL 23120174,

22 *1 (N.D. Cal. 2003) (granting motion to strike preliminary infringement contentions).  The Patent

23 Local Rules are designed to "enable the parties to move efficiently toward claim construction and the

24 eventual resolution of their dispute."  *Townshend Intellectual Property, L.L.C. v. Broadcom Corp.*,

25 2007 WL 1994158, *2 (N.D. Cal. Jul. 5, 2007); *see also InterTrust Tech.*, 2003 WL 23120174 at *1.

26 The intent is to "require parties to crystallize their theories of the case early in the litigation."

27 *InterTrust Tech. Corp.,* 2003 WL 23120174 at *1 (citation omitted); *O2 Micro Intern. Ltd. v.*

28 *Monolithic Power Sys, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citation omitted).

1    A party providing preliminary infringement contentions must provide at least "the relevant
2  facts it obtained in its prefiling inquiry." *Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL
3  32126128, *4 (N.D. Cal. Aug. 13, 2002) (granting in part motion to strike PICs).  Federal Rule of
4  Civil Procedure 11 requires that a plaintiff conduct a reasonable inquiry into the applicable facts and
5  law before filing a document, to include "investigat[ing] the factual and legal basis for the complaint
6  before filing suit." *Id.*; *see also Hewlett-Packard Co. v. EMC Corp.*, 2003 WL 23142198 (N.D. Cal.
7  July 9, 2003) (granting motion to strike PICs).  In applying Rule 11 to Patent Local Rule 3-1, "a
8  plaintiff must put forth information so specific that either reverse engineering or its equivalent is
9  required." *InterTrust Tech. Corp*, 2003 WL 23120174, at *3.  "The purpose of Patent Local Rule 3-1
10 … is in fact to be nit-picky, to require a plaintiff to crystallize its theory of the case and patent claims."
11 *Id.*

12   Having chosen to initiate a patent infringement lawsuit in the Northern District of California,
13 AOS must comply with the requirements of the Patent Local Rules.  AOS's PICs fall far short of these
14 requirements.  AOS's original PICs served on August 31, 2007, included purported "claim charts" that
15 were completely devoid of any information regarding Fairchild's accused products or methods.  AOS
16 merely mimicked the language of the claims in its contentions that the claim limitations were found in
17 the accused Fairchild products and provided no supporting facts whatsoever that the accused Fairchild
18 methods practiced the claim elements.  *See* Exhibits A and B to AOS's original PICs (Declaration of
19 Igor Shoiket In Support Of Fairchild's Motion To Strike Plaintiffs' Patent Local Rules 3-1 Disclosures
20 ("Shoiket Decl."), Ex. 1).

21   Fairchild pointed out these serious deficiencies to AOS.  Although refusing to acknowledge the
22 inadequacy of its PICs, AOS served supplemental PICs on October 19, 2007 (the "Supplemental
23 PICs") pursuant to a stipulated Order of the Court.

24   The Supplemental PICs remain deficient in significant ways.  Specifically, AOS's
25 Supplemental PICs fail to demonstrate the practice of various elements of AOS's asserted patent
26 claims, ignore some claim language entirely, include material which either fails to support and even
27 contradicts AOS's contentions, and fail to provide claim charts identifying specifically where each
28 element of each asserted claim is found within each accused product or method, as required by Patent

1  Local Rule 3-1(c).

2  AOS continues to refuse to provide claim charts that adequately disclose AOS's theories of
3  infringement as required by Patent Local Rule 3-1(c).  The Court should strike AOS's Supplemental
4  PICs and order AOS to amend its PICs to fully comply with the Patent Local Rules.  As demonstrated
5  in the accompanying Declaration of Igor Shoiket, Fairchild has attempted to meet and confer with
6  AOS regarding these issues, but AOS has refused to provide PICs that comply with the Patent Local
7  Rules.  *See* Shoiket Decl, ¶¶ 5-12 and exhibits attached thereto.

8  **II.   BACKGROUND**

9  The present action is a patent case involving infringement claims both by AOS against
10  Fairchild and by Fairchild against AOS.  In its original complaint, AOS alleged that Fairchild
11  infringes two patents:  (1) U.S. Patent No. 5,907,776 ("the '776 patent") titled "Method of Forming a
12  Semiconductor Structure Having Reduced Threshold Voltage and High Punch-Through Tolerance,"[1]
13  and (2) U.S. Patent No. 5,767,567 ("the '567 patent") titled "Design of Device Layout for Integration
14  with Power MOSFET Packaging to Achieve Better Lead Wire Connections and Lower On
15  Resistance."[2]  *See* the '776 and '567 patents (Shoiket Decl., Exs. 10 and 11).  AOS has asserted 15

16

17  ───────────────

18  [1] The '776 patent relates generally to "MOSFET . . . power devices having reduced threshold voltage and high punch-through tolerance formed by the process of impurity concentration compensation."
19  '776 patent, col. 1:7-11 (Shoiket Decl., Ex. 3).  Power MOSFETs (Metal Oxide Semiconductor Field Effect Transistors) are devices that act as relays, or switches, for either applying or withholding power
20  from other electronic circuits.  '776 patent, col. 1:14-24 (Shoiket Decl., Ex. 3).  Generally, when a voltage greater than the "threshold voltage" of the power MOSFET device is applied, the switch is
21  turned "on," allowing power to be applied to other electronic circuits.  '776 patent, col. 1:14-24 (Shoiket Decl., Ex. 3).  "Punch-through" refers to an undesirable characteristic in which power
22  MOSFET devices will not work properly under certain conditions.  '776 patent, col. 2:64-3:22 (Shoiket Decl., Ex. 3).

23  [2] The '567 patent relates generally to "the device layout and packaging process of power MOSFETs."
24  '567 patent, col. 1:8-9 (Shoiket Decl., Ex. 4).  In the process of packaging power MOSFET devices, lead wires are typically formed onto a contact area of the device for making connections from the
25  contact area to the pins on the package (which then serve as means for connecting the device with other devices).  '567 patent, col. 1:28-30 (Shoiket Decl., Ex. 4).  According to the '567 patent, a typical
26  power MOSFET device includes "gate runners," which are metal stripes that divide the contact area into different areas.  '567 patent, col. 1:38-45, 2:3-4, Figs. 1A-1B (Shoiket Decl., Ex. 4).  A stated
27  object of the '567 patent is to provide a novel gate runner and contact topology such that the wire lead contacts are evenly distributed.  '567 patent, col. 2:29-34 (Shoiket Decl., Ex. 4).

28

claims of the '776 patent against Fairchild, including 3 independent claims, and one claim of the '567 patent. *See* AOS's original PICs and AOS's Supplemental PICs (Shoiket Decl., Exs. 1-2), each at p. 1.[3]

Patent Local Rule 3-1(c) requires that the PICs include a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." AOS's original PICs included claim charts that were completely devoid of any information regarding Fairchild's accused products or methods -- they did not include any exhibits, made no citation or reference to any evidence, and contained not one iota of actual information regarding any Fairchild product or method.[4] AOS's original PICs instead merely mimicked the language of each claim element, without any analysis or evidence. *See* AOS's original PICs (Shoiket Decl., Ex. 1), at Exhibits A and B thereto. As an example, AOS's disclosure for claim element 1(b) of the '776 patent is shown below.

| (b) forming at least one trench in said substrate; | The Accused '776 Patent Methods include the step of forming at least one trench gate in the aforementioned substrate. |

AOS simply mimicked the language of claim element (b) of claim 1 of the "776 patent ("forming at least one trench in said substrate") in its PICs (". . . the step of forming at least one trench gate in the aforementioned substrate") and included introductory language ("The Accused '776 Patent Methods include . . .") to assert without any basis that the accused methods include this step. *See* AOS's original PICs (Shoiket Decl., Ex. 1), at claim 1(b).

---

[3] On September 28, 2007, pursuant to a stipulated order, AOS filed an amended complaint asserting one additional patent, U.S. Patent No. 5,930,630, and Fairchild filed amended counterclaims pursuant asserting two additional patents. By stipulated order, PICs were served for these additional asserted patents on or about October 29, 2007. This motion does not address the PICs for U.S. Patent No. 5,930,630. Fairchild does not waive its right to file a motion to strike or seek any other appropriate relief with respect to AOS's PICs for U.S. Patent No. 5,930,630.

[4] AOS's original PICs also failed to identify separately for each of its asserted claims the AOS products that practice the claimed inventions of each claim pursuant to Patent Local Rule 3-1(f). *See* Exhibit C to AOS's PICs (Shoiket Decl., Ex.1). AOS's Supplemental PICs amended this disclosure to seemingly comply with Patent L.R. 3.1(f). *See* AOS's Supplemental PICs (Shoiket Decl., Ex.8).

1        On September 12, 2007, counsel for Fairchild informed AOS that AOS's original PICs were
2   deficient. Shoiket Decl., ¶ 5 & Ex. 5. AOS initially denied that its PICs were deficient. Shoiket
3   Decl., ¶ 6 & Ex. 6. The parties met-and-conferred regarding the deficiencies in AOS's original PIC's
4   between September 12 and October 2. Shoiket Decl., ¶¶ 5-9. Eventually, pursuant to an agreement of
5   the parties and a Stipulated Order of this Court, AOS served Supplemental PICs regarding the '776
6   and '567 patents on October 19, 2007. Shoiket Decl., ¶ 8 & Ex. 2. AOS's Supplemental PICs remain
7   deficient, however, under the Patent Local Rules, as detailed below in Section III.
8        Fairchild has conferred in good faith with opposing counsel as required by Rule 37 of the
9   Federal Rules of Civil Procedure, Civil Local Rule 37-1(a), and the Court's Order regarding Discovery
10  Procedures in an effort to resolve this dispute without Court intervention. In addition to the previously
11  mentioned communications between September 12 and October 2, counsel for Fairchild notified
12  counsel for AOS on October 26, 2007, of the continuing deficiencies in AOS's Supplemental PICs,[5]
13  and requested that AOS agree to provide PICs that fully comply with the Patent Local Rules by no
14  later than November 5, 2007. Shoiket Decl., ¶ 10 & Ex. 10. AOS responded on October 29 that it
15  was still evaluating the issues raised in the October 26 letter and would respond as soon as that
16  analysis was complete. Shoiket Decl., ¶ 11 & Ex. 11. Counsel for Fairchild met and conferred with
17  counsel for AOS on November 5, 2007, and counsel for AOS reiterated that it continued to maintain
18  that its Supplemental PICs were not deficient. Shoiket Decl., ¶ 12.

**III.    ARGUMENT**

    **A.    AOS has failed to demonstrate that Fairchild practices various elements of AOS's asserted claims for the '776 patent**

Patent Local Rule 3-1(c) requires a party alleging infringement to include in its PICs a "chart

---

[5] AOS chose to pursue its patent infringement claims in the Northern District of California, knowing full well that the Northern District Patent Local Rules impose on a plaintiff an obligation to disclose its infringement theories under Patent L.R. 3-1 prior to receiving any discovery. *See e.g., Network Caching*, 2002 WL 32126128, at *4. Accordingly, AOS cannot rely on the fact that limited discovery has occurred in this case to excuse its failure to provide PICs that disclose its infringement theories. Fairchild was similarly burdened with an obligation to disclose its infringement theories for the infringement claims it is pursuing against AOS, and has fully met that obligation.

1 | <u>identifying specifically</u> where each element of each asserted claim is found within each Accused
2 | Instrumentality" (emphasis added).[6] The "minimum level of detail that Patent LR 3-1 requires" is
3 | established by Rule 11 of the Federal Rules of Civil Procedure. *Network Caching*, 2002 WL
4 | 32126128, at *4. Rule 11 requires a reasonable inquiry before filing a document including
5 | "investigat[ing] the factual and legal basis." *Id.* To satisfy this requirement with respect to Patent
6 | L.R. 3-1, "a plaintiff must put forth information so specific that either <u>reverse engineering or its
7 | equivalent is required</u>." *InterTrust*, 2003 WL 23120174 at *2; *see also Network Caching*, 2002 WL
8 | 32126128 at *4 (emphasis added). AOS in its Supplemental PICs fails to identify specifically where
9 | each asserted element of each asserted claim is found within Fairchild's products or methods, as
10 | required by Patent L.R. 3-1(c). Claim 1 is typical of the '776 claims asserted by AOS, and illustrates
11 | the deficiencies in AOS's Supplemental PICs:

> 1. A method of forming a semiconductor structure comprising the steps of:
>
> (a) providing a substrate having a major surface;
>
> (b) forming at least one trench in said substrate;
>
> (c) forming a body region of a first conductivity type in said substrate, said body region having a diffusion boundary in said substrate;
>
> (d) forming a source region of a second conductivity type in said body region; and
>
> (e) compensating a portion of said body region by implanting material of said second conductivity type in said body region, said portion being proximal to said source region and spaced from said diffusion boundary of said body region and said major so as to reduce the impurity concentration of said first conductivity type in said portion of said body region.

Claim element (d) requires that the source region be formed with material of a <u>different</u> (or "second") conductivity type than the body region of claim element (c), and claim element (e) requires that a portion of the body region be compensated by implanting material of the <u>same</u> conductivity type as the source region. To show that claim elements (d) and (e) are met, AOS's claim chart cites to a Scanning

---

[6] "Accused Instrumentality" is defined in Patent L.R. 3-1(b) as "each accused apparatus, product, device, process, method, act or other instrumentality."

1  Electron Microscope Image ("SEM Image") of what AOS asserts is a Fairchild FDP047AN08AO
2  Power MOSFET, and identifies region "C" as the body region, region "E" as the source region and
3  region "F" as the compensated body region.  AOS's Supplemental PICs (Shoiket Decl., Ex. 2), at
4  claim 1(d)-(e) of Ex. A thereto & SEM Image.  The SEM Image – the only reverse engineering data
5  included for the '776 patent – does not identify or address in any way the conductivity types of any of
6  the identified regions, however, and therefore cannot provide a basis for concluding that region "E"
7  contains material of a different conductivity type than region "C", or that region "E" and region "F"
8  contain material of the same conductivity type.  AOS merely states that it is so, despite the availability
9  of reverse engineering techniques that can identify species and conductivity types of materials.
10 Declaration of Dr. Richard A. Blanchard In Support Of Fairchild's Motion To Strike Plaintiffs' Patent
11 Local Rules 3-1 Disclosures ("Blanchard Decl."), at ¶¶ 7-10.
12         Similarly, AOS's contentions fail to demonstrate that a portion of the body region has been
13 "compensated" by "reduce[ing] the impurity concentration of [the] first conductivity type in [that]
14 portion of the body region" as required by claim element (e).  AOS cites again to region "F" of the
15 SEM Image, but the SEM Image does not provide any information regarding impurity concentrations,
16 and therefore cannot provide a basis for concluding that the impurity concentration of material of the
17 first conductivity type has been reduced.  Once again, AOS merely says it is so, despite the availability
18 of reverse engineering techniques that can identify the impurity concentrations of dopant regions.
19 Blanchard Decl, ¶¶ 7-10.  This does not suffice under Patent L.R. 3-1(c).  *See InterTrust Tech.*, 2003
20 WL 23120174, at *3 ("a plaintiff must put forth information so specific that either reverse engineering
21 or its equivalent is required.").
22         AOS's supplemental PICs ignore some claim language entirely.  For example, independent
23 claim 13 of the '776 patent includes a "compensating" step claim element which requires that "the
24 impurity concentration of said body region is substantially reduced <u>so as to decrease the gate threshold
25 voltage</u> of said trench gate" (emphasis added).  AOS's contentions make no assertion that the gate
26 threshold voltage is decreased, thus providing no basis or support for its conclusion that Fairchild's
27 products or methods practice this claim element.  AOS's Supplemental PICs (Shoiket Decl., Ex. 2), at
28 claim 13 of Ex. A thereto.  Similarly, independent claim 25 of the '776 patent includes a

1  "compensating" step claim element which requires that "the conductivity of said portion of said body
2  region is substantially reduced <u>so as to decrease the gate threshold voltage</u> of said gate" (emphasis
3  added).  AOS again ignores the requirement that the gate threshold voltage of the gate be decreased.
4  AOS's Supplemental PICs (Shoiket Decl., Ex. 2), at claim 25 of Ex. A thereto.  In fact, AOS's
5  Supplemental PICs offer no factual support that would even demonstrate the <u>use</u> of a compensating
6  implant much less that the gate threshold voltage is <u>reduced</u> as a result of any such implant.  *Id.*

7  Furthermore, the single SEM Image AOS uses to support its entire case of infringement for the
8  '776 patent is impossible to interpret in the ways that AOS has asserted, and even contradicts AOS's
9  assertions.  For example, claim element (c) of claim 1 of the '776 patent requires that the body region
10 have a "diffusion boundary."  AOS's Supplemental PICs (Shoiket Decl., Ex. 2), at claim 1(c) of Ex. A
11 thereto.  Despite the assertions in AOS's claim chart that the SEM Image "shows a body region 'C'
12 with a diffusion boundary 'D,'" no difference or boundary can be seen on the SEM Image between the
13 two regions.  Blanchard Decl., ¶¶ 7-10; *see* AOS's Supplemental PICs (Shoiket Decl., Ex. 2), at claim
14 1(c) and figure in claim 1 of Ex. A thereto.  On the contrary, regions "C" and "D" appear to be part of
15 one homogeneous region, contradicting AOS's claim that a diffusion boundary is shown and negating,
16 rather than supporting, AOS's assertion that Fairchild practices claim 1 of the '776 patent.

17     **B.    AOS has failed to provide a separate claim chart for each accused instrumentality
                for the '776 patent and the '567 patent**
18

19 Patent L.R. 3-1(c) requires that the claim charts "must address each product (or other accused
20 instrumentality) separately."  *Hewlett-Packard Co. v. EMC Corp.*, 2003 WL 23142198, *1 (N.D. Cal.
21 2003) (granting motion to strike plaintiffs' PICs).  AOS's PICs fail to separately provide a chart for
22 each accused Fairchild product or method.  AOS has accused four of Fairchild's products of infringing
23 the '776 patent (the FDP047AN08AO, FDS4435BZ, DFP3652 and FDS6675BZ), but has provided
24 only one claim chart for that patent based on only <u>one</u> of the accused products (the FDP047AN08AO).
25 AOS's Supplemental PICs (Shoiket Decl., Ex. 2), at p. 1-2 & Ex. A thereto.  AOS has also accused
26 four Fairchild products of infringing the '567 patent (the FDS6675, FDS6982S, FDS4435 and
27 FDS8884), but has similarly provided only <u>one</u> claim chart for that patent based on only one of the
28 accused products, the FDS6675.  AOS's Supplemental PICs (Shoiket Decl., Ex. 2), at p. 1 & Ex. B

1  thereto.  Thus AOS has asserted infringement against at least six Fairchild products without providing
2  a claim chart that applies to any of those products or the methods used to manufacture them.[7]  AOS
3  has failed to provide any justification or explanation for its failure to provide the required claim charts.
4  This falls short of the requirements of Patent L.R. 3-1(c).

**IV.    CONCLUSION**

The purpose of the Patent Local Rules is to permit an orderly and fair claims construction process.  AOS's PICs fail to comply with the Patent Local Rules, thus depriving Fairchild of fair notice of AOS's patent infringement claims and hindering Fairchild's ability to progress toward the claim construction hearing and eventual resolution of this dispute.  Specifically, AOS's PICs fail to provide a sufficient disclosure of the factual basis for AOS's theories of infringement, hindering Fairchild's ability to select claim terms and prepare claim constructions, as it is unclear how AOS reads the asserted claims of its patents on Fairchild's accused devices.  Most importantly, Fairchild's ability to prepare invalidity contentions is hindered because it is unclear how broadly or narrowly AOS reads the asserted claims of its patents.  The Patent Local Rules provide for an orderly claim construction process which entitles a party against whom infringement is alleged to see how the patent holder is applying its claims to the accused products before having to serve its invalidity contentions  For the foregoing reasons, the Court should strike AOS's Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions and compel AOS to serve PICs that fully comply with the Patent Local Rules by not later than two weeks from the date of the Court's order in regard to this motion, or any other time that the Court considers proper.  The Court should also order that Fairchild be given forty-five (45 days) from AOS's provision of amended PICs to serve supplemental

---

[7] Ironically, this is the same deficiency on which AOS bases its Motion to Strike Fairchild's Patent Local Rule 3-1 Disclosure.  *See* AOS's Motion to Strike (Docket No. 51).  By comparison to AOS's inclusion in its PICs of a mere two claim charts, each applying the claims of one asserted patent against a single part, Fairchild in its PICs included 56 claim charts -- 14 different charts for each of its 4 asserted patents, each chart applying all the asserted claim elements for one patent against 14 of AOS's accused products.  Furthermore, Fairchild attached as exhibits to its claim charts at least 6 figures for each of the 14 reverse-engineered parts. In addition, Fairchild's PICs explain why the 14 reverse-engineered parts referenced in its PICs reasonably support an accusation of infringement for each of the other accused AOS products, while AOS's PICs are silent in this regard.

1  Preliminary Invalidity Contentions. Should AOS fail to comply with the Court's order, or should it
2  pursue frivolous positions, then AOS should be subject to sanctions including but not limited to
3  striking AOS's PICs entirely, or in the alternative, outright dismissal of the action.

4

5  DATED: November 6, 2007                TOWNSEND AND TOWNSEND AND CREW LLP

6

7                                         By: /s/ *Igor Shoket*
                                              IGOR SHOIKET
8
                                          Attorneys for Defendant and Counterclaimant
9                                         FAIRCHILD SEMICONDUCTOR CORPORATION

10

11  61193982 v2