**EXHIBIT 9**

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Brett M. Schuman**
Partner
415.442.1024
bschuman@morganlewis.com

October 1, 2007

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Leonard J. Augustine, Jr.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834

Re:   *Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.*
      Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)

Dear Mr. Augustine:

I am responding to your letter dated September 26, 2007 to Andrew Wu. As I have previously advised you, Mr. Wu is out of the country on his honeymoon. Notwithstanding that information, and the fact that you have been corresponding with Mr. Wu on the topic of each side's Local Rule 3.1 PICs, you insisted on an immediate response from us to your September 26, 2007 letter. After I informed you that Mr. Wu was out of the country, you then asked whether we would stipulate to shortened time for a motion to compel. Put simply, the above referenced correspondence does not satisfy Fairchild's obligation to meet and confer in good faith regarding the PICs.

I have now reviewed the prior correspondence between you and Mr. Wu. AOS does not agree with your suggestion that it is required to produce evidence supporting its preliminary infringement contentions. The authorities you cite in your letters do not support that position; indeed, they defeat it. *See Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799, *4 (N.D.Cal. 2003) ("Patent L.R. 3-1 does not require NCT to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions"). In *Network Caching*, the court elaborated: "At this juncture, a party may comply with Patent L.R. 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves." *Id.* AOS's PICs plainly meet this standard. In your purported meet and confer letters, you do not claim - nor could you – that Fairchild lacks notice regarding the claims, methods, or products at issue in this case.



Leonard J. Augustine, Jr.
October 1, 2007
Page 2

However, without conceding that its initial PICs are in any way insufficient, AOS will agree to re-examine its PICs and provide appropriate supplemental information.

Fairchild must do the same. As stated in Mr. Wu's September 21, 2007 letter, "Fairchild's own PICs include far more significant flaws." It is inconsistent with both the letter and the spirit of the Local Rules for Fairchild to accuse AOS's entire product line, as it purports to do in its PICs. There is no provision in the Local Rules authorizing Fairchild's approach of accusing all of AOS's products and then providing information required by Local Rule 3.1 only as to a "representative sample" of 14 products. In short, Fairchild must amend its PICs to identify properly the alleged accused products, and to address the other deficiencies outlined in Mr. Wu's September 21, 2007 letter.

Now that both AOS and Fairchild have amended their pleadings to assert additional claims for patent infringement, the PICs need to be amended to address those new claims as well. I propose that each side have until October 19 to serve amended PICs that address the newly added patents and the issues discussed above, and that the deadline for service of invalidity contentions be continued to November 16, 2007.

Very truly yours,

Brett M. Schuman

c: Eric P. Jacobs, Esq.

# EXHIBIT 10

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**San Francisco**

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

LJAugustine@townsend.com

October 26, 2007

***VIA ELECTRONIC MAIL AND U.S. MAIL***

Harry F. Doscher
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

> Re:    Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.,
>        Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
>        Our File No.: 18865P-021600

Dear Mr. Doscher:

I am writing with respect to AOS's Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs") that AOS states were served by U.S. mail on October 19 and which we received at our offices on Tuesday, October 23. The Supplemental PICs were served pursuant to a stipulated order of the Court after we brought to your attention serious deficiencies in the original PICs served by AOS. The Supplemental PICs remain deficient in at least the ways described below.

Patent Local Rule 3-1(c) requires that a party asserting patent claims provide a "chart identifying specifically where each element of each asserted claim is found within <u>each Accused Instrumentality</u>." (emphasis added). AOS has accused four of Fairchild's products of infringing U.S. Patent No. 5,907,776 ("the '776 patent") but has provided only one claim chart for that patent for only one Fairchild product, the FDP047AN08AO. AOS has additionally accused four other Fairchild products of infringing U.S. Patent No. 5,767,567 ("the '567 patent"), but has similarly provided only one claim chart for that patent for only one Fairchild product, the FDS6675. Thus AOS has asserted infringement based on 6 other parts (the FDS6982S, FDS4435 and FDS8884 for the '567 patent and the FDS4435BZ, DFP3652 and FDS6675BZ for the '776 patent), without providing a claim chart for those products, or any explanation why the

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

claim charts that AOS has produced would apply to those products. By comparison, Fairchild in its PICs provided 56 claim charts applying to 14 different representative products, and included an explanation as to why the claim charts for those representative products apply to the other AOS products on which Fairchild bases its infringement contentions.

Additionally, AOS in its Supplemental PICs fails to demonstrate the practice of various elements of the claims of AOS's asserted patents. For example, claim element (d) of claim 1 of the '776 patent requires showing the step of "forming a source region of a second conductivity type in said body region" and claim element (e) of claim 1 requires showing the step of "compensating a portion of said body region by implanting material of said second conductivity type in said body region." For those claim elements, AOS cites to region "E" and region "F," respectively, of a Scanning Electron Microscope Image ("SEM Image") of what it asserts is an FDP047AN08AO part. The SEM Image – the only reverse engineering data included for the '776 patent – provides no basis for concluding that either region "E" or region "F" contain material of a different conductivity type than body region "C," or that region "C" and region "F" contain material of the same conductivity type. AOS merely states that it is so, despite the availability of reverse engineering techniques that can identify species and conductivity types of dopants. Likewise, AOS's Supplemental PICs fail to demonstrate that a portion of the body region has been "compensated" as required by claim element (e). AOS's disclosure is insufficient under Patent Local Rule 3-1(c).

The single SEM Image AOS uses to support its entire case of infringement for the '776 patent is impossible to interpret in the ways that AOS has asserted, or even contradicts AOS's assertions. For example, claim element (c) of claim 1 of the '776 patent requires that the body region have a "diffusion boundary." AOS asserts that the SEM Image "shows a body region 'C' with a diffusion boundary 'D,'" but no difference or boundary can be seen on the SEM Image between region "C" and region "D." On the contrary, regions "C" and "D" appear to be part of the same region shown in the SEM Image, contradicting AOS's claim that a diffusion boundary is shown.

AOS ignores some claim language entirely. For example, independent claim 13 includes a "compensating step" claim element which requires that "the impurity concentration of said body region is substantially reduced so as to decrease the gate threshold voltage of said trench gate." AOS provides no basis in its PICs to conclude that the impurity concentration is substantially reduced or that the gate threshold voltage of the trench gate is reduced. Similarly, independent claim 25 includes a "compensating step" claim element which requires that "the conductivity of said portion of said body region is substantially reduced so as to decrease the gate threshold voltage of said gate," but provides no basis to conclude that the conductivity of the body region is substantially reduced or that the gate threshold voltage of the gate is decreased. AOS's Supplemental PICs offer no factual support that would demonstrate the use of a compensating implant much less that the threshold voltage is reduced as a result of any such implant.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

As stated in my September 12, 2007, letter to Brett Schuman which pointed out the serious deficiencies in AOS's original PICs, Rule 11 of the Federal Rules of Civil Procedure requires a party to conduct a reasonable inquiry into the applicable facts and law before filing a document, to include "investigat[ing] the factual and legal basis for the complaint before filing suit." *Network Caching Technology, LLC v. Novell, Inc.*, 2002 WL 32126128, *4 (N.D. Cal.) (granting in part motion to strike PICs). Rule 3-1 and the other Patent Local Rules "enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Townshend Intellectual Property, L.L.C. v. Broadcom Corp.*, 2007 WL 1994158, *2 (N.D. Cal. July 5, 2007) (citations omitted). In applying Rule 11 to Patent L.R. 3-1, "a plaintiff must put forth information so specific that either reverse engineering or its equivalent is required." *Intertrust*, 2003 WL 23120174, *2. AOS's Supplemental PICs fall short of the required disclosure.

Please let us know by 3 PM on Monday, October 29, whether AOS agrees to provide PICs that fully comply with the Patent Local Rules by no later than November 5. Absent such agreement, we will seek appropriate relief from the Court.

Please contact me at (415) 273-7544 if you wish to discuss these matters.

Regards,

Leonard J. Augustine, Jr.

LJA/lja

61191746 v1

# EXHIBIT 11

**Augustine Jr., Leonard J.**

| | |
|---|---|
| **From:** | Augustine Jr., Leonard J. |
| **Sent:** | Friday, October 26, 2007 3:41 PM |
| **To:** | 'hdoscher@morganlewis.com' |
| **Cc:** | 'bschuman@morganlewis.com'; 'awu@morganlewis.com'; 'rtautkus@morganlewis.com'; 'aspicer@morganlewis.com'; 'ahoffman@morganlewis.com'; 'rwilkins@morganlewis.com'; Jacobs, Eric P.; Shoiket, Igor; Sreenivasan, Priya; Hulse, Matthew R |
| **Subject:** | Correspondence re: AOS's Supplemental PICs |



2007-10-26
ugustine to Dosche.

Harry,

Attached please find a letter from me regarding AOS's supplemental PICs.

Regards,
Lennie Augustine

TOWNSEND and TOWNSEND and CREW LLP | 2 Embarcadero Center, 8th floor | San Francisco, CA 94111
Tel: 415-576-0200 | Fax: 415-576-0300 | Email: LJAugustine@townsend.com | Web: www.townsend.com

# EXHIBIT 12

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel.  650.843.4000
Fax: 650.843.4001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Ahren C. Hoffman**
Associate
650.843.7250
ahoffman@morganlewis.com

October 29, 2007

**VIA U.S. MAIL AND E-MAIL: ljaugustine@townsend.com**

Leonard J. Augustine, Jr., Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111-3834

Re:     *Alpha & Omega Semiconductor, Ltd. et al. v Fairchild Semiconductor Corp.*
        Case No. C 07-2638 JSW (consolidated with Case No. C 07-2664 JSW)

Dear Leonard:

I am responding to your October 26th email to Harry Doscher regarding AOS's supplemental
PICs, in which you demand a response by 3:00 p.m. today.  Your email was not sent until nearly
the close of business on Friday, October 26th.  Thus, setting a deadline of today for a response is
unreasonable and uncharacteristic of good faith meet and confer efforts.  We are still evaluating
the issues raised in your email and will respond as soon as we have completed that analysis.

Yours sincerely,

Ahren C. Hoffman

cc:     Priya Sreenivasan, Esq. (via email: psreenivasan@townsend.com)
        Matthew R. Hulse (via email: mrhulse@townsend.com)
        Eric P. Jacobs, Esq. (via email: epjacobs@townsend.com)
        Igor Shoiket (via email: ishoiket@townsend.com)

Palo Alto   Philadelphia   Washington   New York   Los Angeles   San Francisco   Miami   Pittsburgh   Princeton   Chicago
Minneapolis   Dallas   Houston   Harrisburg   Irvine   Boston   London   Paris   Brussels   Frankfurt   Beijing   Tokyo

1-PA/3672846.1