# EXHIBIT 7

TOWNSEND
and
TOWNSEND
and
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

September 26, 2007

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Andrew J. Wu
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
(650) 843-7511
awu@morganlewis.com

Re: Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp., Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
Our File No.: 18865P-021600

Dear Mr. Wu:

I write in response to your letter of September 21, 2007 concerning AOS's Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1 ("PICs") served on August 31, 2007.

As detailed in my September 12, 2007 letter to Brett Schuman, AOS's PICs fail to provide the required disclosure under Patent L.R. 3-1 with respect to U.S. Patents No. 5,767,567 and 5,907,776. The PICs fail to provide charts "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality" under Patent L.R. 3-1(c). The PICs instead merely parrot back the language of each asserted claim without any supporting analysis or evidence identifying where the elements of the asserted claims are found in Fairchild's products and methods. The PICs further fail to identify "separately for each asserted claim, each [] apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim" under Patent L.R. 3-1(f). The PICs thus fail to provide the required disclosure of AOS's infringement theories as required under the Patent Local rules. *See e.g., Intertrust Technologies Corp. v. Microsoft Corp.*, 2003 WL 23120174, *1 (N.D. Cal. 2003); *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citation omitted).

Your assertion that AOS "uses very similar language to the language Fairchild used in its own PICs" in its claim charts is wrong and conveniently misses the point. Fairchild's claim

TOWNSEND
and
TOWNSEND
and
CREW
LLP

September 26, 2007
Page 2

charts cite to *evidence* that shows how AOS's products and methods infringe Fairchild's patent claims, while AOS's claim charts cite *no* evidence with respect to Fairchild's products and methods.

The excerpts you cite in an attempt to show that Fairchild's PICs disclosure is "similar" to AOS's only underscore how different Fairchild's disclosure is from AOS's: the excerpted Fairchild Exhibit 30 claim element includes a citation to both a Scanning Electron Microscopy image and a Scanning Capacitance Microscopy image that were attached as exhibits to Fairchild's claim charts, each of which show how AOS's accused methods include that claim element. By contrast, the excerpted AOS claim element provides no citation to any evidence. Your letter acknowledges that Fairchild has supported its PICs with such evidence ("Fairchild includes various analyses purportedly supporting the accusations of its claim charts, including SEMs, SCMs, and SIMS analyses"), but ignores that AOS has not only failed to provide anything similar, it has failed to cite to any evidence at all.

AOS chose to pursue its patent infringement claims in the Northern District of California, knowing full well that the Northern District Patent Local Rules impose on a plaintiff an obligation to disclose its infringement theories under Patent L.R. 3-1 prior to receiving any discovery. *See e.g., Network Caching Technology, LLC v. Novell, Inc.*, 2002 WL 32126128, *4 (N.D. Cal. 2002) (granting in part motion to strike PICs). Accordingly, AOS cannot rely on the fact that no discovery has occurred in this case to excuse its failure to provide PICs that disclose its infringement theories. Fairchild was similarly burdened with an obligation to disclose its infringement theories for the infringement claims it is pursuing against AOS, and has fully met that obligation, as stated above.

The other points in your letter are similarly untenable. Fairchild has identified in good faith the AOS products that Fairchild accuses of infringement in compliance with Patent L.R. 3-1(b) and (c). Your assertion that Fairchild has provided claim charts for only a "handful" (actually 14) of products attempts to impose on Fairchild a duty beyond what is required by the Patent Local Rules. Fairchild has more than adequately described in the PICs its basis for asserting infringement against all the products identified, based on a representative sample of AOS's products. Furthermore, contrary to your implication that Fairchild may accuse only products it identified in pre-litigation correspondence with AOS, Fairchild may accuse any product which it believes in good faith infringes its patent claims pursuant to its investigation of the factual and legal basis for its complaint. That is precisely what Fairchild has done.

Your assertion that Fairchild's disclosures under Patent L.R. 3-1(f) are not specific enough is also wrong. Patent L.R. 3-1(f) does not impose an obligation that the identification of a party's *own* instrumentalities that practice the claimed inventions be "as specific as possible," as Patent L.R. 3-1(b) does for the identification of *accused* instrumentalities. Patent L.R. 3-1(f) merely requires that the party "identify" such instrumentalities. Fairchild has clearly identified its products that practice the claimed inventions. Your assertion that Fairchild's exhibits provide insufficient information is also wrong. The Patent Local Rules require that the PICs provide fair

61162311 v2

TOWNSEND
and
TOWNSEND
and
CREW
LLP

September 26, 2007
Page 3

notice to AOS of Fairchild's theories of infringement. The provided disclosure, including the exhibits and the figures attached thereto, are in full compliance, including providing even information you assert is lacking.

We reiterate our previous request that you please provide amended PICs that fully comply with the requirements of the Patent Local Rules. As I stated in my September 12 letter, Fairchild's Preliminary Invalidity Contentions are due within 45 days of service of AOS's Preliminary Infringement Contentions, and we interpret that to mean service of contentions that comply with the Patent Local Rules. Please let us know by the end of the day on Thursday, September 27, 2007 a date certain in the near future by which you will provide fully compliant PICs. If you do not provide us such a date, we may be forced to seek appropriate relief from the Court.

Finally, you have asserted that "we suspect that at least one of the parts identified is not even an AOS product," while failing to identify such part. We request that you promptly identify such part, if any, including an explanation of why you assert it is not an AOS product.

We are available to meet and confer on these matters today or tomorrow. Please contact me by telephone at (650) 592-3114 if you wish to discuss these matters.

Regards,

Leonard J. Augustine, Jr.

LJA/lja

61162311 v2

# EXHIBIT 8

## Augustine Jr., Leonard J.

| | |
|---|---|
| **From:** | Casillas, Esther |
| **Sent:** | Wednesday, September 26, 2007 10:58 AM |
| **To:** | 'bschuman@morganlewis.com' |
| **Cc:** | Augustine Jr., Leonard J.; Shoiket, Igor |
| **Subject:** | Emailing: AOS/Fairchild: Correspondence from LJAugustine to Awu re September 21, 2007 correspondence |



2007-09-26
ugustine to Wu re ..

Attached find Mr. Augustine's letter dated today responding to your letter of September 21, 2007 re AOS's Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Patent L.R. 3-1 served on August 31, 2007.

If you have any questions, please contact Mr. Augustine directly.

Thank you.

Esther A. Casillas
Assistant to Paul F. Kirsch, Mehrnaz Boroumand Smith
    and Leonard J. Augustine, Jr.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111
Telephone:  415-576-0200
Facsimile:  415-576-0300
Direct:  415-273-7570
Email: ecasillas@townsend.com

www.townsend.com

Offices in
Denver / Palo Alto / San Diego / San Francisco / Seattle / Walnut Creek

This message may contain confidential information.  If you are not the intended recipient and have received this message in error, any use, or distribution of this message is strictly prohibited.  Please also notify us immediately by return e-mail, and delete this message from your computer system.  Thank you.

# EXHIBIT 9

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Brett M. Schuman**
Partner
415.442.1024
bschuman@morganlewis.com

October 1, 2007

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Leonard J. Augustine, Jr.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111-3834

Re:   *Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.*
      Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)

Dear Mr. Augustine:

I am responding to your letter dated September 26, 2007 to Andrew Wu.  As I have previously advised you, Mr. Wu is out of the country on his honeymoon.  Notwithstanding that information, and the fact that you have been corresponding with Mr. Wu on the topic of each side's Local Rule 3.1 PICs, you insisted on an immediate response from us to your September 26, 2007 letter.  After I informed you that Mr. Wu was out of the country, you then asked whether we would stipulate to shortened time for a motion to compel.  Put simply, the above referenced correspondence does not satisfy Fairchild's obligation to meet and confer in good faith regarding the PICs.

I have now reviewed the prior correspondence between you and Mr. Wu.  AOS does not agree with your suggestion that it is required to produce evidence supporting its preliminary infringement contentions.  The authorities you cite in your letters do not support that position; indeed, they defeat it.  *See Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799, *4 (N.D.Cal. 2003) ("Patent L.R. 3-1 does not require NCT to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions").  In *Network Caching*, the court elaborated: "At this juncture, a party may comply with Patent L.R. 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves." *Id.* AOS's PICs plainly meet this standard.  In your purported meet and confer letters, you do not claim - nor could you – that Fairchild lacks notice regarding the claims, methods, or products at issue in this case.

1-SF/7612240.1

## Morgan Lewis
COUNSELORS AT LAW

Leonard J. Augustine, Jr.
October 1, 2007
Page 2

However, without conceding that its initial PICs are in any way insufficient, AOS will agree to re-examine its PICs and provide appropriate supplemental information.

Fairchild must do the same. As stated in Mr. Wu's September 21, 2007 letter, "Fairchild's own PICs include far more significant flaws." It is inconsistent with both the letter and the spirit of the Local Rules for Fairchild to accuse AOS's entire product line, as it purports to do in its PICs. There is no provision in the Local Rules authorizing Fairchild's approach of accusing all of AOS's products and then providing information required by Local Rule 3.1 only as to a "representative sample" of 14 products. In short, Fairchild must amend its PICs to identify properly the alleged accused products, and to address the other deficiencies outlined in Mr. Wu's September 21, 2007 letter.

Now that both AOS and Fairchild have amended their pleadings to assert additional claims for patent infringement, the PICs need to be amended to address those new claims as well. I propose that each side have until October 19 to serve amended PICs that address the newly added patents and the issues discussed above, and that the deadline for service of invalidity contentions be continued to November 16, 2007.

Very truly yours,

Brett M. Schuman


c: Eric P. Jacobs, Esq.