MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Brett M. Schuman (State Bar No. 189247)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
bschuman@morganlewis.com
aspicer@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
awu@morganlewis.com

Attorneys for Plaintiffs and Counterdefendants
ALPHA & OMEGA SEMICONDUCTOR, INC.
ALPHA & OMEGA SEMICONDUCTOR, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-2638 JSW (EDL)<br>(Consolidated with Case No. 07-2664 JSW)<br><br>**OPPOSITION TO FAIRCHILD'S MOTION TO CONTINUE THE HEARING DATE FOR AOS'S PENDING MOTION TO STRIKE[1] PURSUANT TO CIV. L.R. 6-3** |

---

[1] Fairchild's motion is entitled "Fairchild Semiconductor Corporation's Notice of Motion and Motion To Change Time To Consolidate The Hearing Dates On Discovery Motions."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO FAIRCHILD'S MOTION TO
CONTINUE, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

**OPPOSITION TO MOTION TO CONTINUE**

On October 23, 2007, Plaintiffs Alpha & Omega Semiconductor, Inc. and Alpha & Omega Semiconductor, Ltd. (collectively, "AOS") filed a motion to strike the Patent Local Rule 3.1 Disclosure ("PICs") of Defendant Fairchild Semiconductor Corporation ("Fairchild"). That motion was properly filed after AOS's efforts to meet and confer with Fairchild failed to resolve the issue raised by AOS's motion, and was properly noticed for November 27 - the first available hearing date that was not less than thirty-five days after filing of the motion.

Approximately two weeks later, and the day before its opposition was due, Fairchild asked AOS's counsel to continue the hearing date for that motion. AOS properly refused, informing Fairchild that AOS expected it would soon have to file its own motion to compel and that it would make more sense to have both motions to compel heard together at a later date. Fairchild then filed the instant motion, seeking to postpone the hearing date on AOS's motion to December 11, 2007.

Fairchild's motion should be denied for at least the following reasons.

*First*, Fairchild's assertion that AOS's motion and Fairchild's later filed motions all "involve overlapping issues, that hearing all the pending motions at the same time would be more efficient for the Court and the parties, and that it would ensure the most reasonable and effective resolution of the motions" is simply wrong. *See* Motion to Continue, Docket #65, at 2:11-14. AOS's motion to strike is directed at Fairchild's attempt to evade the requirements of Patent L.R. 3.1 in a very specific and novel way: by indiscriminately accusing 342 AOS products – every product on AOS's internet "MOSFET selection guide" - based on a disclosure regarding only 14 products plus an assertion that all of the products are the same. *See* AOS's Motion to Strike, Docket #51. AOS has not taken this approach in its Patent L.R. 3-1 disclosure. Fairchild's recently filed motion to strike challenges AOS's disclosure on different grounds.

*Second*, Fairchild's suggestion that all discovery motions can or should be heard at the same time fails for another reason: there necessarily will be more than one hearing on the parties' discovery motions. Fairchild knows that AOS expects to file its own motion to compel directed at Fairchild's insufficient responses to AOS's written discovery requests and directed to a similar

issue regarding the definition of "Accused Fairchild Devices." *See* Declaration of Harry Doscher, ¶ 6.[2] Absent an order shortening time, that motion cannot be noticed for hearing any sooner than December 18, 2007. Thus, continuing the hearing on AOS's motion to strike to December 11 will not, as Fairchild requests, result in a single hearing on all parties' discovery motions.

*Third*, Fairchild's motion to compel (Docket #57) presumes that Fairchild's Patent L.R. 3-1 Disclosures ("PICs") are proper – the very issue raised by AOS's pending motion to strike:

> In its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"), Fairchild specifically identified 342 AOS power MOSFET products as infringing Fairchild's asserted patents. AOS seeks to limit its discovery obligations in this case to eighteen AOS products . . . Fairchild has accused all of AOS's trench power MOSFET and IGBT products, whether sold by themselves or in modules with other electronic devices, and provided PICs explaining how the asserted claims of the Fairchild patents read on the accused products. AOS's attempts to limit its discovery obligations to a small subset of those products should be rejected, and AOS should be ordered to produce discovery on all of its accused trench power MOSFET and IGBT products.

*See* Fairchild's Motion to Compel, Docket #57, at 1:19-2:18. Thus, rather than postpone the hearing on AOS's *motion to strike* Fairchild's PICs, it would make far more sense to postpone the hearing on Fairchild's *motion to compel* until after the Court has resolved the issue raised by AOS's motion to strike regarding the sufficiency of Fairchild's PICs.

*Fourth*, AOS would be prejudiced if Fairchild's motion to continue is granted. Based on its insufficient PICs – the very subject of AOS's motion to strike – Fairchild is pressing AOS for complete discovery regarding 342 of AOS's power MOSFET products. *See, e.g.,* Fairchild's Motion to Compel, Docket #57, at 4:10-26. AOS is entitled to have the issue raised by its motion to strike resolved as soon as possible.

---

[2] What Fairchild does not reveal in its recently filed motion to compel, docket #57, is that AOS has similar problems with Fairchild's discovery responses – specifically, but not only, Fairchild's attempt to limit AOS's discovery regarding "accused products" – as Fairchild complains about in its motion with respect to AOS's discovery responses. In short, Fairchild has tried to gain some perceived tactical advantage by filing its motion first, even though it knew from meet and confer correspondence that AOS expects to file a motion directed at a similar issue.

Dated: November 9, 2007     MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
Brett M. Schuman

*Attorneys for Plaintiffs and Counterdefendants Alpha & Omega Semiconductor, Inc. and Alpha & Omega Semiconductor, Ltd.*