# EXHIBIT A

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650.843.4000
Fax: 650.843.4001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Harry F. Doscher**
Associate
650.843.7565
hdoscher@morganlewis.com

October 5, 2007

**VIA EMAIL & U.S. MAIL**

Eric P. Jacobs, Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
epjacobs@townsend.com

                Re:    *Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc. v. Fairchild Semiconductor Corporation*, Nos. C 07-2638 JSW and C 07-2664 JSW (N.D. Cal.)

Dear Mr. Jacobs,

We are writing regarding Fairchild Semiconductor Corporation's Responses to Alpha & Omega Semiconductor, Inc.'s First Set of Interrogatories and First Set of Requests for Production of Documents and Things. As set forth in detail below, Fairchild's responses are almost entirely nonresponsive to AOS's discovery requests, and, instead rely on improper and untenable objections. Fairchild's responses fail to comply with the Federal Rules of Civil Procedure and must be supplemented immediately.

Fairchild has generally objected that all of AOS's discovery requests are "vague and ambiguous, overbroad, unduly burdensome and oppressive, not relevant to the subject matter of the present action, not relevant to the claim or defense of any party, and [] not reasonably calculated to lead to the discovery of admissible evidence with respect to the term 'Accused Fairchild Device.'" First, not only do AOS's discovery requests define "Accused Fairchild Device" using the well understood term "power MOSFET-based device", but they continue to provide non-exclusive examples, some of which are drawn from Fairchild's own web site. Particularly in contrast to the definition of "accused product(s)" used in Fairchild's discovery requests, AOS's definition of "Accused Fairchild Device" is a model of clarity and precision. Second, the definition of "Accused Fairchild Device" relates directly to the subject matter of the patents in suit: power MOSFET-based devices. Third, discovery regarding Fairchild's power MOSFET-based devices is not only calculated to lead to the discovery of admissible evidence, it is directly relevant to

Eric P. Jacobs, Esq.
October 5, 2007
Page 2



Morgan Lewis
COUNSELORS AT LAW

AOS's claims that those very devices infringe its asserted patents and to Fairchild's defenses against those claims, as well as to Fairchild's claim for declaratory judgment that those very devices do not infringe AOS's asserted patents and AOS's defenses against those claims. Accordingly, AOS is entitled to discovery regarding all of Fairchild's power MOSFET-based devices, and Fairchild must supplement its responses immediately.

### Fairchild's Insufficient Responses To AOS's Interrogatories

With respect to Interrogatory Nos. 1-5, 7 and 12-13, Fairchild improperly limits its responses to "the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement Contentions served on August 31, 2007." Fairchild does not even attempt to provide any legal basis for limiting its responses based on the non-exclusive, representative examples provided in a separate document that was served over one month after AOS's discovery requests, nor can it. First, the term "Accused Fairchild Product" is clearly defined by AOS's discovery requests and nothing in the Federal or Local Rules requires AOS to provide Fairchild an exhaustive list of accused devices at this stage of discovery or permits Fairchild to conjure up a more convenient definition. Second, AOS claims that Fairchild's power MOSFET-based devices infringe certain of AOS's patents, and AOS is therefore entitled to discovery regarding all products that may infringe those patents. Third, Fairchild seeks a declaratory judgment in this case that none of its products infringe the '567 and '776 patents; accordingly, AOS is entitled to discovery regarding all products that would be the subject of such a declaratory judgment.

Interrogatory No. 6 simply asks for the facts supporting Fairchild's contention that its accused products do not infringe AOS's asserted patents. In response, Fairchild improperly refuses to provide any such facts, objecting that AOS's Preliminary Infringement Contentions are "insufficient" under the Patent Local Rules. As Mr. Wu and Mr. Schuman have explained, AOS's PICs plainly meet the standard of providing "notice of infringement beyond that which is provided by the mere language of the patents themselves." *Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799, *4 (N.D. Cal. 2003). But more importantly, for present purposes, the Patent Local Rules do not permit Fairchild to delay responding to this Interrogatory regardless of the state of AOS's PICs. Patent L.R. 2-5 states that "it shall not be a legitimate ground for objecting to an opposing party's discovery request . . . that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules."

With respect to Interrogatory Nos. 8, 17 and 21, Fairchild provides no response whatsoever. Instead, Fairchild indicates that its "investigation [] is ongoing." Fairchild's responses to these Interrogatories are delinquent and must be provided immediately. AOS already granted Fairchild an extension of time to prepare its responses to AOS's discovery requests. Fairchild cannot, in effect, give itself a unilateral and indefinite additional extension by claiming it is still investigating.

Eric P. Jacobs, Esq.
October 5, 2007
Page 3



Interrogatory No. 11 simply asks for the identification of certain persons and the dates and scope of work for or on behalf of Fairchild. In response, Fairchild claims that it does not have a policy of keeping "separate records" of previous or subsequent employment of its employees. The Federal Rules impose on Fairchild an obligation to answer this Interrogatory with whatever knowledge or documents are within its possession, custody or control regardless whether such records are kept "separately" or not, and Fairchild must supplement its response immediately.

Interrogatory No. 12 simply asks for the identification of persons with knowledge of certain topics. In response, Fairchild has identified only a single individual for each of the topics for which the parties have not stipulated to defer discovery. It is apparent that these are not the only persons affiliated with Fairchild having knowledge of, for example, Fairchild's noninfringement contentions or the design, research, development or manufacture of Fairchild's power-based MOSFET devices. Once again, Fairchild's responses falls far short of the requirements of the Federal Rules of Civil Procedure, and must be supplemented immediately.

With respect to Interrogatory No. 8, Fairchild objects that this Interrogatory "is not reasonably limited in time, as it requests 'information for the time period June 16, 1998 to the present.'" However, Fairchild admits in response to a later Interrogatory (No. 16) to having sold or offered to sell products that practice claims of asserted Fairchild patents at least as early as September 4, 1998 with investigation still ongoing. Information relating back to this period is relevant to not only a determination of damages, including any reasonable royalties or lost profits, but also to the commercial success of the claimed invention. Fairchild must supplement its responses to this Interrogatory immediately.

### Fairchild's Insufficient Responses To AOS's Document Requests

As with its responses to the Interrogatories, Fairchild improperly limits its responses to Document Request Nos. 10, 12-17, 19-26, 28, 30-31, 36-37, 39-46, 48-49, 55 and 115 to "the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement Contentions served on August 31, 2007." As discussed above, Fairchild's attempt to redefine and limit AOS's discovery in this fashion is entirely improper and Fairchild must supplement its responses to these Document Requests immediately.

With respect to Document Request No. 4, Fairchild objects on three grounds: (1) privilege, (2) over breadth, undue burden and oppression based on AOS's request for "all documents and things relating to the AOS Asserted Patents," and (3) that the information is publicly available and equally available to AOS. Each of Fairchild's objections is improper. First, Fairchild has not identified the documents it has withheld or the type of privilege it is asserting with regard to any particular document, nor has it provided any explanation supporting its assertion. Second, AOS is entitled to discovery of all documents and things within the possession, custody or control of Fairchild that relate to the AOS Asserted Patents; such a request is reasonably

Eric P. Jacobs, Esq.
October 5, 2007
Page 4



calculated to lead to the discovery of admissible evidence concerning, for example, infringement, inducement of infringement, contributory infringement, commercial success and/or validity of the claimed invention. Third, the request for "[a]ll documents and things relating to the AOS Asserted Patents" refers to such documents and things that reside within the possession, custody or control of Fairchild; obviously, such documents and things are neither publicly available nor equally available to AOS. Fairchild must provide a response to this request immediately.

Fairchild again improperly refuses to provide any documents in response to Document Request No. 5, objecting that AOS's Preliminary Infringement Contentions are "insufficient" under the Patent Local Rules. As explained above, Fairchild's objection to this Document Request is improper and its response must be provided immediately.

Document Request No. 11 simply requests a fully functional sample of each Accused Fairchild Device. In response, Fairchild states that it "will agree to a mutual exchange of representative accused devices based on an agreement of the parties." This is not a valid discovery response. Fairchild previously proposed that the parties stipulate to such an arrangement. AOS responded that it must first have sufficient discovery before assessing whether it can agree to Fairchild's proposal and, if so, what a "representative" sample of accused devices would be. In short, Fairchild's offer was rejected because it puts the cart before the horse. Fairchild cannot leverage an affirmative response to its proposal by refusing to provide discovery in response to a proper request. Nor is there any support for Fairchild's objection that the Document Request is "overbroad, unduly burdensome and oppressive and seeking information that is not relevant to the subject matter of the pending action or claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence." First, the Accused Fairchild Devices are the subject matter of the pending action, they are integral to proving the infringement of the devices themselves, and they will themselves be admissible at trial to prove Fairchild's infringement of AOS's asserted patents. Second, the request for a sample of each accused device cannot possibly be considered overbroad, unduly burdensome or oppressive when AOS has only requested one sample for each, and the samples themselves cost pennies to produce. Once again, Fairchild's response falls far short of the requirements of the Federal Rules of Civil Procedure, and must be supplemented immediately.

With respect to Document Request No. 28, Fairchild states that "[t]he parties have stipulated that this request can be deferred until a later period in discovery, to be determined by the parties." Fairchild misstates the stipulation of the parties, which does not allow Fairchild to defer this Document Request "to the extent it relates to analyses of, or comparisons with, AOS products." Fairchild's response to this Document Request is improper and must be supplemented immediately in accordance with the terms of the stipulation.

With respect to Document Request No. 29, Fairchild admits that it is not allowed to defer this request "to the extent it relates to actions taken by Fairchild in response to awareness of the AOS patents." Nonetheless, Fairchild offers no further response to this request, nor any indication that

Eric P. Jacobs, Esq.
October 5, 2007
Page 5



Morgan Lewis
COUNSELORS AT LAW

it will produce such responsive documents and things, nor any basis for refusing to do so. Fairchild must produce this material immediately.

Document Request No. 43 asks for "[d]ocuments sufficient to identify each of your U.S. and foreign customers for any Accused Fairchild Device." In response, Fairchild states that it will produce documents "relating to the identity of foreign customers." Fairchild neglects to mention that the parties have stipulated that Fairchild may only defer responding to the remainder of the request. We assume that this was an oversight on Fairchild's part and that it remains Fairchild's position that it will abide by the terms of the stipulation. If this is not correct, please let us know.

With respect to Document Request Nos. 44 and 45, Fairchild improperly attempts to rewrite these Document Requests and limit its response to documents "relating to the identity of foreign customers." Instead, Document Request 44 asks for "[a]ll documents reflecting communications regarding AOS, any of the patents-in suit, or this litigation, with each customer, potential customer, buyer, client consumer or vendor for all the Accused Fairchild Devices," while Document Request No. 45 asks for "[a]ll documents relating to any requirement of your customers . . . relating to any Accused Fairchild Device. . . ." Not only are these requests not geographically limited, but they are not even directed towards the identity of any customer. The documents and things sought by these requests are relevant to infringement, validity, and induced or contributory infringement. Fairchild's response is improper and must be supplemented immediately.

With respect to Document Request No. 46, Fairchild states that it will produce documents "relating to the identity of foreign customers." Fairchild simultaneously neglects to acknowledge the parties' stipulation regarding this request and mischaracterizes the terms of that stipulation. The parties have stipulated that Fairchild may defer responding to this request except to the extent it relates to the identity of foreign purchasers of accused products and/or the identity of products purchased by foreign purchasers. Once again, we assume that these were oversights on Fairchild's part and that it remains Fairchild's position that it will abide by the terms of the stipulation.

With respect to Document Request Nos. 76 and 82 (to the extent the latter relates to personnel files), Fairchild objects on the grounds that the personnel files of employees who were involved in the development of the claimed invention in any Fairchild Asserted Patent are (1) privileged, (2) overbroad, unduly burdensome and oppressive to produce, (3) not relevant, (4) protected by common law, constitutional and/or statutory rights of privacy, and (5) highly personal and sensitive. Each of these objections is improper. First, Fairchild offers no explanation of how such files fall within either the attorney-client or work product privileges, nor has it provided a privilege log. Second, Fairchild provides no explanation why the limited request for files of specific employees who were involved in the development of the several Fairchild Asserted Patents would be overbroad, unduly burdensome or oppressive to produce. Third, these files may contain or lead to the discovery of admissible evidence regarding validity or enforceability

Eric P. Jacobs, Esq.
October 5, 2007
Page 6



of the Asserted Fairchild Patents. Fourth, Fairchild has cited absolutely no legal support for its assertion that the files are protected by common law, constitutional and/or statutory rights of privacy. Fifth, most information contained in personnel files, such as date and scope of employment, is hardly "highly personal and sensitive." Moreover, regardless of the sensitivity of these files, they are discoverable under the terms of the Protective Order in this case. Fairchild's objections to this Document Request are improper, and their response must be supplemented immediately.

With respect to Document Request Nos. 92, 112 and 113, Fairchild again objects on the grounds of (1) privilege, and (2) relevance. These objections are no more proper here than elsewhere. Once again, Fairchild has not identified the documents it has withheld or the type of privilege it is asserting with regard to any particular document, nor has it provided any explanation supporting its assertion, nor has it produced a privilege log. Second, AOS is entitled to any documents and things relating to the inventions in the Fairchild Asserted Patents, to a fully functional sample of each commercial embodiment of every Fairchild Asserted Patent and to products that compete with those commercial embodiments; such requests are reasonably calculated to lead to the discovery of admissible evidence concerning, for example, infringement, inducement of infringement, contributory infringement, commercial success and/or validity of the claimed invention. Fairchild must provide responses to these requests immediately.

*   *   *

The foregoing is not intended to be an exclusive or complete catalog of the deficiencies with Fairchild's discovery responses. Our review of Fairchild's discovery responses, including the documents produced by Fairchild to date, is ongoing. Here, we have attempted to identify only the most glaring deficiencies that require Fairchild's immediate attention. AOS reserves its right to compel complete responses to all of its discovery requests.

We look forward to your prompt response.

Very truly yours,

Harry F. Doscher

c: Brett M. Schuman, Esq.