# EXHIBIT C

Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650.843.4000
Fax: 650.843.4001
www.morganlewis.com

Morgan Lewis
COUNSELORS AT LAW

October 24, 2007

By Email & First Class Mail

Leonard J. Augustine, Jr., Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111

Re: *Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc. v. Fairchild Semiconductor Corporation*, Nos. C 07-2638 JSW and C 07-2664 JSW (N.D. Cal.)

Dear Leonard,

We write again regarding Fairchild Semiconductor Corporation's responses to Alpha & Omega Semiconductor, Inc.'s First Set of Interrogatories and First Set of Requests for Production of Documents and Things. We also respond to your October 10, 2007 letter regarding Fairchild's deficient discovery responses. As set forth below, our ongoing review of the documents identified by Fairchild in response to AOS's Interrogatories has so far identified a number of deficiencies in Fairchild's responses. In addition, the arguments offered by your letter fail to justify Fairchild's improper responses to AOS's discovery requests.

**Fairchild's Production of Documents and Answers to Interrogatories**

Fairchild did not provide any substantive information in its responses to the majority of AOS's Interrogatories, except to identify documents under Fed. R. Civ. P. 33(d). Although we are still in the process of reviewing the documents produced by Fairchild to date, it appears that Fairchild has failed to comply with its obligation under Fed. R. Civ. P. 33(d) to specify records from which the answers to AOS's Interrogatories may be ascertained. In particular, Fairchild has not produced any specimens of its products or indicated where in Fairchild's responses a correlation between the produced documents and each Accused Fairchild Device can be found. Fairchild has identified very few SEMs, TEMs or process flows and most, if not all, of those documents (1) are out of date, (2) fail to indicate which region they depict, and (3) fail to identify any correlation with




any identifiable Accused Fairchild Device. Further, Fairchild failed to produce relevant documents corresponding to all eight of the specific devices to which Fairchild impermissibly limited its responses; for example, Fairchild failed to produce within its 33(d) responses any recipes referring to at least two of those devices, FDS4435BZ and FDS6675BZ.

An example of Fairchild's failure to comply with its obligation under Fed. R. Civ. P. 33(d) can be found in Fairchild's response to Interrogatory No. 2, which seeks detailed descriptions of the "research, development, design, configuration, engineering, and testing *processes* for [each Accused Fairchild Device]" (emphasis added.) Many of the documents specifically identified by Fairchild's responses fail to reflect any process at all, e.g., FAIR0008356, FAIR0008490-8504, and FAIR0009843 are bonding diagrams or CAD files that do not indicate the process by which the depicted configuration was determined. Other documents appear to contain procedures for operating various pieces of machinery. Fairchild has failed, for example, to identify where in their production any documents may be found that describe the processes for development of, e.g., the source contact area configuration, the determination of the number and distribution of lead wires or the number and layout of gate-runners, the material composition, thickness, dopants used, doping concentrations, and dopant implantation processes for each Accused Fairchild Device, or to indicate how the identified documents correlate to each Accused Fairchild Device.

Interrogatory No. 3 requests "(a) a region by region description of each [Accused Fairchild Device] . . .; and (b) the function and performance characteristics of the Accused Fairchild Device by region and as a whole . . . ." Fairchild's 33(d) responses are entirely non-responsive. The documents identified do not contain a single document that provides any description of any region, function or performance characteristic of any Accused Fairchild Device. The single page identified by Fairchild that purports to represent a diffusion profile (FAIR0009852) appears to be the result of an unidentified computer simulation and does not provide any correlation to any identified region or device.

With regard to Interrogatory No. 4, Fairchild's 33(d) responses fail to include a single process flow. Instead, they point again to the procedures for operating various pieces of machinery without identifying how they correlate to any Accused Fairchild Device or how they describe, *inter alia*, the implantation or diffusion process, the dopants employed, processing conditions such as temperature or pressure, or temperature and pressure changes during the process for each Accused Fairchild Device. Another document identified by Fairchild, FAIR0009843, contains two CAD files that appear to show packaging designs without any identification of the layers shown or correlation to any Accused Fairchild Device. The final document identified by Fairchild's 33(d) responses is the same anonymous computer simulated diffusion profile mentioned above.

With respect to Interrogatory No. 13, Fairchild's 33(d) response consists of a one page document identifying the president of Fairchild Semiconductor Corporation and certain




senior executives reporting to the president. This one document does not even purport to show (a) the parent, subsidiary, and affiliated organizations of Fairchild or their relationships, or (b) the structure relating to engineering, design, research, development, manufacture, fabrication, marketing, sales, promotion, exportation and/or distribution of the Accused Fairchild Devices.

With respect to Interrogatory No. 14, none of the documents identified in Fairchild's 33(d) response mention any Asserted Fairchild Patent, much less key concepts such as an "abrupt junction" or the point of breakdown initiation. Fairchild's response identifies a subset of the same documents that Fairchild identified, in its 33(d) responses to Interrogatory Nos. 2 and 4, as describing the manufacturing, design, and other processes related to each Accused Fairchild Device. Fairchild has not indicated how any of these documents identify the dates of conception or reduction to practice of any Asserted Fairchild Patent, or the circumstances surrounding the conception or reduction to practice, the persons present, when work began, the research objectives, etc.

**Fairchild's October 10, 2007 Letter**

With respect to Document Request No. 76, you ask whether AOS intends this request to apply to employees who were "involved in the development of" or only to those who were "directly involved in the conception and reduction to practice of" the claimed inventions in Fairchild's Asserted Patents. The distinction is itself ambiguous; however, without in any way limiting or waiving your obligation to produce relevant discovery related to any individual involved in the development of the claimed invention, AOS agrees that Fairchild should produce the personnel files of any employee who was directly involved in the conception and reduction to practice of the claimed inventions in Fairchild's Asserted Patents.

Additionally, we note that Fairchild has not offered any argument in support of its previous attempt to re-write AOS's Document Request No. 44 so as to limit its response to documents "relating to the identity of foreign customers." We trust that Fairchild will immediately supplement its response and produce "[a]ll documents reflecting communications regarding AOS, any of the patents-in-suit, or this litigation . . . ." If this is not the case, please let us know.

With regard to AOS's definition of "Accused Fairchild Devices," Fairchild has objected to AOS's definition of "Accused Fairchild Devices" within the General Objections sections of Fairchild's responses to both sets of AOS's discovery requests, and those General Objections sections purport to apply themselves to each such request. Further, each and every one of Fairchild's specific responses to individual AOS's discovery requests purports to incorporate by reference the General Objections in their entirety. Thus, your statement

> "[AOS's] assertion that Fairchild has objected on the basis of this definition to 'all of AOS's discovery requests' is



> plainly wrong. Fairchild has not objected on this basis to discovery requests that do not use the term 'Accused Fairchild Devices,' and has not even objected to every discovery request that uses that term . . ."

is inconsistent with Fairchild's incorporation of its General Objections in each of its discovery responses.

Turning to Fairchild's specific objections to AOS's definition of "Accused Fairchild Devices," your various assertions regarding that term are untenable. Indeed, the very fact that Fairchild did not object to the definition of "Accused Fairchild Device" in some of the discovery requests that use that term demonstrates that Fairchild does, in fact, understand the term, that it is not vague and ambiguous, overbroad, unduly burdensome or oppressive, and that it is relevant both to the subject matter of this action and to the claims and defenses of the parties, and is calculated to lead to the discovery of admissible evidence.

Your continuing refusal to consider the well understood phrase "power MOSFET-based device" in the context in which it is used betrays the weakness of your objection. Whereas Fairchild's unlimited definition of "accused product(s)" as "any and all systems or products . . . containing trench design power MOSFETs or IGBTs" must be read literally to include every electronic system or device used by either AOS or its customers including, e.g., telephones and automobiles, AOS's use of the word "based" in the phrase "power MOSFET-based device" serves, as you admit, to limit and clarify the scope of AOS's definition. Furthermore, AOS illustrates its definition with a substantial list of specific, non-exclusive examples, most of which reflect product definitions used within Fairchild's own web site. Moreover, your assertion that the term "trench design power MOSFETs or IGBTs" is well known in the industry as a means of describing the design of the gate in these devices is simply untrue. The term may, for example, refer to a trench contact device with a planar gate.

Your assertion that "only those devices that exhibit characteristics of the patent claims at issue . . . are the subject matter of this lawsuit" puts the cart before the horse, at least in that (1) one purpose of discovery is to discover certain characteristics of Fairchild's devices, and (2) claim construction has not yet occurred. As explained in our October 5, 2007 letter to Mr. Jacobs, the Federal or Local Rules do not require AOS to provide Fairchild with an exhaustive list of accused devices at this time, nor do they permit you to re-write the definition of "Accused Fairchild Devices" more to your liking, nor do they require AOS to comb through Fairchild's product catalogue and, before any discovery, separately justify why every Accused Fairchild Device is "reasonably similar" to one of the non-exclusive, representative products identified within AOS's *Preliminary* Infringement Contentions (PICs) (emphasis added.) AOS has asserted process and packaging patents that may be infringed by any Accused Fairchild Device regardless of any other similarity or dissimilarity; discovery regarding each of those devices is relevant and proper. Therefore, the subject matter of this litigation encompasses all of Fairchild's




power MOSFET-based devices, and it is incontestable that AOS's definition, as used in AOS's various discovery requests, will lead to the discovery of information about those devices that is admissible. For at least the above reasons as well as those stated in our letter of October 5, 2007 to Mr. Jacobs, Fairchild's limitation of its responses to AOS's Interrogatory Nos. 1-5, 7 and 12-13, as well as Fairchild's limitation of its responses to AOS's Document Request Nos. 10, 12-17, 19-26, 28, 30-31, 36-37, 39-46, 48-49, 55 and 115, to "the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement Contentions served on August 31, 2007" is improper, and Fairchild must supplement these responses immediately.

With respect to Interrogatory No. 6 and Document Request No. 5, AOS served its PICs to Fairchild on August 31, 2007 and your own authority repudiates Fairchild's objection that subsequent discovery requests seeking Fairchild's non-infringement positions are premature. *See Townshend Intellectual Property, L.L.C. v. Broadcom Corp.*, 2007 WL 2462152, *3 (slip copy) (N.D. Cal. Aug. 29, 2007) (A patent defendant will be required to set out and support its non-infringement case after the plaintiff has complied with its obligation to serve Preliminary Infringement Contentions.) As we have explained to you on at least three prior occasions, AOS's initial PICs are adequate to provide Fairchild with notice regarding the claims, methods and products at issue in this case and thus comply with the Patent L.R. *See Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799, *4 (N.D. Cal. 2003) ("Patent L.R. 3-1 does not require [a party] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions. . . . [A] party may comply with Patent L.R. 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves.") Nevertheless, in the interest of avoiding motion practice, AOS supplemented its PICs on October 19, 2007 to address your concerns. If Townsend still refuses to respond to these requests because of any alleged insufficiency in AOS's PICs we will move to compel.

In addition, your attempt to raise, for the first time, Patent L.R. 2-5(a) as an objection to Interrogatory No. 6 and Document Request No. 5 is inappropriate. In addition to the reasons stated above, and in addition to the obvious point that Patent L.R. 2-5(a) by its own terms is limited to a party's claim construction positions and not to documents that may or may not have been predicated on those positions, Fairchild failed to timely raise this objection in its responses to AOS's discovery requests and has therefore waived the objection. Fed. R. Civ. P. 33(b)(4). For at least these reasons as well as those stated in my letter of October 5, 2007 to Mr. Jacobs, Fairchild's objections to AOS's Interrogatory No. 6 and Document Request No. 5 are improper, and Fairchild must supplement its responses immediately.

With respect to Interrogatory Nos. 8, 17 and 21, Fed. R. Civ. P. 33(b)(3) defines the time within which Fairchild is required to answer, AOS had already granted Fairchild one extension of time to prepare its responses, and the parties have not stipulated to further defer these interrogatories. Fairchild's continued refusal to provide answers to these




interrogatories except at what it deems an "appropriate time" is a direct violation of its obligations under the rules. If we have not received a substantive response to these requests by November 1, 2007, we will move to compel.

With further regard to Interrogatory No. 8, as we already explained to Mr. Jacobs, regardless of the date(s) from which AOS's ultimate recovery is measured, AOS is entitled to discovery from any date relevant to issues such as validity and infringement, and historical data relevant to the computation of reasonable royalties and lost profits. Furthermore, Interrogatory No. 8 requests, for example, "(b) the total number of units imported into the United States on an annual basis; (c) the quantity sold . . . (1) by *or for* Fairchild and (2) by or for any other person or entity" (emphasis added.) Fairchild responded to this Interrogatory by stating that its investigation was still ongoing with respect to the importation and sale of "an 'Accused Fairchild Device' by any entity other than Fairchild." Your assertion that none of the information requested by this Interrogatory relates to the importation or sale of accused products by any entity other than Fairchild can be reconciled with the plain language of the Interrogatory and with Fairchild's prior answer only if meant as an affirmative statement that no entity other than Fairchild has imported or sold any Accused Fairchild Device. If such is not the case, please supplement your response immediately.

With respect to Document Request No. 4, we have already explained in our October 5 letter to Mr. Jacobs why the information requested is relevant and not unduly burdensome or oppressive, and none of your continuing arguments rebut those explanations. Your suggestion that the request for "[a]ll documents and things relating to the AOS Asserted Patents" is overbroad, unduly burdensome or oppressive or is not described with reasonable particularity simply because such information could be relevant to "virtually every aspect of AOS's case" makes our argument for us. Please identify to which aspects of AOS's case you do not feel AOS is entitled to discovery.

As explained in our October 5, 2007 letter to Mr. Jacobs, Document Request No. 11 simply requests a fully functional sample of each Accused Fairchild Device. Fairchild cannot properly attempt to leverage an affirmative response to its proposal regarding representative samples by denying AOS sufficient discovery to assess whether it can agree to that proposal, and if so, what a "representative" sample of accused devices would be. Finally, Fairchild routinely collects, tracks and distributes these products in the course of its business. Your assertion that the logistical costs of doing so are "prohibitively expensive" is frivolous.

With respect to Document Request No. 45, which seeks "[a]ll documents relating to any requirements of your customers . . . *relating to any Accused Fairchild Device. . . .*" (emphasis added,) only by ignoring the latter, limiting phrase are you able to argue that the request is overbroad. Such selective quotation to misrepresent the meaning of a discovery request is improper and not in good faith. Equally improper are your bald attempts to rewrite this request by purporting to limit your response to the identity of foreign customers; your purported response fails even to address the subject matter of the




request, which is "requirements," not "identity." Fairchild must supplement its response immediately.

With further respect to Document Request Nos. 76 and 82, the very authority you cite undermines your assertion that the documents sought are "protected by common law, constitutional and/or statutory rights of privacy." *See Megargee v. Wittman*, 2007 WL 2462097, *2 (slip copy) (E.D. Cal., Aug. 27, 2007) ("As to Defendants' privacy concerns, such concerns should be addressed by a stipulated protective order."); *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990) (finding that "any burden or irritation that may be caused by overruling the general privacy considerations" associated with the requested discovery "is outweighed by the importance of such discovery to the case."). The requested discovery is highly relevant to the issues of willfulness and infringement, and may yield admissible evidence related to, *inter alia*, Fairchild's knowledge of AOS's patents and technology and the contribution of people with such knowledge to the design, development and manufacture of Fairchild products, or, on the other hand, the access once enjoyed by current AOS employees to Fairchild's technology. As indicated in *Megargee*, any valid privacy concerns are addressed by the stipulated protective order already in place in this action.

With respect to Document Request No. 82, Fairchild has already agreed in its Responses to AOS's First Set of Requests for Production of Documents and Things to "produce non-privileged, responsive documents that are within Fairchild's possession, custody or control and that can be located after a reasonably diligent good faith search to the extent that the documents are not personnel files." The remaining point of contention is whether Fairchild must produce Fairchild's personnel files for current or former AOS employees. You assert that the request fails to meet the requirements of FRCP 34(b), which requires the request be set forth "either by individual item *or by category*, the items to be inspected, and describe each with reasonable particularity." Fed. R. Civ. P. 34(b) (emphasis added.) Simultaneously, you acknowledge that the request is limited to "certain employees," i.e., the category of any current or former employee of AOS. To the extent you base your objection on Rule 34(b), you have defeated your own argument. To the extent you confuse Rule 34(b) with your arguments based on relevance, overbreadth, etc., these documents are clearly relevant to the issue of infringement, among others, and as noted above, are limited to a reasonably defined subset of individuals.

With respect to Document Request No. 92, you fail to substantiate your assertion that this request is "vague and ambiguous, overbroad, unduly burdensome and oppressive, and seeking information that is not relevant to the subject matter of the pending action or claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence," nor can you. Discovery related to, e.g., published materials relating to any invention claimed in any asserted Fairchild patent, is undeniably and highly relevant to the validity of those patents. Your objection is improper; Fairchild's response to this request must be supplemented immediately.




With respect to Document Request No. 112, your objection fails for the same reasons as explained above regarding Document Request No. 5. Fairchild may not attempt to extort agreement to its "representative" sample proposal by holding hostage the very discovery that AOS requires to evaluate that proposal.

* * *

The foregoing is not intended to be an exclusive or complete catalog of the deficiencies with Fairchild's discovery responses. Our review of Fairchild's discovery responses, including the documents produced by Fairchild to date, is ongoing. Here, we have attempted to identify only the most glaring deficiencies that require Fairchild's immediate attention, and to respond in part to Fairchild's correspondence dated October 10, 2007 from Leonard Augustine, Jr. to Harry F. Doscher. AOS reserves its right to compel complete responses to all of its discovery requests.

We look forward to your prompt response.

Best Regards,

Harry F. Doscher

cc: Matthew R. Hulse (via email: mrhulse@townsend.com)
Eric P. Jacobs, Esq. (via email: epjacobs@townsend.com)
Igor Shoiket (via email: ishoiket@townsend.com)
Priya Sreenivasan, Esq. (via email: psreenivasan@townsend.com)
Brett M. Schuman, Esq. (via email: bschuman@morganlewis.com)
Andrew J. Wu, Esq. (via email: awu@morganlewis.com)