# EXHIBIT D

Case 3:07-cv-02638-JSW    Document 69-5    Filed 11/09/2007    Page 1 of 4

TOWNSEND
and
TOWNSEND
and
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

psreenivasan@townsend.com

November 2, 2007

*VIA ELECTRONIC MAIL AND U.S. MAIL*

Harry F. Doscher
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
(415) 442-1024

Re:   Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.,
      Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
      Our File No.: 18865P-021600

Dear Harry:

I am writing this letter in response to your October 24, 2007 letter to Leonard Augustine regarding Fairchild's discovery responses.

We believe that we have provided sufficient information in each of our interrogatory responses. For example, contrary to the assertion in your letter, Fairchild properly identified by production number, pursuant to Federal Rule of Civil Procedure ("Rule") 33(d), recipes that refer to FDS4435BZ and FDS6675BZ (*See eg.* Production Nos. FAIR0008505-0009842). However, in the spirit of cooperation, Fairchild will supplement Interrogatory Nos. 2-4 by specifying which documents correspond to which accused device (limited to the eight accused devices which are listed in Fairchild's response to Interrogatory No. 1) by November 16, 2007. Additionally, Fairchild will supplement Interrogatory Nos. 8, 13 and 17 by November 16, 2007 by identifying either particular documents pursuant to Rule 33(d) or additional information in its responses.

Fairchild stands by its objections to Interrogatory No. 6. AOS has served supplemental PICs that still fail to comply with the Patent Local Rules. Therefore, Fairchild does not have proper notice of AOS's infringement contentions and cannot possibly articulate a proper response to Interrogatory No. 6 at this time. Additionally, since Fairchild's non-infringement position is predicated on its claim construction position, it is premature to seek Fairchild's non-infringement position until the parties have exchanged their claim construction.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
November 2, 2007
Page 2

It appears that Fairchild and AOS have reached an impasse on each party's definition of "accused devices." The supplemental PICs served by AOS do not provide any support for its broad definition of "accused devices." Additionally, AOS's definition of "Accused Fairchild Products" in its discovery requests purports to cover a vast and indiscriminate array of Fairchild's products. By comparison, Fairchild's PICs have provided 56 claim charts applying to 14 different AOS products, and included an explanation as to why the claim charts for those products apply to the AOS products accused of infringement. Fairchild has also properly limited its definition of "accused devices" to AOS's systems and products that contain "trench design power MOSFETs or IGBTs." Fairchild still proposes (as it has proposed on numerous occasions) that the parties agree on a list of representative parts for discovery and trial to streamline the process and reduce the cost and burden on both parties.

On a similar note, with respect to AOS's Document Request No. 11, Fairchild will not agree to produce fully functional samples of the "Accused Fairchild Devices," as AOS has broadly defined them, at this time. This is simply an unduly burdensome request and is exorbitantly expensive for Fairchild. The parties can discuss an exchange of samples of accused devices as part of a general agreement regarding identification and production of representative parts.

Fairchild stands by its objections to Document Request No. 4, particularly that the request is overbroad, unduly burdensome and oppressive to the extent that it requests information regarding "all documents and things relating to AOS asserted patents." Documents regarding AOS's asserted patents are equally available to AOS. However, to the extent that responsive documents exist relating to the particular documents listed in the request, specifically: expired patents, continuations, continuations in-part, divisionals, reissues, reexaminations and any related foreign patents and patent applications relating to AOS's asserted patents, Fairchild will search for and produce non-privileged documents within its possession, custody or control that can be located after a reasonable search. To the extent that AOS's request for "all documents and things relating to AOS asserted patents" covers documents other than those listed above, please describe those other types of documents.

Document Request No. 5 is improper because it requests Fairchild's non-infringement position (and analyses and studies regarding non-infringement of the AOS patents) when, as stated with reference to Interrogatory No. 6, AOS has still failed to serve Fairchild with PICs that comply with the Patent Local Rules and clearly set out its infringement contentions. Therefore, Fairchild stands by its objections to Document Request No. 5.

Fairchild appropriately objected to Document Request No. 45. However, Fairchild will produce non-privileged documents within its possession, custody or control that could be located after a reasonable search that show specifications, design parameters, tolerances, features and price relating to customers. To the extent that AOS's request for "all documents relating to any requirements of your customers" covers documents other than those listed above, please describe those other types of documents.

61194540 v1

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
November 2, 2007
Page 3

      With regard to Document Request Nos. 76 and 82, Fairchild's objections are also appropriate. Your October 24th letter still does not adequately explain ***how*** highly personal and confidential but largely irrelevant information contained in the personnel files is relevant to a patent infringement lawsuit, especially since information relating to "*inter alia*, Fairchild's knowledge of AOS's patents and technology and the contribution of people with such knowledge to the design, development and manufacture of Fairchild's products" including work files of Fairchild employees, is being produced in response to other AOS requests. The case that you cite in your letter, *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548 (E.D. Cal. 1990) is a sexual harassment case brought on by former employees in an employment lawsuit. In *Cook*, the names and addresses of employees were directly relevant to the sexual harassment claim. It is still unclear how Fairchild personnel files are relevant to a patent infringement case. Moreover, even in *Cook*, the court required the party requesting the names and addresses to draft a letter, approved by the court, requesting the former employees' consent. The *Cook* court also limited the discovery only to the names and addresses of the employees ***and*** required the requesting party to obtain each employee's consent to participate in the lawsuit. The court finally stated that the discovery of their ***files*** is subject to individual consent of each the employees. Here, AOS has done nothing but propound discovery requests demanding the personnel files of Fairchild employees. AOS has a much heavier burden to meet in order to obtain highly personal and confidential personnel files of Fairchild employees. AOS has not met that burden.

      Fairchild's objections to Document Request No. 92 are also appropriate. However, to the extent that any non-privileged documents exist, Fairchild will produce documents within its possession, custody or control that could be located after a reasonable search that constitute or reflect searches, investigations, or evaluations of domestic or foreign patents, literature or other published materials relating to any invention claimed in any of the Fairchild Asserted Patents.

      With respect to Document Request No. 112, Fairchild's objections are proper. In its PICs, Fairchild has clearly listed all of the parts that embody the claims of the Fairchild asserted patents. AOS can easily obtain the information responsive to this request by purchasing any of the listed parts. Fairchild stands by its objections.

      I am generally available next week to discuss any of these issues with you.

Very truly yours,

*Priya Sreenivasan*
Priya Sreenivasan

P2S/ks
61194540 v1

61194540 v1