MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Brett M. Schuman (State Bar No. 189247)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
bschuman@morganlewis.com
aspicer@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Andrew J. Wu (State Bar No. 214442)
Harry F. Doscher (State Bar No. 245969)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
awu@morganlewis.com
hdoscher@morganlewis.com

Attorneys for Plaintiffs and Counterdefendants
ALPHA & OMEGA SEMICONDUCTOR, INC.
ALPHA & OMEGA SEMICONDUCTOR, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>                         Plaintiffs,<br><br>         v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>                         Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-2638 JSW (EDL)<br>(Consolidated with Case No. 07-2664 JSW)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>Date:      December 18, 2007<br>Time:     9:00 a.m.<br>Ctrm:     Courtroom E, 15th Floor<br>Judge:    Hon. Elizabeth D. Laporte |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION AND MOTION TO COMPEL,
CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

# NOTICE OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 18, 2007, at 9:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom E, 15th Floor, of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs and Counterdefendants Alpha & Omega Semiconductor, Inc. and Alpha & Omega Semiconductor, Ltd. (collectively, "AOS") will and hereby do move the Court for an Order To Compel Responses To Interrogatories And Production Of Documents. Specifically, AOS moves this Court to order Defendants and Counterclaimant Fairchild Semiconductor Corp. ("Fairchild") to provide full and complete responses to the following discovery requests propounded by AOS and objected to by Fairchild: Interrogatory Nos. 1-5, 7 and 12-13, and Requests for Production Nos. 10, 12-17, 19-26, 28, 30-31, 36-37, 39-46, 48-49, 55 and 115.

This motion is based on this Notice, as well as the below Memorandum of Points and Authorities in support of this motion, the Declaration of Harry F. Doscher and exhibits thereto, any argument presented by AOS's counsel at the hearing, and any further information that may be presented to the Court regarding this motion.

Dated: November 13, 2007                MORGAN, LEWIS & BOCKIUS LLP

                                        By: /s/ Harry F. Doscher
                                            Harry F. Doscher
                                            *Attorneys for Plaintiffs and
                                            Counterdefendants Alpha & Omega
                                            Semiconductor, Inc. and Alpha & Omega
                                            Semiconductor, Ltd.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a patent infringement case. Plaintiff AOS has accused the defendant, Fairchild, of infringing several patents related to the design and manufacture of MOSFETs. Fairchild has refused to provide discovery regarding any of its accused products other than the eight products specifically identified in AOS's Patent L.R. 3-1 Preliminary Infringement Contentions ("PICs"). AOS submits that Fairchild must provide all discovery reasonably calculated to lead to discovery of admissible evidence, including sufficiently broad discovery for AOS to identify the products that fall within its asserted claims. Certainly an accused infringer cannot refuse to provide discovery until the patent holder presents its own independent evidence of infringement. Accordingly, AOS respectfully requests that the Court compel Fairchild to properly respond to AOS's discovery requests under the following definition of "Accused Fairchild Products:"

> The term "Accused Fairchild Device" shall mean any power MOSFET-based device made, used, sold, offered for sale, or imported by Fairchild including:
>
> (a)  any IC that includes a source contact area that is connected to a lead-frame by more than one lead-wire; and/or
>
> (b)  any trench MOSFET; and/or
>
> (c)  MOSFET transistors having two dopant implants formed in a body region.

This definition fairly encompasses products likely to fall within AOS's patent claims, which will allow AOS to determine which products infringe its patents. While the definition is not expressly tied to the claim language of AOS's asserted patents, the issue of what products fall within those claims is one of the ultimate issues to be decided in the litigation; it cannot be a gatekeeper for discovery.

## II. BACKGROUND

AOS filed its original complaint against Fairchild on May 17, 2007, alleging infringement of two AOS patents.[1] AOS amended its complaint on September 28, 2007 to add a third patent.[2]

---

[1] These two patents are the 5,767,567 patent and the 5,907,776 patent.
[2] The 5,930,630 patent.

The claims of these three patents cover both products and the methods of their manufacture.

On July 30, 2007, AOS served its first set of Interrogatories and its first set of Requests for Production of Documents and Things. Both requests for production defined the term "Accused Fairchild Device" with specific references to product categories from Fairchild's own web site:

> The term "Accused Fairchild Device" shall mean any power MOSFET-based device made, used, sold, offered for sale, or imported by Fairchild, including without limitation, the devices identified on Fairchild's web site as Power Modules, Switches, Power Controllers, Power Drivers, Transistors, TRIACs, Voltage Regulators, Application based Products (Audio, Video, Lighting, Motor Divers and USB), Interface, Filters, and Temperature Management, and further including:
>
> (a)   any IC that includes a source contact area that is connected to a lead-frame by more than one lead-wire; and/or
>
> (b)   any trench MOSFET; and/or
>
> (c)   any other devices identified by AOS in the course of the litigation as infringing asserted AOS Asserted Patent.

*See* Declaration of Harry Doscher dated November 13, 2007 ("Doscher Decl."), Exhs. A and B. The key term "Accused Fairchild Device" under girds many of AOS's written discovery requests, including Interrogatory Nos. 1-5, 7 and 12-13 and Requests for Production Nos. 10, 12-17, 19-26, 28, 30-31, 36-37, 39-46, 48-49, 55 and 115. One month after serving its initial discovery requests, on August 31, 2007, AOS served its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"). AOS's PICs analyze eight Fairchild products identified as infringing AOS's asserted patents and accused "all other Fairchild products employing a corresponding design." Doscher Decl., Exh. C.

On September 28, 2007, Fairchild served its responses to AOS's initial discovery requests, objecting generally to AOS's definition of "Accused Fairchild Device" as "vague and ambiguous, overbroad, unduly burdensome and oppressive." Doscher Decl., Exhs. D and E. Fairchild agreed to provide discovery only with regard to the eight illustrative products provided in AOS's PICs, and refused to provide interrogatory responses or to produce documents related to any other Fairchild power MOSFET-based products, even those employing a structure corresponding to the

1 eight products analyzed in AOS's PICs. *Id.*

2      By letter dated October 10, 2007, Fairchild again refused to provide the requested
3 discovery on the grounds that "only those devices that exhibit characteristics of the patent claims
4 at issue . . . are the subject matter of this lawsuit." Doscher Decl., Exh. G. Fairchild anchored
5 their objections to AOS's definition of "Accused Fairchild Device" to their objections to AOS's
6 PICs,[3] stating that "AOS has provided no reasons why it believes any devices other than those
7 eight accused products are relevant . . . or that other devices encompassed within AOS's
8 definition are reasonably similar to the eight devices accused by AOS in its PICs such that
9 discovery would be appropriate for those devices." *Id.* Further, Fairchild claimed that AOS's
10 definition was overly broad in that "[t]o the extent that Fairchild understands the definition, it
11 would seemingly encompass an extraordinary number of products throughout Fairchild's product
12 lines where AOS's PICS included an accusation of only eight specific devices and provided an
13 insufficient basis for even that accusation." *Id.*

14      By letter dated November 2, 2007, Fairchild's counsel declared impasse. Doscher Decl.,
15 Exh. I. Again choosing to argue the sufficiency of AOS's PICs, Fairchild stated "[t]he
16 supplemental PICs served by AOS do not provide any support for its broad definition of 'accused
17 devices.' Additionally, AOS's definition . . . purports to cover a vast and indiscriminate array of
18 Fairchild's products."

19      On November 8, 2007, AOS, in the interest of resolving this dispute without motion
20 practice, proposed a revised definition of "Accused Fairchild Devices" that was focused on a
21 subset of Fairchild's power MOSFET-based devices most likely to infringe any one of AOS's
22 three asserted patents.[4] *See* Doscher Decl., Exh, J. During a November 12, 2007, conference
23 call, AOS agreed to two of Fairchild's suggested modifications to the definition, resulting in a
24 proposed definition substantially as follows:

---

[3] The sufficiency of the parties' PICs are the subject of other pending motions and will not be argued here.

[4] The '567 patent relates to a packaging design for a power MOSFET in which lead wires are arranged over a source contact area. The '776 patent relates to a method of manufacturing a trench design power MOSFET. The '630 patent relates to a method of manufacturing power MOSFETs characterized by two body-dopant implants.

>The term "Accused Fairchild Device" shall mean any power MOSFET-based device made, used, sold, offered for sale, or imported by Fairchild including:
>
>(a)   any IC that includes a source contact area that is connected to a lead-frame by more than one lead-wire; and/or
>
>(b)   any trench MOSFET; and/or
>
>(c)   MOSFET transistors having two dopant implants formed in a body region; and/or
>
>(d)   any other devices identified by AOS in the course of the litigation as infringing asserted an AOS Asserted Patent.

*See* Doscher Decl., ¶ 12. Nonetheless, Fairchild's counsel rejected this proposed definition. *Id.*. During that teleconference, AOS's counsel invited Fairchild's counsel to propose a reasonable definition for the accused devices that would neither (1) include potentially disputed claim language, nor (2) exclude potentially infringing devices. *Id.* Fairchild responded at the eleventh hour by proposing a definition that would have unduly restricted AOS's right to discovery and that incorporated potentially disputed claim terms. *See* Doscher Decl., Exh. K and ¶ 14.

## III.   ARGUMENT

### A.   AOS's Definition of "Accused Fairchild Device" Is Not Vague Or Ambiguous, Overbroad, Unduly Burdensome Or Oppressive.

AOS is entitled to obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* AOS's discovery requests relating to "Accused Fairchild Devices" are relevant to AOS's claims of patent infringement and are reasonably calculated to lead to the discovery of admissible evidence. AOS seeks discovery calculated to enable it to determine which of Fairchild's power MOSFET-based products infringe its asserted patents; discovery regarding each of those devices is relevant and proper.

Fairchild objects that AOS's definition of "Accused Fairchild Device" is vague and ambiguous, overbroad, unduly burdensome and oppressive on the grounds that it would cover "an extraordinary number of products throughout Fairchild's product lines." However, Fairchild offers no reason why the size of its own power MOSFET-based product lines should render

5   NOTICE OF MOTION AND MOTION TO COMPEL,
CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

discovery regarding those lines overbroad when any product within those lines could potentially infringe one or more of AOS's asserted patents. The definition is not vague or ambiguous at all; indeed, Fairchild understands it well enough to object that it covers a broad array of potentially infringing Fairchild products. AOS's proffered compromise definition would have limited discovery even further to products most closely identified with the subject matter of each AOS asserted patent.

In the meet and confer, Fairchild's counsel stated that it would be unduly burdensome for Fairchild to produce even the process flows and recipes for the products encompassed by AOS's proposed definition. But Fairchild has not provided any details or evidence regarding this alleged burden, and it seems unlikely that the burden of such a production would be undue or oppressive.

**B.     Neither The Federal Nor Local Rules Permit Fairchild To Limit Its Responses To The Eight Products Analyzed In AOS's Preliminary Infringement Contentions**

Fairchild has offered no legal authority supporting its limitation of discovery to the eight illustrative examples provided in AOS's PICs. Fed. R. Civ. P. 26(b)(1) broadly allows all relevant discovery, and a party may not unilaterally limit its discovery obligations. *See* Fed. R. Civ. P. 26(d). Patent L.R. 3-1 is a mechanism designed to "streamline" the discovery process by replacing the series of interrogatories that a defendant likely would otherwise have propounded. *See Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799, *4 (N.D. Cal. 2003). Patent L.R. 3-1 does not, however, require a party asserting a patent to provide an encyclopedic list of accused product by part number; rather, the party must identify, as specifically "as possible," only those accused products of which the party "is aware." *See* Pat. L.R. 3-1(b). Except for certain specific exceptions not relevant here, the Patent Local Rules do not act to limit discovery. *See* Pat. L.R. 2-5.

Fairchild's assertions that "only those devices that exhibit characteristics of the patent claims at issue . . . are the subject matter of this lawsuit," and that AOS must, therefore, before any discovery, separately justify why every accused product is "reasonably similar" to one of the eight products analyzed in AOS's PICs, puts the cart before the horse. *See* Doscher Decl., Exhs. G, at 2-3 and H, at 4. AOS has specifically identified eight products that AOS is aware infringe

its asserted patents, and has accused those of Fairchild's other products employing a corresponding design.  AOS seeks discovery calculated to enable it to determine which other Fairchild products employ such a corresponding design.  Such discovery is relevant and proper.  *See* Fed. R. Civ. P. 26(b)(1).

Finally, Fairchild's attempt to limit discovery to the products described in AOS's PICs is directly contrary to the position Fairchild has taken in other filings before this Court.  In its own recently filed motion to compel, Docket #57, Fairchild argues affirmatively that

> **… the PICs themselves do not serve to limit the scope of discovery**.  The scope of discovery is set forth in Federal Rule of Civil Procedure 26(b).  The Northern District of California's Patent Local Rules do not introduce any limits on the scope of discovery beyond what are set forth in the Federal Rules of Civil Procedure . . . .

Fairchild's Motion to Compel, Docket #57, at 8:9-15 (emphasis added).  Fairchild cannot have it both ways – arguing, in its own motion, that PICs are irrelevant to the scope of discovery and, in opposition to AOS's discovery, that AOS is limited to the products described in its PICs.[5]

## IV.  CONCLUSION

For these reasons, AOS respectfully requests that the Court reject Fairchild's objections to the key term "Accused Fairchild Devices" and compel Fairchild to provide complete responses to Interrogatory Nos. 1-5, 7 and 12-13 and Requests for Production Nos. 10, 12-17, 19-26, 28, 30-31, 36-37, 39-46, 48-49, 55 and 115.

---

[5] Fairchild misunderstands AOS's objection to its attempted definition of accused AOS products; unlike Fairchild, AOS is not attempting to limit Fairchild to discovery based on its PICs.  Rather, AOS objects to Fairchild's definition of "accused products" for purposes of Fairchild's affirmative case against AOS in ways that are unrelated to Fairchild's PICs.  Moreover, while Fairchild's PICs indiscriminately accuse every AOS product of infringing, AOS's PICs accuse only the products having a structure corresponding to the products AOS has reverse engineered.

| | | |
|---|---|---|
| Dated: | November 13, 2007 | MORGAN, LEWIS & BOCKIUS LLP |

By: /s/ Harry F. Doscher
          Harry F. Doscher

*Attorneys for Plaintiffs and Counterdefendants Alpha & Omega Semiconductor, Inc. and Alpha & Omega Semiconductor, Ltd.*