1   MORGAN, LEWIS & BOCKIUS LLP
    Daniel Johnson, Jr. (State Bar No. 57409)
2   Brett M. Schuman (State Bar No. 189247)
    Amy M. Spicer (State Bar No. 188399)
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   djjohnson@morganlewis.com
    bschuman@morganlewis.com
6   aspicer@morganlewis.com

7   MORGAN, LEWIS & BOCKIUS LLP
    Andrew J. Wu (State Bar No. 214442)
8   Harry F. Doscher (State Bar No. 245969)
    2 Palo Alto Square
9   3000 El Camino Real, Suite 700
    Palo Alto, CA  94306-2122
10  Tel:  650.843.4000
    Fax:  650.843.4001
11  awu@morganlewis.com
    hdoscher@morganlewis.com
12
    Attorneys for Plaintiffs and Counterdefendants
13  ALPHA & OMEGA SEMICONDUCTOR, INC.
    ALPHA & OMEGA SEMICONDUCTOR, LTD.
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                      SAN FRANCISCO DIVISION
17

18  ALPHA & OMEGA SEMICONDUCTOR,          Case No. 07-2638 JSW (EDL)
    INC., a California corporation; and    (Consolidated with Case No. 07-2664 JSW)
    ALPHA & OMEGA SEMICONDUCTOR,
19  LTD., a Bermuda corporation,           **DECLARATION OF HARRY F. DOSCHER
                                           IN SUPPORT OF AOS'S MOTION TO
20                  Plaintiffs,            COMPEL RESPONSES TO
                                           INTERROGATORIES AND
21         v.                              PRODUCTION OF DOCUMENTS AND
                                           THINGS**
22  FAIRCHILD SEMICONDUCTOR
    CORP., a Delaware corporation,         Date:        December 18, 2007
23                                         Time:        9:00 a.m.
                    Defendant.             Ctrm:        Courtroom E, 15th Floor
24                                         Judge:       Hon. Elizabeth D. Laporte
25  AND RELATED COUNTERCLAIMS
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3675399.1

I, Harry F. Doscher, declare as follows:

1.      I am an Associate at the law firm of Morgan, Lewis & Bockius LLP, 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, California 94306, and a member in good standing of the Bar of the State of California.  I am admitted to practice in the United States District Court for the Northern District of California.  Morgan, Lewis & Bockius LLP has been retained as trial counsel for Plaintiffs and Counterdefendants Alpha & Omega Semiconductor, Inc. and Alpha & Omega Semiconductor, Ltd. (together, "AOS") in the present action.  I am making this declaration in support of AOS's Motion to Compel Responses to Interrogatories and Production of Documents and Things.

2.      Attached hereto as Exhibit A is a true and correct copy of Alpha & Omega Semiconductor, Inc.'s First Set of Interrogatories to Fairchild Semiconductor Corp.

3.      Attached hereto as Exhibit B is a true and correct copy of Alpha & Omega Semiconductor, Inc.'s First Set of Requests to Fairchild Semiconductor Corp. for Production of Documents and Things.

4.      Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' and Counterdefendants' Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1.

5.      Attached hereto as Exhibit D is a true and correct copy of Fairchild Semiconductor Corporation's Responses to Alpha & Omega Semiconductor, Inc.'s First Set of Interrogatories.

6.      Attached hereto as Exhibit E is a true and correct copy of Fairchild Semiconductor Corporation's Responses to Alpha & Omega Semiconductor, Inc.'s First Set of Requests to Fairchild Semiconductor Corp. for Production of Documents and Things.

7.      Attached hereto as Exhibit F is a true and correct copy of a letter dated October 5, 2007, from me to Eric P. Jacobs of Townsend and Townsend and Crew LLP ("Townsend"), counsel of record for Fairchild Semiconductor Corp. ("Fairchild"), regarding deficiencies in Fairchild's Responses to AOS's First Set of Interrogatories and First Set of Requests for Production of Documents and Things.  Among numerous other deficiencies, I noted that Fairchild had generally objected to all of AOS's discovery requests based on AOS's definition of the term "Accused

DOSCHER DECLARATION ISO AOS'S MOTION TO COMPEL; CASE NO. 07-2638 JSW (EDL) (CONSOL. WITH CASE NO. 07-2664 JSW)

1  Fairchild Device" and had improperly limited its responses to the eight specific Fairchild devices

2  which were identified in AOS's Preliminary Infringement Contentions ("PICs").

3  8.        Attached hereto as <u>Exhibit G</u> is a true and correct copy of a letter dated October 10, 2007,

4  from Leonard J. Augustine of Townsend to me, responding to my October 5 letter.

5  9.        Attached hereto as <u>Exhibit H</u> is a true and correct copy of a letter dated October 24, 2007,

6  from me to Mr. Augustine responding to Mr. Augustine's October 10 letter and noting additional

7  deficiencies in Fairchild's responses to AOS's discovery requests based on our ongoing review of

8  the documents produced.

9  10.       Attached hereto as <u>Exhibit I</u> is a true and correct copy of a letter dated November 2, 2007,

10  from Priya Sreenivasan of Townsend to me, responding to my October 24 letter, in which Ms.

11  Sreenivasan stated: "It appears that Fairchild and AOS have reached an impasse on each party's

12  definition of 'accused devices.'"

13  11.       Attached hereto as <u>Exhibit J</u> is a true and correct copy of a letter dated November 8, 2007,

14  from me to Ms. Sreenivasan responding to her November 2 letter, in which AOS proposed an

15  agreement to modify its definition of "accused devices."

16  12.       On November 12, 2007, I attended a teleconference with counsel for Fairchild.  In that

17  call we agreed to two of Fairchild's suggestions to modify our proposed definition of "Accused

18  Fairchild Device": first, to add an "and/or" at the end of subpart (b); second, to clarify in subpart

19  (c) that the two dopant implants are formed in the body region.  Nonetheless, Fairchild rejected

20  AOS's proposed definition.  We invited Fairchild's counsel to propose a counter definition that

21  was not overly restrictive and that avoided potentially disputed claim terms.  We agreed to a

22  teleconference the following day to discuss any Fairchild proposal and stated that if we could not

23  reach agreement at that time we intended to file a motion to compel.

24  13.       Attached hereto as <u>Exhibit K</u> is a true and correct copy of an email dated November 13,

25  2007, from Leonard J. Augustine Jr. to counsel for AOS including Fairchild's proposal for the

26  term "Accused Fairchild Device."

27  14.       On November 13, 2007, I attended a teleconference with Fairchild's counsel during which

28  I explained that Fairchild's proposed definition of "Accused Fairchild Device" was too narrow

1-PA/3675399.1                                    3                DOSCHER DECLARATION ISO AOS'S MOTION TO
                                                                   COMPEL; CASE NO. 07-2638 JSW (EDL) (CONSOL.
                                                                   WITH CASE NO. 07-2664 JSW)

1  and would exclude relevant discovery.

2          I declare under penalty of perjury under the laws of the United States that the foregoing is

3  true and correct to my personal knowledge.

4          Executed this 13th day of November, 2007, at Palo Alto, California.

5

6                                        /s/ Harry F. Doscher

7                                          Harry F. Doscher

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOSCHER DECLARATION ISO AOS'S MOTION TO
COMPEL; CASE NO. 07-2638 JSW (EDL) (CONSOL.
WITH CASE NO. 07-2664 JSW)