# EXHIBIT E

1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California  94111
   Telephone:    (415) 576-0200
5  Facsimile:    (415) 576-0300
   E-mail:        epjacobs@townsend.com
6                 phgoldsmith@townsend.com
                  ramcfarlane@townsend.com
7                 ishoiket@townsend.com

8  Attorneys for Defendant, Counterclaimant and Plaintiff
   FAIRCHILD SEMICONDUCTOR CORPORATION
9

10              UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW
    LTD. and ALPHA & OMEGA               [Consolidated with Case No. C 07-2664 JSW]
15  SEMICONDUCTOR, INC.
                                         **FAIRCHILD SEMICONDUCTOR**
16        Plaintiffs and Counterdefendants,   **CORPORATION'S RESPONSES TO**
                                         **ALPHA &OMEGA SEMICONDUCTOR,**
17             v.                        **INC.'S FIRST SET OF REQUESTS FOR**
                                         **PRODUCTION OF DOCUMENTS AND**
18  FAIRCHILD SEMICONDUCTOR              **THINGS**
    CORPORATION,
19        Defendant and Counterclaimant.

20  _____

21  AND CONSOLIDATED ACTION.

22

23        Pursuant to Rules 26(e) and 34 of the Federal Rules of Civil Procedure, Defendant

24  Counterclaimant and Plaintiff Fairchild Semiconductor Corporation ("Fairchild") submits the

25  following responses to Plaintiff, Counterdefendant and Defendant Alpha & Omega Semiconductor,

26  Inc.'s ("AOS") First Set of Requests for Production of Documents and Things.

27                         **PRELIMINARY STATEMENT**

28        Fairchild responds to AOS's First Request for Production of Documents and Things subject to

1    the accompanying general objections.  Fairchild also submits these responses subject to, without

2    intending to waive, but expressly preserving:  (a) any objections as to the competency, relevance,

3    materiality, privilege or admissibility of any of the responses or any of the documents or files

4    identified in any response hereto; and (b) the right to object to other discovery involving or relating to

5    the subject matter of the documents or files identified in response to these requests.

6        Fairchild's response, while based on a diligent investigation by Fairchild, reflects only the

7    current state of Fairchild's knowledge, understanding and belief respecting the matters at issue in this

8    case.  Fairchild anticipates that as this case proceeds, further information may be discovered by

9    Fairchild and, without in any way obligating itself to do so, Fairchild reserves the right to modify or

10   supplement this response and to disclose information it may subsequently discover.  Further, this

11   response is made without prejudice to using or relying on at trial subsequently discovered information,

12   or information omitted from or not produced in connection with this response.

13       The specific responses that follow are based on information currently available to Fairchild.

14   Without in any way obligating itself to do so, Fairchild reserves the right to amend, modify or

15   supplement these responses at a later date and, to the extent permitted by law, to use other documents

16   or files not identified or produced herein, including but not limited to subsequently discovered

17   documents or files.  A response stating that Fairchild "will produce" documents or files is not intended

18   to imply that documents or files exist, but only that Fairchild has or will conduct a reasonable search

19   and produce the responsive documents or files, if any, located in that search.

## GENERAL OBJECTIONS

21       The following general objections are stated with respect to each request whether or not

22   specifically identified in response thereto:

23       1.      Fairchild objects to these requests:  (a) insofar as they seek the identification and

24   production of documents or files that were prepared for or in anticipation of litigation, constitute

25   attorneys' work product, contain attorney-client communications, are otherwise privileged or protected

26   from disclosure, and/or is otherwise protected under the Federal Rules of Civil Procedure or other

27   applicable rules; (b) insofar as they seek the identification and production of documents or files which

28   are publicly available and/or uniquely or equally available to AOS from third parties; (c) insofar as

1    they seek the identification and production of documents or files that contain or relate to confidential

2    business or proprietary information; and (d) insofar as they seek the identification and production of

3    documents or files which postdate, and do not specifically refer to, the events which are the subject of

4    this litigation.

5        2.    Fairchild objects to each and every request to the extent it purports to call for

6    information outside the scope of discovery.

7        3.    Fairchild objects to each and every request to the extent it purports to require an

8    exhaustive response before completion of discovery.  Fairchild bases its responses on information

9    reasonably available to it and reserves the right to amend or supplement its responses when and as

10   appropriate.

11       4.    Fairchild objects to each and every request to the extent that AOS's "Definitions"

12   purport to impose burdens on Fairchild that are inconsistent with, or not otherwise authorized by, the

13   Federal Rules of Civil Procedure (particularly Rule 34) or the Local Rules.  Fairchild will construe

14   and respond to the requests in a manner consistent with the Federal Rules of Civil Procedure and

15   Local Rules and not otherwise.

16       5.    Fairchild objects to each and every request referring to "Fairchild," "you" or "your" on

17   the grounds that the incorporation therein of AOS's "Definitions" renders those requests vague,

18   burdensome, oppressive and overbroad, and encompassing entities or persons over whom Fairchild

19   has no control or direction.  Fairchild objects to each and every request referring to "Fairchild," "you"

20   or "your" on the grounds that the incorporation therein of AOS's "Definitions" results in requests that

21   seek information neither relevant to the subject matter of this action nor reasonably calculated to lead

22   to the discovery of admissible evidence.  Fairchild will respond to requests referring to "Fairchild,"

23   "you" or "your" with the understanding that those terms refer to Plaintiff Fairchild and to the extent of

24   information within its possession, custody or control.

25       6.    Fairchild objects to each and every request to the extent that it calls for the production

26   of documents or files that are protected from disclosure by the attorney-client privilege, the attorney

27   work-product doctrine, or any other applicable privilege, immunity, or doctrine.  Fairchild uses the

28   word "privilege" in these responses and objections to refer to each of these grounds for protection

1    from disclosure and uses the word "non-privileged" to refer to information not covered by such

2    grounds for protection. Fairchild declines to produce documents or files subject to privilege, and

3    nothing in these responses and objections or in the document production is intended to be or is a

4    waiver of the attorney-client privilege, attorney work-product immunity, or any other applicable

5    privilege, immunity, or doctrine. Fairchild reserves the right to retrieve and to prevent the use of any

6    privileged or protected document inadvertently produced.

7         7.    Fairchild objects to each request to the extent that it seeks information that is equally

8    available to both AOS and Fairchild, including information that is contained in publicly available

9    publications, or that must be obtained from third parties.

10        8.    Fairchild objects to each request calling for production of information of Fairchild or of

11   third parties that is proprietary, confidential, trade secret or sensitive business information. Fairchild

12   will produce such information only under a suitable protective order. Similarly, Fairchild objects to

13   each request calling for the production of information access to which is restricted by Court order.

14   Fairchild will not produce such information without the consent of interested parties or order of the

15   Court.

16        9.    By producing documents or files in lieu of a response, Fairchild does not waive

17   applicable privileges and reserves the right to demand the return of inadvertently produced privileged

18   documents or files pursuant to a procedure agreed to by the parties.

19        10.   Fairchild objects to definition of the term "prior art" as vague and ambiguous,

20   overbroad, unduly burdensome and oppressive. Fairchild further objects to definition of the term

21   "prior art" as calling for subjective judgment on the part of Fairchild's attorneys and to the extent it

22   calls for a legal conclusion

23        11.   Fairchild reserves the right to assert additional objections to these requests as

24   appropriate and to supplement these objections and responses pending the outcome of further

25   investigation and discovery.

26        12.   Fairchild objects to the definition "Accused Fairchild Device" on the grounds that it is

27   vague and ambiguous, overbroad, unduly burdensome and oppressive.

28   / / /

1    Subject to these general objections, which are incorporated in each and every response below,

2  Fairchild responds to the individual requests as follows:

3    **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

4  REQUEST FOR PRODUCTION NO. 1:

5    All documents and things that you may use to support your claims or defenses.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

7    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8  further objects to this request to the extent that it seeks information that is protected by the attorney-

9  client privilege, the attorney work product privilege or any other available privilege or doctrine.

10  Fairchild further objects on the grounds that this request is overly broad, unduly burdensome and

11  oppressive and seeking information that is not relevant to the subject matter of the pending action or

12  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

13  evidence.

14    Subject to these objections and the General Objections and without waiving them, Fairchild

15  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

16  control and that can be located after a reasonably diligent good faith search.

17  REQUEST FOR PRODUCTION NO. 2:

18    All documents and things on which you intend to rely at trial or at any pre-trial hearing.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

20    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

21  further objects to this request to the extent that it seeks information that is protected by the attorney-

22  client privilege, the attorney work product privilege or any other available privilege or doctrine.

23  Fairchild further objects on the grounds that this request is unduly burdensome and oppressive and

24  seeking information that is not relevant to the subject matter of the pending action or claims or

25  defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

26  Fairchild objects to this request on the grounds that it is premature, as discovery has only recently

27  commenced.

28  / / /

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3  control and that can be located after a reasonably diligent good faith search.

4  REQUEST FOR PRODUCTION NO. 3:

5    All documents and things that are identified in or support Fairchild's responses to AOS's First

6  Set of Interrogatories.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

8    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

9  further objects to this request to the extent that it seeks information that is protected by the attorney-

10  client privilege, the attorney work product privilege or any other available privilege or doctrine.

11  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

12  oppressive and seeking information that is not relevant to the subject matter of the pending action or

13  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

14  evidence.

15    Subject to these objections and the General Objections and without waiving them, Fairchild

16  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17  control and that can be located after a reasonably diligent good faith search.

18  REQUEST FOR PRODUCTION NO. 4:

19    All documents and things relating to the AOS Asserted Patents, including, but not limited to,

20  any expired patents, any continuations, continuations-in-part, divisionals, reissues, reexaminations, or

21  counterparts related thereto, and any related foreign patents and patent applications, including any

22  underlying patent applications.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

24    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

25  further objects to this request to the extent that it seeks information that is protected by the attorney-

26  client privilege, the attorney work product privilege or any other available privilege or doctrine.

27  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

28  oppressive based at least on AOS's request for "all documents and things relating to the AOS Asserted

1  Patents." Fairchild objects to this request on the grounds that the information is publicly available and

2  equally available to AOS.

3  REQUEST FOR PRODUCTION NO. 5:

4      All documents supporting or relating to any contention by Fairchild that it does not infringe the

5  AOS Asserted Patents, including without limitation non-infringement studies, non-infringement

6  reports, and any search, opinion, study, investigation, or analysis conducted by or on behalf of you to

7  determine whether you infringe any AOS Asserted Patents.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

9      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

10  objects to this request to the extent that it seeks information that is protected by the attorney-client

11  privilege, the attorney work product privilege or any other available privilege or doctrine.  Fairchild

12  further objects on the grounds that this request is overbroad, unduly burdensome and oppressive.

13  Fairchild also objects to this request because, as the plaintiff, it is AOS's burden to prove

14  infringement.  AOS's Preliminary Infringement Contentions are insufficient under the Patent Local

15  Rules and do not properly describe how any of Fairchild's accused devices allegedly infringe AOS's

16  asserted patents.  To date, Fairchild has not received any infringement contentions from AOS that are

17  sufficient to provide notice of infringement under the Patent Local Rules.  Therefore, Fairchild will

18  respond to this request at a reasonable time after AOS provides Fairchild with infringement

19  contentions that are sufficient to set forth the basis of AOS's allegations of infringement in this case as

20  required under the Patent Local Rules.

21  REQUEST FOR PRODUCTION NO. 6:

22      All documents and things relating to Fairchild's contention that the AOS Asserted Patents are

23  invalid or unenforceable, including but not limited to all prior art which you contend renders the AOS

24  Asserted Patents invalid.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

26      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

27  further objects to this request to the extent that it seeks information that is protected by the attorney-

28  client privilege, the attorney work product privilege or any other available privilege or doctrine.

1    Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

2    oppressive.

3             Subject to these objections and the General Objections and without waiving them, Fairchild

4    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

5    control and that can be located after a reasonably diligent good faith search.

6    REQUEST FOR PRODUCTION NO. 7:

7             All documents and things that you contend are prior art to the AOS Asserted Patents, including

8    without limitation documents and things sufficient to identify products of third parties that you

9    contend constitute prior art to the AOS Asserted Patents, or are believed to be covered by any claim of

10    the AOS Asserted Patents.

11    RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

12             Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

13    further objects to this request to the extent that it seeks information that is protected by the attorney-

14    client privilege, the attorney work product privilege or any other available privilege or doctrine.

15    Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

16    oppressive.

17             Subject to these objections and the General Objections and without waiving them, Fairchild

18    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

19    control and that can be located after a reasonably diligent good faith search.

20    REQUEST FOR PRODUCTION NO. 8:

21             All documents and things relating to the alleged invalidity or unenforceability of the AOS

22    Asserted Patents, including without limitation any search, opinion, study, report, investigation, or

23    analysis conducted by or on behalf of you to determine whether any AOS Asserted Patents are invalid

24    or unenforceable.

25    RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

26             Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

27    further objects to this request to the extent that it seeks information that is protected by the attorney-

28    client privilege, the attorney work product privilege or any other available privilege or doctrine.

1  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

2  oppressive.

3      Subject to these objections and the General Objections and without waiving them, Fairchild

4  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

5  control and that can be located after a reasonably diligent good faith search.

6  REQUEST FOR PRODUCTION NO. 9:

7      All documents and things relating to the level of knowledge, schooling, experience, expertise

8  or relevant technical skill of a person having ordinary skill in the art relating to any invention

9  disclosed, described or claimed in the patents-in-suit (as this phrase is used in 35 U.S.C. § 103).

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

11      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

12  further objects to this request to the extent that it seeks information that is protected by the attorney-

13  client privilege, the attorney work product privilege or any other available privilege or doctrine.

14  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

15  oppressive.  Fairchild objects to the extent that this request calls for an expert opinion and expert

16  discovery has not yet commenced.

17      Subject to these objections and the General Objections and without waiving them, Fairchild

18  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

19  control and that can be located after a reasonably diligent good faith search.

20  REQUEST FOR PRODUCTION NO. 10:

21      All documents and things sufficient to show the name, number, line, series, family and any

22  other designation used by you to refer to each Accused Fairchild Device.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

24      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

25  further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

26  seeking information that is not relevant to the subject matter of the pending action or claims or

27  defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

28  Fairchild is limiting this request to the eight specific Fairchild devices which were identified in AOS's

1   Preliminary Infringement Contentions.

2        Subject to these objections and the General Objections and without waiving them, Fairchild

3   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

4   control and that can be located after a reasonably diligent good faith search.

5   REQUEST FOR PRODUCTION NO. 11:

6        A fully functional sample of each Accused Fairchild Device.

7   RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

8        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

9   further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

10  seeking information that is not relevant to the subject matter of the pending action or claims or

11  defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

12       Subject to these objections and the General Objections and without waiving them, Fairchild

13  responds as follows: Fairchild will agree to a mutual exchange of representative accused devices based

14  on an agreement of the parties.

15  REQUEST FOR PRODUCTION NO. 12:

16       All documents and things describing any Accused Fairchild Device, including the recipes,

17  travelers, and/or specifications used to produce the documents and things, and any analyses of the

18  products such as Secondary Ion Mass Spectrometry (SMS), Scanning Electron Microscopy (SEM), or

19  Transmission Electron Microscopy (TEM).

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

21       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

22  further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

23  seeking information that is not relevant to the subject matter of the pending action or claims or

24  defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

25  Fairchild is limiting this request to the eight specific Fairchild devices which were identified in AOS's

26  Preliminary Infringement Contentions.

27  / / /

28  / / /

1     Subject to these objections and the General Objections and without waiving them, Fairchild

2  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3  control and that can be located after a reasonably diligent good faith search.

4  REQUEST FOR PRODUCTION NO. 13:

5     All documents and things relating to the research, development, design, configuration,

6  engineering, testing, and operation of any Accused Fairchild Device, including without limitation

7  manuals, design specifications, engineering specifications, manufacturing or production specifications,

8  schematics, diagrams, charts, test results, laboratory notebooks, engineering drawings, design

9  drawings, comparisons and any other analyses.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

11     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

12  further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

13  seeking information that is not relevant to the subject matter of the pending action or claims or

14  defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

15  Fairchild is limiting this request to the eight specific Fairchild devices which were identified in AOS's

16  Preliminary Infringement Contentions.

17     Subject to these objections and the General Objections and without waiving them, Fairchild

18  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

19  control and that can be located after a reasonably diligent good faith search.

20  REQUEST FOR PRODUCTION NO. 14:

21     Documents sufficient to determine the structure and/or composition of all Accused Fairchild

22  Devices, including without limitation the materials, layers, regions, semiconductors, insulators,

23  impurities, terminals, impurity concentrations, source contacts, and lead wire configuration.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

25     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

26  further objects on the grounds that this request is vague and ambiguous and seeking information that is

27  not relevant to the subject matter of the pending action or claims or defenses of any party, and not

28  reasonably calculated to lead to the discovery of admissible evidence.  Fairchild is limiting this request

1    to the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement

2    Contentions.

3           Subject to these objections and the General Objections and without waiving them, Fairchild

4    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

5    control and that can be located after a reasonably diligent good faith search.

6    REQUEST FOR PRODUCTION NO. 15:

7           Documents sufficient to determine the manufacturing process by which all Accused Fairchild

8    Devices are made and assembled, including without limitation directions, instructions, procedures,

9    specifications, diagrams, charts, test results, notebooks, drawings, and any analyses for each step in

10   the manufacturing process, i.e., wafer cleaning, substrate formation, photoresists, photolithography

11   masks, photolithography sequences, dopants, doping procedures, and/or describing the characteristics

12   of any Accused Fairchild Device.

13   RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

14          Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

15   further objects on the grounds that this request is vague and ambiguous and seeking information that is

16   not relevant to the subject matter of the pending action or claims or defenses of any party, and not

17   reasonably calculated to lead to the discovery of admissible evidence.  Fairchild is limiting this request

18   to the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement

19   Contentions.

20          Subject to these objections and the General Objections and without waiving them, Fairchild

21   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

22   control and that can be located after a reasonably diligent good faith search.

23   REQUEST FOR PRODUCTION NO. 16:

24          Documents sufficient to determine the function and/or performance characteristics of all

25   Accused Fairchild Devices, including without limitation the function and/or performance

26   characteristics of any layer, region, interface, connection, and/or bond, the spreading resistance,

27   conductivity type, threshold voltage, turn-on resistance, depletion width, channel length, breakdown

28   voltage, breakdown profile, and punch-through tolerance of the devices.

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

2         Fairchild incorporates by reference herein its General Objections stated above. Fairchild

3    further objects on the grounds that this request is vague and ambiguous and seeking information that is

4    not relevant to the subject matter of the pending action or claims or defenses of any party, and not

5    reasonably calculated to lead to the discovery of admissible evidence. Fairchild is limiting this request

6    to the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement

7    Contentions.

8         Subject to these objections and the General Objections and without waiving them, Fairchild

9    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

10   control and that can be located after a reasonably diligent good faith search.

11   REQUEST FOR PRODUCTION NO. 17:

12        All documents and things relating to the configuration of lead wire and source contacts of any

13   Accused Fairchild Devices, including without limitation documents and things discussing the even or

14   uneven distribution of lead wires for source contact connections and documents and things discussing

15   lead wire configuration and on-resistance or spread-resistance.

16   RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

17        Fairchild incorporates by reference herein its General Objections stated above. Fairchild

18   further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

19   seeking information that is not relevant to the subject matter of the pending action or claims or

20   defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

21   Fairchild is limiting this request to the eight specific Fairchild devices which were identified in AOS's

22   Preliminary Infringement Contentions.

23        Subject to these objections and the General Objections and without waiving them, Fairchild

24   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

25   control and that can be located after a reasonably diligent good faith search.

26   REQUEST FOR PRODUCTION NO. 18:

27        All documents and things relating to the development of the configuration of lead wire and

28   source contacts of MOSFET devices, including without limitation documents and things discussing

1   the even or uneven distribution of lead wires for source contact connections and documents and things

2   discussing lead wire configuration and on-resistance or spread-resistance.

3   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:

4       Fairchild incorporates by reference herein its General Objections stated above. Fairchild

5   further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

6   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

7   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

8   discovery of admissible evidence, particularly with respect to the term "MOSFET device." Fairchild

9   objects to this request to the extent that it seeks information that is equally available to both AOS and

10   Fairchild, or that must be obtained from third parties.

11       Subject to these objections and the General Objections and without waiving them, Fairchild

12   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

13   control and that can be located after a reasonably diligent good faith search.

14   <u>REQUEST FOR PRODUCTION NO. 19</u>:

15       All documents and things concerning the advantages or purported advantages of any Accused

16   Fairchild Device, including without limitation statements related to cost savings, quality, reliability,

17   features, functions, power consumption, voltage requirements, or other purported advantages of any

18   Accused Fairchild Device.

19   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:

20       Fairchild incorporates by reference herein its General Objections stated above. Fairchild

21   further objects to this request to the extent that it seeks information that is protected by the attorney-

22   client privilege, the attorney work product privilege or any other available privilege or doctrine.

23   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

24   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

25   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

26   discovery of admissible evidence. Fairchild is limiting this request to the eight specific Fairchild

27   devices which were identified in AOS's Preliminary Infringement Contentions.

28   / / /

1        Subject to these objections and the General Objections and without waiving them, Fairchild

2    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3    control and that can be located after a reasonably diligent good faith search.

4    REQUEST FOR PRODUCTION NO. 20:

5        All documents and things relating to product specifications for any Accused Fairchild Device,

6    including without limitation documents and things that show their dimensions (including thickness of

7    each layer) and components, materials from which they are made (including concentrations of each

8    element), the electrical properties of the materials, the mechanical properties of the materials, the

9    thermal properties of the materials, and a complete set of design, engineering, and/or manufacturing

10   drawings of any Accused Fairchild Device.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

12       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

13   further objects to this request to the extent that it seeks information that is protected by the attorney-

14   client privilege, the attorney work product privilege or any other available privilege or doctrine.

15   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

16   oppressive and seeking information that is not relevant to the subject matter of the pending action or

17   claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

18   evidence.  Fairchild is limiting this request to the eight specific Fairchild devices which were

19   identified in AOS's Preliminary Infringement Contentions.

20       Subject to these objections and the General Objections and without waiving them, Fairchild

21   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

22   control and that can be located after a reasonably diligent good faith search.

23   REQUEST FOR PRODUCTION NO. 21:

24       All articles, publications, papers, reports, or presentations authored in whole or in part by a

25   current or former employee of Fairchild or any entity affiliated with Fairchild concerning any Accused

26   Fairchild Device.

27   RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

28       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

1  further objects on the grounds that this request is overbroad, unduly burdensome and oppressive,

2  particularly with regard to "any entity affiliated with Fairchild," and seeking information that is not

3  relevant to the subject matter of the pending action or claims or defenses of any party, and not

4  reasonably calculated to lead to the discovery of admissible evidence.  Fairchild is limiting this request

5  to the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement

6  Contentions.

7         Subject to these objections and the General Objections and without waiving them, Fairchild

8  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

9  control and that can be located after a reasonably diligent good faith search.

10  REQUEST FOR PRODUCTION NO. 22:

11         All documents and things concerning your first design of any Accused Fairchild Device,

12  including but not limited to documents sufficient to identify all persons having knowledge of your first

13  design of the device, any drawings, specifications, recipes, other descriptions of the device, and/or any

14  prototype of the device.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

16         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

17  further objects to this request to the extent that it seeks information that is protected by the attorney-

18  client privilege, the attorney work product privilege or any other available privilege or doctrine.

19  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

20  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

21  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

22  discovery of admissible evidence.  Fairchild is limiting this request to the eight specific Fairchild

23  devices which were identified in AOS's Preliminary Infringement Contentions.

24         Subject to these objections and the General Objections and without waiving them, Fairchild

25  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

26  control and that can be located after a reasonably diligent good faith search.

27  / / /

28  / / /

1    REQUEST FOR PRODUCTION NO. 23:

2         All documents and things relating to competitive analyses, comparisons, reports, reverse

3    engineering, or differences in structure, function, operation, performance, or the advantages or

4    disadvantages of any Accused Fairchild Device, including without limitation comparisons of any

5    Accused Fairchild Device to any other device.

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

7         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8    further objects to this request to the extent that it seeks information that is protected by the attorney-

9    client privilege, the attorney work product privilege or any other available privilege or doctrine.

10   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

11   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

12   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

13   discovery of admissible evidence.  Fairchild is limiting this request to the eight specific Fairchild

14   devices which were identified in AOS's Preliminary Infringement Contentions.

15        Subject to these objections and the General Objections and without waiving them, Fairchild

16   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17   control and that can be located after a reasonably diligent good faith search.

18   REQUEST FOR PRODUCTION NO. 24:

19        Documents and things sufficient to identify any entity that performs any part of the

20   manufacture of any Accused Fairchild Devices, including any entity that acts as a foundry or wafer

21   fab, and documents and things sufficient to identify the role that entity plays in the manufacture of any

22   Accused Fairchild Devices.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

24        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

25   further objects on the grounds that this request is vague and ambiguous.  Fairchild is limiting this

26   request to the eight specific Fairchild devices which were identified in AOS's Preliminary

27   Infringement Contentions.

28   / / /

1        Subject to these objections and the General Objections and without waiving them, Fairchild

2    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3    control and that can be located after a reasonably diligent good faith search.

4    REQUEST FOR PRODUCTION NO. 25:

5        All documents and things relating to any work performed by any person or entity other than

6    Fairchild or its employees relating to the research, design, development, or manufacture of any

7    Accused Fairchild Device.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

9        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

10   further objects to this request to the extent that it seeks information that is protected by the attorney-

11   client privilege, the attorney work product privilege or any other available privilege or doctrine.

12   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

13   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

14   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

15   discovery of admissible evidence.  Fairchild objects to this request on the grounds that it requests

16   information that may be inaccessible to Fairchild and in the hands of a third party.  Fairchild is

17   limiting this request to the eight specific Fairchild devices which were identified in AOS's Preliminary

18   Infringement Contentions.

19       Subject to these objections and the General Objections and without waiving them, Fairchild

20   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

21   control and that can be located after a reasonably diligent good faith search.

22   REQUEST FOR PRODUCTION NO. 26:

23       All communications between you, on the one hand, and the named inventors of the AOS

24   Asserted Patents, on the other hand, relating to any Accused Fairchild Device or any AOS Asserted

25   Patents.

26   RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

27       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

28   further objects to this request to the extent that it seeks information that is protected by the attorney-

1  client privilege, the attorney work product privilege or any other available privilege or doctrine.

2  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

3  oppressive and seeking information that is not relevant to the subject matter of the pending action or

4  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

5  evidence.  Fairchild is limiting this request to the eight specific Fairchild devices which were

6  identified in AOS's Preliminary Infringement Contentions.

7      Subject to these objections and the General Objections and without waiving them, Fairchild

8  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

9  control and that can be located after a reasonably diligent good faith search.

10  REQUEST FOR PRODUCTION NO. 27:

11      All documents and things relating to communications between you, on the one hand, and any

12  other person or entity (including actual or potential customers), on the other hand, relating to any

13  patents-in-suit.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

15      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

16  further objects to this request to the extent that it seeks information that is protected by the attorney-

17  client privilege, the attorney work product privilege or any other available privilege or doctrine.

18  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

19  oppressive and seeking information that is not relevant to the subject matter of the pending action or

20  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22      Subject to these objections and the General Objections and without waiving them, Fairchild

23  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

24  control and that can be located after a reasonably diligent good faith search.

25  REQUEST FOR PRODUCTION NO. 28:

26      All documents and things relating to any products that compete with any Accused Fairchild

27  Device in the relevant market, including without limitation competitive analyses and product

28  comparisons.

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

2       Fairchild incorporates by reference herein its General Objections stated above. Fairchild

3   further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

4   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

5   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

6   discovery of admissible evidence. Fairchild is limiting this request to the eight specific Fairchild

7   devices which were identified in AOS's Preliminary Infringement Contentions.

8       Subject to these objections and the General Objections and without waiving them, Fairchild

9   responds as follows:

10       The parties have stipulated that this request can be deferred until a later period in discovery, to

11   be determined by the parties.

12   REQUEST FOR PRODUCTION NO. 29:

13       Documents sufficient to show the earliest date when you became aware of each of the AOS

14   Asserted Patents and the actions taken by you in response to such awareness.

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

16       Fairchild incorporates by reference herein its General Objections stated above. Fairchild

17   further objects to this request to the extent that it seeks information that is protected by the attorney-

18   client privilege, the attorney work product privilege or any other available privilege or doctrine.

19       Subject to these objections and the General Objections and without waiving them, Fairchild

20   responds as follows:

21       The parties have stipulated that this request can be deferred until a later period in discovery, to

22   be determined by the parties, except to the extent it relates to actions taken by Fairchild in response to

23   awareness of the AOS patents.

24   REQUEST FOR PRODUCTION NO. 30:

25       All documents and things relating to knowledge of the AOS Asserted Patents by any

26   individual involved in the research, design, development, engineering and testing of any Accused

27   Fairchild Device.

28   / / /

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

2      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

3  further objects to this request to the extent that it seeks information that is protected by the attorney-

4  client privilege, the attorney work product privilege or any other available privilege or doctrine.

5  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

6  burdensome and oppressive.  Fairchild is limiting this request to the eight specific Fairchild devices

7  which were identified in AOS's Preliminary Infringement Contentions.

8      Subject to these objections and the General Objections and without waiving them, Fairchild

9  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

10  control and that can be located after a reasonably diligent good faith search.

11  REQUEST FOR PRODUCTION NO. 31:

12      All documents and things relating to any Fairchild policy or practice for licensing or valuing

13  the intellectual property, technology, or know-how of others, including but not limited to any such

14  policy or practice that would apply to the AOS Asserted Patents or other patents relating to any

15  Accused Fairchild Device.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

17      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

18  further objects to this request to the extent that it seeks information that is protected by the attorney-

19  client privilege, the attorney work product privilege or any other available privilege or doctrine.

20  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

21  oppressive and seeking information that is not relevant to the subject matter of the pending action or

22  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

23  evidence.  Fairchild is limiting this request to the eight specific Fairchild devices which were

24  identified in AOS's Preliminary Infringement Contentions.

25      Subject to these objections and the General Objections and without waiving them, Fairchild

26  responds as follows:

27      The parties have stipulated that this request can be deferred until a later period in discovery, to

28  be determined by the parties.

1    REQUEST FOR PRODUCTION NO. 32:

2        All documents and things relating to any Fairchild policy or practice for licensing or valuing

3    its intellectual property, technology, or know-how, including but not limited to any such policy or

4    practice that would apply to licenses of the Fairchild Asserted Patents or other patents relating to any

5    AOS Device.

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

7        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8    further objects to this request to the extent that it seeks information that is protected by the attorney-

9    client privilege, the attorney work product privilege or any other available privilege or doctrine.

10   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

11   oppressive and seeking information that is not relevant to the subject matter of the pending action or

12   claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

13   evidence.

14       Subject to these objections and the General Objections and without waiving them, Fairchild

15   responds as follows:

16       The parties have stipulated that this request can be deferred until a later period in discovery, to

17   be determined by the parties.

18   REQUEST FOR PRODUCTION NO. 33:

19       All documents constituting or reflecting license agreements pertaining to the Fairchild

20   Asserted Patents.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

22       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

23   further objects to this request to the extent that it seeks information that is protected by the attorney-

24   client privilege, the attorney work product privilege or any other available privilege or doctrine.

25   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

26   oppressive.

27       Subject to these objections and the General Objections and without waiving them, Fairchild

28   responds as follows:

1    The parties have stipulated that this request can be deferred until a later period in discovery, to

2    be determined by the parties.

3    REQUEST FOR PRODUCTION NO. 34:

4    Documents sufficient to determine Fairchild's policy or practice for determining whether its

5    products infringe any U.S. patents.

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

7    Fairchild incorporates by reference herein its General Objections stated above. Fairchild

8    further objects to this request to the extent that it seeks information that is protected by the attorney-

9    client privilege, the attorney work product privilege or any other available privilege or doctrine.

10   Fairchild further objects on the grounds that this request is vague and ambiguous, and seeking

11   information that is not relevant to the subject matter of the pending action or claims or defenses of any

12   party, and not reasonably calculated to lead to the discovery of admissible evidence.

13   Subject to these objections and the General Objections and without waiving them, Fairchild

14   responds as follows:

15   The parties have stipulated that this request can be deferred until a later period in discovery, to

16   be determined by the parties.

17   REQUEST FOR PRODUCTION NO. 35:

18   All documents and things relating to your document retention policies.

19   RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

20   Fairchild incorporates by reference herein its General Objections stated above. Fairchild

21   further objects to this request to the extent that it seeks information that is protected by the attorney-

22   client privilege, the attorney work product privilege or any other available privilege or doctrine.

23   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

24   oppressive and seeking information that is not relevant to the subject matter of the pending action or

25   claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

26   evidence.

27   / / /

28   / / /

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3    control and that can be located after a reasonably diligent good faith search.

4    REQUEST FOR PRODUCTION NO. 36:

5    Documents sufficient to show Fairchild's organizational structure, including, but not limited to,

6    the corporate structure, officers, board of directors, predecessor corporations, as well as facilities

7    relating to warranty and service operations for any Accused Fairchild Device, replacement parts

8    operations for any Accused Fairchild Device, quality inspection operations for any Accused Fairchild

9    Device, product refurbishing operations for any Accused Fairchild Device, branch sales operations for

10   any Accused Fairchild Device, and import/export operations for any Accused Fairchild Device,

11   including without limitation, organizational charts, directors and/or personnel lists.

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

13   Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

14   further objects on the grounds that this request is vague and ambiguous, and seeking information that

15   is not relevant to the subject matter of the pending action or claims or defenses of any party, and not

16   reasonably calculated to lead to the discovery of admissible evidence.  Fairchild is limiting this request

17   to the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement

18   Contentions.

19   Subject to these objections and the General Objections and without waiving them, Fairchild

20   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

21   control and that can be located after a reasonably diligent good faith search.

22   REQUEST FOR PRODUCTION NO. 37:

23   Documents sufficient to identify the location where each Accused Fairchild Device was

24   researched, designed, tested, made, sold or offered for sale by or on behalf of you.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

26   Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

27   further objects on the grounds that this request is seeking information that is not relevant to the subject

28   matter of the pending action or claims or defenses of any party, and not reasonably calculated to lead

1    to the discovery of admissible evidence.  Fairchild is limiting this request to the eight specific

2    Fairchild devices which were identified in AOS's Preliminary Infringement Contentions.

3           Subject to these objections and the General Objections and without waiving them, Fairchild

4    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

5    control and that can be located after a reasonably diligent good faith search.

6    REQUEST FOR PRODUCTION NO. 38:

7           All of Fairchild's annual reports to shareholders, annual and quarterly profit and loss

8    statements, Form 10-K reports filed with the U.S. Securities and Exchange Commission, and any

9    prospectus prepared or filed since 1998.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

11          Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

12   further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

13   seeking information that is not relevant to the subject matter of the pending action or claims or

14   defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

15   Fairchild objects to this request on the grounds that it is not reasonably limited in time, as it requests

16   information "since 1998."

17          Subject to these objections and the General Objections and without waiving them, Fairchild

18   responds as follows:

19          The parties have stipulated that this request can be deferred until a later period in discovery, to

20   be determined by the parties.

21   REQUEST FOR PRODUCTION NO. 39:

22          All documents constituting or relating to business plans, strategic plans, consultant reports or

23   strategy reviews concerning the design, manufacture, marketing or sale of any Accused Fairchild

24   Device.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

26          Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

27   further objects to this request to the extent that it seeks information that is protected by the attorney-

28   client privilege, the attorney work product privilege or any other available privilege or doctrine.

1  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

2  oppressive and seeking information that is not relevant to the subject matter of the pending action or

3  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

4  evidence. Fairchild is limiting this request to the eight specific Fairchild devices which were

5  identified in AOS's Preliminary Infringement Contentions.

6          Subject to these objections and the General Objections and without waiving them, Fairchild

7  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

8  control and that can be located after a reasonably diligent good faith search. The parties have

9  stipulated that this request can be deferred with respect to information concerning marketing or sale of

10  any Accused Fairchild Device.

11  REQUEST FOR PRODUCTION NO. 40:

12          All documents relating to marketing of the Accused Fairchild Devices, including without

13  limitation market requirement statements, marketing reports, market feedback reports, market studies,

14  market forecasts, market surveys, competitive analyses, market share data, customer needs studies,

15  advertising materials, promotional materials, trade show releases, and product descriptive literature.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

17          Fairchild incorporates by reference herein its General Objections stated above. Fairchild

18  further objects to this request to the extent that it seeks information that is protected by the attorney-

19  client privilege, the attorney work product privilege or any other available privilege or doctrine.

20  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

21  oppressive and seeking information that is not relevant to the subject matter of the pending action or

22  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

23  evidence. Fairchild is limiting this request to the eight specific Fairchild devices which were

24  identified in AOS's Preliminary Infringement Contentions.

25          Subject to these objections and the General Objections and without waiving them, Fairchild

26  responds as follows:

27          The parties have stipulated that this request can be deferred until a later period in discovery, to

28  be determined by the parties.

1  REQUEST FOR PRODUCTION NO. 41:

2         All documents relating to each license granted by you or obtained by you which cover in

3  whole or in part any technology contained in any Accused Fairchild Device, including without

4  limitation complete licensing agreements and royalty reports.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

6         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

7  further objects to this request to the extent that it seeks information that is protected by the attorney-

8  client privilege, the attorney work product privilege or any other available privilege or doctrine.

9  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

10  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

11  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

12  discovery of admissible evidence.  Fairchild is limiting this request to the eight specific Fairchild

13  devices which were identified in AOS's Preliminary Infringement Contentions.

14         Subject to these objections and the General Objections and without waiving them, Fairchild

15  responds as follows:

16         The parties have stipulated that this request can be deferred until a later period in discovery, to

17  be determined by the parties.

18  REQUEST FOR PRODUCTION NO. 42:

19         All documents relating to the negotiations concerning each license granted or obtained by you

20  which cover in whole or in part any technology contained in any Accused Fairchild Device.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

22         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

23  further objects to this request to the extent that it seeks information that is protected by the attorney-

24  client privilege, the attorney work product privilege or any other available privilege or doctrine.

25  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

26  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

27  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

28  discovery of admissible evidence.  Fairchild is limiting this request to the eight specific Fairchild

1   devices which were identified in AOS's Preliminary Infringement Contentions.

2        Subject to these objections and the General Objections and without waiving them, Fairchild

3   responds as follows:

4        The parties have stipulated that this request can be deferred until a later period in discovery, to

5   be determined by the parties.

6   REQUEST FOR PRODUCTION NO. 43:

7        Documents sufficient to identify each of your U.S. and foreign customers for any Accused

8   Fairchild Device.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

10        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

11   further objects to this request to the extent that it seeks information that is protected by the attorney-

12   client privilege, the attorney work product privilege or any other available privilege or doctrine.

13   Fairchild further objects on the grounds that this request is seeking information that is not relevant to

14   the subject matter of the pending action or claims or defenses of any party, and not reasonably

15   calculated to lead to the discovery of admissible evidence.  Fairchild is limiting this request to the

16   eight specific Fairchild devices which were identified in AOS's Preliminary Infringement

17   Contentions.

18        Subject to these objections and the General Objections and without waiving them, Fairchild

19   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

20   control and that can be located after a reasonably diligent good faith search relating to the identity of

21   its customers.  REQUEST FOR PRODUCTION NO. 44:

22        All documents reflecting communications regarding AOS, any of the patents-in-suit, or this

23   litigation, with each customer, potential customer, buyer, client, consumer or vendor for all the

24   Accused Fairchild Devices.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

26        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

27   further objects to this request to the extent that it seeks information that is protected by the attorney-

28   client privilege, the attorney work product privilege or any other available privilege or doctrine.

1  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

2  oppressive and seeking information that is not relevant to the subject matter of the pending action or

3  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

4  evidence.  Fairchild is limiting this request to the eight specific Fairchild devices which were

5  identified in AOS's Preliminary Infringement Contentions.

6     Subject to these objections and the General Objections and without waiving them, Fairchild

7  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

8  control and that can be located after a reasonably diligent good faith search relating to the identity of

9  foreign customers.

10  REQUEST FOR PRODUCTION NO. 45:

11     All documents relating to any requirements of your customers, both in the United States and

12  worldwide, relating to any Accused Fairchild Device, including without limitation specifications,

13  design parameters, tolerances, features, functions, price, and other requirements.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

15     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

16  further objects to this request to the extent that it seeks information that is protected by the attorney-

17  client privilege, the attorney work product privilege or any other available privilege or doctrine.

18  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

19  oppressive and seeking information that is not relevant to the subject matter of the pending action or

20  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

21  evidence.  Fairchild is limiting this request to the eight specific Fairchild devices which were

22  identified in AOS's Preliminary Infringement Contentions.

23     Subject to these objections and the General Objections and without waiving them, Fairchild

24  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

25  control and that can be located after a reasonably diligent good faith search relating to the identity of

26  foreign customers.

27  / / /

28  / / /

FAIRCHILD SEMICONDUCTOR CORPORATION'S RESPONSES TO ALPHA &OMEGA SEMICONDUCTOR, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO. C 07-02638 JSW [CONSOLIDATED WITH CASE NO. C 07-2664 JSW]

29

1  REQUEST FOR PRODUCTION NO. 46:

2       Documents and things sufficient to identify your sales of Accused Fairchild Devices and/or

3  other Fairchild products that were sold with any Accused Fairchild Device, both in the United States

4  and worldwide, including without limitation documents sufficient to identify the name of such

5  customers and the products the customers purchased.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

7       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8  further objects to this request to the extent that it seeks information that is protected by the attorney-

9  client privilege, the attorney work product privilege or any other available privilege or doctrine.

10  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

11  oppressive and seeking information that is not relevant to the subject matter of the pending action or

12  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

13  evidence.  Fairchild is limiting this request to the eight specific Fairchild devices which were

14  identified in AOS's Preliminary Infringement Contentions.

15       Subject to these objections and the General Objections and without waiving them, Fairchild

16  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17  control and that can be located after a reasonably diligent good faith search, relating to the identity of

18  foreign customers.

19  REQUEST FOR PRODUCTION NO. 47:

20       All documents reflecting Fairchild's profit margins on any Accused Fairchild Device,

21  including without limitation gross margin, order contribution, incremental profit, product margin and

22  product contribution margin from January 1, 1998 to the present.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

24       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

25  further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

26  burdensome and oppressive.

27       Subject to these objections and the General Objections and without waiving them, Fairchild

28  responds as follows:

1     The parties have stipulated that this request can be deferred until a later period in discovery, to

2   be determined by the parties.

3   REQUEST FOR PRODUCTION NO. 48:

4     Documents sufficient to determine the profitability of all Accused Fairchild Devices, including

5   without limitation unit sales, revenues, costs, including costs of manufacturing and sales, gross

6   margins, operating margins, pricing elasticity, factors affecting price and price comparisons.

7   RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

8     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

9   further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

10  seeking information that is not relevant to the subject matter of the pending action or claims or

11  defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

12  Fairchild is limiting this request to the eight specific Fairchild devices which were identified in AOS's

13  Preliminary Infringement Contentions.

14    Subject to these objections and the General Objections and without waiving them, Fairchild

15  responds as follows:

16    The parties have stipulated that this request can be deferred until a later period in discovery, to

17  be determined by the parties.

18  REQUEST FOR PRODUCTION NO. 49:

19    Documents sufficient to determine the amount of sales, sales forecasts, costs of sales, projected

20  sales and anticipated sales of all Accused Fairchild Devices, including without limitation sales reports,

21  business plans, budgets, forecasts and outside consultants' or financial analysts' reports.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

23    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

24  further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

25  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

26  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

27  discovery of admissible evidence.  Fairchild is limiting this request to the eight specific Fairchild

28  devices which were identified in AOS's Preliminary Infringement Contentions.

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2    responds as follows:

3    The parties have stipulated that this request can be deferred until a later period in discovery, to

4    be determined by the parties.

5    REQUEST FOR PRODUCTION NO. 50:

6    Documents and things sufficient to determine the costs of production for all Accused Fairchild

7    Devices from January 1, 1998 to the present.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

9    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

10    further objects on the grounds that this request is overbroad, unduly burdensome and oppressive and

11    seeking information that is not relevant to the subject matter of the pending action or claims or

12    defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

13    Fairchild objects to this request on the grounds that it is not reasonably limited in time, as it requests

14    information "for the time period January 1, 1998 to the present."  Fairchild is limiting this request to

15    the eight specific Fairchild devices which were identified in AOS's Preliminary Infringement

16    Contentions.

17    Subject to these objections and the General Objections and without waiving them, Fairchild

18    responds as follows:

19    The parties have stipulated that this request can be deferred until a later period in discovery, to

20    be determined by the parties.

21    REQUEST FOR PRODUCTION NO. 51:

22    All documents constituting or referring to analyses of the U.S. and worldwide markets for all

23    Accused Fairchild Device, including without limitation reports obtained by Fairchild from others.

24    RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

25    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

26    further objects to this request to the extent that it seeks information that is protected by the attorney-

27    client privilege, the attorney work product privilege or any other available privilege or doctrine.

28    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

1  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

2  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

3  discovery of admissible evidence.

4       Subject to these objections and the General Objections and without waiving them, Fairchild

5  responds as follows:

6       The parties have stipulated that this request can be deferred until a later period in discovery, to

7  be determined by the parties.

8  REQUEST FOR PRODUCTION NO. 52:

9       All documents discussing or relating to the share of the market possessed or expected to be

10  possessed by any Accused Fairchild Device from January 1, 1998 to the present.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

12       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

13  further objects to this request to the extent that it seeks information that is protected by the attorney-

14  client privilege, the attorney work product privilege or any other available privilege or doctrine.

15  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

16  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

17  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

18  discovery of admissible evidence.  Fairchild objects to this request on the grounds that it is not

19  reasonably limited in time, as it requests information "for the time period January 1, 1998 to the

20  present."

21       Subject to these objections and the General Objections and without waiving them, Fairchild

22  responds as follows:

23       The parties have stipulated that this request can be deferred until a later period in discovery, to

24  be determined by the parties.

25  REQUEST FOR PRODUCTION NO. 53:

26       All documents relating to any efforts to reduce manufacturing costs of any Accused Fairchild

27  Device and any benefits thereof.

28  / / /

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

2         Fairchild incorporates by reference herein its General Objections stated above. Fairchild

3    further objects to this request to the extent that it seeks information that is protected by the attorney-

4    client privilege, the attorney work product privilege or any other available privilege or doctrine.

5    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

6    burdensome and oppressive and seeking information that is not relevant to the subject matter of the

7    pending action or claims or defenses of any party, and not reasonably calculated to lead to the

8    discovery of admissible evidence.

9         Subject to these objections and the General Objections and without waiving them, Fairchild

10   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

11   control and that can be located after a reasonably diligent good faith search.

12   REQUEST FOR PRODUCTION NO. 54:

13        All documents relating to any communications between AOS and you relating to the patents-

14   in-suit, including without limitation any negotiations between AOS and you and materials used to

15   analyze the patents-in-suit.

16   RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

17        Fairchild incorporates by reference herein its General Objections stated above. Fairchild

18   further objects to this request to the extent that it seeks information that is protected by the attorney-

19   client privilege, the attorney work product privilege or any other available privilege or doctrine.

20   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

21   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

22   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

23   discovery of admissible evidence.

24        Subject to these objections and the General Objections and without waiving them, Fairchild

25   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

26   control and that can be located after a reasonably diligent good faith search.

27   / / /

28   / / /

1 REQUEST FOR PRODUCTION NO. 55:

2         All documents evidencing your knowledge or lack of knowledge concerning the downstream

3 sales or uses of any Accused Fairchild Device, including without limitation your knowledge or lack of

4 knowledge that any Accused Fairchild Devices are made, used, sold, offered for sale, or imported

5 in(to) the United States.

6 RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

7         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8 further objects to this request to the extent that it seeks information that is protected by the attorney-

9 client privilege, the attorney work product privilege or any other available privilege or doctrine.

10 Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

11 burdensome and oppressive and seeking information that is not relevant to the subject matter of the

12 pending action or claims or defenses of any party, and not reasonably calculated to lead to the

13 discovery of admissible evidence.  Fairchild is limiting this request to the eight specific Fairchild

14 devices which were identified in AOS's Preliminary Infringement Contentions.

15         Subject to these objections and the General Objections and without waiving them, Fairchild

16 will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17 control and that can be located after a reasonably diligent good faith search.

18 REQUEST FOR PRODUCTION NO. 56:

19         All documents and things relating to the Fairchild Asserted Patents.

20 RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

21         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

22 further objects to this request to the extent that it seeks information that is protected by the attorney-

23 client privilege, the attorney work product privilege or any other available privilege or doctrine.

24 Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and.

25         Subject to these objections and the General Objections and without waiving them, Fairchild

26 will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

27 control and that can be located after a reasonably diligent good faith search.

28 / / /

1  REQUEST FOR PRODUCTION NO. 57:

2      All documents and things relating to any patents (whether expired or in force) or patent

3  applications (whether issued, pending, or abandoned) related to the Fairchild Asserted Patents,

4  including any continuations, continuations-in-part, divisionals, reissues, reexaminations, or

5  counterparts related thereto, and any related foreign patents and patent applications, including any

6  underlying patent applications.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

8      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

9  further objects to this request to the extent that it seeks information that is protected by the attorney-

10  client privilege, the attorney work product privilege or any other available privilege or doctrine.

11  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

12  oppressive and seeking information that is not relevant to the subject matter of the pending action or

13  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

14  evidence.

15      Subject to these objections and the General Objections and without waiving them, Fairchild

16  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17  control and that can be located after a reasonably diligent good faith search.

18  REQUEST FOR PRODUCTION NO. 58:

19      All documents supporting Fairchild's contention that AOS infringes the Fairchild Asserted

20  Patents.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

22      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

23  further objects to this request to the extent that it seeks information that is protected by the attorney-

24  client privilege, the attorney work product privilege or any other available privilege or doctrine.

25  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

26  oppressive.

27  / / /

28  / / /

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3  control and that can be located after a reasonably diligent good faith search.

4  REQUEST FOR PRODUCTION NO. 59:

5    All documents and things evidencing or relating to the conception of any invention claimed,

6  disclosed, or described by any Fairchild Asserted Patent.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

8    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

9  further objects to this request to the extent that it seeks information that is protected by the attorney-

10  client privilege, the attorney work product privilege or any other available privilege or doctrine.

11  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

12  oppressive.

13    Subject to these objections and the General Objections and without waiving them, Fairchild

14  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

15  control and that can be located after a reasonably diligent good faith search.

16  REQUEST FOR PRODUCTION NO. 60:

17    All notebooks, diaries, files, appointment calendars, research reports, or workbooks generated

18  or maintained by any inventor of any of the Fairchild Asserted Patents or AOS Asserted Patents

19  during the time period beginning with the earliest possible date of conception of the patented

20  invention and ending with the issuance of the patent.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

22    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

23  further objects to this request to the extent that it seeks information that is protected by the attorney-

24  client privilege, the attorney work product privilege or any other available privilege or doctrine.

25  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

26  oppressive and seeking information that is not relevant to the subject matter of the pending action or

27  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

28  evidence.

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3    control and that can be located after a reasonably diligent good faith search.

4    REQUEST FOR PRODUCTION NO. 61:

5    All documents and things prepared, reviewed, or edited by an inventor of any Fairchild

6    Asserted Patent relating to any invention disclosed, described, or claimed in the Fairchild Asserted

7    Patent.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

9    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

10   further objects to this request to the extent that it seeks information that is protected by the attorney-

11   client privilege, the attorney work product privilege or any other available privilege or doctrine.

12   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

13   oppressive.

14   Subject to these objections and the General Objections and without waiving them, Fairchild

15   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

16   control and that can be located after a reasonably diligent good faith search.

17   REQUEST FOR PRODUCTION NO. 62:

18   Documents reflecting the last-known residence and employment of each inventor of any

19   Fairchild Asserted Patent.

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

21   Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

22   objects on the grounds that this request is seeking information that is not relevant to the subject matter

23   of the pending action or claims or defenses of any party, and not reasonably calculated to lead to the

24   discovery of admissible evidence.

25   Subject to these objections and the General Objections and without waiving them, Fairchild

26   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

27   control and that can be located after a reasonably diligent good faith search.

28   / / /

1    REQUEST FOR PRODUCTION NO. 63:

2         All documents and things evidencing or relating to the first reduction to practice of any

3    invention claimed, disclosed, or described by any Fairchild Asserted Patent.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

5         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

6    further objects to this request to the extent that it seeks information that is protected by the attorney-

7    client privilege, the attorney work product privilege or any other available privilege or doctrine.

8    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

9    burdensome and oppressive.

10        Subject to these objections and the General Objections and without waiving them, Fairchild

11   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

12   control and that can be located after a reasonably diligent good faith search.

13   REQUEST FOR PRODUCTION NO. 64:

14        All drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence,

15   memoranda, reports, test results, and all other documents and things relating to, or that were created,

16   used, or referred to in connection with, the design, research, development, or testing of any invention

17   claimed, disclosed, or described in any Fairchild Asserted Patent.

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

19        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

20   further objects to this request to the extent that it seeks information that is protected by the attorney-

21   client privilege, the attorney work product privilege or any other available privilege or doctrine.

22   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

23   oppressive and seeking information that is not relevant to the subject matter of the pending action or

24   claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

25   evidence.

26        Subject to these objections and the General Objections and without waiving them, Fairchild

27   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

28   control and that can be located after a reasonably diligent good faith search.

1    REQUEST FOR PRODUCTION NO. 65:

2         All drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence,

3    memoranda, reports, test results, and all other documents and things relating to, or that were created,

4    used, or referred to in connection with, the design, research, development, or testing of any method for

5    improving (*sic*).

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

7         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8    further objects to this request to the extent that it seeks information that is protected by the attorney-

9    client privilege, the attorney work product privilege or any other available privilege or doctrine.

10   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

11   oppressive and seeking information that is not relevant to the subject matter of the pending action or

12   claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

13   evidence.

14        Subject to these objections and the General Objections and without waiving them, Fairchild

15   responds as follows:

16        This document request appears to be incomplete.

17   REQUEST FOR PRODUCTION NO. 66:

18        All documents and things regarding the breakdown characteristics or performance of trench

19   MOSFET devices, including without limitation breakdown initiation.

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

21        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

22   further objects to this request to the extent that it seeks information that is protected by the attorney-

23   client privilege, the attorney work product privilege or any other available privilege or doctrine.

24   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

25   oppressive, particularly with respect to the term "trench MOSFET devices," and seeking information

26   that is not relevant to the subject matter of the pending action or claims or defenses of any party, and

27   not reasonably calculated to lead to the discovery of admissible evidence.  Fairchild objects to this

28   request to the extent that it seeks information that is equally available to both AOS and Fairchild, or

1   that must be obtained from third parties.

2        Subject to these objections and the General Objections and without waiving them, Fairchild

3   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

4   control and that can be located after a reasonably diligent good faith search.

5   REQUEST FOR PRODUCTION NO. 67:

6        All documents and things regarding the breakdown characteristics, breakdown performance,

7   and/or resistance to "punchthrough" of any devices that Fairchild contends practice any claim of the

8   Fairchild Asserted Patents, including without limitation any analysis or simulation of the breakdown

9   initiation in such devices.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

11        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

12   further objects to this request to the extent that it seeks information that is protected by the attorney-

13   client privilege, the attorney work product privilege or any other available privilege or doctrine.

14   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

15   oppressive.

16        Subject to these objections and the General Objections and without waiving them, Fairchild

17   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

18   control and that can be located after a reasonably diligent good faith search.

19   REQUEST FOR PRODUCTION NO. 68:

20        All documents and things regarding the doping of any "heavy body" and any "doped well" in a

21   MOSFET device, including without limitation the existence or creation of any "abrupt junction" at any

22   interface between such a "heavy body" and such a "doped well."

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

24        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

25   further objects on the grounds that this request is overbroad, unduly burdensome and oppressive,

26   particularly with respect to the term "MOSFET device," and seeking information that is not relevant to

27   the subject matter of the pending action or claims or defenses of any party, and not reasonably

28   calculated to lead to the discovery of admissible evidence.  Fairchild objects to this request to the

1    extent that it seeks information that is equally available to both AOS and Fairchild, or that must be

2    obtained from third parties.

3        Subject to these objections and the General Objections and without waiving them, Fairchild

4    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

5    control and that can be located after a reasonably diligent good faith search.

6    REQUEST FOR PRODUCTION NO. 69:

7        All documents and things referring to or defining an "abrupt junction."

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

9        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

10    further objects to this request to the extent that it seeks information that is protected by the attorney-

11    client privilege, the attorney work product privilege or any other available privilege or doctrine.

12    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

13    burdensome and oppressive.

14        Subject to these objections and the General Objections and without waiving them, Fairchild

15    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

16    control and that can be located after a reasonably diligent good faith search.

17    REQUEST FOR PRODUCTION NO. 70:

18        All documents and things constituting or relating to prior art references for any Fairchild

19    Asserted Patent.

20    RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

21        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

22    further objects to this request to the extent that it seeks information that is protected by the attorney-

23    client privilege, the attorney work product privilege or any other available privilege or doctrine.

24    Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

25    oppressive.

26        Subject to these objections and the General Objections and without waiving them, Fairchild

27    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

28    control and that can be located after a reasonably diligent good faith search.

1    REQUEST FOR PRODUCTION NO. 71:

2         All documents and things relating to your first commercial embodiment of each and every

3    Fairchild Asserted Patent.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

5         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

6    further objects to this request to the extent that it seeks information that is protected by the attorney-

7    client privilege, the attorney work product privilege or any other available privilege or doctrine.

8    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

9    burdensome and oppressive.

10        Subject to these objections and the General Objections and without waiving them, Fairchild

11   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

12   control and that can be located after a reasonably diligent good faith search.

13   REQUEST FOR PRODUCTION NO. 72:

14        All documents referring to any AOS Device.

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

16        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

17   further objects to this request to the extent that it seeks information that is protected by the attorney-

18   client privilege, the attorney work product privilege or any other available privilege or doctrine.

19   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

20   oppressive and seeking information that is not relevant to the subject matter of the pending action or

21   claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23        Subject to these objections and the General Objections and without waiving them, Fairchild

24   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

25   control and that can be located after a reasonably diligent good faith search.

26   / / /

27   / / /

28   / / /

1    REQUEST FOR PRODUCTION NO. 73:

2         All patents or patent applications (foreign or domestic, pending, abandoned or issued) owned

3    or controlled by you relating to the design, configuration, or method of manufacture of any MOSFET

4    IC device.

5    RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

6         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

7    further objects to this request to the extent that it seeks information that is protected by the attorney-

8    client privilege, the attorney work product privilege or any other available privilege or doctrine.

9    Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

10   oppressive particularly with respect to the term "any MOSFET IC device," and seeking information

11   that is not relevant to the subject matter of the pending action or claims or defenses of any party, and

12   not reasonably calculated to lead to the discovery of admissible evidence.

13        Subject to these objections and the General Objections and without waiving them, Fairchild

14   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

15   control and that can be located after a reasonably diligent good faith search.

16   REQUEST FOR PRODUCTION NO. 74:

17        All draft or final press releases relating to the AOS Asserted Patents, Fairchild Asserted

18   Patents, this lawsuit, or any product relating to any of the foregoing.

19   RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

20        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

21   further objects to this request to the extent that it seeks information that is protected by the attorney-

22   client privilege, the attorney work product privilege or any other available privilege or doctrine.

23   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

24   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

25   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

26   discovery of admissible evidence.

27   / / /

28   / / /

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3  control and that can be located after a reasonably diligent good faith search.

4  REQUEST FOR PRODUCTION NO. 75:

5    All documents reflecting any assignment, sale, acquisition, license or transfer of any rights

6  relating to any Fairchild Asserted Patent or any related patent or application.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

8    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

9  further objects to this request to the extent that it seeks information that is protected by the attorney-

10  client privilege, the attorney work product privilege or any other available privilege or doctrine.

11  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

12  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

13  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

14  discovery of admissible evidence.

15    Subject to these objections and the General Objections and without waiving them, Fairchild

16  responds as follows:

17    The parties have stipulated that this request can be deferred until a later period in discovery, to

18  be determined by the parties.

19  REQUEST FOR PRODUCTION NO. 76:

20    The personnel files for any employee who was involved in the development of the claimed

21  invention in any Fairchild Asserted Patent.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

23    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

24  further objects to this request to the extent that it seeks information that is protected by the attorney-

25  client privilege, the attorney work product privilege or any other available privilege or doctrine.

26  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

27  oppressive and seeking information that is not relevant to the subject matter of the pending action or

28  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

1  evidence. Fairchild further objects to this interrogatory to the extent that it seeks information

2  protected by common law, constitutional and/or statutory rights of privacy. Fairchild further objects

3  to the extent that this request seeks the production of confidential employee files that are subject to

4  statutory, common law or constitutional rights to privacy. Personnel files contain highly personal and

5  sensitive information that falls within the scope of individual employees' rights of privacy, and

6  Fairchild, therefore, has an interest, and an obligation, to protect against their unnecessary disclosure

7  in discovery. Pursuant to the above objections, Fairchild will not produce documents in response to

8  this request.

9  REQUEST FOR PRODUCTION NO. 77:

10      All documents relating to your contemplated or actual commercial exploitation of any

11  invention disclosed, described, or claimed by any Fairchild Asserted Patent, including without

12  limitation feasibility studies, marketing plans, marketing forecasts, estimates or projections of market

13  share, periodic research and development reports, management reports or other periodic reports,

14  advertisements, promotional brochures, product literature, catalogs, trade show exhibits or displays,

15  technical brochures, specifications, price lists, contracts, purchase orders, papers published or

16  presented, and customer lists (including sales to all end-users, distributors and retailers).

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

18      Fairchild incorporates by reference herein its General Objections stated above. Fairchild

19  further objects to this request to the extent that it seeks information that is protected by the attorney-

20  client privilege, the attorney work product privilege or any other available privilege or doctrine.

21  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

22  oppressive and seeking information that is not relevant to the subject matter of the pending action or

23  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25      Subject to these objections and the General Objections and without waiving them, Fairchild

26  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

27  control and that can be located after a reasonably diligent good faith search.

28  ///

1    REQUEST FOR PRODUCTION NO. 78:

2        Documents sufficient to determine the structure, function, or operation of all products made,

3    used, sold, offered for sale, licensed, offered for license, or transferred by or for Fairchild that you

4    contend embody or use any invention disclosed, described, or claimed in any Fairchild Asserted

5    Patent.

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

7        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8    further objects to this request to the extent that it seeks information that is protected by the attorney-

9    client privilege, the attorney work product privilege or any other available privilege or doctrine.

10    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

11    burdensome and oppressive.

12        Subject to these objections and the General Objections and without waiving them, Fairchild

13    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

14    control and that can be located after a reasonably diligent good faith search.

15    REQUEST FOR PRODUCTION NO. 79:

16        Documents sufficient to identify all persons who participated in the design or development of

17    all products made, used, sold, offered for sale, licensed, offered for license, or transferred by or for

18    Fairchild that you contend embodies or uses any invention disclosed, described, or claimed in any

19    Fairchild Asserted Patent.

20    RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

21        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

22    further objects to this request to the extent that it seeks information that is protected by the attorney-

23    client privilege, the attorney work product privilege or any other available privilege or doctrine.

24    Fairchild further objects on the grounds that this request is vague and ambiguous, and seeking

25    information that is not relevant to the subject matter of the pending action or claims or defenses of any

26    party, and not reasonably calculated to lead to the discovery of admissible evidence.

27    / / /

28    / / /

1     Subject to these objections and the General Objections and without waiving them, Fairchild

2  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3  control and that can be located after a reasonably diligent good faith search.

4  <u>REQUEST FOR PRODUCTION NO. 80</u>:

5     All documents and things relating to commercial exploitation by others of any invention

6  disclosed, described, or claimed in any Fairchild Asserted Patent.

7  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 80</u>:

8     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

9  further objects to this request to the extent that it seeks information that is protected by the attorney-

10  client privilege, the attorney work product privilege or any other available privilege or doctrine.

11  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

12  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

13  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

14  discovery of admissible evidence.

15     Subject to these objections and the General Objections and without waiving them, Fairchild

16  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17  control and that can be located after a reasonably diligent good faith search.

18  <u>REQUEST FOR PRODUCTION NO. 81</u>:

19     All documents and things relating to AOS.

20  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 81</u>:

21     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

22  further objects to this request to the extent that it seeks information that is protected by the attorney-

23  client privilege, the attorney work product privilege or any other available privilege or doctrine.

24  Fairchild further objects on the grounds that this request is vague and ambiguous, particularly with

25  respect to the term "relating to AOS," overbroad, unduly burdensome and oppressive and seeking

26  information that is not relevant to the subject matter of the pending action or claims or defenses of any

27  party, and not reasonably calculated to lead to the discovery of admissible evidence.  Fairchild further

28  objects to this request on the grounds that it is duplicative of other requests.

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3    control and that can be located after a reasonably diligent good faith search.

4    REQUEST FOR PRODUCTION NO. 82:

5    All documents and things relating to any current or former employee of AOS.

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

7    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

8    further objects to this request to the extent that it seeks information that is protected by the attorney-

9    client privilege, the attorney work product privilege or any other available privilege or doctrine.

10   Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

11   oppressive and seeking information that is not relevant to the subject matter of the pending action or

12   claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

13   evidence.  Fairchild further objects to this interrogatory to the extent that it seeks information

14   protected by common law, constitutional and/or statutory rights of privacy.

15   Subject to these objections and the General Objections and without waiving them, Fairchild

16   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17   control and that can be located after a reasonably diligent good faith search to the extent that the

18   documents are not personnel files.

19   REQUEST FOR PRODUCTION NO. 83:

20   All documents and things relating to any AOS product.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

22   Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

23   further objects to this request to the extent that it seeks information that is protected by the attorney-

24   client privilege, the attorney work product privilege or any other available privilege or doctrine.

25   Fairchild further objects on the grounds that this request is overbroad, particularly with respect to the

26   term "any AOS product," unduly burdensome and oppressive and seeking information that is not

27   relevant to the subject matter of the pending action or claims or defenses of any party, and not

28   reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3    control and that can be located after a reasonably diligent good faith search.

4    REQUEST FOR PRODUCTION NO. 84:

5    All documents relating to the prosecution of the applications that resulted in the Fairchild

6    Asserted Patents, or related patents or applications, including without limitation the file; of attorneys

7    or other individuals involved in prosecuting the Fairchild Asserted Patents, related patents, or related

8    applications.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

10    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

11    further objects to this request to the extent that it seeks information that is protected by the attorney-

12    client privilege, the attorney work product privilege or any other available privilege or doctrine.

13    Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

14    oppressive and seeking information that is not relevant to the subject matter of the pending action or

15    claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

16    evidence.

17    Subject to these objections and the General Objections and without waiving them, Fairchild

18    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

19    control and that can be located after a reasonably diligent good faith search.

20    REQUEST FOR PRODUCTION NO. 85:

21    Documents sufficient to identify all persons involved with prosecuting the Fairchild Asserted

22    Patents, related patents, or related applications.

23    RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

24    Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

25    further objects to this request to the extent that it seeks information that is protected by the attorney-

26    client privilege, the attorney work product privilege or any other available privilege or doctrine.

27    Fairchild further objects on the grounds that this request is seeking information that is not relevant to

28    the subject matter of the pending action or claims or defenses of any party, and not reasonably

1   calculated to lead to the discovery of admissible evidence.

2           Subject to these objections and the General Objections and without waiving them, Fairchild

3   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

4   control and that can be located after a reasonably diligent good faith search.

5   REQUEST FOR PRODUCTION NO. 86:

6           All documents constituting or reflecting any search, investigation, evaluation, or opinion as to

7   the novelty, patentability, validity, enforceability, or scope of any Fairchild Asserted Patent, or any

8   related patent or application.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

10          Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

11  further objects to this request to the extent that it seeks information that is protected by the attorney-

12  client privilege, the attorney work product privilege or any other available privilege or doctrine.

13  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

14  oppressive and seeking information that is not relevant to the subject matter of the pending action or

15  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

16  evidence.

17          Subject to these objections and the General Objections and without waiving them, Fairchild

18  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

19  control and that can be located after a reasonably diligent good faith search.

20  REQUEST FOR PRODUCTION NO. 87:

21          All patents and other publications that were reviewed or received by anyone involved with

22  prosecuting any Fairchild Asserted Patent, related patent, or related application, during the period of

23  such involvement.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

25          Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

26  further objects to this request to the extent that it seeks information that is protected by the attorney-

27  client privilege, the attorney work product privilege or any other available privilege or doctrine.

28  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

1  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

2  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

3  discovery of admissible evidence.

4      Subject to these objections and the General Objections and without waiving them, Fairchild

5  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

6  control and that can be located after a reasonably diligent good faith search.

7  REQUEST FOR PRODUCTION NO. 88:

8      All documents evidencing or relating to the earliest sales and offers for sale of any invention

9  disclosed, described, or claimed in any Fairchild Asserted Patent, or of any product embodying or

10 using any invention disclosed, described, or claimed in any Fairchild Asserted Patent, including

11 without limitation all advertising, sales, promotional, and technical materials relating to such offers

12 and sales.

13 RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

14     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

15 further objects to this request to the extent that it seeks information that is protected by the attorney-

16 client privilege, the attorney work product privilege or any other available privilege or doctrine.

17 Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

18 oppressive and seeking information that is not relevant to the subject matter of the pending action or

19 claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

20 evidence.

21     Subject to these objections and the General Objections and without waiving them, Fairchild

22 will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

23 control and that can be located after a reasonably diligent good faith search.

24 REQUEST FOR PRODUCTION NO. 89:

25     All documents and things evidencing or relating to making, using, testing, or selling any

26 invention disclosed, described, or claimed in any Fairchild Asserted Patent, including without

27 limitation documents and things relating to the first uses (whether or not public) of such inventions.

28 / / /

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

2       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

3  further objects to this request to the extent that it seeks information that is protected by the attorney-

4  client privilege, the attorney work product privilege or any other available privilege or doctrine.

5  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

6  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

7  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

8  discovery of admissible evidence.

9       Subject to these objections and the General Objections and without waiving them, Fairchild

10  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

11  control and that can be located after a reasonably diligent good faith search.

12  REQUEST FOR PRODUCTION NO. 90:

13       All documents and things evidencing or relating to (a) public use, (b) on sale activity,

14  (c) commercial exploitation, and (d) experimental use (as these phrases are used in the application of

15  35 U.S.C. § 102(b)), by each inventor, you, or any other person, of any invention disclosed, described,

16  or claimed in any Fairchild Asserted Patent.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

18       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

19  further objects to this request to the extent that it seeks information that is protected by the attorney-

20  client privilege, the attorney work product privilege or any other available privilege or doctrine.

21  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

22  oppressive and seeking information that is not relevant to the subject matter of the pending action or

23  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25       Subject to these objections and the General Objections and without waiving them, Fairchild

26  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

27  control and that can be located after a reasonably diligent good faith search.

28  / / /

1    REQUEST FOR PRODUCTION NO. 91:

2         All documents and things constituting, evidencing or relating to patents, publications, written

3    descriptions, or other prior art references of which you are aware, relating to any invention claimed in

4    any of the Fairchild Asserted Patents.

5    RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

6         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

7    further objects to this request to the extent that it seeks information that is protected by the attorney-

8    client privilege, the attorney work product privilege or any other available privilege or doctrine.

9    Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

10   oppressive.

11        Subject to these objections and the General Objections and without waiving them, Fairchild

12   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

13   control and that can be located after a reasonably diligent good faith search.

14   REQUEST FOR PRODUCTION NO. 92:

15        All documents constituting or reflecting searches, investigations, or evaluations of domestic or

16   foreign patents, literature, or other published materials relating to any invention disclosed, described,

17   or claimed in any of the Fairchild Asserted Patents.

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

19        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

20   further objects to this request to the extent that it seeks information that is protected by the attorney-

21   client privilege, the attorney work product privilege or any other available privilege or doctrine.

22   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

23   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

24   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

25   discovery of admissible evidence.

26   REQUEST FOR PRODUCTION NO. 93:

27        All documents and things evidencing or relating to products of third parties that constitute

28   prior art to any Fairchild Asserted Patent.

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

2      Fairchild incorporates by reference herein its General Objections stated above. Fairchild

3  further objects to this request to the extent that it seeks information that is protected by the attorney-

4  client privilege, the attorney work product privilege or any other available privilege or doctrine.

5  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

6  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

7  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

8  discovery of admissible evidence.

9      Subject to these objections and the General Objections and without waiving them, Fairchild

10  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

11  control and that can be located after a reasonably diligent good faith search.

12  REQUEST FOR PRODUCTION NO. 94:

13      All publications, including without limitation books, book excerpts, articles in technical or

14  trade publications, conference papers or presentations, or internal technical memoranda, authored in

15  whole or in part by any inventor of any Fairchild Asserted Patent, regarding breakdown performance

16  or breakdown characteristics of MOSFETs.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

18      Fairchild incorporates by reference herein its General Objections stated above. Fairchild

19  further objects to this request to the extent that it seeks information that is protected by the attorney-

20  client privilege, the attorney work product privilege or any other available privilege or doctrine.

21  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

22  burdensome and oppressive, particularly with respect to the general term "MOSFETs," and seeking

23  information that is not relevant to the subject matter of the pending action or claims or defenses of any

24  party, and not reasonably calculated to lead to the discovery of admissible evidence.

25      Subject to these objections and the General Objections and without waiving them, Fairchild

26  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

27  control and that can be located after a reasonably diligent good faith search.

28  / / /

1    REQUEST FOR PRODUCTION NO. 95:

2         All publications, articles, conference papers, or technical or marketing presentations relating to

3    any commercial embodiment of the Fairchild Asserted Patents.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 95:

5         Fairchild incorporates by reference herein its General Objections stated above. Fairchild

6    further objects to this request to the extent that it seeks information that is protected by the attorney-

7    client privilege, the attorney work product privilege or any other available privilege or doctrine.

8    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

9    burdensome and oppressive and seeking information that is not relevant to the subject matter of the

10    pending action or claims or defenses of any party, and not reasonably calculated to lead to the

11    discovery of admissible evidence.

12         Subject to these objections and the General Objections and without waiving them, Fairchild

13    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

14    control and that can be located after a reasonably diligent good faith search.

15    REQUEST FOR PRODUCTION NO. 96:

16         All documents and things relating to whether any commercial embodiment, or invention

17    disclosed, described, or claimed in any Fairchild Asserted Patent satisfied any long-felt but unresolved

18    need.

19    RESPONSE TO REQUEST FOR PRODUCTION NO. 96:

20         Fairchild incorporates by reference herein its General Objections stated above. Fairchild

21    further objects to this request to the extent that it seeks information that is protected by the attorney-

22    client privilege, the attorney work product privilege or any other available privilege or doctrine.

23    Fairchild further objects on the grounds that this request is vague and ambiguous, verbroad, unduly

24    burdensome and oppressive and seeking information that is not relevant to the subject matter of the

25    pending action or claims or defenses of any party, and not reasonably calculated to lead to the

26    discovery of admissible evidence.

27    / / /

28    / / /

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3    control and that can be located after a reasonably diligent good faith search.

4    REQUEST FOR PRODUCTION NO. 97:

5    All documents and things evidencing or relating to any problems solved by any commercial

6    embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 97:

8    Fairchild incorporates by reference herein its General Objections stated above. Fairchild

9    further objects to this request to the extent that it seeks information that is protected by the attorney-

10    client privilege, the attorney work product privilege or any other available privilege or doctrine.

11    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

12    burdensome and oppressive and seeking information that is not relevant to the subject matter of the

13    pending action or claims or defenses of any party, and not reasonably calculated to lead to the

14    discovery of admissible evidence.

15    Subject to these objections and the General Objections and without waiving them, Fairchild

16    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

17    control and that can be located after a reasonably diligent good faith search.

18    REQUEST FOR PRODUCTION NO. 98:

19    All documents and things evidencing or relating to failures by persons to solve any problems

20    solved by any commercial embodiment or invention disclosed, described, or claimed in any Fairchild

21    Asserted Patent.

22    RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

23    Fairchild incorporates by reference herein its General Objections stated above. Fairchild

24    further objects to this request to the extent that it seeks information that is protected by the attorney-

25    client privilege, the attorney work product privilege or any other available privilege or doctrine.

26    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

27    burdensome and oppressive and seeking information that is not relevant to the subject matter of the

28    pending action or claims or defenses of any party, and not reasonably calculated to lead to the

1  discovery of admissible evidence.

2      Subject to these objections and the General Objections and without waiving them, Fairchild

3  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

4  control and that can be located after a reasonably diligent good faith search.

5  REQUEST FOR PRODUCTION NO. 99:

6      All documents and things evidencing or relating to whether any commercial embodiment or

7  invention disclosed, described, or claimed in any Fairchild Asserted Patent, has been commercially

8  successful.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 99:

10      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

11  further objects to this request to the extent that it seeks information that is protected by the attorney-

12  client privilege, the attorney work product privilege or any other available privilege or doctrine.

13  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

14  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

15  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

16  discovery of admissible evidence.

17      Subject to these objections and the General Objections and without waiving them, Fairchild

18  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

19  control and that can be located after a reasonably diligent good faith search.

20  REQUEST FOR PRODUCTION NO. 100:

21      All documents and things evidencing or relating to whether any commercial embodiment or

22  invention disclosed, described, or claimed in any Fairchild Asserted Patent, has been copied by others.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 100:

24      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

25  further objects to this request to the extent that it seeks information that is protected by the attorney-

26  client privilege, the attorney work product privilege or any other available privilege or doctrine.

27  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

28  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

1    pending action or claims or defenses of any party, and not reasonably calculated to lead to the

2    discovery of admissible evidence.

3        Subject to these objections and the General Objections and without waiving them, Fairchild

4    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

5    control and that can be located after a reasonably diligent good faith search.

6    REQUEST FOR PRODUCTION NO. 101:

7        All documents and things evidencing or relating to whether any commercial embodiment or

8    invention disclosed, described, or claimed in any Fairchild Asserted Patent, has been praised by

9    anyone other than its inventors or you.

10    RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

11        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

12    further objects to this request to the extent that it seeks information that is protected by the attorney-

13    client privilege, the attorney work product privilege or any other available privilege or doctrine.

14    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

15    burdensome and oppressive and seeking information that is not relevant to the subject matter of the

16    pending action or claims or defenses of any party, and not reasonably calculated to lead to the

17    discovery of admissible evidence.

18        Subject to these objections and the General Objections and without waiving them, Fairchild

19    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

20    control and that can be located after a reasonably diligent good faith search.

21    REQUEST FOR PRODUCTION NO. 102:

22        All documents and things evidencing or relating to whether any commercial embodiment or

23    invention disclosed, described, or claimed in any Fairchild Asserted Patent has departed from accepted

24    principles in the industry.

25    RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

26        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

27    further objects to this request to the extent that it seeks information that is protected by the attorney-

28    client privilege, the attorney work product privilege or any other available privilege or doctrine.

1  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

2  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

3  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

4  discovery of admissible evidence.

5       Subject to these objections and the General Objections and without waiving them, Fairchild

6  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

7  control and that can be located after a reasonably diligent good faith search.

8  REQUEST FOR PRODUCTION NO. 103:

9       All documents and things evidencing or relating to whether any commercial embodiment or

10  invention disclosed, described, or claimed in any Fairchild Asserted Patent has been recognized by the

11  industry or received industry acclaim.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

13       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

14  further objects to this request to the extent that it seeks information that is protected by the attorney-

15  client privilege, the attorney work product privilege or any other available privilege or doctrine.

16  Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

17  burdensome and oppressive and seeking information that is not relevant to the subject matter of the

18  pending action or claims or defenses of any party, and not reasonably calculated to lead to the

19  discovery of admissible evidence.

20       Subject to these objections and the General Objections and without waiving them, Fairchild

21  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

22  control and that can be located after a reasonably diligent good faith search.

23  REQUEST FOR PRODUCTION NO. 104:

24       All documents evidencing or relating to the level of knowledge, schooling, experience,

25  expertise, or relevant technical information of a person having ordinary skill in the arts to which any

26  invention is disclosed, described, or claimed in the Fairchild Asserted Patents (as this phrase is used in

27  35 U.S.C. § 103).

28  / / /

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

2          Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

3    further objects to this request to the extent that it seeks information that is protected by the attorney-

4    client privilege, the attorney work product privilege or any other available privilege or doctrine.

5    Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

6    oppressive and seeking information that is not relevant to the subject matter of the pending action or

7    claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

8    evidence.  Fairchild objects to the extent that this request calls for an expert opinion and expert

9    discovery has not yet commenced.  Fairchild objects to this request on the grounds that it is

10   duplicative of request number 9.

11   REQUEST FOR PRODUCTION NO. 105:

12         All documents and things evidencing or relating to any mode contemplated by any inventor for

13   carrying out any invention disclosed, described, or claimed in any Fairchild Asserted Patent, from a

14   period starting with the earliest possible conception of the invention and ending six months after the

15   patent application was filed.

16   RESPONSE TO REQUEST FOR PRODUCTION NO. 105:

17         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

18   further objects to this request to the extent that it seeks information that is protected by the attorney-

19   client privilege, the attorney work product privilege or any other available privilege or doctrine.

20   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

21   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

22   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

23   discovery of admissible evidence.

24         Subject to these objections and the General Objections and without waiving them, Fairchild

25   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

26   control and that can be located after a reasonably diligent good faith search.

27   / / /

28   / / /

1  REQUEST FOR PRODUCTION NO. 106:

2      For the Fairchild Asserted Patents, all documents and things evidencing or relating to the best

3  mode contemplated by their inventors carrying out any invention disclosed, described, or claimed in

4  the patents or applications (as this phrase is used in 35 U.S.C. § 112, 1st paragraph).

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

6      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

7  further objects to this request to the extent that it seeks information that is protected by the attorney-

8  client privilege, the attorney work product privilege or any other available privilege or doctrine.

9      Subject to these objections and the General Objections and without waiving them, Fairchild

10  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

11  control and that can be located after a reasonably diligent good faith search.

12  REQUEST FOR PRODUCTION NO. 107:

13      All documents reflecting any statement, assertion, or claim by anyone relating to the

14  patentability, validity, enforceability, or scope of any claim of any Fairchild Asserted Patent, including

15  without limitation any document that states or implies that any Fairchild Asserted Patent, or any claim

16  thereof, is, or may be, invalid or unenforceable.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

18      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

19  further objects to this request to the extent that it seeks information that is protected by the attorney-

20  client privilege, the attorney work product privilege or any other available privilege or doctrine.

21  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

22  oppressive and seeking information that is not relevant to the subject matter of the pending action or

23  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

24  evidence.

25      Subject to these objections and the General Objections and without waiving them, Fairchild

26  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

27  control and that can be located after a reasonably diligent good faith search.

28  / / /

1    REQUEST FOR PRODUCTION NO. 108:

2         Documents sufficient to determine when and how you first learned of any of the AOS Devices

3    that allegedly infringe any Fairchild Asserted Patent.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

5         Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

6    further objects to this request to the extent that it seeks information that is protected by the attorney-

7    client privilege, the attorney work product privilege or any other available privilege or doctrine.

8         Subject to these objections and the General Objections and without waiving them, Fairchild

9    will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

10   control and that can be located after a reasonably diligent good faith search.

11   REQUEST FOR PRODUCTION NO. 109:

12        All documents and things evidencing or relating to AOS's alleged use of any invention

13   disclosed, described, or claimed in any Fairchild Asserted Patent, including without limitation all

14   documents and things establishing or otherwise showing when and how you first learned of any such

15   alleged use or infringement.

16   RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

17        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

18   further objects to this request to the extent that it seeks information that is protected by the attorney-

19   client privilege, the attorney work product privilege or any other available privilege or doctrine.

20   Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

21   burdensome and oppressive and seeking information that is not relevant to the subject matter of the

22   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

23   discovery of admissible evidence.

24        Subject to these objections and the General Objections and without waiving them, Fairchild

25   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

26   control and that can be located after a reasonably diligent good faith search.

27   / / /

28   / / /

1  REQUEST FOR PRODUCTION NO. 110:

2      All documents and things constituting, evidencing or relating to any analysis of any of AOS's

3  products for potential or actual infringement of any Fairchild Asserted Patent.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

5      Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

6  further objects to this request to the extent that it seeks information that is protected by the attorney-

7  client privilege, the attorney work product privilege or any other available privilege or doctrine.

8  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

9  oppressive.

10     Subject to these objections and the General Objections and without waiving them, Fairchild

11  will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

12  control and that can be located after a reasonably diligent good faith search.

13  REQUEST FOR PRODUCTION NO. 111:

14     All documents constituting or reflecting any opinion regarding infringement by anyone of any

15  Fairchild Asserted Patent.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

17     Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

18  further objects to this request to the extent that it seeks information that is protected by the attorney-

19  client privilege, the attorney work product privilege or any other available privilege or doctrine.

20  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

21  oppressive and seeking information that is not relevant to the subject matter of the pending action or

22  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

23  evidence.

24     Subject to these objections and the General Objections and without waiving them, Fairchild

25  responds as follows:

26     The parties have stipulated that this request can be deferred until a later period in discovery, to

27  be determined by the parties.

28  / / /

1    REQUEST FOR PRODUCTION NO. 112:

2        A fully functional sample of each commercial embodiment of each and every Fairchild

3    Asserted Patent.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 112:

5        Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

6    further objects to this request to the extent that it seeks information that is protected by the attorney-

7    client privilege, the attorney work product privilege or any other available privilege or doctrine.

8    Fairchild further objects on the grounds that this request is vague and ambiguous, overbroad, unduly

9    burdensome and oppressive and seeking information that is not relevant to the subject matter of the

10   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

11   discovery of admissible evidence.

12   REQUEST FOR PRODUCTION NO. 113:

13       All documents and things constituting, evidencing or relating to any product that competes

14   with any commercial embodiment.

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 113:

16       Fairchild incorporates by reference herein its General Objections stated above.  Fairchild

17   objects to this request on the grounds that it is vague and ambiguous with respect to the phrase "any

18   product that competes with any commercial embodiment."  Fairchild further objects to this request to

19   the extent that it seeks information that is protected by the attorney-client privilege, the attorney work

20   product privilege or any other available privilege or doctrine.  Fairchild further objects on the grounds

21   that this request is overbroad, unduly burdensome and oppressive and seeking information that is not

22   relevant to the subject matter of the pending action or claims or defenses of any party, and not

23   reasonably calculated to lead to the discovery of admissible evidence.

24   REQUEST FOR PRODUCTION NO. 114:

25       All documents and things that show any commercial embodiment marked with a U.S. patent

26   number of the relevant Fairchild Asserted Patent in accordance with 35 U.S.C. § 287, including the

27   dates on which the mark was affixed, the identity of the person(s) who marked the commercial

28   embodiment and the manner in which each such commercial embodiment was marked.

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

2      Fairchild incorporates by reference herein its General Objections stated above. Fairchild

3  further objects to this request to the extent that it seeks information that is protected by the attorney-

4  client privilege, the attorney work product privilege or any other available privilege or doctrine.

5  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

6  oppressive.

7      Subject to these objections and the General Objections and without waiving them, Fairchild

8  responds as follows:

9      The parties have stipulated that this request can be deferred until a later period in discovery, to

10  be determined by the parties.

11  REQUEST FOR PRODUCTION NO. 115:

12      Documents sufficient to identify, such as by manufacturer, model, and part number, all

13  automated information systems at Fairchild, both past and present, including e-mail and document

14  management systems, including without limitation any such e-mail or document management systems

15  that would apply to documents concerning the design, manufacture, production, marketing, or sales of

16  Accused Fairchild Devices or documents concerning the AOS Asserted Patents or the Fairchild

17  Asserted Patents.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 115:

19      Fairchild incorporates by reference herein its General Objections stated above. Fairchild

20  further objects to this request to the extent that it seeks information that is protected by the attorney-

21  client privilege, the attorney work product privilege or any other available privilege or doctrine.

22  Fairchild further objects on the grounds that this request is overbroad, unduly burdensome and

23  oppressive and seeking information that is not relevant to the subject matter of the pending action or

24  claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible

25  evidence. Fairchild objects to this Interrogatory on the grounds that it is not reasonably limited in

26  time, as it requests information on "all automated information systems at Fairchild, both past and

27  present." Fairchild is limiting this request to the eight specific Fairchild devices which were identified

28  in AOS's Preliminary Infringement Contentions.

1    Subject to these objections and the General Objections and without waiving them, Fairchild

2   will produce non-privileged, responsive documents that are within Fairchild's possession, custody or

3   control and that can be located after a reasonably diligent good faith search.

4   / / /

5   / / /

6   / / /

7   / / /

8   / / /

9   / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1   DATED:  September 28, 2007        Respectfully submitted,

2

3                                    By: *Eric P. Jacobs /ps*
                                        Eric P. Jacobs
4                                       Peter H. Goldsmith
                                        Robert A. McFarlane
5                                       Igor Shoiket
                                        TOWNSEND AND TOWNSEND AND CREW LLP
6                                       Two Embarcadero Center, 8th Floor
                                        San Francisco, California  94111
7                                       Telephone:  (415) 576-0200
                                        Facsimile:  (415) 576-0300
8
                                        Attorneys for Defendant, Counterclaimant and Plaintiff
9                                       FAIRCHILD SEMICONDUCTOR CORPORATION

10  61113916 v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.  On the date set forth below, I served a true and accurate copy of the document(s) entitled:

**FAIRCHILD SEMICONDUCTOR CORPORATION'S RESPONSES TO ALPHA &OMEGA SEMICONDUCTOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

Andrew J. Wu
Morgan Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel:    650-843-4000
Fax:    650-843-4001
Email: awu@morganlewis.com

*Attorneys for Plaintiffs, Defendants and Counterdefendants*

Daniel Johnson, Jr.
Rita E. Tautkus
Brett M. Schuman
Morgan Lewis & Bockius LLP
One Market Street, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415-442-1000
Fax:    415-442-1001
Email: djjohnson@morganlewis.com
Email: rtautkus@morganlewis.com

*Attorneys for Plaintiffs, Defendants and Counterdefendants*

☒    [By First Class Mail]  I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐    [By Overnight Courier]  I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐    [By Hand]  I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐    [By Facsimile Transmission]  I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐    [By Electronic Transmission]  I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated:  September 28, 2007.

_Diane G. Sunnen_
Diane G. Sunnen

61113916 v1

PROOF OF SERVICE
CASE NO. C 07-02638 JSW [CONSOLIDATED WITH CASE NO. C 07-2664 JSW]