# EXHIBIT G

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

LJAugustine@townsend.com

October 10, 2007

*VIA ELECTRONIC MAIL AND U.S. MAIL*

Harry F. Doscher
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

    Re:    Alpha & Omega Semiconductor, Ltd. v. Fairchild Semiconductor Corp.,
            Case No. C 07-2638 JSW (consolidated with Case No. C-07-2664 JSW)
            Our File No.: 18865P-021600

Dear Mr. Doscher:

       I am writing to respond to your October 5, 2007 letter to Eric Jacobs regarding Fairchild's discovery requests.

       Fairchild's objections to AOS's definition of "Accused Fairchild Devices" are appropriate and proper, contrary to your assertions. First, your assertion that Fairchild has objected on the basis of this definition to "all of AOS's discovery requests" is plainly wrong. Fairchild has not objected on this basis to discovery requests that do not use the term "Accused Fairchild Devices," and has not even objected to every discovery request that uses that term -- for example, Fairchild's responses to AOS's Interrogatories No. 12 and 13. Instead, Fairchild has objected only where the use of the term "Accused Fairchild Devices" renders the particular discovery request "vague and ambiguous, overbroad, unduly burdensome and oppressive, not relevant to the subject matter of the present action, not relevant to the claim or defense of any party, and [] not reasonably calculated to lead to the discovery of admissible evidence."

       Your characterization of AOS's definition as being "well understood" and "a model of precision and clarity" in comparison to Fairchild's definition of "accused product(s)" has no merit. Fairchild limited its definition to AOS's systems or products containing the easily

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
October 10, 2007
Page 2

understood "trench design power MOSFETs or IGBTs." By contrast, AOS's definition of "Fairchild's Accused Products" refers to "power MOSFET-based" devices. The term "trench design power MOSFETs or IGBTs" is well known in the industry as a means of describing the design of the gate in these devices. However, AOS's use of the term "power MOSFET-based devices" has no generally accepted meaning. Whether a device is "power MOSFET-based" is meaningless since many products include power MOSFETs, but may not be "based" on them.

Your assertions that AOS's definition directly relates to the subject matter of the patents in suit and that discovery regarding devices covered by that definition is "not only calculated to lead to the discovery of admissible evidence, it is directly relevant to AOS's claims that those very devices infringe its asserted patents and to Fairchild's defenses against those claims . . ." are also wrong. Your assertions assume that every power MOSFET device and every device that incorporates a power MOSFET device is encompassed in the subject matter of this lawsuit. Only those devices that exhibit characteristics of the patent claims at issue, however, are the subject matter of this lawsuit. AOS in its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs") has identified only eight specific Fairchild discrete power MOSFET devices which it accuses of infringement. AOS has provided no reasons why it believes any devices other than those eight accused products are relevant to the claims or defenses of any party or that other devices encompassed within AOS's definition are reasonably similar to the eight devices accused by AOS in its PICs such that discovery would be appropriate for those devices. If you are able to provide such information, please provide it to us.

Furthermore, AOS's definition is overbroad, unduly burdensome and oppressive. As mentioned, AOS in its PICs has identified only eight specific Fairchild discrete power MOSFET devices which it accuses of infringement, yet AOS's definition includes "any power MOSFET-based device made, used, sold, offered for sale, or imported by Fairchild, including without limitation, the devices identified on Fairchild's web site as Power Modules, Switches, Power Controllers, Power Drivers, Transistors, TRIACs, Voltage Regulators, Application based Products (Audio, Video, Motor Divers [sic] and USB), Interface, Filters, and Temperature Management." To the extent that Fairchild understands the definition, it would seemingly encompass an extraordinary number of products throughout Fairchild's product lines where AOS's PICs included an accusation of only eight specific devices and provided an insufficient basis for even that accusation.

Fairchild's limiting its responses to AOS's Interrogatory Nos. 1-5, 7 and 12-13 to the eight specific Fairchild devices which were identified in AOS's preliminary infringement contentions served on August 31, 2007, is appropriate and proper. Contrary to your assertions, nothing in the Federal or Local Rules requires Fairchild to respond to discovery requests that are directed to products not accused of infringement nor reasonably similar to such products. AOS has provided no reasons why it believes any devices other than those eight accused products are relevant to the claims or defenses of any party or that other devices encompassed within AOS's definition are reasonably similar to the eight devices accused by AOS in its PICs such that

Case 3:07-cv-02638-JSW   Document 72-8   Filed 11/13/2007   Page 4 of 8

TOWNSEND
and
TOWNSEND
and
CREW
LLP

Harry F. Doscher
October 10, 2007
Page 3

discovery would be appropriate for those devices. If you are able to provide such information, please provide it to us.

With respect to Interrogatory No. 6, contrary to your assertion, the Patent Local Rules do not require Fairchild to respond to a discovery request seeking its non-infringement positions before AOS serves PICs that comply with the Patent Local Rules. *Townshend Intellectual Property, L.L.C. v. Broadcom Corp.*, 2007 WL 2462152, *3 (slip copy) (N.D. Cal. Aug. 29, 2007) (denying plaintiff's motion to compel responses to discovery requests seeking defendant's non-infringement position because "the overall structure of the [Patent Local] Rules, as well as common sense, supports [defendant's] argument that it would be fundamentally unfair to require a patent defendant to set out and support its non-infringement case before the plaintiff has complied with its obligation to serve Preliminary Infringement Contentions."). AOS recently agreed that it would amend its PICs on or before October 19 in response to Fairchild's contention that AOS's PICs were deficient. Furthermore, Patent Local Rule 2-5(a) explicitly exempts a party from responding to discovery requests seeking "to elicit a party's claim construction position." Fairchild's non-infringement position is predicated on its claim construction position, and therefore it is improper to seek Fairchild's non-infringement position until the parties have exchanged their claim construction positions. *See Caliper Technologies Corp. v Molecular Devices Corp.*, 213 F.R.D. 555, 557-58 (N.D. Cal. 2003) (Court took no action where defendant did not respond to discovery requests seeking its non-infringement until after claim construction positions were exchanged).

With respect to AOS's assertions regarding Fairchild's responses to Interrogatories No. 8, 17 and 21, Fairchild has responded in good faith to the extent permitted by its ongoing investigation. Fairchild will amend and/or supplement these responses at an appropriate time.

With respect to AOS's Interrogatory No. 11, in contrast to your assertions, Fairchild fully responded as of the date of its response. Fairchild further explained that it not aware of any such person because it does not keep separate records of previous or subsequent employment of its employees. Since serving its response, Fairchild has become of aware of one individual who left Fairchild's employment to work for AOS, and Fairchild will amend its response accordingly.

With respect to AOS's Interrogatory No. 12, Fairchild's response identified the three most knowledgeable persons with respect to the listed topics as a whole. Interrogatory No. 12 did not make clear that it sought the three most knowledgeable persons for each topic. In light of your letter requesting such information, Fairchild will amend and/or supplement its response to Interrogatory No. 12 to identify three most knowledgeable persons with respect to each of the topics for which the parties have not stipulated to defer discovery.

With respect to Interrogatory No. 8, your request that Fairchild supplement its responses is both premature and wrong. The parties agreed to a stipulation that discovery would be deferred with respect to Interrogatory No. 8 "except to the extent it relates to the importation or sale of accused products by any entity other than Fairchild." None of the information you have

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

requested Fairchild to supplement is encompassed within that exception. Furthermore, in contrast to your assertions, this interrogatory is not reasonably limited in time. This interrogatory seeks certain sales information for the time period June 16, 1998 to the present. Pursuant to 35 U.S.C. § 286, however, "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint . . . ." AOS filed its original complaint in this action on May 17, 2007, and therefore can recover damages at least no further back than May 17, 2001. Furthermore, 35 U.S.C. § 287 provides that with respect to any patented article that is not marked with notice of the patent, the patentee may not recover "except on proof that that infringer was notified of the infringement" and only for "infringement occurring after such notice." AOS's U.S. Patent No. 5,767,567 ("the '567 patent") includes apparatus claims and therefore at least damages with respect to the '567 patent are subject to the marking requirements of section 287. AOS has not established that it marked its products or that Fairchild had notice of the '567 patent any earlier than August 2005, and therefore is not entitled to damages discovery with respect to the '567 patent prior to such date. If you have contrary information, please let us know.

Fairchild's limiting its responses to AOS's Requests for Production Nos. 10, 12-17, 19-26, 28, 30-31, 36-37, 39-46, 48-49, 55 and 115 to the eight specific Fairchild devices which were identified in AOS's PICs served on August 31, 2007, is appropriate and proper for the same reasons described above with respect to AOS's Interrogatory Nos. 1-5, 7 and 12-13.

With respect to AOS's Request for Production No. 4, contrary to your assertions, Fairchild's objections are appropriate and proper. With respect to Fairchild's objection on the basis of privilege, Fairchild's investigation is ongoing, but Fairchild believes certain materials may be protected by the attorney-client privilege and/or the work-product doctrine. Fairchild is not yet required to provide a privilege log with the information you listed. A privilege log containing appropriate information will be provided at an appropriate time. Contrary to your assertion that AOS is "entitled to discovery of all documents and things within the possession, custody or control of Fairchild that relate to the AOS Asserted Patents," AOS is not entitled to information that is overbroad, unduly burdensome or oppressive, or that is otherwise objectionable. The overbreadth, undue burden and oppression of AOS's request for "all documents and things relating to AOS Asserted Patents" is underscored by your assertion that this request is related to discovery of "infringement, inducement of infringement, contributory infringement, commercial success and/or validity of the claimed invention," which encompasses virtually every aspect of AOS's case. Indeed, this request appears to cover every document requested by AOS in its other requests for documents for its offensive case. The Federal Rules require that each document request be "described with reasonable particularity," Fed. R. Civ. P. 34 (b), and this request plainly fails to meet that standard. To the extent that this request seeks "any expired patents, any continuations, continuations-in-part, divisionals, reissues, reexaminations, or counterparts related thereto, and any related foreign patents and patent applications, including any underlying patent applications," such documents are publicly available and equally available to AOS.

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
October 10, 2007
Page 5

AOS's Request for Production No. 5 is improper for all the reasons described above with respect to AOS's Interrogatory No. 6. Similar considerations apply to AOS's assertions regarding Fairchild's objections and response to AOS's Request for Production No. 11. AOS is seeking a fully functional sample of each "Accused Fairchild Device." Because of the overbreadth of AOS's definition of "Accused Fairchild Device," AOS is requesting that Fairchild provide one of each of many thousands of different parts, yet AOS did not accuse those Fairchild parts in its PICs nor did AOS provide any reasons why it believes any devices other than those eight accused products are relevant to the claims or defenses of any party or that other devices encompassed within AOS's definition are reasonably similar to the eight devices accused by AOS in its PICs such that discovery would be appropriate for those devices. Even if it had, the cost to produce those parts is not mere "pennies," as you contend. Besides the cost of each individual part, the logistical costs of collecting, tracking and producing many thousands of parts is prohibitively expensive. Fairchild has proposed on several occasions that the parties agree on a list of representative parts for discovery and trial as a means of reducing the litigation costs. Thus far, AOS has refused this proposal.

With respect to AOS's Requests for Production Nos. 28, 29, 34, and 44-46, Fairchild intends to abide by the terms of the stipulation between the parties regarding deferral of certain discovery (the "Stipulation"). Fairchild expects AOS to likewise fully abide by the terms of the Stipulation. Subject to the limitations identified in the Stipulation and the objections and limitations identified in Fairchild's responses to AOS's Requests for Production Nos. 28, 29, 34, 44 and 46 and without waiving them, Fairchild will produce non-privileged, responsive documents that are within Fairchild's possession, custody or control and that can be located after a reasonably diligent good faith search. With respect to AOS's Request for Production No. 45, AOS's request for "[a]ll documents relating to *any requirements* of your customers, both in the United States and worldwide . . . ." (emphasis added) is overbroad, unduly burdensome and oppressive and seeks information that is not relevant to the subject matter of the pending action or claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the limitations identified in the Stipulation and the objections and limitations identified in Fairchild's responses to AOS's Request for Production No. 45 and without waiving them, Fairchild will produce non-privileged, responsive documents that are within Fairchild's possession, custody or control and that can be located after a reasonably diligent good faith search relating to the identity of foreign customers.

With respect to AOS's Request for Production Nos. 76 and 82, Fairchild's objections are appropriate and proper. With respect to Fairchild's objection on the basis of privilege, Fairchild's investigation is ongoing, but Fairchild believes certain materials may be protected by the attorney-client privilege and/or the work-product doctrine. Fairchild is not yet required to provide a privilege log with the items you have listed. A privilege log containing appropriate information will be provided at an appropriate time. With respect to Fairchild's objections on the basis that the requests are overbroad, unduly burdensome and oppressive, Request for Production No. 76 seeks production of personnel files for "any employee who was involved in the development of the claimed invention in any Fairchild Asserted Patent." To the extent this

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
October 10, 2007
Page 6

request seeks personnel files beyond the employees directly involved in the conception and reduction to practice of Fairchild's claimed inventions, it is overbroad, unduly burdensome and oppressive, and seeks information that is not relevant to the subject matter of the pending action or claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence. If you intend that this request apply only to employees directly involved in the conception and reduction to practice of Fairchild's claimed inventions, please let us know. Request for Production No. 82 seeks production of "[a]ll documents and things relating to any current or former employee of AOS." This request fails to meet the requirement in Federal Rule of Civil Procedure 34(b) that each document request be "described with reasonable particularity," instead seeking a wide swath of material relating to certain employees, and is consequently overbroad, unduly burdensome and oppressive, and seeks information that is not relevant to the subject matter of the pending action or claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

With respect to Fairchild's objection on the basis that documents which AOS is seeking in Requests for Production Nos. 76 and 82 are protected by common law, constitutional and/or statutory rights of privacy, personnel files contain highly personal and sensitive information that falls within the scope of individual employees' rights of privacy, and Fairchild, therefore, has an interest, and even an obligation, to protect against their unnecessary disclosure in discovery. *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 n.2 (E.D. Cal. 1990); *see Megargee v. Wittman*, 2007 WL 2462097, *2 (Slip copy) (E.D. Cal., Aug. 27, 2007). The need for discovery must be balanced against the individual's right of privacy - any invasion to the employee's right of privacy must be must be drawn with narrow specificity. *Cook*, 132 F.R.D. 548 at 552; *Megargee*, 2007 WL 2462097, *2. AOS's requests are not narrowly drawn to seek only relevant information, instead seeking the entire contents of personnel files. Please provide the relevance of the requested documents.

Finally, with respect to AOS's Requests for Production Nos. 92, 112 and 113, Fairchild's objections are appropriate and proper. With respect to Fairchild's objection on the basis of privilege, Fairchild's investigation is ongoing, but Fairchild believes certain materials may be protected by the attorney-client privilege and/or the work-product doctrine. Fairchild is not yet required to provide a privilege log with the items you have listed. A privilege log containing appropriate information will be provided at an appropriate time. AOS's Request for Production No. 92 seeks production of "[a]ll documents constituting or reflecting searches, investigations, or evaluations of domestic or foreign patents, literature, or other published materials relating to any invention disclosed, described, or claimed in any of the Fairchild Asserted Patents." To the extent these documents are not protected by the attorney-client privilege and/or the work-product doctrine, this request is vague and ambiguous, overbroad, unduly burdensome and oppressive, and seeking information that is not relevant to the subject matter of the pending action or claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence. AOS's Request for Production No. 112 seeks a "fully functional sample of each commercial embodiment of each and every Fairchild Asserted Patent." Fairchild in its Disclosure of Asserted Claims and Preliminary Infringement Contentions has identified hundreds

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
October 10, 2007
Page 7

of Fairchild products which embody the inventions in its asserted patents. For Fairchild to respond to discovery requests seeking samples of such a large number of its products when a limited number of representative products can be selected which provide all relevant information is overbroad, unduly burdensome and oppressive. AOS's Request for Production No. 113 seeks "[a]ll documents and things constituting, evidencing or relating to any product that competes with any commercial embodiment." The phrase "any product that competes with any commercial embodiment" is unintelligible.

    I am available to discuss these issues with you. Please let me know your availability.

Regards,

Leonard J. Augustine, Jr.

LJA/lja

61173724 v2