1  MORGAN, LEWIS & BOCKIUS LLP
   Daniel Johnson, Jr. (State Bar No. 57409)
2  Brett M. Schuman (State Bar No. 189247)
   Amy M. Spicer (State Bar No. 188399)
3  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
4  Tel: 415.442.1000
   Fax: 415.442.1001
5  djjohnson@morganlewis.com
   bschuman@morganlewis.com
6  aspicer@morganlewis.com

7  MORGAN, LEWIS & BOCKIUS LLP
   Andrew J. Wu (State Bar No. 214442)
8  Harry F. Doscher (State Bar No. 245969)
   2 Palo Alto Square
9  3000 El Camino Real, Suite 700
   Palo Alto, CA 94306-2122
10 Tel: 650.843.4000
   Fax: 650.843.4001
11 awu@morganlewis.com
   hdoscher@morganlewis.com
12
   Attorneys for Plaintiffs and Counterdefendants
13 ALPHA & OMEGA SEMICONDUCTOR, INC.
   ALPHA & OMEGA SEMICONDUCTOR, LTD.
14

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18

19 ALPHA & OMEGA SEMICONDUCTOR,           Case No. 07-2638 JSW (EDL)
   INC., a California corporation; and    (Consolidated with Case No. 07-2664 JSW)
20 ALPHA & OMEGA SEMICONDUCTOR,
   LTD., a Bermuda corporation,           **AOS'S OPPOSITION TO FAIRCHILD'S
21                                        MOTION TO STRIKE AOS'S PATENT
                    Plaintiffs,           LOCAL RULE 3-1 DISCLOSURES**
22
           v.
23
   FAIRCHILD SEMICONDUCTOR                Date:   December 11, 2007
24 CORP., a Delaware corporation,         Time:   9:00 a.m.
                                          Ctrm:   Courtroom E, 15th Floor
25                  Defendant.            Judge:  Hon. Elizabeth D. Laporte

26 ─────────────────────────────
   AND RELATED COUNTERCLAIMS
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPP. TO FAIRCHILD'S MTN TO STRIKE AOS'S PRELIMINARY
INFRINGEMENT CONTENTIONS, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

## I. INTRODUCTION

The motion to strike filed by defendant Fairchild Semiconductor Corp. ("Fairchild") was filed for one reason only: because plaintiffs Alpha & Omega Semiconductor, Inc. and Alpha & Omega Semiconductor, Ltd. ("AOS") had previously moved to strike the Patent Local Rule 3-1 disclosure served by Fairchild in support of Fairchild's affirmative case against AOS. Put simply, it is a tactically driven motion that is devoid of substantive merit. The motion should be denied.

Patent Local Rule 3-1 requires a disclosure ("PICs") that identifies <u>where</u> each element of each asserted claim is found within each Accused Instrumentality. As explained in a leading case, "[a]t this stage, mapping specific elements of defendants' allegedly infringing products onto [plaintiffs'] claim construction is adequate." *Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799, *4-5 (N.D.Cal March 21, 2003). Fairchild does not dispute that, for each patent-in-suit addressed in AOS's Supplemental PICs, AOS has provided a reverse-engineered image of at least one of its products and identified specifically where each element of AOS's asserted claims may be found in Fairchild's products. That is sufficient to satisfy the requirements of Patent Local Rule 3-1. Tellingly, Fairchild does not argue that it remains in the dark regarding AOS's theories of infringement, nor could it: AOS's Supplemental PICs provide the illumination required by Patent Local Rule 3-1.

Instead, Fairchild argues that, based on AOS's Supplemental PICs, AOS cannot establish that Fairchild's products infringe. That is a question for another day. "Patent LR 3-1 does not require [patentee] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions." *Id.*, at *4. For example, Fairchild argues that AOS's PICs do not show clearly enough a "diffusion boundary" in the body region of the semiconductor substrate: "[R]egions 'C' and 'D' appear to be part of one homogeneous region, contradicting AOS's claim that a diffusion boundary is shown and *negating, rather than supporting, AOS's assertion that Fairchild practices claim 1 of the '776 patent*." Motion to Strike, Docket #59, at 8:14-16 emphasis added). This argument goes to the merits of AOS's infringement claim and not to the sufficiency of AOS's disclosure. Fairchild's argument that AOS's PICs do not establish

1

OPP. TO FAIRCHILD'S MTN TO STRIKE AOS'S PRELIMINARY
INFRINGEMENT CONTENTIONS, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW))

sufficiently the conductivity type of the "F" region identified in Fairchild's accused products – because AOS has not provided evidence derived from supposedly available reverse engineering techniques identified by Fairchild's expert witness, Dr. Blanchard – fails for similar reasons. *Id.*, at 6:21-7:11. Using an image of an actual Fairchild product, AOS's PICs identify with specificity – using a boldfaced "**F**" – <u>where</u> AOS believes this element of AOS's claim can be found. Whether that "F" area is actually infringing is an issue for another day.

## II.    BACKGROUND

AOS filed its original complaint against Fairchild on May 17, 2007, alleging infringement of two AOS patents.[1] On August 31, 2007, AOS served its Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"). *See* Declaration of Igor Shoiket In Support of Fairchild's Mtn. to Strike, Docket #61 (the "Shoiket Decl."), Exh. 1. AOS's PICs analyze eight Fairchild products identified as infringing AOS's asserted patents and accused "all other Fairchild products employing a corresponding design." *Id.* at 1:18-20, 1:26-2:2. AOS amended its complaint on September 28, 2007 to add a third patent.[2]

On October 19, 2007, AOS served supplemental PICs (the "Supplemental PICs") that include a Scanning Electron Microscope Image ("SEM Image") of the Fairchild FDP047AN08AO product and a bonding diagram of the Fairchild FDS6675 product, and that identify specifically by region where within those images AOS believes each element of its asserted claims can be found. *See* Shoiket Decl, Exh. 2. Fairchild has to date refused to supplement its PICs.[3]

Fairchild filed its Motion to Strike AOS's Supplemental PICs on November 6, 2007, arguing that: (1) AOS has not demonstrated that Fairchild "practices various elements of AOS's asserted claims," (2) AOS's PICs "ignore some claim language entirely," and (3) that AOS has not provided a separate claim chart for each and every Accused Instrumentality. *See* Mtn to

---

[1] These two original patents are the 5,767,567 patent and the 5,907,776 patent. The current motions concern the PICs for only these two patents.
[2] The 5,930,630 patent.
[3] Fairchild arguments regarding the sufficiency of AOS's initial PICs are irrelevant since AOS agreed to serve Supplemental PICs. The Supplemental PICs supersede the original PICs. Therefore, we do not address further Fairchild's challenges to AOS's initial PICs.

Strike, Docket #59.  All three of these arguments are directed to AOS's PICs regarding the '776 patent, whereas only the third argument is directed at AOS's PICs regarding the '567 patent.

### III.  AOS'S PRELIMINARY INFRINGEMENT CONTENTIONS COMPLY WITH THE PATENT LOCAL RULES

#### A.  AOS's Supplemental PICs Sufficiently Identify Where Each Element of Each Asserted Claim Is Found in the Infringing Devices.

The local rules require the patent holder to provide:

> A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality. . . .

Patent L.R. 3-1(b)-(c) (emphasis added.)  In accordance with that rule, AOS's Supplemental PICs include a claim chart with a table for each asserted claim of U.S. Patent Nos. 5,767,567 (the "'567 patent") and 5,907,776 (the "'776 patent") showing, for each element of each claim, the specific region of Fairchild's product that contains that element.  *See* Shoiket Decl., Exh. 2.  For instance, the claim chart includes the following disclosure regarding claim 1 of the '776 patent:

| 1. A method of forming a semiconductor structure comprising the steps of: | AOS does not express a position at this time as to whether the preamble of this claim limits the claim's scope. Nevertheless, AOS identifies here those aspects of the Accused '776 Patent Methods that correspond to the preamble.<br><br>The Accused '776 Patent Methods are methods of forming a semiconductor structure.  See, e.g., Scanning Electron Microscope Image of FDP047AN08A0 ("FDP047AN08AO SEM") (showing a semiconductor structure):<br><br> |
|---|---|
| (a) providing a substrate having a | The Accused '776 Patent Methods include the step of |

3

OPP. TO FAIRCHILD'S MTN TO STRIKE AOS'S PRELIMINARY INFRINGEMENT CONTENTIONS, CASE NO. 07-2638 JSW (EDL) (CONSOL. WITH CASE NO. 07-2664 JSW))

| | |
|---|---|
| major surface; | forming a substrate. The resulting substrate has a top surface. See, e.g., FDP047AN08AO SEM (showing a substrate "B" with a top surface). |
| (b) forming at least one trench in said substrate; | The Accused '776 Patent Methods include the step of forming at least one trench gate in the aforementioned substrate. See, e.g., FDP047AN08AO SEM (showing a trench gate "A" in substrate "B"). |
| (c) forming a body region of a first conductivity type in said substrate, | The Accused '776 Patent Methods include the step of forming a body region in the aforementioned substrate. The resulting body region is of a particular conductivity type. See, e.g., FDP047AN08AO SEM (showing a body region "C"). |
| said body region having a diffusion boundary in said substrate; | The resulting body region also has a diffusion boundary in the aforementioned substrate. See, e.g., FDP047AN08AO SEM (showing a body region "C" with a diffusion boundary "D"). |
| (d) forming a source region of a second conductivity type in said body region; and | The Accused '776 Patent Methods include the step of forming a source region in the aforementioned body region. The resulting source region is of a different conductivity type from the body region. See, e.g., FDP047AN08AO SEM (showing a source region "E" in the body region "C"). |
| (e) compensating a portion of said body region by implanting material of said second conductivity type in said body region, | The Accused '776 Patent Methods include the step of compensating a portion of the aforementioned body region. This step includes at least implanting dopants of the same conductivity type as the aforementioned source region. See, e.g., FDP047AN08AO SEM (showing a compensated body region "F"). |
| said portion being proximal to said source region and spaced from said diffusion boundary of said body region and said major so as to reduce the impurity concentration of said first conductivity type in said portion of said body region. | The compensated portion of the body region is near the source region but away from the aforementioned diffusion boundary and the aforementioned top surface of the substrate. See, e.g., FDP047AN08AO SEM (showing the compensated body region "F" proximal to the source region "E" and spaced from the diffusion boundary "D"). |

Using the exemplary figure, AOS's claim chart identifies the specific regions corresponding to each element of the asserted claim. For instance, claim 1 includes an element of "forming a body region." *See* Shoiket Decl, Exh. 3 at col. 9, ll. 9-11. Accordingly, the claim chart states that "[t]he Accused '776 Patent Methods include the step of forming a body region in the aforementioned substrate. The resulting body region is of a particular conductivity type." Shoiket Decl., Exh. 2 at Exh. A, row 1(c). Further, the chart identifies the location in Fairchild's product, "C," where the body region is formed (see figure above.) Similarly, the claim chart identifies the regions in Fairchild's product corresponding to each of the other elements of the asserted claim. *Id.* Hence, the claim chart identifies very specifically where each claim element

4

OPP. TO FAIRCHILD'S MTN TO STRIKE AOS'S PRELIMINARY
INFRINGEMENT CONTENTIONS, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW))

is found.

Fairchild concedes that AOS's PICs identify where in the Fairchild products AOS believes the '776 claim elements can be found, e.g., "A," "B," etc. Mtn to Strike, Docket #59, at 6:24-7:3. That should be the end of the inquiry, for the purpose of Patent Local Rule 3-1 has been satisfied. All that is required by the Local Rule is a statement of <u>where</u> each element is found within each accused device; a patent holder is not required to prove within the PICs that the defendant practices the claims. Indeed, case law recognizes that:

> Patent LR 3-1 does not require [patentee] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions. Rather, Patent LR 3-1 is "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."

*Network Caching Technology, LLC v. Novell, Inc. et. al.*, 2003 WL 21699799 9881, *4 (N.D. Cal. 2003). As that court explained:

> A party may comply with Patent LR 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants' with notice of infringement beyond that which is provided by the mere language of the patents themselves. . . . Patent LR 3-1 [does not] require that [plaintiff's] preliminary infringement theories be incontrovertible or presented in excruciating detail. . . . At this stage, mapping specific elements of defendants' allegedly infringing products onto [plaintiff's] claim construction is adequate.

*Id.* at 4-5.

Although AOS has provided the results of SEM imaging, Fairchild suggests that AOS was required to disclose the results of *other* reverse-engineering techniques described by its retained expert, Dr. Blanchard.[4] Fairchild cites no case holding that these other supposedly "available" techniques are required to satisfy Patent Local Rule 3-1. They are not. Indeed, the rule does not necessarily require reverse-engineering, much less the production of every "available" kind of reverse-engineering. *See Network Caching*, at *4. Moreover, Dr. Blanchard does not establish in his declaration that the other techniques he describes generally are more effective than an SEM Image for identifying the physical location of the recited regions, nor does he assert that an SEM

---

[4] AOS has objected to Dr. Blanchard's participation in this case on behalf of Fairchild, because his consulting activities for AOS's competitors make him unsuitable to have access to AOS's confidential technical information. AOS's Motion For A Protective Order is currently pending and noticed for hearing on December 18, 2007. *See* Docket #79.

Image is inadequate for identifying the physical boundaries of the regions having the conductivity types identified in AOS's Supplemental PICs.  *See* Declaration of Dr. Richard A. Blanchard In Support of Mtn to Strike, Docket #60.

In short, Fairchild objects not that AOS has failed to identify where each element of each asserted claim is found within each Accused Instrumentality, as required by the Local Rule, but that AOS has not provided proof of infringement of elements of the claims.  Fairchild's objection simply misstates the law.

### B. Fairchild Fails to Identify Any Elements That Are Omitted by the Claim Charts Within AOS's Supplemental PICs.

Fairchild argues, incorrectly, that AOS's Supplemental PICs "ignore some claim language entirely."  *See* Mtn to Strike, Docket #59, at 7:22-8:6.  Fairchild argues that AOS's claim charts fail to "assert[] that the gate threshold voltage is decreased" as part of the "compensating" step claim element in claims 13 and 25 of the '776 patent.  *Id.*

Fairchild does not establish that quoted claim language constitutes an element of the claim for purposes of Local Rule 3-1.  In fact, it does not describe an element.  The quoted language describes a property of the "compensating" step claim element.  And the location of the "compensating" step is sufficiently identified in AOS's PICs by the letter "**F**."  *See* Shoiket Decl., Exh. 2 at Exh. A; *see also* region "F" in above figure.  Fairchild cannot reasonably dispute that the claim chart indicates <u>where</u> the structure relating to the "compensating" step claim is identified to exist.  Patent L.R. 3-1 only requires disclosure of <u>where</u> in the accused product each claim element is found; it does <u>not</u> require either a word-by-word analysis of each claim element or an analysis of <u>why</u> the patent holder believes the element is found in the identified portion of the accused product.  *See Network Caching*, at *4.

### C. AOS Has Sufficiently Identified The Accused Instrumentalities.

Fairchild argues, incorrectly, that AOS's PICs "fail to separately provide a chart for each accused Fairchild product or method."  See Mtn to Strike, Docket #59, at 8:17-9:4.  However, AOS has (1) provided a sufficient disclosure for at least one Fairchild product accused of infringing each the '776 and '567 patents; and (2) accused only those other Fairchild products

6

OPP. TO FAIRCHILD'S MTN TO STRIKE AOS'S PRELIMINARY
INFRINGEMENT CONTENTIONS, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW))

with "a corresponding design" to the claim chart and reverse-engineering data provided in AOS's Supplemental PICs. *See* Shoiket Decl., Exh. 2 at 1:18-20, 1:26-2:2. Because each of the products accused by AOS employ "a corresponding design," AOS's Patent L.R. 3-1 disclosures include a single claim chart for each asserted product claim that identifies where each element is found in each of the accused products. A single chart is adequate because, despite any other variations in Fairchild's products, the elements of asserted claims will be found in the same location in all products employing "a corresponding design" to the disclosed structure.[5]

Finally, it is worth noting Fairchild's attempt to require AOS to separately provide a chart for each accused Fairchild product or method is <u>directly contrary</u> to the position Fairchild has taken in other filings before this Court. In its own recently filed Opposition to AOS's motion to strike, Fairchild argues that:

> Patent Local Rule 3-1(c) **does not require** . . . a claim chart for each and every accused product. . . . Nor does it require reverse-engineering of every accused product.

Fairchild's Opposition to AOS's Motion to Strike, Docket #64, at 8:2-3.

## IV. <u>CONCLUSION</u>

For these reasons, AOS respectfully requests that the Court DENY Fairchild's Motion to Strike AOS's Patent Local rule 3-1 disclosures.

---

[5] Fairchild therefore misstates AOS's position when is says "AOS has accused four of Fairchild's products of infringing the '776 patent . . . and four of Fairchild's products of infringing the '567 patent." Mtn. to Strike, Docket #59, at 8:22-26. AOS has identified and analyzed certain Fairchild products and in fact accuses all other Fairchild products with a design corresponding to those described in AOS's PICs. Herein lies the fundamental difference between AOS's PICs and Fairchild's PICs: Fairchild's PICs wrongly purport to accuse AOS's entire trench MOSFET product line based on assumptions and purported expert opinion testimony to the effect that all of AOS's products are the same. AOS, on the other hand, accuses only those Fairchild products that discovery reveals share a design with the products described in AOS's PICs.

Dated: November 20, 2007       MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Harry F. Doscher
    Harry F. Doscher

*Attorneys for Plaintiffs and Counterdefendants Alpha & Omega Semiconductor, Inc. and Alpha & Omega Semiconductor, Ltd.*

8

OPP. TO FAIRCHILD'S MTN TO STRIKE AOS'S PRELIMINARY
INFRINGEMENT CONTENTIONS, CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW))