Daniel Johnson, Jr. (State Bar No. 57409)
Brett M. Schuman (State Bar No. 189247)
Amy M. Spicer (State Bar No. 188399)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
bschuman@morganlewis.com
aspicer@morganlewis.com

Andrew J. Wu (State Bar No. 214442)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
awu@morganlewis.com

Attorneys for Plaintiffs and Counterdefendants
ALPHA & OMEGA SEMICONDUCTOR, INC.
ALPHA & OMEGA SEMICONDUCTOR, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-2638 JSW (EDL)<br>(Consolidated with Case No. 07-2664 JSW)<br><br>**PLAINTIFFS' OPPOSITION TO FAIRCHILD'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>Date: December 11, 2007<br>Time: 9:00 a.m.<br>Ctrm: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO FAIRCHILD'S MOTION TO COMPEL
CASE NO. 07-2638 JSW (EDL)
(CONSOL. WITH CASE NO. 07-2664 JSW)

## I. INTRODUCTION

In its motion to compel, Fairchild boldly asserts that it is entitled to discovery on AOS's entire trench MOSFET product line – 342 products – based on its pre-litigation investigation regarding a handful of products and its unilateral assertion that, based on those products, all 342 AOS products infringe Fairchild's patents-in-suit.

By moving to compel on the issue of the definition of the term "accused products," rather than on specific discovery requests, Fairchild grossly understates the dimensions of what it is actually asking the Court to order AOS to produce. In fact, based only on its own pre-litigation investigation and self-serving assertion that all AOS products are essentially the same for purposes of infringement, Fairchild is asking the Court to order AOS to produce, for example, every piece of data (hardcopy and electronic) relating to the "structure and design," "manufacture," "configuration . . . at any stage of its manufacture," etc., of AOS's entire trench MOSFET product line. *See* Declaration of Igor Shoiket In Support Of Fairchild's Motion to Compel ("Shoiket Decl."), Docket #58, Ex. 1 (Interrogatories 1-5 and 8-12 predicated on the definition of "accused products") and Ex. 2 (Requests for Production 1-10 and 14-21).

In its motion, Fairchild completely fails to carry its burden to substantiate its request for such overbroad and unduly burdensome discovery. To justify its discovery requests, Fairchild relies *exclusively* on its Patent L.R. 3-1 Disclosures ("PICs"): "As clearly stated in the PICs and reflected in the corresponding definitions of 'accused products' in Fairchild's discovery requests, Fairchild has accused AOS's entire line of power MOSFETS of infringing Fairchild's '481, '497, '406, and '195 Patents." *See* Motion to Compel, Docket #57, at 10-13. Fairchild's approach fails for at least two reasons. First, as AOS has demonstrated, Fairchild's PICs do not comply with Patent Local Rule 3-1. *See* AOS's Motion to Strike, Docket # 51. Second, even if the Court were to accept that Fairchild's PICs are sufficient to accuse AOS's entire product line, it does not necessarily follow that Fairchild is entitled to the discovery it seeks by way of this motion. Different legal standards govern the evaluation of Fairchild's PICs, *i.e.*, Patent Local Rule 3-1, and Fairchild's motion to compel AOS to produce all information it has requested in relation to

all of AOS's trench MOSFETs. Because Fairchild has not demonstrated that it is entitled to the relief it seeks by way of its motion to compel, the motion should be denied regardless of whether Fairchild's PICs are accepted or rejected by this Court.

## II. BACKGROUND

### A. Fairchild's Definition of "Accused Product(s)"

Fairchild has propounded interrogatories and requests for production that seek information regarding AOS's entire product line of power MOSFETs. Specifically, Interrogatory Nos. 1-5 and 8-12, and requests for production 1-10 and 14-21 all seek various categories of documents and information relating to "accused product(s)." *See* Shoiket Decl., Exh. 1 at 4-6; Exh. 2 at 5-7. For purposes of these discovery requests, Fairchild unilaterally defined the term "accused products" as follows:

> The term "accused product(s)" refers to any and all systems or products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold, or imported into the United States by you, on your behalf, or by any of your customers.

Shoiket Decl., Exh. 1 at 2; Exh. 2 at 2. As Fairchild confirms in its motion to compel, this definition encompasses every one of AOS's MOSFET (and potentially, IGBT) products with trench gates. *See* Motion to Compel, Docket #57, at 6:9-18.[1]

AOS objected to Fairchild's discovery requests. *See* Shoiket Decl., Exhs. 3 and 4. Initially, AOS treated the term "accused product(s)" as referring to only the subset of AOS's products that Fairchild had accused of infringement: the eight products identified in Fairchild's pre-litigation correspondence. *See* Shoiket Decl., Exh. 3 at 3; Exh. 4 at 3. AOS subsequently agreed to treat the term "accused product(s)" as referring to the 14 products that Fairchild specifically identified in its PICs. *See* Shoiket Decl., Exh. 7.

In a further attempt to resolve this dispute without motion practice, AOS offered to expand its interpretation of "accused product(s)" to include those 14 products as well as "all other AOS products that are the same or **substantially similar in all respects relevant to the asserted**

---

[1] IGBTs are insulated gate bipolar transistors. AOS does not presently sell any IGBTs.

**claims**." *See id.*[2] The offer paralleled the approach AOS has taken in its identification of Fairchild's products. Fairchild's response to AOS's offer was to file its motion the very same day.[3]

## III. ARGUMENT

### A. Legal Standard

Discovery under the Federal Rules of Civil Procedure is not without limits and must at least be "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "While the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *In re Fontaine*, 402 F. Supp. 1219, 1221 (E.D.N.Y. 1975) (citation omitted). Indeed, the Federal Rules were amended to narrow the scope of discovery. *See* Fed. R. Civ. P. 26 (committee notes).

The burden rests on the party seeking to compel discovery to demonstrate that its requests seek information relevant to the claim or defense of any party. *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[I]n general the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26 . . . ."); *Ingram v. The Home Depot, U.S.A., Inc.*, No. Civ.A. 97-8060, 1999 WL 88939 at *2 (E.D. Pa. Feb. 19, 1999) ("Once the party opposing discovery raises its objection, the party seeking discovery must demonstrate the relevancy of the requested information.").

Vague and conclusory assertions of relevancy are not sufficient. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1084-85 (11th Cir. 1990) ("A vague possibility that loose and sweeping discovery might turn up something . . . does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry."); *Evans v. Calise*, No. 92 CIV 8430, 1994 WL 185696 at *1 (S.D.N.Y. 1994) ("The party seeking the

---

[2] Throughout this brief, any emphasis in quoted material was added to the original text, unless indicated otherwise.

[3] As set forth in AOS's Reply in Support of its Motion to Strike Fairchild's Patent L.R. 3-1 Disclosures, Docket #76, filed on November 13, 2007 ("AOS 11/13 Reply"), Fairchild's claim that all of AOS's products are the same in all respects relevant to the claims is demonstrably wrong, and should not be a basis for permitting wide-ranging discovery regarding hundreds of AOS products.

discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition.").

The Federal Rules vest the courts with broad discretion to tailor discovery narrowly and to dictate its sequence. Fed. R. Civ. P. 26(b)(2); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Even if the district court finds that the information sought is relevant, it may deny discovery if disclosure would unduly burden the party from whom discovery is sought. *Micro Motion, Inc. v. Kane Steel, Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

Under the Civil Local Rules for the Northern District of California, a party moving to compel discovery must "detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed.R.Civ.P. 26(b)(2) are satisfied." Civil L.R. 37-2. Federal Rule of Civil Procedure 26(b)(2) explicitly provides that a party shall be denied discovery where the scope and magnitude of the discovery sought is clearly unreasonable:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). Courts routinely limit discovery where the probative value of the information sought is questionable and it would be onerous for the requested party to access and produce the requested information. *See*, *e.g.*, In re *ATM Fee Antitrust Litig.*, No. C 04-2676, 2007 WL 1827635, *5 (N.D. Cal. Jun. 25, 2007) (denying discovery where "the potential and speculative burden of such materials outweighs the burden of producing them"); *Ricotta v. Allstate Insurance Co.*, 211 F.R.D. 622, 624 (S.D. Cal. 2002) (denying motion to compel production of documents responsive to discovery requests).

**B.     Fairchild's Requests Are Not Limited to Relevant Products**

Instead of tailoring its discovery requests in any way to the asserted claims of its patents, Fairchild indiscriminately demands discovery regarding all of AOS's power MOSFET products.

Indeed, in rejecting AOS's compromise offer to expand "accused products" to encompass products "substantially similar [to the 14 reverse-engineered products] in all respects relevant to the asserted claims," Fairchild acknowledges that it seeks discovery regarding products even if they are different from the specifically accused products in ways relevant to the claims. By definition, however, if the AOS products are materially different from those accused of infringement, they are not relevant.

In fact, AOS's trench MOSFET products differ in ways that are materially relevant to Fairchild's infringement claims. AOS's products are used in many different applications, such as low-frequency DC-DC power conversion, high-frequency DC-DC power conversion, switch-mode-power-supplies ("SMPS"), SMPS low-side MOSFET, SMPS high-side MOSFET, low-frequency load-switching applications, battery protection applications, AC-DC power conversion, inverters, and motor control products. *See* Declaration of Francois Hebert, Docket # 77, ¶ 9, filed on Nov. 13, 2007.

To succeed in each of these different applications, AOS's devices have different operating performance characteristics. For example, different AOS MOSFET devices have different turn-on (threshold) voltages, different gate voltage ratings (maximum Vgs voltage which can be applied for safe operation), different drain voltage ratings (maximum Vds voltage which can be applied for safe operation), different maximum drain current ratings, different drain to source resistance, different transconductance, different drain to source breakdown voltages (BVdss), different capacitances (input capacitance Ciss, output capacitance Coss and gate-drain capacitance Crss), different gate resistance (Rg), and different optimum operating frequencies. *Id.* ¶¶ 6-7.

To achieve these different performance characteristics, AOS's MOSFET devices have different features, such as different silicon substrates (n type, p type, and different doping concentrations), different drain drift regions, different doping concentrations in certain regions, carrier type (n or p) and thickness, different trench depth, different trench width, different distances between the trenches, different active cell geometries (striped, closed-cell for example), different depths of the various doping profiles (sometimes referred to as wells), and different

number of steps used to fabricate the devices. While not all of the features are different as to every product, there are certainly some differences between each of the products. *Id.* ¶ 8.

Indeed, these differences are relevant to Fairchild's claims. As discussed in AOS's 11/13 Reply, AOS's products differ with respect to the requirement in Fairchild's claims that recite a doped well with a depth less than the depth of the trench. *See id.* at 6-8. Likewise, AOS's products have different ranges of drain-source voltage ($V_{DS}$), which Fairchild's expert, Dr. Blanchard, asserts is relevant to whether the products infringe Fairchild's claims.

### C. Fairchild Has Not Carried Its Burden Of Demonstrating Its Right To The Discovery It Seeks[4]

Fairchild cannot carry its burden on this motion by relying on its purported pre-litigation investigation and unilaterally reached conclusion that all of AOS's products should be accused of infringement. Nor can it rely on a declaration from its retained expert witness, Dr. Blanchard.[5] For purposes of this motion to compel, it is up to this Court to decide whether Fairchild's discovery requests are appropriate within the meaning of the rules.

Beyond the definitional overbreadth of Fairchild's requests, the scope and magnitude of the discovery sought by Fairchild is unduly burdensome. Fairchild seeks fulsome discovery regarding AOS's entire trench MOSFET product line, some 342 different products. In seeking information about all of AOS's products, Fairchild is essentially asking for every document that AOS has ever generated in the ordinary course of business.

Absent some further showing by Fairchild that discovery regarding all of these products is reasonably likely to lead to admissible evidence, the burden to AOS of producing all this information clearly outweighs any benefits that Fairchild could hope to gain from having it. The perceived benefits, in fact, are minimal at best because Fairchild has not has not—and in fact *cannot*—accuse in good faith each and everyone one of the products covered by its definition of

---

[4] In addition to objecting to Fairchild's definition of "accused products," AOS also interposed other objections to the specific discovery requests that incorporated the term "accused products." *See* Shoiket Decl., Exh. 4 (AOS's Responses and Objections to Fairchild's First Set of Requests For Production, #1-10 and 14-21). Although Fairchild has not even attempted to challenge those other objections in its moving papers, AOS does not waive the objections.

[5] AOS has objected to Dr. Blanchard's involvement in the case on behalf of Fairchild and has filed a Motion for a Protective Order, Docket # 79, based on Dr. Blanchard's consulting for AOS's competitors. The motion is currently scheduled for a December 18, 2007 hearing date.

"accused product(s)" of infringing its patents. Therefore, the majority of the discovery Fairchild seeks using its broad definition of "accused product(s)" simply does not have any relevance to the issues in this case.

### D. Fairchild's Definition of "Accused Product(s)" Should Be Limited To The Products Identified in Fairchild's PICs Plus Other AOS Products With Corresponding Structures

Contrary to Fairchild's contentions, courts have imposed boundaries on discovery in patent cases that are tied to the specific products accused in good faith of infringement. Significantly, Judge Ward in the Eastern District of Texas regularly limits discovery in the early stages of a case based on the initial disclosures made by the party alleging infringement. *See*, *e.g.*, *T-Netix, Inc. v. Global Tel*Link Corp.*, No. 2:06-cv-426 (E.D. Tex. May 23, 2007) (order limiting discovery to "discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product"). Limiting discovery to information relating to products actually suspected of infringement, or to any products reasonably similar thereto, keeps plaintiffs from, as Fairchild has done here, abusing the discovery process by serving requests for unlimited amounts of information.

Therefore, for purposes of its discovery requests, Fairchild's definition of "accused product(s)" should be limited to those fourteen products it has identified in its PICs as well as to products with corresponding structures.

## IV. CONCLUSION

For the foregoing reasons, AOS respectfully requests that Fairchild's motion to compel be denied.

Dated: November 20, 2007

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
Brett M. Schuman
*Attorneys for Plaintiffs and Counterclaim Defendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc.*