TOWNSEND AND TOWNSEND AND CREW LLP
ERIC P. JACOBS (State Bar No. 88413)
PETER H. GOLDSMITH (State Bar No. 91294)
ROBERT A. McFARLANE (State Bar No. 172650)
IGOR SHOIKET (State Bar No. 190066)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone:    (415) 576-0200
Facsimile:    (415) 576-0300
E-mail:       epjacobs@townsend.com
              phgoldsmith@townsend.com
              ramcfarlane@townsend.com
              ishoiket@townsend.com

Attorneys for Defendant and Counterclaimant
FAIRCHILD SEMICONDUCTOR CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>　　Plaintiffs and Counterdefendants,<br><br>　　v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>　　Defendant and Counterclaimant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C 07-2638 JSW (EDL)<br><br>(Consolidated with Case No. C 07-2664 JSW)<br><br>**FAIRCHILD SEMICONDUCTOR CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>Date:         December 11, 2007<br>Time:         9:00 a.m.<br>Courtroom:    Courtroom E, 15th Floor<br><br>Hon. Elizabeth D. Laporte |

## I. INTRODUCTION

Fairchild has moved this Court to compel AOS to produce discovery relating to all 342 AOS products that Fairchild has accused of infringement in this litigation. AOS argues in its opposition to that motion that "[t]o justify its discovery requests, Fairchild relies exclusively on its Patent L.R. 3-1 Disclosures ("PICs") …" AOS then argues that:

> Fairchild's approach fails for at least two reasons. First, as AOS has demonstrated, Fairchild's PICs do not comply with Patent Local Rule 3-1. … Second, even if the Court were to accept that Fairchild's PICs are sufficient to accuse AOS's entire product line, it does not necessarily follow that Fairchild is entitled to the discovery it seeks by way of this motion.

AOS's first argument was rejected by this Court on November 27, 2007, when the Court denied AOS's motion to strike Fairchild's PICs. AOS's second argument is equally flawed. In support of its second argument, AOS argues that:

> Different legal standards govern the evaluation of Fairchild's PICs, i.e., Patent Local Rule 3-1, and Fairchild's motion to compel AOS to produce all information it has requested in relation to all of AOS's trench MOSFETs. Because Fairchild has not demonstrated that it is entitled to the relief it seeks by way of its motion to compel, the motion should be denied regardless of whether Fairchild's PICs are accepted or rejected by this Court.

For the reasons provided below, Fairchild has demonstrated that it is entitled to discovery on all 342 of AOS's trench MOSFET products, based on Fairchild's reasonable belief that all 342 accused AOS products infringe the asserted claims of the Fairchild patents.

## II. ARGUMENT

### A. Discovery On All 342 Accused AOS Products Is Necessary To Determine Infringement

AOS argues that its trench MOSFET products differ in ways that are materially relevant to Fairchild's infringement claims. First, AOS states that AOS's products are used in many different applications. Then, AOS states that to succeed in these different applications, AOS's products must have different performance characteristics. Next, AOS states that to achieve these different performance characteristics, AOS's products must have different features. Finally, AOS states that "[w]hile not all of the features are different as to every product, there are certainly some differences between each of the products." Furthermore, AOS asserts that "these differences are relevant to

Fairchild's claims." Despite these broad claims, however, AOS lists only the following two purported material differences among its trench MOSFET products:

- the depth of the doped well relative to the depth of the trench; and
- the drain-source voltage ($V_{DS}$).

These are the only two examples provided by AOS as to how its products differ materially from one to the next.

AOS has failed in its opposition to Fairchild's motion to compel to show that Fairchild's discovery requests are not "relevant to the claim or defense of any party," which is the permissible scope of discovery enunciated in Fed. Rule Civ. P. 26(b). AOS's contention that its trench MOSFET products differ in some respects does not mean that those differences are relevant to all of the infringement issues. For example, the depth of the doped well relative to the depth of the trench is not recited in most of the asserted claims of Fairchild's patents. Claims 6, 7, 8, 10, 15, 16, 17, 18, 21, and 22 of the '481 patent; all of the asserted claims of the '497 patent; and claims 13, 14, 15, 17, 24, 25, 26, 27, 28, 29, 30, 31, and 32 of the '406 patent make no mention whatsoever of the depth of the doped well relative to the depth of the trench. Similarly, the drain-source voltage is not recited in the vast majority of the asserted claims.

AOS has not established in its opposition to this motion that its products are made using different processes that result in differences that are material to the infringement analysis for all the claims of Fairchild's asserted patents. By refusing to produce discovery on anything but the 14 products specifically identified in Fairchild's PICs, AOS is denying Fairchild information that is reasonably calculated to lead to discovery of admissible evidence and is critical to proving Fairchild's infringement case against AOS trench MOSFET product line.

Moreover, AOS's grumbling that it is being asked to provide discovery on too many products is baseless. Fairchild has for several months sought to arrive at an agreement whereby the parties can provide discovery on representative parts, but AOS thus far has refused to enter into such an agreement. If AOS believes that a category of products is so materially different from the asserted patent claims that it cannot possibly infringe, AOS can use the representative parts approach. In

FAIRCHILD SEMICONDUCTOR CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS
CASE NO. C 07-02638 JSW (EDL) (CONSOLIDATED WITH CASE NO. C 07-2664 JSW)

2

particular, AOS can identify a product or products that it believes cannot possibly infringe, it can produce discovery relating to that product or products, and it can identify any other products that it believes incorporate the same allegedly non-infringing structure or are manufactured using the same allegedly non-infringing process.  Such use of representative parts is a reasonable and commonly-followed approach to reduce the burden of discovery in semiconductor cases and to reduce trial time. AOS's improper attempt to limit the scope of discovery must be rejected.

### B. Fairchild's Has Carried Its Burden Of Demonstrating Its Right To The Discovery It Seeks

AOS argues that:

> Beyond the definitional overbreadth of Fairchild's requests, the scope and magnitude of the discovery sought by Fairchild is unduly burdensome. ***Fairchild seeks fulsome discovery regarding AOS's entire trench MOSFET product line, some 342 different products.***  In seeking information about all of AOS's products, Fairchild is essentially asking for every document that AOS has ever generated in the ordinary course of business. (emphasis added)

First, Fairchild is not asking for "every document that AOS has ever generated in the ordinary course of business," but only for documents reasonably calculated to lead to discovery of admissible evidence on the issue of infringement, albeit for all 342 accused parts, unless the parties can reach agreement on the issue of representative parts as was proposed by Fairchild.  Second, AOS's argument above is defeated by AOS's own arguments in opposition to Fairchild's Motion to compel. There, AOS argued that:

> Fairchild offers no reason why the size of its own power MOSFET-based product lines should render discovery regarding those lines overbroad when any product within those lines could potentially infringe one or more of AOS's asserted patents.[1]

AOS makes the point for Fairchild.  Fairchild has not only identified every single product that it has accused of infringement, but it has also explained why it believes the products for which it did not

---

[1] This argument lacks force when applied to Fairchild's objections to AOS's discovery requests, because AOS has failed to provide any explanation whatsoever as to why any of Fairchild's products other than those specifically listed in AOS's PICs could possibly infringe AOS's patents, or what it means by a "corresponding design."  Therefore, AOS has failed to show why the discovery it seeks in its motion to compel are relevant to this litigation.

provide reverse-engineering analysis also infringe Fairchild's asserted patents. Fairchild has demonstrated its reasonable belief that all of AOS's trench MOSFET products infringe Fairchild's asserted patents -- a showing that AOS has utterly failed to make in its own PICs.

AOS also argues that Fairchild cannot rely on a declaration from it's retained expert witness, Dr. Blanchard, because AOS has objected to Dr. Blanchard's involvement in the case on behalf of Fairchild and has filed a related motion for a protective order. AOS's argument that Fairchild cannot rely on Dr. Blanchard to support its infringement contentions is without merit, because such an order even if granted would only preclude Dr. Blanchard from viewing AOS's "Confidential" and "Highly Confidential -- Attorneys' Eyes Only" information. Dr. Blanchard has relied entirely upon (1) Fairchild's own reverse-engineering analyses and (2) publicly available AOS product information. Since Dr. Blanchard has not relied on any confidential information -- indeed, Dr. Blanchard has not yet seen any confidential AOS information -- Fairchild is not precluded from relying on his opinions regarding infringement by AOS of Fairchild's asserted patents.

### C. Fairchild's PICs Define The Minimum Scope Of Discovery

AOS finally argues that "courts have imposed boundaries on discovery in patent cases that are tied to the specific products accused of good faith of infringement." In support of this argument, AOS cites *T-Netix, Inc. v. Global Tel\*Link Corp.*, No. 2:06-cv-426 (E.D. Tex. May 23, 2007), an order in which the District Court for the Eastern District of Texas, *sua sponte*, limited discovery to "discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product." This order does not support AOS's position. Fairchild explicitly accused all of AOS's trench MOSFET products of infringement by listing them in its PICs. It goes without saying that the products listed as being accused of infringement in a party's PICs are, in fact, "accused products" as that phrase is used in the *T-Netix* order. There is no authority supporting AOS's assertion that the scope of discovery can actually be so narrow as to exclude products specifically accused of infringement and identified by part number in a party's PICs.

### III. CONCLUSION

For the foregoing reasons, Fairchild's Motion To Compel Responses To Interrogatories And

Production Of Documents should be granted.

DATED: November 27, 2007        TOWNSEND AND TOWNSEND AND CREW LLP


By: /s/*Igor Shoiket*
    IGOR SHOIKET

Attorneys for Defendant and Counterclaimant
FAIRCHILD SEMICONDUCTOR CORPORATION

61219108 v1

FAIRCHILD SEMICONDUCTOR CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS
CASE NO. C 07-02638 JSW (EDL) (CONSOLIDATED WITH CASE NO. C 07-2664 JSW)

5