1   TOWNSEND AND TOWNSEND AND CREW LLP
    ERIC P. JACOBS (State Bar No. 88413), epjacobs@townsend.com
2   PETER H. GOLDSMITH (State Bar No. 91294), phgoldsmith@townsend.com
    ROBERT A. McFARLANE (State Bar No. 172650), ramcfarlane@townsend.com
3   IGOR SHOIKET (State Bar No. 190066), ishoiket@townsend.com
    Two Embarcadero Center, 8th Floor
4   San Francisco, California  94111
    Telephone:    (415) 576-0200
5   Facsimile:    (415) 576-0300

6   Attorneys for Defendant and Counterclaimant,
    FAIRCHILD SEMICONDUCTOR CORPORATION

7

8   MORGAN LEWIS & BOCKIUS LLP
    DANIEL JOHNSON, JR., (State Bar No. 57409), djjohnson@morganlewis.com
9   RITA E. TAUTKUS (State Bar No. 162090), retautkus@ morganlewis.com
    BRETT M. SCHUMAN ((State Bar No. 189247), bschuman@ morganlewis.com
10  One Market Street, Spear Street Tower
    San Francisco, CA 94105-1126
11  Telephone:    (415) 442-1000
    Facsimile:    (415) 442-1001

12  ANDREW J. WU (State Bar No. 214442), awu@ morganlewis.com
13  2 Palo Alto Square
    3000 El Camino Real, Suite 700
14  Palo Alto, CA  94306-2122
    Telephone:    (650) 843-4000
15  Facsimile:    (415) 843-4000

16  Attorneys for Plaintiffs and Counterdefendants,
    ALPHA & OMEGA SEMICONDUCTOR, LTD.
17  ALPHA & OMEGA SEMICONDUCTOR, INC.

18              UNITED STATES DISTRICT COURT

            FOR THE NORTHERN DISTRICT OF CALIFORNIA

19              SAN FRANCISCO DIVISION

20  ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW (EDL)
                                          (Consolidated with Case No. C 07-2664 JSW)
21  INC., a California corporation; and

    ALPHA & OMEGA SEMICONDUCTOR,          **JOINT MOTION FOR AN ORDER**
22  LTD., a Bermuda corporation,          **GRANTING LEAVE TO DESIGNATE UP**
                                          **TO SEVENTEEN TERMS, PHRASES OR**
23      Plaintiffs and Counterdefendants,  **CLAUSES FOR CLAIM**
                                          **CONSTRUCTION AND [PROPOSED]**
24              v.                        **ORDER**

25  FAIRCHILD SEMICONDUCTOR
    CORPORATION, a Delaware corporation,
26      Defendant and Counterclaimant.

27

28  AND RELATED COUNTERCLAIMS.

1       Pursuant to this Court's Standing Order for Patent Cases and Civil L.R. 7-11(b), plaintiffs and

2   counterdefendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc.

3   (collectively, "AOS") and defendant and counterclaimant Fairchild Semiconductor Corp. ("Fairchild")

4   hereby jointly submit this stipulated motion respectfully requesting leave to designate up to a total of

5   seventeen terms, phrases or clauses for claim construction.

6   **I.      INTRODUCTION**

7       Before the Court are two separate patent infringement actions relating to semiconductor

8   devices, one action involving three patents asserted by AOS against Fairchild and the other action

9   involving six patents asserted by Fairchild against AOS and both actions including claims for

10  declaratory judgment.  The actions were consolidated on July 31, 2007.  Although the patents all relate

11  to semiconductor technology, they cover distinct technologies within the semiconductor field, and

12  have been asserted against a wide variety of products and methods.  Collectively, the parties have

13  asserted 109 patent claims in these actions, including 16 independent claims.  Thousands of distinct

14  products are accused of infringement.

15      The Standing Order of the Court provides that the Court will construe no more than 10 terms,

16  phrases or clauses in a given patent case.  In their initial exchange, the parties collectively proposed

17  almost 40 terms for construction.  Since then, the parties have met and conferred on several occasions

18  to narrow the list and find common ground.  The meet and confer process is ongoing, but it now

19  appears that it will not be possible to reduce the number of terms in dispute below 17, without giving

20  up potentially dispositive positions on infringement and/or validity.  In other words, the parties believe

21  that there are approximately 17 disputed terms which are likely to be dispositive with respect to at

22  least some devices and/or methods for at least one asserted patent claim.  Other methods of limiting

23  the claims would be ineffective in reducing the number of disputed terms.  Because no other methods

24  will reduce the number of disputed terms, the parties respectfully request the Court grant leave to

25  designate up to 17 terms, phrases or clauses for construction.

26      In addition, the parties have discussed the possibility of using a Special Master to handle claim

27  construction if the Court would find that helpful.  In this regard, the parties are willing to have the

28  Court refer claim construction to a mutually agreeable Special Master.

## II.      BACKGROUND AND ARGUMENT

### A.      The Consolidation of Two Separate Patent Infringement Actions

On May 17, 2007, AOS filed the above-captioned suit, alleging patent infringement by Fairchild of U.S. Patents No. 5,907,776 ("the '776 patent") and 5,767,567 ("the '567 patent").  On Sept. 28, 2007, pursuant to a stipulated order, AOS filed an amended complaint in which it additionally asserted U.S. Patent No. 5,930,630 ("the '630 patent").  AOS has asserted 22 patent claims including 5 independent claims.

On May 18, 2007, Fairchild filed a separate suit against AOS, *Fairchild Semiconductor Corp. v. Alpha & Omega Semiconductor, Inc.*, *et. al*, Case No. 07-2664, alleging patent infringement by AOS of U.S. Patents No. 6,429,481 ("the '481 patent"), 6,710,406 ("the '406 patent"), 6,521,497 ("the '497 patent"), and 6,828,195 ("the '195 patent").  On Sept. 28, 2007, pursuant to a stipulated order, Fairchild filed amended counterclaims in which it additionally asserted U.S. Patents No. 7,148,111 ("the '111 patent"), and 6,818,947 ("the '947 patent").  Fairchild has asserted a total of 87 patent claims for these patents, including 11 independent claims.

On June 15, 2007, pursuant to an Administrative Motion to Consider Whether Cases Should be Related, this Court issued an order deeming the two cases to be related within the meaning of Civil Local Rule 3-12 and the later-filed Fairchild action was reassigned to this Court.  To promote judicial economy, the parties filed a stipulated motion to consolidate the cases, pursuant to which the Court consolidated the two actions on July 31, 2007.

### B.      The Varied Technology of the Patents and the Accused Products

Although all the patents-in-suit relate to semiconductor device technology, they involve distinct technologies within that field.  Generally, the patents are directed to different aspects of power "MOSFET" ("metal oxide semiconductor field effect transistor") devices.  Power MOSFET devices come in various configurations, including "planar" and "trench."  Certain of the patents-in-suit are being asserted against certain of these designs.  Some of the patents are directed to different steps of the manufacturing process than others.  In addition, power MOSFET devices typically have an "active area" where the main current flows through the device and a "termination region" surrounding the active area.  Some of the patents-in-suit are principally concerned with structures in the active area

1  and one is principally concerned with structures in the termination region.  Finally, after a power

2  MOSFET device is fabricated it needs to be "packaged."  One of the patents in suit is directed to a

3  method of packaging power MOSFET devices.  Because these technologies are very different it is not

4  reasonably possible to eliminate claim terms without eliminating potentially dispositive issues from

5  the case.

6      Moreover, the present litigation involves thousands of accused products, and many of the

7  differences between the products present different infringement issues implicating different claim

8  terms.  Although the parties have been diligently negotiating a stipulation to address this aspect of the

9  case by selecting "representative parts" for use in discovery and trial, the use of representative parts

10  for discovery purposes does not effectively reduce the number of claim terms to be construed.

11      **C.    The Parties' Efforts to Resolve Claim Construction Disputes**

12      In recognition of this Court's Standing Order and in a desire to streamline as much as possible

13  the issues that the Court will have to resolve, the parties attempted exhaustively to minimize the

14  number of claim terms requiring construction by the Court.  The parties exchanged lists of proposed

15  claim terms, phrases and clauses for construction pursuant to Patent L.R. 4-1 on December 20, 2007,

16  pursuant to which AOS proposed 19 terms and Fairchild 26 terms for construction.  The parties met

17  and conferred with respect to reducing the number of claim terms for which the parties would

18  exchange preliminary claim constructions , and ultimately agreed on 37 terms.  The parties each

19  served Preliminary Claim Constructions pursuant to Patent L.R. 4-2(a) on January 9, 2008, which are

20  attached hereto as Attachment A and B.  None of the initial constructions were identical.

21      The parties have held four lengthy telephone conferences to discuss claim construction and to

22  negotiate the disputed claim constructions.  The parties discussed and negotiated every disputed claim

23  construction on multiple occasions, and have either arrived at mutually agreeable constructions or

24  agreed not to seek construction for approximately 23 of the terms.  However, it now appears that

25  construction of about 17 key claim terms will continue to be disputed by the parties.

26      **D.    The Remaining Claim Construction Disputes**

27      The parties believe the 9 patents and 109 asserted claims cannot be fairly adjudicated based on

28  the construction of only 10 terms.   The parties believe the number of disputed claim terms, phrases or

1  clauses can be reduced to 17, but not likely any less than 17.  The parties also believe that the meaning

2  ascribed to each of the disputed terms is likely to be outcome dispositive with respect to infringement

3  and/or validity for at least one or more claims, and with respect to at least some of the parties' products

4  and methods.

5       Other methods of limiting the claims at issue would be ineffective.  For example, the selection

6  of representative claims would be ineffective -- all but one of the currently disputed claim terms are

7  contained in different independent claims, all but eliminating any opportunity to select representative

8  claims to reduce the number of claim terms.  Furthermore, the claim terms in dispute are generally

9  evenly divided between AOS's asserted patents and Fairchild's asserted patents, and no more than four

10  claim terms are in dispute for any one patent.  Further grouping of claims by issues presented would

11  also be ineffective, because the parties have already done so to the extent possible - each of the

12  disputed terms represents a separate and distinct dispute.

13  **III.    CONCLUSION**

14       The parties respectfully request that the Court grant the parties' joint request to designate

15  additional terms for the reasons explained herein.  As mentioned above, the parties would consider the

16  use of a mutually agreeable Special Master with respect to claim construction in the event the Court

17  deems it desirable to do so.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    Dated: January 17, 2008                    TOWNSEND AND TOWNSEND AND CREW LLP

2

3                                               By:   /s/ *Eric P. Jacobs*
                                                      Eric P. Jacobs
4                                               Defendant and Counterclaimant
                                                FAIRCHILD SEMICONDUCTOR CORPORATION
5

6
     Dated: January 17, 2008                    MORGAN, LEWIS & BOCKIUS LLP
7

8
                                                By:   /s/ *Brett M. Schuman*
9                                                     Brett M. Schuman
                                                Attorneys for Plaintiffs and Counterdefendants
10                                              ALPHA & OMEGA SEMICONDUCTOR, LTD., and
                                                ALPHA & OMEGA SEMICONDUCTOR, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **GENERAL ORDER ATTESTATION**

2

3      I, Eric P. Jacobs, am the ECF user whose ID and password are being used to file this JOINT

MOTION FOR AN ORDER GRANTING LEAVE TO THE PARTIES TO DESIGNATE UP TO

4

SEVENTEEN TERMS, PHRASES OR CLAUSES FOR CLAIM CONSTRUCTION AND

5

[PROPOSED] ORDER.  In compliance with General Order 45,X.B., I hereby attest that Brett M.

6

Schuman has concurred in this filing.

7
                                            */s/ Eric P. Jacobs*
8                                            Eric P. Jacobs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2

3        Having considered the parties' Joint Motion for an Order Granting Leave to the Parties to

4  Designate Up to Seventeen Terms, Phrases or Clauses for Claim Construction, and good cause

5  appearing therefor,

6        The Court hereby orders that the motion be granted, and grants leave to the parties to designate

7  up to seventeen terms, phrases or clauses for construction by the Court.

8        **IT IS SO ORDERED.**

9

10  DATED:_____                    _____

11                                                HONORABLE JEFFREY S. WHITE
                                                  United States District Court Judge
12
    61260310 v2
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28