# Exhibit 2

1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California 94111
   Telephone:    (415) 576-0200
5  Facsimile:    (415) 576-0300
   E-mail:       epjacobs@townsend.com
6                phgoldsmith@townsend.com
                 ramcfarlane@townsend.com
7                ishoiket@townsend.com

8  Attorneys for Plaintiff FAIRCHILD
   SEMICONDUCTOR CORPORATION

9

10                 UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14  FAIRCHILD SEMICONDUCTOR                  Case No. C 07-02664 JWS
    CORPORATION,
15                                           **FAIRCHILD SEMICONDUCTOR**
                  Plaintiff,                 **CORPORATION'S FIRST SET OF**
16                                           **REQUESTS FOR PRODUCTION TO**
           v.                                **ALPHA AND OMEGA**
17                                           **SEMICONDUCTOR**
    ALPHA AND OMEGA SEMICONDUCTOR            **INCORPORATED AND ALPHA**
18  INCORPORATED and ALPHA AND OMEGA         **AND OMEGA SEMICONDUCTOR**
    SEMICONDUCTOR LIMITED,                   **LIMITED**
19                Defendants.
20
21
22

23       Plaintiff Fairchild Semiconductor Corporation ("Fairchild") hereby requests pursuant to

24  Rule 34 of the Rules of Civil Procedure that defendants Alpha and Omega Semiconductor

25  Incorporated and Alpha and Omega Semiconductor Limited produce each of the following documents

26  and tangible things within thirty (30) days from the date of service hereof, at the offices of Townsend

27  and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San Francisco, California 94111.

28  ///

## A. DEFINITIONS

1.    The terms "AOS", "you" and "your" as used herein mean defendants Alpha and Omega Semiconductor Incorporated and Alpha and Omega Semiconductor Limited, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of AOS.

2.    The term "patents-in-suit" refers collectively to U.S. Patent Nos. 6,429,481, 6,710,406, 6,521,497 and 6,828,195.

3.    The term "accused product(s)" refers to any and all systems or products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold or imported into the United States by you, on your behalf or by any of your customers.

4.    The terms "refer or relate to" shall mean constitute, consist of, refer, relate, summarize, demonstrate, reflect, evidence, contain, study, analyze, consider, explain, mention, show, discuss, embody, identify, state, describe, contradict, undermine, nullify or comment upon.  Similarly, the term "referring or relating to" shall mean constituting, consisting of, referring, relating, summarizing, demonstrating, reflecting, evidencing, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, embodying, evidencing, identifying, stating, describing, contradicting, undermining, nullifying or commenting upon.

5.    The term "document" shall be broadly construed as intended by the Federal Rules of Civil Procedure and shall include, but not be limited to, any written, printed, recorded or graphic matter, computer memory (including but not limited to hard drives, portable memory, laptops computers, FLASH memory devices, memory sticks, CDs and DVDs of any format, and optical memory devices), computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether or draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, electronically stored information, electronic data, electronic files, letters, correspondence, notes, memoranda of telephone conversations or

1  meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail, telegrams, telex

2  messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions,

3  studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer

4  printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts

5  thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements,

6  market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work

7  papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or

8  material similar to any of the foregoing, however denominated, by whomever prepared, and to

9  whomever addressed, which are in your possession, custody or control or to which you have, have had

10  or can obtain access.

11       6.    The term "sale(s)", "sell" or "sold" shall include sales, licenses, leases loans,

12  consignments, distribution to resellers or others and all other methods of product distribution whether

13  direct or indirect and whether the produce is distributed singly or in combination with or as part of

14  another product, and whether or not revenue was or will be received therefrom.

15       7.    The term "person" means any natural person, firm, association, partnership,

16  government agency, corporation, proprietorship, or other entity and its officers, directors, partners,

17  employees, representatives and agents.

18       8.    The term "third party" means anyone other than AOS or Fairchild.

19       9.    The term "communication" means or refers to all discussions, conversations,

20  negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams,

21  advertisements or other forms of information exchanged, whether oral, electronic or written.

22       10.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever

23  makes the request more inclusive.

24       11.    Any pronouns shall be construed to refer to the masculine, feminine or neuter gender,

25  in singular or plural, as in each case is most appropriate.

26       12.    The words "all" and "any" shall be construed to mean "any and all."

27       13.    The word "each" shall be construed to mean "each and every."

28       14.    The singular form of any word shall be construed to also include the plural.

**B. INSTRUCTIONS**

1.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to respond within 30 days from the date of service of this request.

2.  If you contend that any document requested to be produced is protected from discovery by the attorney-client privilege, work product doctrine, or any other ground of privilege or immunity, each such document shall be identified as follows:

      a.    the date of the document;

      b.    the name and title or position of the author(s) of the document;

      c.    the name and title or position of all persons designated as addressees or otherwise as recipients of copies of the document;

      d.    the subject matter of the document;

      e.    the type of document (memorandum, letter, report, etc.)

      f.    the specific grounds for withholding the document in sufficient detail for the Court to rule on the merits of the claim of attorney-client privilege, work product doctrine; or other ground of privilege or immunity; and

      g.    the number of the document request(s) to which the document pertains.

3.  In producing documents pursuant to this request, AOS shall indicate the specific request(s) in response to which each document or group of documents is being produced. If there are no documents in the possession, custody or control of AOS which are responsive to a request herein, AOS shall state that fact in its written response to such request(s).

4.  Unless otherwise indicated, this request for production of documents seeks all documents existing or prepared through the present.

5.  This request shall be deemed continuing so as to require prompt and further supplemental production if AOS obtains additional documents at any time between the time of the initial production and the time of hearing or trial.

///

///

///

## C. DOCUMENT REQUESTS

DOCUMENT REQUEST NO. 1:

All documents describing any aspect of the structure or design of any accused product, including without limitation plots of mask layers, cell plots, design drawings, electronic design automation files and starting material descriptions.

DOCUMENT REQUEST NO. 2:

All documents describing any aspect of the process of manufacture of any accused product, including without limitation process, flows, process travelers and process recipes.

DOCUMENT REQUEST NO. 3:

All documents describing the configuration of any accused product at any stage of its manufacture (including without limitation documents depicting the configuration of the semiconductor junctions and layers atop the silicon substrate and how those junction patterns and layers are/were formed).

DOCUMENT REQUEST NO. 4:

All documents describing the arrangements made for the manufacture of any accused products, including without limitation documents describing the place of wafer fabrication, the changes to the manufacturing process over time, and the shipment of wafers for assembly into accused products and eventual sale.

DOCUMENT REQUEST NO. 5:

Data books, catalogs, datasheets, application notes, instructional materials, product selector guides, application notes, designer's manual, web pages or other product literature referring or relating to any accused product.

DOCUMENT REQUEST NO. 6:

All travel logs, masks, process run cards, manufacturing specifications, manufacturing drawings, schematics, blueprints, drawings, sketches, design specifications, or flow charts referring or relating to the accused products.

DOCUMENT REQUEST NO. 7:

All documents and things, including but not limited to, photographs, micrographs or

1  prototypes that relate to or were referred to, examined or used in the design or development of the

2  accused products.

3  DOCUMENT REQUEST NO. 8:

4      All documents and things that relate to the structure or design of the accused products.

5  DOCUMENT REQUEST NO. 9:

6      All documents and things that relate to or evidence modification(s) or improvement(s) to the

7  accused products.

8  DOCUMENT REQUEST NO. 10:

9      All documents that relate to or evidence the contemplation of, the negotiation for, or the

10  entering into of any patent or technology licenses or agreements with third parties relating to the

11  accused products.

12  DOCUMENT REQUEST NO. 11:

13      All documents that relate to any investigation, report, opinion, study, or analysis (legal or

14  otherwise) whether formal or informal concerning, discussing or relating to any potential or alleged

15  infringement of one or more of the patents-in-suit or any claim thereof.

16  DOCUMENT REQUEST NO. 12:

17      Documents sufficient to describe the corporate relationship between Alpha and Omega

18  Semiconductor Incorporated and Alpha and Omega Semiconductor Limited.

19  DOCUMENT REQUEST NO. 13:

20      Documents sufficient to describe the corporate structure of AOS.

21  DOCUMENT REQUEST NO. 14:

22      All documents that relate to company directories, organizational charts and similar documents

23  sufficient to show names, locations (geographic or by department or division) and reporting lines of all

24  AOS officers, directors or employees who may have had knowledge concerning AOS's design,

25  development, manufacture, production, marketing, distribution, importation, offers for sale and/or sale

26  of any of the accused products.

27  DOCUMENT REQUEST NO. 15:

28      All documents that relate to AOS's marketing and sales in the United States of any of the

1  accused products from May 2001 to the present (including but not limited to marketing and business

2  plans).

3  DOCUMENT REQUEST NO. 16:

4      All documents reflecting any sales of any accused product in the United States, including

5  without limitation all customer lists and periodic sales reports for such products from May 2001 to the

6  present.

7  DOCUMENT REQUEST NO. 17:

8      All documents that relate to agreements with any third party, including but not limited to

9  distributors or resellers, that imports, promotes, markets, sells, offers to sell or uses the accused

10  products.

11  DOCUMENT REQUEST NO. 18:

12      Documents sufficient to identify each person that makes the accused products for you or on

13  your behalf.

14  DOCUMENT REQUEST NO. 19:

15      Documents sufficient to identify each person that makes any system, product, or module that

16  incorporates any of the accused products.

17  DOCUMENT REQUEST NO. 20:

18      Documents sufficient to identify each person that uses, sells, offers for sale or imports into the

19  United States any system, product, or module that incorporates any of the accused products.

20  DOCUMENT REQUEST NO. 21:

21      All documents that relate to any comparisons between the accused products and any product

22  made or sold by Fairchild.

23  DOCUMENT REQUEST NO. 22:

24      All documents and things you identified and/or were requested to identify in your answers to

25  Fairchild's First Set of Interrogatories.

26

27

28

1    DATED:  July 27, 2007                    Respectfully submitted,

2

3                                             By: _____

4                                             Eric P. Jacobs
                                              Peter H. Goldsmith
5                                             Robert A. McFarlane
                                              Igor Shoiket
6                                             TOWNSEND AND TOWNSEND AND CREW LLP
                                              Two Embarcadero Center, 8th Floor
7                                             San Francisco, California  94111
                                              Telephone:  (415) 576-0200
8                                             Facsimile:  (415) 576-0300

9                                             Attorneys for Plaintiff
                                              FAIRCHILD SEMICONDUCTOR CORPORATION

10

11   61100788 v3

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled:

### PLAINTIFF FAIRCHILD SEMICONDUCTOR CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

| BY MAIL | BY HAND |
|---|---|
| Andrew J. Wu | Daniel Johnson, Jr. |
| Morgan Lewis & Bockius LLP | Rita E. Tautkus |
| 2 Palo Alto Square | Morgan Lewis & Bockius LLP |
| 3000 El Camino Real, Suite 700 | One Market Street, Spear Street Tower |
| Palo Alto, CA 94306 | San Francisco, CA 94105-1126 |
| Tel:     650-843-4000 | Tel:     415-442-1000 |
| Fax:     650-843-4001 | Fax:     415-442-1001 |
| Email:   awu@morganlewis.com | Email:   djjohnson@morganlewis.com |
| | Email:   rtautkus@morganlewis.com |
| *Attorneys for Defendants* | *Attorneys for Defendants* |

☒ **[By First Class Mail]** I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ **[By Overnight Courier]** I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☒ **[By Hand]** I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ **[By Facsimile Transmission]** I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐ **[By Electronic Transmission]** I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: July 27, 2007.

_____

Esther Casillas

61100788 v3

# Exhibit 3

1   MORGAN, LEWIS & BOCKIUS LLP
    DANIEL JOHNSON, JR., State Bar No. 57409
2   BRETT M. SCHUMAN, State Bar No. 189247
    **MORGAN, LEWIS & BOCKIUS LLP**
3   One Market, Spear Street Tower
    San Francisco, CA 94105-1126
4   Tel: 415.442.1000
    Fax: 415.442.1001
5   E-mail: djjohnson@morganlewis.com

6   ANDREW J. WU, State Bar No. 214442
    AHREN C. HOFFMAN (State Bar No. 250469)
7   **MORGAN, LEWIS & BOCKIUS LLP**
    2 Palo Alto Square
8   3000 El Camino Real, Suite 700
    Palo Alto, CA 94306
9   Tel: 650.843.4000
    Fax: 650.843.4001
10  E-mail: awu@morganlewis.com

11  Attorneys for Plaintiffs and Counterdefendants
    ALPHA & OMEGA SEMICONDUCTOR, INC.
12  ALPHA & OMEGA SEMICONDUCTOR, LTD.

13                      UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15                        SAN FRANCISCO DIVISION

16

17
    ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW
18  INC. a California corporation; and ALPHA   (Consolidated with Case No. C-07-2664 JSW)
    & OMEGA SEMICONDUCTOR, LTD., a
19  Bermuda corporation,
                                            **AOS'S RESPONSES AND OBJECTIONS**
20         Plaintiffs and                   **TO FAIRCHILD'S FIRST SET OF**
           Counterdefendants,               **REQUESTS FOR PRODUCTION  SERVED**
21                                          **IN CASE NO. C 07-2664 JSW**
           vs.
22
    FAIRCHILD SEMICONDUCTOR
23  CORP., a Delaware corporation,

24         Defendant and
           Counterclaimant.
25

26  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs and

27  Counterdefendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3664697.6

1    Inc. (collectively "AOS") hereby respond to the First Set of Requests for Production ("Requests")

2    propounded by Defendant and Counterclaimant Fairchild Semiconductor Corp. ("Fairchild") in

3    Case No. 07-02664 JSW, averring as follows:

**GENERAL OBJECTIONS**

5        1.        AOS generally objects to the Requests to the extent they seek documents and

6    things subject to the attorney-client privilege and/or work-product doctrine, or any other privilege

7    or protection afforded by law.  Any inadvertent production of any document or thing shall not

8    constitute a waiver of any privileges of AOS, and AOS reserves its rights to demand and obtain

9    the return of any such document or thing, and all copies thereof.  AOS further objects to the

10   Requests to the extent they require AOS to search for and reveal privileged information,

11   documents, and things from its and its attorneys' files.  AOS will not schedule on a privilege log

12   any materials protected by the attorney-client privilege and/or work-product doctrine created on

13   or after May 17, 2007, the date this lawsuit was initiated.  As used herein, the term "non-

14   privileged" refers to information, documents, and things that are not protected by the attorney-

15   client privilege, the work-product doctrine, or any other applicable privilege or protection from

16   discovery.

17       2.        AOS generally objects to the Requests to the extent they seek to impose upon AOS

18   obligations different from, or in addition to, those obligations imposed by the Federal Rules of

19   Civil Procedure, the Civil Local Rules or the Patent Local Rules of the Northern District of

20   California, or any Orders of the Court.  AOS' responses shall be controlled by the requirements

21   imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, the applicable Local

22   Rules, and Orders of the Court.

23       3.        AOS objects to Fairchild's definitions of "AOS," "you," and "your" as vague,

24   ambiguous, overly broad, and unduly burdensome to the extent they seek to make the Requests

25   apply to, and seek information, documents, or things from, persons or entities other than, or

26   beyond the control of, Alpha & Omega Semiconductor, Ltd. or Alpha & Omega Semiconductor,

27   Inc.  Subject to its general and specific objections, AOS shall base its answers to the Requests

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1    solely on information, documents, or things that are in the custody, possession, or control of

2    Alpha & Omega Semiconductor, Ltd. or Alpha & Omega Semiconductor, Inc.

3        4.    AOS objects to Fairchild's definition of "accused product(s)" as overly broad. As

4    Fairchild has defined the term, it purports to encompass each and every trench MOSFET product

5    that AOS has ever made, used, offered for sale, sold or imported. AOS will treat this term as

6    referring to the following trench MOSFET products that were identified by Fairchild in a letter

7    dated August 3, 2005, from Stephen Schott to Dr. Michael Chang: AO4812, AO4912, AOD412,

8    AOD414, AOD404, AOD406, AO4407, and AO4422.

9        5.    AOS objects to Fairchild's Instruction No. 2 as overly broad and unduly

10    burdensome to the extent it seeks to impose obligations different from, or in addition to, the

11    obligations imposed by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Accordingly, AOS

12    shall comply with Rule 26(b)(5) with respect to any documents requested to be produced that are

13    withheld on the grounds that they are subject to the attorney-client privilege and/or work-product

14    doctrine, or any other privilege or protection afforded by law. Furthermore, as stated in General

15    Objection No. 1, AOS will not schedule on a privilege log any materials protected by the

16    attorney-client privilege or work-product doctrine created on or after May 17, 2007, the date this

17    lawsuit was initiated.

18        6.    AOS objects to Fairchild's Instruction No. 3 as unduly burdensome to the extent it

19    seeks to limit the manner in which documents may be produced.

20                            **RESPONSES**

21    <u>**REQUEST FOR PRODUCTION NO. 1:**</u>

22        All documents describing any aspect of the structure or design of any accused product,

23    including without limitation plots of mask layers, cell plots, design drawings, electronic design

24    automation files and starting material descriptions.

25    <u>**RESPONSE TO REQUEST FOR DOCUMENT NO. 1:**</u>

26        AOS incorporates by this reference its General Objections. AOS further objects to this

27    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

28    lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1    will produce non-privileged documents responsive to this request sufficient to show the technical

2    design and operation of the accused products.

3    **REQUEST FOR DOCUMENT NO. 2:**

4         All documents describing any aspect of the process of manufacture of any accused

5    product, including without limitation process, flows, process travelers and process recipes.

6    **RESPONSE TO REQUEST FOR DOCUMENT NO. 2:**

7         AOS incorporates by this reference its General Objections. AOS further objects to this

8    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

9    lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

10   will produce non-privileged documents responsive to this request sufficient to describe the

11   manufacture of the accused products.

12   **REQUEST FOR DOCUMENT NO. 3:**

13        All documents describing the configuration of any accused product at any stage of its

14   manufacture (including without limitation documents depicting the configuration of the

15   semiconductor junctions and layers atop the silicon substrate and how those junction patterns and

16   layers are/were formed).

17   **RESPONSE TO REQUEST FOR DOCUMENT NO. 3:**

18        AOS incorporates by this reference its General Objections. AOS further objects to this

19   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

20   lead to the discovery of admissible evidence. AOS further objects that the undefined term

21   "configuration," as used in this request, is vague, ambiguous and unintelligible. Subject to and

22   without waiving its objections, AOS will produce non-privileged documents responsive to this

23   request sufficient to describe the manufacture of the accused products.

24   **REQUEST FOR DOCUMENT NO. 4:**

25        All documents describing the arrangements made for the manufacture of any accused

26   products, including without limitation documents describing the place of wafer fabrication, the

27   changes to the manufacturing process over time, and the shipment of wafers for assembly into

28   accused products and eventual sale.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1-PA/3664697.6

1    **RESPONSE TO REQUEST FOR DOCUMENT NO. 4:**

2        AOS incorporates by this reference its General Objections. AOS further objects to this

3    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

4    lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

5    will produce non-privileged documents responsive to this request sufficient to describe the

6    manufacture of the accused products.

7    **REQUEST FOR DOCUMENT NO. 5:**

8        Data books, catalogs, datasheets, application notes, instructional materials, product

9    selector guides, application notes, designer's manual, web pages or other product literature

10   referring or relating to any accused product.

11   **RESPONSE TO REQUEST FOR DOCUMENT NO. 5:**

12       AOS incorporates by this reference its General Objections. AOS further objects to this

13   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

14   lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

15   will produce non-privileged documents responsive to this request sufficient to show the technical

16   operation of the accused products.

17   **REQUEST FOR DOCUMENT NO. 6:**

18       All travel logs, masks, process run cards, manufacturing specifications, manufacturing

19   drawings, schematics, blueprints, drawings, sketches, design specifications, or flow charts

20   referring or relating to the accused products.

21   **RESPONSE TO REQUEST FOR DOCUMENT NO. 6:**

22       AOS incorporates by this reference its General Objections. AOS further objects to this

23   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

24   lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

25   will produce non-privileged documents responsive to this request sufficient to show the

26   manufacturing process of the accused products.

27   **REQUEST FOR DOCUMENT NO. 7:**

28       All documents and things, including but not limited to, photographs, micrographs or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1    prototypes that relate to or were referred to, examined or used in the design or development of the

2    accused products.

3    **RESPONSE TO REQUEST FOR DOCUMENT NO. 7:**

4         AOS incorporates by this reference its General Objections.  AOS further objects to this

5    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

6    lead to the discovery of admissible evidence.  Subject to and without waiving its objections, AOS

7    will produce non-privileged documents responsive to this request sufficient to show the design

8    and development of the accused products.

9    **REQUEST FOR DOCUMENT NO. 8:**

10        All documents and things that relate to the structure or design of the accused products.

11   **RESPONSE TO REQUEST FOR DOCUMENT NO. 8:**

12        AOS incorporates by this reference its General Objections.  AOS further objects to this

13   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

14   lead to the discovery of admissible evidence.  Subject to and without waiving its objections, AOS

15   will produce non-privileged documents responsive to this request sufficient to show the structure

16   and design of the accused products.

17   **REQUEST FOR DOCUMENT NO. 9:**

18        All documents and things that relate to or evidence modification(s) or improvement(s) to

19   the accused products.

20   **RESPONSE TO REQUEST FOR DOCUMENT NO. 9:**

21        AOS incorporates by this reference its General Objections.  AOS further objects to this

22   request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

23   lead to the discovery of admissible evidence.  Subject to and without waiving its objections, AOS

24   will produce non-privileged documents responsive to this request sufficient to show the technical

25   design of the accused products.

26   **REQUEST FOR DOCUMENT NO. 10:**

27        All documents that relate to or evidence the contemplation of, the negotiation for, or the

28   entering into of any patent or technology licenses or agreements with third parties relating to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1  accused products.

2  **RESPONSE TO REQUEST FOR DOCUMENT NO. 10:**

3    Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

4  request at a later time.

5  **REQUEST FOR DOCUMENT NO. 11:**

6    All documents that relate to any investigation, report, opinion, study, or analysis (legal or

7  otherwise) whether formal or informal concerning, discussing or relating to any potential or

8  alleged infringement of one or more of the patents-in-suit or any claim thereof.

9  **RESPONSE TO REQUEST FOR DOCUMENT NO. 11:**

10    Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

11  request at a later time.

12  **REQUEST FOR DOCUMENT NO. 12:**

13    Documents sufficient to describe the corporate relationship between Alpha and Omega

14  Semiconductor Incorporated and Alpha and Omega Semiconductor Limited.

15  **RESPONSE TO REQUEST FOR DOCUMENT NO. 12:**

16    AOS incorporates by this reference its General Objections. AOS objects further on the

17  grounds that the term "corporate relationship" is vague and ambiguous. Subject to and without

18  waiving its objections, AOS will produce documents sufficient to show that Alpha and Omega

19  Semiconductor Incorporated is a wholly owned subsidiary of Alpha and Omega Semiconductor

20  Limited.

21  **REQUEST FOR DOCUMENT NO. 13:**

22    Documents sufficient to describe the corporate structure of AOS

23  **RESPONSE TO REQUEST FOR DOCUMENT NO. 13:**

24    AOS incorporates by this reference its General Objections. AOS objects further on the

25  grounds that the term "corporate structure" is vague and ambiguous. Subject to and without

26  waiving its objections, AOS will produce documents sufficient to show that Alpha and Omega

27  Semiconductor Incorporated is a wholly owned subsidiary of Alpha and Omega Semiconductor

28  Limited.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1  **REQUEST FOR DOCUMENT NO. 14:**

2          All documents that relate to company directories, organizational charts and similar

3  documents sufficient to show names, locations (geographic or by department or division) and

4  reporting lines of all AOS officers, directors or employees who may have had knowledge

5  concerning AOS's design, development, manufacture, production, marketing, distribution,

6  importation, offers for sale and/or sale of any of the accused products.

7  **RESPONSE TO REQUEST FOR DOCUMENT NO. 14:**

8          AOS incorporates by this reference its General Objections.  Subject to and without

9  waiving its objections, AOS will produce non-privileged documents responsive to this request

10  sufficient to identify the officers, directors, or employees of AOS who have knowledge of the

11  technical design, manufacture, and operation of the accused products.

12  **REQUEST FOR DOCUMENT NO. 15:**

13          All documents that relate to AOS's marketing and sales in the United States of any of the

14  accused products from May 2001 to the present (including but not limited to marketing and

15  business plans).

16  **RESPONSE TO REQUEST FOR DOCUMENT NO. 15:**

17          Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

18  request at a later time.

19  **REQUEST FOR DOCUMENT NO. 16:**

20          All documents reflecting any sales of any accused product in the United States, including

21  without limitation all customer lists and periodic sales reports for such products from May 2001

22  to the present.

23  **RESPONSE TO REQUEST FOR DOCUMENT NO. 16:**

24          Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

25  request at a later time.

26  **REQUEST FOR DOCUMENT NO. 17:**

27          All documents that relate to agreements with any third party, including but not limited to

28  distributors or resellers, that imports, promotes, markets, sells, offers to sell or uses the accused

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

1-PA/3664697.6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1  products.

2  **RESPONSE TO REQUEST FOR DOCUMENT NO. 17:**

3       Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

4  request at a later time.

5  **REQUEST FOR DOCUMENT NO. 18:**

6       Documents sufficient to identify each person that makes the accused products for you or

7  on your behalf.

8  **RESPONSE TO REQUEST FOR DOCUMENT NO. 18:**

9       AOS incorporates by this reference its General Objections.  AOS further objects to this

10  request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

11  lead to the discovery of admissible evidence.  AOS objects further to the extent this request

12  purports to require that AOS produce documents it is obligated to keep confidential.  Subject to

13  and without waiving its objections, AOS refers Fairchild to its response to Interrogatory No. 1 in

14  Case No. C 07-2664.

15  **REQUEST FOR DOCUMENT NO. 19:**

16       Documents sufficient to identify each person that makes any system, product, or module

17  that incorporates any of the accused products.

18  **RESPONSE TO REQUEST FOR DOCUMENT NO. 19:**

19       AOS incorporates by this reference its General Objections.  AOS objects further on the

20  ground that this request is overly broad, vague, ambiguous, unduly burdensome, and not

21  reasonably calculated to lead to the discovery of admissible evidence.  AOS further objects to this

22  request to the extent it seeks documents and things containing information that AOS is obligated

23  to keep confidential pursuant to an agreement or agreements with a third party or parties.  Subject

24  to and without waiving its objections, AOS refers Fairchild to its response to Interrogatory No. 9

25  in Case No. C 07-2664.

26  **REQUEST FOR DOCUMENT NO. 20:**

27       Documents sufficient to identify each person that uses, sells, offers for sale or imports into

28  the United States any system, product, or module that incorporates any of the accused products.

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)

1    **RESPONSE TO REQUEST FOR DOCUMENT NO. 20:**

2        AOS incorporates by this reference its General Objections. AOS objects further on the

3    ground that this request is overly broad, vague, ambiguous, unduly burdensome, and not

4    reasonably calculated to lead to the discovery of admissible evidence. AOS further objects to this

5    request to the extent it seeks documents and things containing information that AOS is obligated

6    to keep confidential pursuant to an agreement or agreements with a third party or parties. Subject

7    to and without waiving its objections, AOS refers Fairchild to its response to Interrogatory No. 9

8    in Case No. C 07-2664.

9    **REQUEST FOR DOCUMENT NO. 21:**

10        All documents that relate to any comparisons between the accused products and any

11    product made or sold by Fairchild.

12    **RESPONSE TO REQUEST FOR DOCUMENT NO. 21:**

13        AOS incorporates by this reference its General Objections. AOS further objects to this

14    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

15    lead to the discovery of admissible evidence. AOS further objects to this request as premature

16    under the Patent Local Rules. Subject to and without waiving its objections, AOS will produce

17    all non-privileged responsive documents responsive to this request.

18    **REQUEST FOR DOCUMENT NO. 22:**

19        All documents and things you identified and/or were requested to identify in your answers

20    to Fairchild's First Set of Interrogatories.

21    **RESPONSE TO REQUEST FOR DOCUMENT NO. 22:**

22        AOS incorporates by this reference its General Objections. AOS further objects to this

23    request as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to

24    lead to the discovery of admissible evidence. Subject to and without waiving its objections, AOS

25    will produce the non-privileged and responsive documents it has agreed to produce in response to

26    Fairchild's interrogatories and other document requests.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Dated: September 28, 2007                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                                 By _____

4                                                    Brett M. Schuman.

5                                                 Attorneys for Plaintiffs and
                                                  Counterdefendants
6                                                 Alpha & Omega Semiconductor, Inc.
                                                  Alpha & Omega Semiconductor, Ltd.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S FIRST SET OF REQUESTS FOR
PRODUCTION (C 07-2664 JSW)