# Exhibit 4

1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California  94111
   Telephone:    (415) 576-0200
5  Facsimile:    (415) 576-0300
   E-mail:       epjacobs@townsend.com
6                phgoldsmith@townsend.com
                 ramcfarlane@townsend.com
7                ishoiket@townsend.com

8  Attorneys for Defendant, Counterclaimant and Plaintiff
   FAIRCHILD SEMICONDUCTOR CORPORATION

9

10               UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14 | ALPHA & OMEGA SEMICONDUCTOR, | Case No. C 07-2638 JSW (EDL)
15 | LTD. and ALPHA & OMEGA | [Consolidated with Case No. C 07-2664 JSW]
   | SEMICONDUCTOR, INC. |
16 | | **FAIRCHILD SEMICONDUCTOR**
   | Plaintiffs and Counterdefendants, | **CORPORATION'S SECOND SET OF**
17 | | **REQUESTS FOR PRODUCTION OF**
   | v. | **DOCUMENTS TO ALPHA & OMEGA**
18 | FAIRCHILD SEMICONDUCTOR | **SEMICONDUCTOR, LTD. and ALPHA &**
   | CORPORATION, | **OMEGA SEMICONDUCTOR, INC**
19 | |
   | Defendant and Counterclaimant. |
20 | |
21 | AND CONSOLIDATED ACTION. |
22
23

24         Plaintiff Fairchild Semiconductor Corporation ("Fairchild") hereby requests pursuant to

25 Rule 34 of the Rules of Civil Procedure that defendants Alpha and Omega Semiconductor

26 Incorporated and Alpha and Omega Semiconductor Limited produce each of the following documents

27 and tangible things within thirty (30) days from the date of service hereof, at the offices of Townsend

28 and Townsend and Crew LLP, Two Embarcadero Center, 8th Floor, San Francisco, California 94111.

## A.   DEFINITIONS

1.      The terms "AOS", "you" and "your" as used herein mean defendants Alpha and Omega Semiconductor Incorporated and Alpha and Omega Semiconductor Limited, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of AOS.

2.      The term "Fairchild Asserted Patents" refers collectively to U.S. Patent Nos. 6,429,481, 6,710,406, 6,521,497, 6,828,195, 7.148,111 and 6,818,947.

3.      The term "AOS Asserted Patents" refers collectively to U.S. Patent Nos. 5,907,776, 5,767,567 and 5,930,630.

4.      The term "the '630 patent" refers to U.S. Patent No. 5,930,630.

5.      The term "Accused AOS Device" refers to any and all systems or products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold or imported into the United States by you, on your behalf or by any of your customers.

6.      The terms "refer or relate to" shall mean constitute, consist of, refer, relate, summarize, demonstrate, reflect, evidence, contain, study, analyze, consider, explain, mention, show, discuss, embody, identify, state, describe, contradict, undermine, nullify or comment upon.  Similarly, the term "referring or relating to" shall mean constituting, consisting of, referring, relating, summarizing, demonstrating, reflecting, evidencing, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, embodying, evidencing, identifying, stating, describing, contradicting, undermining, nullifying or commenting upon.

7.      The term "document" shall be broadly construed as intended by the Federal Rules of Civil Procedure and shall include, but not be limited to, any written, printed, recorded or graphic matter; computer memory (including but not limited to hard drives, portable memory, laptops computers, FLASH memory devices, memory sticks, CDs and DVDs of any format, and optical memory devices), computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether or draft or final, original or reproduction, signed or

1  unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including

2  without limitation written and electronic communications, electronically stored information, electronic

3  data, electronic files, letters, correspondence, notes, memoranda of telephone conversations or

4  meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail, telegrams, telex

5  messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions,

6  studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer

7  printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts

8  thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements,

9  market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work

10  papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or

11  material similar to any of the foregoing, however denominated, by whomever prepared, and to

12  whomever addressed, which are in your possession, custody or control or to which you have, have had

13  or can obtain access.

14       8.     The term "sale(s)", "sell" or "sold" shall include sales, licenses, leases loans,

15  consignments, distribution to resellers or others and all other methods of product distribution whether

16  direct or indirect and whether the produce is distributed singly or in combination with or as part of

17  another product, and whether or not revenue was or will be received therefrom.

18       9.     The term "prior art" includes by way of example and without limitation, the subject

19  matter described in 35 U.S.C. §§102 and 103, including, without limitation, publications, physical

20  devices, prototypes, uses, sales and offers for sale and any documents, electronically stored

21  information or things evidencing any of the foregoing.

22       10.     The term "person" means any natural person, firm, association, partnership,

23  government agency, corporation, proprietorship, or other entity and its officers, directors, partners,

24  employees, representatives and agents.

25       11.     The term "third party" means anyone other than AOS or Fairchild.

26       12.     The term "communication" means or refers to all discussions, conversations,

27  negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams,

28  advertisements or other forms of information exchanged, whether oral, electronic or written.

13.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

14.     Any pronouns shall be construed to refer to the masculine, feminine or neuter gender, in singular or plural, as in each case is most appropriate.

15.     The words "all" and "any" shall be construed to mean "any and all."

16.     The word "each" shall be construed to mean "each and every."

17.     The singular form of any word shall be construed to also include the plural.

**B.     INSTRUCTIONS**

1.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are requested to respond within 30 days from the date of service of this request.

2.     If you contend that any document requested to be produced is protected from discovery by the attorney-client privilege, work product doctrine, or any other ground of privilege or immunity, each such document shall be identified as follows:

      a.    the date of the document;

      b.    the name and title or position of the author(s) of the document;

      c.    the name and title or position of all persons designated as addressees or otherwise as recipients of copies of the document;

      d.    the subject matter of the document;

      e.    the type of document (memorandum, letter, report, etc.)

      f.    the specific grounds for withholding the document in sufficient detail for the Court to rule on the merits of the claim of attorney-client privilege, work product doctrine; or other ground of privilege or immunity; and

      g.    the number of the document request(s) to which the document pertains.

3.     In producing documents pursuant to this request, AOS shall indicate the specific request(s) in response to which each document or group of documents is being produced. If there are no documents in the possession, custody or control of AOS which are responsive to a request herein, AOS shall state that fact in its written response to such request(s).

4.     Unless otherwise indicated, this request for production of documents seeks all

1   documents existing or prepared through the present.

2       5.      This request shall be deemed continuing so as to require prompt and further

3   supplemental production if AOS obtains additional documents at any time between the time of the

4   initial production and the time of hearing or trial.

5                       C.      **REQUESTS FOR PRODUCTION**

6   REQUEST FOR PRODUCTION NO. 33:

7       All documents and things that relate to the conception of each of the inventions claimed in the

8   '630 patent.

9   REQUEST FOR PRODUCTION NO. 34:

10      All documents and things that relate to the actual reduction to practice of each of the

11  inventions claimed in the '630 patent.

12  REQUEST FOR PRODUCTION NO. 35:

13      All documents and things that relate to the best mode for practicing each of the inventions

14  claimed in the '630 patent known to the inventors at the time of filing of the patent application for

15  each such invention.

16  REQUEST FOR PRODUCTION NO. 36:

17      All documents and things that relate to the contribution made to the inventions claimed in the

18  '630 patent by each of the inventors identified on the face of each of the '630 patent.

19  REQUEST FOR PRODUCTION NO. 37:

20      All documents and things that relate to the preparation, filing or prosecution of any application,

21  including any reissue application, request for re-examination, continuation application, continuation-

22  in-part application and divisional application, for each of the '630 patent, including, without

23  limitation, the complete file histories, all communications with the Patent and Trademark Office, any

24  and all drafts of such communications, and any and all correspondence relating to or referring to the

25  preparation or prosecution of any such applications.

26  REQUEST FOR PRODUCTION NO. 38:

27      All documents and things that are prior art to the '630 patent.

28

1  REQUEST FOR PRODUCTION NO. 39:

2       All documents and things provided by any third party to AOS that purport to identify prior art

3  to the '630 patent.

4  REQUEST FOR PRODUCTION NO. 40:

5       All documents and things that relate to any devices embodying any of the claims of the '630

6  patent that were sold or offered for sale prior to the filing of a patent application for the respective

7  invention.

8  REQUEST FOR PRODUCTION NO. 41:

9       All documents and things that relate or refer to any Fairchild product allegedly covered by any

10  claims of the '630 patent.

11  REQUEST FOR PRODUCTION NO. 42:

12       All documents and things that relate to any products embodying any claims of the '630 patent

13  that were sold or offered for sale at any point in time.

14  REQUEST FOR PRODUCTION NO. 43:

15       All documents that relate to the structure, operation, function or performance of any products

16  embodying any claims of the '630 patent.

17  REQUEST FOR PRODUCTION NO. 44:

18       All external and internal specifications, design specifications and data sheets for any products

19  embodying any claims of the '630 patent.

20  REQUEST FOR PRODUCTION NO. 45:

21       All documents that relate to the specifications of any products embodying any claims of the

22  '630 patent.

23  REQUEST FOR PRODUCTION NO. 46:

24       All documents and things, including without limitation, letters, memos, e-mails or notes of

25  phone conversations or personal meetings that relate to the notification to any third party of

26  infringement or potential infringement of the '630 patent.

27

28

1    REQUEST FOR PRODUCTION NO. 47:

2        All documents and things, including without limitation, letters, memos, e-mails or notes of

3    phone conversations or personal meetings that relate to the provision of notice to Fairchild of the

4    existence of the '630 patent, including, without limitation, notices of infringement and threats of suit.

5    REQUEST FOR PRODUCTION NO. 48:

6        Separately segregated as to each of the AOS Asserted Patents, all documents and things that

7    discuss, evidence, record, refer to, relate to, or form the basis of AOS's allegation that Fairchild has

8    infringed one or more claims of the '630 patent.

9    REQUEST FOR PRODUCTION NO. 49:

10        All documents and things that relate to how and/or when AOS first became aware of the

11    Fairchild products or methods alleged to infringe any or all of the '630 patent.

12    REQUEST FOR PRODUCTION NO. 50:

13        All documents and things that relate to any analysis of any of Fairchild's products or methods

14    for the purpose of determining whether such products or methods infringed any or all of the '630

15    patent.

16    REQUEST FOR PRODUCTION NO. 51:

17        All documents that relate to any civil action, arbitration proceeding or other legal or

18    administrative proceeding (including any interference, opposition, reissue or re-examination

19    proceeding in the U.S. Patent and Trademark office), filed in the United States where the

20    infringement, scope, interpretation, misuse, priority, validity and/or enforceability of the '630 patent is

21    or was an issue, including, without limitation, all pleadings, motions, briefs, declarations, affidavits,

22    expert witness disclosures and reports, discovery requests and responses, documents produced by any

23    party or non-party, transcripts of trials and hearings, transcripts of depositions (and exhibits thereto),

24    trial and/or hearing exhibits, settlement agreements, prior art to any of the '630 patent and

25    correspondence between AOS and any other party or any non-party or any expert witness regarding

26    any aspect of the litigation, including settlement.

27

28

1  REQUEST FOR PRODUCTION NO. 52:

2      All documents that relate to any and all communications between AOS and Fairchild

3  pertaining to the '630 patent.

4  REQUEST FOR PRODUCTION NO. 53:

5      All documents that relate to company directories, organizational charts and similar documents

6  sufficient to show names, locations (geographic or by department or division) and reporting lines of all

7  AOS officers, directors or employees who may have had knowledge concerning AOS's design,

8  development, manufacture, production, marketing, distribution and/or sale of any AOS power

9  transistor products, including any products that embody the claims of the '630 patent.

10  REQUEST FOR PRODUCTION NO. 54:

11      All documents and things that you may use to support your claims or defenses.

12  REQUEST FOR PRODUCTION NO. 55:

13      All documents and things on which you intend to rely at trial or at any pre-trial hearing.

14  REQUEST FOR PRODUCTION NO. 56:

15      All documents supporting or relating to any contention by AOS that it does not infringe the

16  Fairchild Asserted Patents, including without limitation non-infringement studies, non-infringement

17  reports, and any search, opinion, study, investigation, or analysis conducted by or on behalf of you to

18  determine whether you infringe any AOS Asserted Patents.

19  REQUEST FOR PRODUCTION NO. 57:

20      All documents and things relating to the alleged invalidity or unenforceability of the Fairchild

21  Asserted Patents, including without limitation any search, opinion, study, report, investigation, or

22  analysis conducted by or on behalf of you to determine whether any Fairchild Asserted Patents are

23  invalid or unenforceable.

24  REQUEST FOR PRODUCTION NO. 58:

25      All documents and things relating to the level of knowledge, schooling, experience, expertise

26  or relevant technical skill of a person having ordinary skill in the art relating to any invention

27  disclosed, described or claimed in the AOS Asserted Patents or Fairchild Asserted Patents (as this

28  phrase is used in 35 U.S.C. § 103).

REQUEST FOR PRODUCTION NO. 59:

All documents and things sufficient to show the name, number, line, series, family and any other designation used by you to refer to each Accused AOS Device.

REQUEST FOR PRODUCTION NO. 60:

A fully functional sample of each Accused AOS Device.

REQUEST FOR PRODUCTION NO. 61:

All documents and things describing any analyses of the Accused AOS devices, including but not limited to Secondary Ion Mass Spectrometry (SMS), Scanning Electron Microscopy (SEM), or Transmission Electron Microscopy (TEM).

REQUEST FOR PRODUCTION NO. 62:

Documents sufficient to determine the function and/or performance characteristics of any layer, region, interface, connection, and/or bond, the spreading resistance, conductivity type, threshold voltage, turn-on resistance, depletion width, channel length, breakdown voltage, breakdown profile, and punch-through tolerance of the Accused AOS devices.

REQUEST FOR PRODUCTION NO. 63:

All documents and things concerning the advantages or purported advantages of any Accused AOS Device, including without limitation statements related to cost savings, quality, reliability, features, functions, power consumption, voltage requirements, or other purported advantages of any Accused AOS Device.

REQUEST FOR PRODUCTION NO. 64:

Product specifications for any Accused AOS Device, including without limitation documents and things sufficient to show their dimensions (including thickness of each layer) and components, materials from which they are made (including concentrations of each element), the electrical properties of the materials, the mechanical properties of the materials, the thermal properties of the materials, and a complete set of design, engineering, and/or manufacturing drawings of any Accused AOS Device.

1  REQUEST FOR PRODUCTION NO. 65:

2       All articles, publications, papers, reports, or presentations authored in whole or in part by a

3  current or former employee of AOS concerning any Accused AOS Device.

4  REQUEST FOR PRODUCTION NO. 66:

5       All documents and things concerning your first design of any Accused AOS Device, including

6  but not limited to documents sufficient to identify all persons having knowledge of your first design of

7  the device, any drawings, specifications, recipes, other descriptions of the device, and/or any prototype

8  of the device.

9  REQUEST FOR PRODUCTION NO. 67:

10      All documents and things relating to competitive analyses, comparisons, reports, reverse

11  engineering, or differences in structure, function, operation, performance, or the advantages or

12  disadvantages of any Accused AOS Device.

13  REQUEST FOR PRODUCTION NO. 68:

14      Documents and things sufficient to identify any entity that performs any part of the

15  manufacture of any Accused AOS Devices, including any entity that acts as a foundry or wafer fab,

16  and documents and things sufficient to identify the role that entity plays in the manufacture of any

17  Accused AOS Devices.

18  REQUEST FOR PRODUCTION NO. 69:

19      All documents and things relating to any work performed by any person or entity other than

20  AOS or its employees relating to the research, design, development, or manufacture of any Accused

21  AOS Device.

22  REQUEST FOR PRODUCTION NO. 70:

23      All communications between you, on the one hand, and the named inventors of the Fairchild

24  Asserted Patents, on the other hand, relating to any Accused AOS Device or any Fairchild Asserted

25  Patents.

26

27

28

1  REQUEST FOR PRODUCTION NO. 71:

2      All documents and things relating to communications between you, on the one hand, and any

3  other person or entity (including actual or potential customers), on the other hand, relating to any

4  Fairchild Asserted Patents or AOS Asserted Patents.

5  REQUEST FOR PRODUCTION NO. 72:

6      All documents and things relating to any products that compete with any Accused AOS Device

7  in the relevant market, including without limitation competitive analyses and product comparisons.

8  REQUEST FOR PRODUCTION NO. 73:

9      Documents sufficient to show the earliest date when you became aware of each of the

10  Fairchild Asserted Patents and the actions taken by you in response to such awareness.

11  REQUEST FOR PRODUCTION NO. 74:

12      All documents and things relating to knowledge of the Fairchild Asserted Patents by any

13  individual involved in the research, design, development, engineering and testing of any Accused

14  AOS Device.

15  REQUEST FOR PRODUCTION NO. 75:

16      All documents and things relating to your document retention policies.

17  REQUEST FOR PRODUCTION NO. 76:

18      Documents sufficient to identify the location where each Accused AOS Device was

19  researched, designed, tested, made, sold or offered for sale by or on behalf of you.

20  REQUEST FOR PRODUCTION NO. 77:

21      All documents constituting or relating to business plans, strategic plans, consultant reports or

22  strategy reviews concerning the design, manufacture, marketing or sale of any Accused AOS Device.

23  REQUEST FOR PRODUCTION NO. 78:

24      Documents sufficient to identify each of your U.S. and foreign customers for any Accused

25  AOS Device.

26

27

28

1   REQUEST FOR PRODUCTION NO. 79:

2        All documents reflecting communications regarding Fairchild, any of the AOS Asserted

3   Patents, Fairchild Asserted Patents or this litigation, with each customer, potential customer, buyer,

4   client, consumer or vendor for all the Accused AOS Devices.

5   REQUEST FOR PRODUCTION NO. 80:

6        All documents evidencing your knowledge or lack of knowledge concerning the downstream

7   sales or uses of any Accused AOS Device, including without limitation your knowledge or lack of

8   knowledge that any Accused Fairchild Devices are made, used, sold, offered for sale, or imported

9   in(to) the United States.

10  REQUEST FOR PRODUCTION NO. 81:

11       All documents and things relating to any patents (whether expired or in force) or patent

12  applications (whether issued, pending, or abandoned) related to the AOS Asserted Patents, including

13  any continuations, continuations-in-part, divisionals, reissues, reexaminations, or counterparts related

14  thereto, and any related foreign patents and patent applications, including any underlying patent

15  applications.

16  REQUEST FOR PRODUCTION NO. 82:

17       All notebooks, diaries, files, appointment calendars, research reports, or workbooks generated

18  or maintained by any inventor of any of the Fairchild Asserted Patents or AOS Asserted Patents

19  during the time period beginning with the earliest possible date of conception of the patented

20  invention and ending with the issuance of the patent.

21  REQUEST FOR PRODUCTION NO. 83:

22       All documents and things prepared, reviewed, or edited by an inventor of any AOS Asserted

23  Patent relating to any invention disclosed, described, or claimed in the AOS Asserted Patent.

24  REQUEST FOR PRODUCTION NO. 84:

25       Documents reflecting the last-known residence and employment of each inventor of any AOS

26  Asserted Patent.

27

28

1  REQUEST FOR PRODUCTION NO. 85:

2       All drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence,

3  memoranda, reports, test results, and all other documents and things relating to, or that were created,

4  used, or referred to in connection with, the design, research, development, or testing of any invention

5  claimed, disclosed, or described in any AOS Asserted Patent.

6  REQUEST FOR PRODUCTION NO. 86:

7       All documents and things regarding the breakdown characteristics or performance of trench

8  MOSFET devices, including without limitation breakdown initiation.

9  REQUEST FOR PRODUCTION NO. 87:

10       All documents and things regarding the breakdown characteristics, breakdown performance,

11  and/or resistance to "punchthrough" of any devices that AOS contends practice any claim of the AOS

12  Asserted Patents, including without limitation any analysis or simulation of the breakdown initiation

13  in such devices.

14  REQUEST FOR PRODUCTION NO. 88:

15       All documents and things regarding the doping of any "heavy body" and any "doped well" in a

16  MOSFET device, including without limitation the existence or creation of any "abrupt junction" at any

17  interface between such a "heavy body" and such a "doped well."

18  REQUEST FOR PRODUCTION NO. 89:

19       All documents and things referring to or defining an "abrupt junction."

20  REQUEST FOR PRODUCTION NO. 90:

21       All documents and things relating to your first commercial embodiment of each and every

22  AOS Asserted Patent.

23  REQUEST FOR PRODUCTION NO. 91:

24       All draft or final press releases relating to the AOS Asserted Patents, Fairchild Asserted

25  Patents, this lawsuit, or any product relating to any of the foregoing.

26  REQUEST FOR PRODUCTION NO. 92:

27       All documents reflecting any assignment, sale, acquisition, license or transfer of any rights

28  relating to any AOS Asserted Patent or any related patent or application.

1    REQUEST FOR PRODUCTION NO. 93:

2        All documents relating to your contemplated or actual commercial exploitation of any

3    invention disclosed, described, or claimed by any AOS Asserted Patent, including without limitation

4    feasibility studies, marketing plans, marketing forecasts, estimates or projections of market share,

5    periodic research and development reports, management reports or other periodic reports,

6    advertisements, promotional brochures, product literature, catalogs, trade show exhibits or displays,

7    technical brochures, specifications, price lists, contracts, purchase orders, papers published or

8    presented, and customer lists (including sales to all end-users, distributors and retailers).

9    REQUEST FOR PRODUCTION NO. 94:

10        Documents sufficient to determine the structure, function, or operation of all products made,

11   used, sold, offered for sale, licensed, offered for license, or transferred by or for AOS that you contend

12   embody or use any invention disclosed, described, or claimed in any AOS Asserted Patent.

13   REQUEST FOR PRODUCTION NO. 95:

14        Documents sufficient to identify all persons who participated in the design or development of

15   all products made, used, sold, offered for sale, licensed, offered for license, or transferred by or for

16   AOS that you contend embodies or uses any invention disclosed, described, or claimed in any AOS

17   Asserted Patent.

18   REQUEST FOR PRODUCTION NO. 96:

19        All documents and things relating to commercial exploitation by others of any invention

20   disclosed, described, or claimed in any AOS Asserted Patent.

21   REQUEST FOR PRODUCTION NO. 97:

22        All documents and things relating to any current or former employee of Fairchild.

23   REQUEST FOR PRODUCTION NO. 98:

24        Documents sufficient to identify all persons involved with prosecuting the AOS Asserted

25   Patents, related patents, or related applications.

26

27

28

1  REQUEST FOR PRODUCTION NO. 99:

2       All documents constituting or reflecting any search, investigation, evaluation, or opinion as to

3  the novelty, patentability, validity, enforceability, or scope of any AOS Asserted Patent, or any related

4  patent or application.

5  REQUEST FOR PRODUCTION NO. 100:

6       All patents and other publications that were reviewed or received by anyone involved with

7  prosecuting any AOS Asserted Patent, related patent, or related application, during the period of such

8  involvement.

9  REQUEST FOR PRODUCTION NO. 101:

10       All documents and things evidencing or relating to making, using, testing, or selling any

11  invention disclosed, described, or claimed in any AOS Asserted Patent, including without limitation

12  documents and things relating to the first uses (whether or not public) of such inventions.

13  REQUEST FOR PRODUCTION NO. 102:

14       All documents and things evidencing or relating to (a) public use, (b) on sale activity,

15  (c) commercial exploitation, and (d) experimental use (as these phrases are used in the application of

16  35 U.S.C. § 102(b)), by each inventor, you, or any other person, of any invention disclosed, described,

17  or claimed in any AOS Asserted Patent.

18  REQUEST FOR PRODUCTION NO. 103:

19       All documents and things constituting, evidencing or relating to patents, publications, written

20  descriptions, or other prior art references of which you are aware, relating to any invention claimed in

21  any of the AOS Asserted Patents.

22  REQUEST FOR PRODUCTION NO. 104:

23       All publications, including without limitation books, book excerpts, articles in technical or

24  trade publications, conference papers or presentations, or internal technical memoranda, authored in

25  whole or in part by any inventor of any AOS Asserted Patent, regarding breakdown performance or

26  breakdown characteristics of MOSFETs.

27

28

1    REQUEST FOR PRODUCTION NO. 105:

2        All publications, articles, conference papers, or technical or marketing presentations relating to

3    any commercial embodiment of the AOS Asserted Patents.

4    REQUEST FOR PRODUCTION NO. 106:

5        All documents and things evidencing or relating to any problems solved by any commercial

6    embodiment or invention disclosed, described, or claimed in any AOS Asserted Patent.

7    REQUEST FOR PRODUCTION NO. 107:

8        All documents and things evidencing or relating to failures by persons to solve any problems

9    solved by any commercial embodiment or invention disclosed, described, or claimed in any AOS

10    Asserted Patent.

11    REQUEST FOR PRODUCTION NO. 108:

12        All documents and things evidencing or relating to whether any commercial embodiment or

13    invention disclosed, described, or claimed in any AOS Asserted Patent, has been commercially

14    successful.

15    REQUEST FOR PRODUCTION NO. 109:

16        All documents and things evidencing or relating to whether any commercial embodiment or

17    invention disclosed, described, or claimed in any AOS Asserted Patent, has been copied by others.

18    REQUEST FOR PRODUCTION NO. 110:

19        All documents and things evidencing or relating to whether any commercial embodiment or

20    invention disclosed, described, or claimed in any AOS Asserted Patent, has been praised by anyone

21    other than its inventors or you.

22    REQUEST FOR PRODUCTION NO. 111:

23        All documents and things evidencing or relating to whether any commercial embodiment or

24    invention disclosed, described, or claimed in any AOS Asserted Patent has departed from accepted

25    principles in the industry.

26

27

28

1    REQUEST FOR PRODUCTION NO. 112:

2        All documents and things evidencing or relating to whether any commercial embodiment or

3    invention disclosed, described, or claimed in any AOS Asserted Patent has been recognized by the

4    industry or received industry acclaim.

5    REQUEST FOR PRODUCTION NO. 113:

6        All documents and things evidencing or relating to any mode contemplated by any inventor for

7    carrying out any invention disclosed, described, or claimed in any AOS Asserted Patent, from a period

8    starting with the earliest possible conception of the invention and ending six months after the patent

9    application was filed.

10   REQUEST FOR PRODUCTION NO. 114:

11       All documents reflecting any statement, assertion, or claim by anyone relating to the

12   patentability, validity, enforceability, or scope of any claim of any AOS Asserted Patent, including

13   without limitation any document that states or implies that any AOS Asserted Patent, or any claim

14   thereof, is, or may be, invalid or unenforceable.

15   REQUEST FOR PRODUCTION NO. 115:

16       A fully functional sample of each commercial embodiment of each and every AOS Asserted

17   Patent.

18   REQUEST FOR PRODUCTION NO. 116:

19       Documents sufficient to identify, such as by manufacturer, model, and part number, all

20   automated information systems at AOS, both past and present, including e-mail and document

21   management systems, including without limitation any such e-mail or document management systems

22   that would apply to documents concerning the design, manufacture, production, marketing, or sales of

23   Accused AOS Devices or documents concerning the AOS Asserted Patents or the Fairchild Asserted

24   Patents.

25   ///

26   ///

27   ///

28   ///

1    DATED:  November 12, 2007          Respectfully submitted,

2

3                                       By: _____
                                            Eric P. Jacobs
4                                           Peter H. Goldsmith
                                            Robert A. McFarlane
5                                           Igor Shoiket
                                            TOWNSEND AND TOWNSEND AND CREW LLP
6                                           Two Embarcadero Center, 8th Floor
                                            San Francisco, California  94111
7                                           Telephone:  (415) 576-0200
                                            Facsimile:  (415) 576-0300
8
                                        Attorneys for Defendant, Counterclaimant and Plaintiff
9                                       FAIRCHILD SEMICONDUCTOR CORPORATION

10   61197259 v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

3

4        I declare that I am employed in the City and County of San Francisco, California; I am
over the age of 18 years and not a party to the within action; my business address is Two Embarcadero
Center, Eighth Floor, San Francisco, California, 94111.  On the date set forth below, I served a true
and accurate copy of the document(s) entitled:

5

6

**FAIRCHILD SEMICONDUCTOR CORPORATION'S SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO AOS**

7        on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as
follows:

8

9    Andrew J. Wu                          Daniel Johnson, Jr.
     Morgan Lewis & Bockius LLP            Rita E. Tautkus
     2 Palo Alto Square                    Brett M. Schuman

10   3000 El Camino Real, Suite 700        Morgan Lewis & Bockius LLP
     Palo Alto, CA 94306                   One Market Street, Spear Street Tower

11   Tel:    650-843-4000                  San Francisco, CA  94105-1126
     Fax:    650-843-4001                  Tel:    415-442-1000

12   Email: awu@morganlewis.com            Fax:    415-442-1001
                                           Email: djjohnson@morganlewis.com

13   *Attorneys for Plaintiffs, Defendants and*    Email: rtautkus@morganlewis.com
     *Counterdefendants*

14                                         *Attorneys for Plaintiffs, Defendants and*
                                           *Counterdefendants*

15        ☒    [By First Class Mail]  I am readily familiar with my employer's practice for
collecting and processing documents for mailing with the United States Postal Service.  On the date

16   listed herein, following ordinary business practice, I served the within document(s) at my place of
business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully

17   prepaid, for collection and mailing with the United States Postal Service where it would be deposited
with the United States Postal Service that same day in the ordinary course of business.

18

19        ☐    [By Overnight Courier]  I caused each envelope to be delivered by a
commercial carrier service for overnight delivery to the offices of the addressee(s).

20        ☒    [By Hand]  I directed each envelope to the party(ies) so designated on the
service list to be delivered by courier this date.

21        ☐    [By Facsimile Transmission]  I caused said document to be sent by facsimile
transmission to the fax number indicated for the party(ies) listed above.

22

23        ☐    [By Electronic Transmission]  I caused said document to be sent by electronic
transmission to the e-mail address(es) indicated for the party(ies) listed above.

24        I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed this date at San Francisco, California.

25

26   Dated:  November 12, 2007.

                                           _____
27   61197259 v1                           Kristine J. Storheim

28