# Exhibit 5

1  DANIEL JOHNSON, JR., State Bar No. 57409
   BRETT M. SCHUMAN, State Bar No. 189247
2  AMY M. SPICER (State Bar No. 188399)
   **MORGAN, LEWIS & BOCKIUS LLP**
3  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5  djjohnson@morganlewis.com
   bschuman@morganlewis.com
6  aspicer@morganlewis.com

7  ANDREW J. WU (State Bar No. 214442)
   DAVID V. SANKER (State Bar No. 251260)
8  **MORGAN, LEWIS & BOCKIUS LLP**
   2 Palo Alto Square
9  3000 El Camino Real, Suite 700
   Palo Alto, CA  94306-2122
10 Tel:  650.843.4000
   Fax:  650.843.4001
11 awu@morganlewis.com
   dsanker@morganlewis.com
12
   Attorneys for Plaintiffs and Counterdefendants
13 ALPHA & OMEGA SEMICONDUCTOR, LTD.
   ALPHA & OMEGA SEMICONDUCTOR, INC.
14
15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                SAN FRANCISCO DIVISION

18
   ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW
19 LTD., a Bermuda corporation; and       (Consolidated with Case No. C-07-2664 JSW)
   ALPHA & OMEGA SEMICONDUCTOR,
20 INC., a California corporation,
                                          **AOS'S RESPONSES AND OBJECTIONS**
21      Plaintiffs and Counterdefendants, **TO FAIRCHILD'S SECOND SET OF**
                                          **REQUESTS FOR PRODUCTION**
22              v.

23 FAIRCHILD SEMICONDUCTOR
   CORP., a Delaware corporation,
24
        Defendant and Counterclaimant.
25
   ─────────────────────────────────
26 AND RELATED COUNTERCLAIMS.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

1      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs and

2  Counterdefendants Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor,

3  Inc. (collectively "AOS") hereby respond to the Second Set of Requests for Production

4  ("Requests") propounded by Defendant and Counterclaimant Fairchild Semiconductor Corp.

5  ("Fairchild") in Case No. 07-02638 JSW, averring as follows:

6                          **GENERAL OBJECTIONS**

7      1.      AOS generally objects to the Requests to the extent they seek documents and

8  things subject to the attorney-client privilege and/or work-product doctrine, or any other privilege

9  or protection afforded by law.  Any inadvertent production of any document or thing shall not

10  constitute a waiver of any privileges of AOS, and AOS reserves its rights to demand and obtain

11  the return of any such document or thing, and all copies thereof.  AOS further objects to the

12  Requests to the extent they require AOS to search for and reveal privileged information,

13  documents, and things from its and its attorneys' files.  AOS will schedule withheld documents

14  and things on a privilege log pursuant to the agreement of the parties, which is currently being

15  negotiated.

16      2.      AOS generally objects to the Requests to the extent they seek to impose upon AOS

17  obligations different from, or in addition to, those obligations imposed by the Federal Rules of

18  Civil Procedure, the Civil Local Rules or the Patent Local Rules of the Northern District of

19  California, or any Orders of the Court.  AOS' responses shall be controlled by the requirements

20  imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, the applicable Local

21  Rules, and Orders of the Court.

22      3.      AOS objects to Fairchild's definitions of "AOS," "you," and "your" as vague,

23  ambiguous, overly broad, and unduly burdensome to the extent they seek to make the Requests

24  apply to, and seek information, documents, or things from, persons or entities other than, or

25  beyond the control of, Alpha & Omega Semiconductor, Ltd. or Alpha & Omega Semiconductor,

26  Inc.  Subject to its general and specific objections, AOS shall base its answers to the Requests

27  solely on information, documents, or things that are in the custody, possession, or control of

28  Alpha & Omega Semiconductor, Ltd. or Alpha & Omega Semiconductor, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

4.    AOS objects to Fairchild's definition of "Accused AOS Device" as overly broad. As Fairchild has defined the term, it purports to encompass each and every trench MOSFET or IGBT product that AOS has ever made, used, offered for sale, sold, or imported. AOS will treat the term "Accused AOS Device" as including the fourteen devices cited in Fairchild's Disclosure of Asserted Claims and Preliminary Infringement Contentions, namely AO4410, AO4413A, AO4422, AO4468, AO6402, AO6405, AO4704, AO4812, AO4912, AO4914, AOD438, AOD414, AOL1412, and AOL1414, or as otherwise agreed in the course of the parties' ongoing discussions regarding "representative parts." Likewise, AOS's production of documents and things regarding its commercial products will conform to the agreement, if any, between the parties regarding "representative parts."

5.    AOS objects to Fairchild's definitions of "refer or relate to" and "referring or relating to" as vague, ambiguous, unintelligible, and unduly burdensome and oppressive to the extent that it purports to impose any obligations on AOS beyond the requirements of the applicable federal rules of civil procedure.

6.    AOS objects to Fairchild's definition of "document" as being overly broad, and unduly burdensome and oppressive to the extent that the phrase "or to which you have, have had or can obtain access" seeks information that is not in the possession, custody, or control of AOS.

7.    AOS objects to Fairchild's definition of "prior art" as overly broad, vague, ambiguous, and unduly burdensome.

8.    AOS objects to Fairchild's Instruction No. 2 as overly broad and unduly burdensome to the extent it seeks to impose obligations different from, or in addition to, the obligations imposed by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Accordingly, AOS shall comply with Rule 26(b)(5) with respect to any documents requested to be produced that are withheld on the grounds that they are subject to the attorney-client privilege and/or work-product doctrine, or any other privilege or protection afforded by law. Furthermore, as stated in General Objection No. 1, AOS will schedule withheld documents and things on a privilege log pursuant to the agreement of the parties, which is currently being negotiated.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

3

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    9.    AOS objects to Fairchild's Instruction No. 3 (and any request including a similar

2    instruction) as unduly burdensome to the extent it seeks to limit the manner in which documents

3    may be produced.  Accordingly, AOS will comply with Rule 34(b) of the Federal Rules of Civil

4    Procedure, which permits the production documents as they are kept in the ordinary course of

5    business.

6    10.    AOS objects to Fairchild's Instruction No. 4 as overly broad and unduly

7    burdensome to the extent it imposes no temporal limitations on the documents sought by these

8    Requests.

9    11.    AOS objects to Fairchild's Instruction No. 5 as overly broad and unduly

10    burdensome to the extent that is seeks to impose an obligation to supplement beyond that

11    specified in Rule 26(e) of the Federal Rules of Civil Procedure.  Accordingly, AOS will comply

12    with Rule 26(e), which requires supplementation of disclosures under specific circumstances.

13                              **RESPONSES**

14    **REQUEST FOR PRODUCTION NO. 33:**

15    All documents and things that relate to the conception of each of the inventions claimed in

16    the '630 patent.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

18    AOS incorporates by this reference its General Objections.  AOS objects further to this

19    request to the extent that it seeks documents and things protected by the attorney-client privilege

20    or the work-product doctrine.  AOS objects further that this request calls for a legal conclusion.

21    AOS objects further to this request as being overly broad, vague, ambiguous, unduly burdensome,

22    and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

23    without waiving its objections, AOS responds that it either already has or will produce non-

24    privileged responsive documents in its possession, custody, or control to the extent they exist and

25    can be located through a reasonable search.

26    **REQUEST FOR PRODUCTION NO. 34:**

27    All documents and things that relate to the actual reduction to practice of each of the

28    inventions claimed in the '630 patent.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3677182.2

4

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

      AOS incorporates by this reference its General Objections. AOS objects further that this request calls for a legal conclusion. AOS objects further to this request as being overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to this request because it is not limited to the asserted claims of the '630 patent. AOS objects further that the request is overly broad in seeking documents and things for any reduction to practice other than the first reduction to practice. Subject to and without waiving its objections, AOS responds that it either already has or will produce non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

      All documents and things that relate to the best mode for practicing each of the inventions claimed in the '630 patent known to the inventors at the time of filing of the patent application for each such invention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

      AOS incorporates by this reference its General Objections. AOS objects further that this request calls for a legal conclusion. AOS objects further to this request to the extent that it seeks documents and things protected by the attorney-client privilege or the work-product doctrine. AOS objects further to this request as being overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to this request because it is not limited to the asserted claims of the '630 patent. Subject to and without waiving its objections, AOS responds that it either already has or will produce non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

      All documents and things that relate to the contribution made to the inventions claimed in the '630 patent by each of the inventors identified on the face of each of the '630 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

5

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  AOS incorporates by this reference its General Objections. AOS objects further to this

2  request to the extent that it seeks documents and things protected by the attorney-client privilege

3  or the work-product doctrine. AOS objects further to this request as being overly broad, vague,

4  ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

5  admissible evidence. AOS objects further that the phrase "relate to the contribution" is vague and

6  overbroad. Subject to and without waiving its objections, AOS responds that it either already has

7  or will produce non-privileged responsive documents in its possession, custody, or control to the

8  extent they exist and can be located through a reasonable search.

9  **REQUEST FOR PRODUCTION NO. 37:**

10  All documents and things that relate to the preparation, filing or prosecution of any

11  application, including any reissue application, request for re-examination, continuation

12  application, continuation-in-part application and divisional application, for each of the '630

13  patent, including, without limitation, the complete file histories, all communications with the

14  Patent and Trademark Office, any and all drafts of such communications, and any and all

15  correspondence relating to or referring to the preparation or prosecution of any such applications.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

17  AOS incorporates by this reference its General Objections. AOS objects further to this

18  request to the extent that it seeks documents and things protected by the attorney-client privilege

19  or the work-product doctrine. AOS objects further to this request as being overly broad, vague,

20  ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

21  admissible evidence. AOS objects further that the phrase "for each of the '630 patent" is vague

22  and ambiguous. Subject to and without waiving its objections, AOS responds that it either

23  already has or will produce non-privileged responsive documents in its possession, custody, or

24  control to the extent they exist and can be located through a reasonable search.

25  **REQUEST FOR PRODUCTION NO. 38:**

26  All documents and things that are prior art to the '630 patent.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

28  AOS incorporates by this reference its General Objections. AOS objects further that this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

6

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    request calls for a legal conclusion. AOS objects further to this request as being overly broad,

2    vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

3    admissible evidence. Subject to and without waiving its objections, AOS responds that it either

4    already has or will produce non-privileged responsive documents in its possession, custody, or

5    control to the extent they exist and can be located through a reasonable search.

6    **REQUEST FOR PRODUCTION NO. 39:**

7        All documents and things provided by any third party to AOS that purport to identify prior

8    art to the '630 patent.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

10       AOS incorporates by this reference its General Objections. AOS objects further that this

11   request calls for a legal conclusion. AOS objects further to this request as being overly broad,

12   vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

13   admissible evidence. Subject to and without waiving its objections, AOS responds that it either

14   already has or will produce non-privileged responsive documents in its possession, custody, or

15   control to the extent they exist and can be located through a reasonable search.

16   **REQUEST FOR PRODUCTION NO. 40:**

17       All documents and things that relate to any devices embodying any of the claims of the

18   '630 patent that were sold or offered for sale prior to the filing of a patent application for the

19   respective invention.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

21       AOS incorporates by this reference its General Objections. AOS objects further to this

22   request to the extent that it seeks documents and things protected by the attorney-client privilege

23   or the work-product doctrine. AOS objects further to this request as being overly broad, vague,

24   ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

25   admissible evidence. AOS objects further to the phrase "filing of a patent application for the

26   respective invention" as being vague, ambiguous, and unintelligible. AOS objects further to this

27   request as being overly broad and unduly burdensome because it is not limited to the asserted

28   claims. Subject to and without waiving its objections, AOS responds that it either already has or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

7

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  will produce non-privileged responsive documents in its possession, custody, or control to the

2  extent they exist and can be located through a reasonable search.

3  **REQUEST FOR PRODUCTION NO. 41:**

4         All documents and things that relate or refer to any Fairchild product allegedly covered by

5  any claims of the '630 patent.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

7         AOS incorporates by this reference its General Objections. AOS objects further to this

8  request to the extent that it seeks documents and things protected by the attorney-client privilege

9  or the work-product doctrine. AOS objects further to this request as being overly broad, vague,

10  ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

11  admissible evidence. AOS objects further to this request to the extent it seeks documents and

12  things outside the possession, custody, or control of AOS. AOS objects further to this request as

13  being vague, overly broad, unduly burdensome, harassing, and not reasonably calculated to lead

14  to the discovery of admissible evidence because it seeks all documents and things that "relate or

15  refer" to Fairchild products, regardless of the content of those documents or things. Subject to

16  and without waiving its objections, AOS responds that it either already has or will produce non-

17  privileged responsive documents in its possession, custody, or control to the extent they exist and

18  can be located through a reasonable search.

19  **REQUEST FOR PRODUCTION NO. 42:**

20         All documents and things that relate to any products embodying any claims of the '630

21  patent that were sold or offered for sale at any point in time.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

23         AOS incorporates by this reference its General Objections. AOS objects further to this

24  request to the extent that it seeks documents and things protected by the attorney-client privilege

25  or the work-product doctrine. AOS objects further to this request as being overly broad, vague,

26  ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

27  admissible evidence because it seeks all documents and things that "relate to" any products. AOS

28  objects further to this request as being overly broad and unduly burdensome because it is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

8

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    limited in time and not limited to the asserted claims of the '630 patent. Subject to and without

2    waiving its objections, AOS responds that it either already has or will produce non-privileged

3    responsive documents relating to any product upon which AOS intends to rely that are in its

4    possession, custody, or control to the extent they exist and can be located through a reasonable

5    search.

6    **REQUEST FOR PRODUCTION NO. 43:**

7        All documents that relate to the structure, operation, function or performance of any

8    products embodying any claims of the '630 patent.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

10       AOS incorporates by this reference its General Objections. AOS objects further to this

11   request to the extent that it seeks documents and things protected by the attorney-client privilege

12   or the work-product doctrine. AOS objects further to this request as being overly broad, vague,

13   ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

14   admissible evidence because it seeks all documents and things that "relate to" any products. AOS

15   objects further to this request as being overly broad and unduly burdensome because it is not

16   limited in time and not limited to the asserted claims of the '630 patent. Subject to and without

17   waiving its objections, AOS responds that it either already has or will produce non-privileged

18   responsive documents in its possession, custody, or control to the extent they exist and can be

19   located through a reasonable search.

20   **REQUEST FOR PRODUCTION NO. 44:**

21       All external and internal specifications, design specifications and data sheets for any

22   products embodying any claims of the '630 patent.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

24       AOS incorporates by this reference its General Objections. AOS objects further to this

25   request to the extent that it seeks documents and things protected by the attorney-client privilege

26   or the work-product doctrine. AOS objects further to this request as being overly broad, vague,

27   ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

28   admissible evidence. AOS objects further to this request as being overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

9

1   burdensome because it is not limited in time and not limited to the asserted claims of the '630

2   patent.  AOS objects further to this request because the phrase "external and internal

3   specifications" is vague and ambiguous.  Subject to and without waiving its objections, AOS

4   responds that it either already has or will produce non-privileged responsive documents in its

5   possession, custody, or control to the extent they exist and can be located through a reasonable

6   search.

7   **REQUEST FOR PRODUCTION NO. 45:**

8       All documents that relate to the specifications of any products embodying any claims of

9   the '630 patent.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

11      AOS incorporates by this reference its General Objections.  AOS objects further to this

12  request to the extent that it seeks documents and things protected by the attorney-client privilege

13  or the work-product doctrine.  AOS objects further to this request as being overly broad, vague,

14  ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

15  admissible evidence.  AOS objects further to this request as being overly broad and unduly

16  burdensome because it is not limited to the asserted claims of the '630 patent.  AOS objects

17  further to this request as being overly broad, unduly burdensome, and harassing because it seeks

18  all documents "related" to product specifications.  Subject to and without waiving its objections,

19  AOS responds that it either already has or will produce non-privileged responsive documents in

20  its possession, custody, or control to the extent they exist and can be located through a reasonable

21  search.

22  **REQUEST FOR PRODUCTION NO. 46:**

23      All documents and things, including without limitation, letters, memos, e-mails or notes of

24  phone conversations or personal meetings that relate to the notification to any third party of

25  infringement or potential infringement of the '630 patent.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

27      AOS incorporates by this reference its General Objections.  AOS objects further to this

28  request as being overly broad, vague, ambiguous, unduly burdensome, and not reasonably

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

10

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  calculated to lead to the discovery of admissible evidence. AOS objects further to the extent this

2  request purports to seek documents covered by the attorney-client privilege or the work-product

3  doctrine. AOS objects further that the request is vague as to "third party" and overly broad to the

4  extent it includes any entity other than Fairchild or AOS. Subject to and without waiving its

5  objections, AOS responds that it either already has or will produce non-privileged responsive

6  documents in its possession, custody, or control to the extent they exist and can be located

7  through a reasonable search.

8  **REQUEST FOR PRODUCTION NO. 47:**

9      All documents and things, including without limitation, letters, memos, e-mails or notes of

10  phone conversations or personal meetings that relate to the provision of notice to Fairchild of the

11  existence of the '630 patent, including, without limitation, notices of infringement and threats of

12  suit.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

14      AOS incorporates by this reference its General Objections. AOS objects further that this

15  request seeks documents and information in Fairchild's actual or constructive possession. AOS

16  objects further to the extent this request purports to seek documents covered by the attorney-client

17  privilege or the work-product doctrine. AOS objects further to this request as being overly broad,

18  vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

19  admissible evidence. AOS objects further that the phrase "relate to the provision of notice" is

20  vague and ambiguous. Subject to and without waiving its objections, AOS responds that it either

21  already has or will produce non-privileged responsive documents in its possession, custody, or

22  control to the extent they exist and can be located through a reasonable search.

23  **REQUEST FOR PRODUCTION NO. 48:**

24      Separately segregated as to each of the AOS Asserted Patents, all documents and things

25  that discuss, evidence, record, refer to, relate to, or form the basis of AOS's allegation that

26  Fairchild has infringed one or more claims of the '630 patent.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

28      AOS incorporates by this reference its General Objections. AOS objects further to this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

11

1  request as being overly broad, vague, ambiguous, unduly burdensome, and not reasonably

2  calculated to lead to the discovery of admissible evidence. AOS objects further to this request to

3  the extent that it seeks documents and things protected by the attorney-client privilege or the

4  work-product doctrine. AOS objects further to this request as being premature and calling for

5  expert analysis. AOS objects further to this request as being vague, ambiguous, and unintelligible

6  because it requests documents "segregated as to each of the AOS Asserted Patents," but seeks

7  documents that show infringement of "one or more claims of the '630 patent." Subject to and

8  without waiving its objections, AOS responds that it either already has or will produce non-

9  privileged responsive documents in its possession, custody, or control to the extent they exist and

10  can be located through a reasonable search.

11  **REQUEST FOR PRODUCTION NO 49:**

12      All documents and things that relate to how and/or when AOS first became aware of the

13  Fairchild products or methods alleged to infringe any or all of the '630 patent.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO 49:**

15      AOS incorporates by this reference its General Objections. AOS objects further to the

16  extent this request purports to seek documents covered by the attorney-client privilege or the

17  work-product doctrine. AOS objects further to this request as being overly broad, vague,

18  ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

19  admissible evidence. Subject to and without waiving its objections, AOS responds that it either

20  already has or will produce non-privileged responsive documents in its possession, custody, or

21  control to the extent they exist and can be located through a reasonable search.

22  **REQUEST FOR PRODUCTION NO. 50:**

23      All documents and things that relate to any analysis of any of Fairchild's products or

24  methods for the purpose of determining whether such products or methods infringed any or all of

25  the '630 patent.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

27      AOS incorporates by this reference its General Objections. AOS objects further to this

28  request as being overly broad, vague, ambiguous, unduly burdensome, and not reasonably

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    calculated to lead to the discovery of admissible evidence.  AOS objects further to this request to

2    the extent that it seeks documents and things protected by the attorney-client privilege or the

3    work-product doctrine.  Subject to and without waiving its objections, AOS responds that it either

4    already has or will produce non-privileged responsive documents in its possession, custody, or

5    control to the extent they exist and can be located through a reasonable search.

6    **REQUEST FOR PRODUCTION NO. 51:**

7         All documents that relate to any civil action, arbitration proceeding or other legal or

8    administrative proceeding (including any interference, opposition, reissue or re-examination

9    proceeding in the U.S. Patent and Trademark office), filed in the United States where the

10   infringement, scope, interpretation, misuse, priority, validity and/or enforceability of the '630

11   patent is or was an issue, including, without limitation, all pleadings, motions, briefs,

12   declarations, affidavits, expert witness disclosures and reports, discovery requests and responses,

13   documents produced by any party or non-party, transcripts of trials and hearings, transcripts of

14   depositions (and exhibits thereto), trial and/or hearing exhibits, settlement agreements, prior art to

15   any of the '630 patent and correspondence between AOS and any other party or any non-party or

16   any expert witness regarding any aspect of the litigation, including settlement.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

18        AOS incorporates by this reference its General Objections.  AOS objects further to the

19   extent this request purports to seek documents covered by the attorney-client privilege or the

20   work product doctrine.  AOS objects further to this request as being overly broad, vague,

21   ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

22   admissible evidence.  AOS objects further that the phrase "prior art to any of the '630 patent" is

23   vague, ambiguous, and unintelligible.  AOS objects further to the extent that it calls for expert

24   analysis or legal conclusions.  Subject to and without waiving its objections, AOS responds that it

25   either already has or will produce non-privileged responsive documents in its possession, custody,

26   or control to the extent they exist and can be located through a reasonable search.

27   **REQUEST FOR PRODUCTION NO. 52:**

28        All documents that relate to any and all communications between AOS and Fairchild

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3677182.2

13

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    pertaining to the '630 patent.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

3           AOS incorporates by this reference its General Objections.  AOS objects further to the

4    extent this request purports to seek documents covered by the attorney-client privilege or the

5    work-product doctrine.  AOS objects further that this request seeks documents and information in

6    Fairchild's actual or constructive possession.  AOS objects further to this request as being overly

7    broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the

8    discovery of admissible evidence.  AOS objects further that the request is vague and overly broad

9    with respect to the phrase "documents that relate to any and all communications".  Subject to and

10   without waiving its objections, AOS responds that it either already has or will produce non-

11   privileged responsive documents in its possession, custody, or control to the extent they exist and

12   can be located through a reasonable search.

13   **REQUEST FOR PRODUCTION NO. 53:**

14          All documents that relate to company directories, organizational charts and similar

15   documents sufficient to show names, locations (geographic or by department or division) and

16   reporting lines of all AOS officers, directors or employees who may have had knowledge

17   concerning AOS's design, development, manufacture, production, marketing, distribution and/or

18   sale of any AOS power transistor products, including any products that embody the claims of the

19   '630 patent.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

21          AOS incorporates by this reference its General Objections.  AOS objects further to this

22   request as being overly broad, vague, ambiguous, unduly burdensome, and not reasonably

23   calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its

24   objections, AOS will produce non-privileged documents sufficient to identify the officers,

25   directors, or employees of AOS who have knowledge of the technical design and operation of

26   AOS's power transistor products.

27   **REQUEST FOR PRODUCTION NO. 54:**

28          All documents and things that you may use to support your claims or defenses.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

14

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

AOS incorporates by this reference its General Objections.  AOS objects further to this request in that it is substantially identical to a request that AOS served on Fairchild; to the extent that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS objects further to this request as being overly broad, unduly burdensome, and harassing because it is unlimited in time and scope.  AOS objects further to this request as premature and calling for expert analysis.  AOS objects further to this request to the extent that it seeks materials protected by the attorney-client privilege or work-product doctrine.  AOS objects further to this request as being vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, AOS responds that it either already has or will produce non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and things on which you intend to rely at trial or at any pre-trial hearing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

AOS incorporates by this reference its General Objections.  AOS objects further to this request in that it is substantially identical to a request that AOS served on Fairchild; to the extent that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS objects further to this request as being overly broad, unduly burdensome, and harassing because it is unlimited in time and scope.  AOS objects further to this request as being premature and calling for expert analysis.  AOS objects further to this request to the extent that it seeks materials protected by the attorney-client privilege or work-product doctrine.  AOS objects further to this request as being vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to this request as being duplicative, cumulative, unduly burdensome, oppressive, and harassing to the extent it seeks documents requested in other requests, including Request For Production No. 54. Subject to and without waiving its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

15

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  objections, AOS responds that it either already has or will produce non-privileged responsive

2  documents.

3  **REQUEST FOR PRODUCTION NO. 56:**

4      All documents supporting or relating to any contention by AOS that it does not infringe

5  the Fairchild Asserted Patents, including without limitation non-infringement studies, non-

6  infringement reports, and any search, opinion, study, investigation, or analysis conducted by or on

7  behalf of you to determine whether you infringe any AOS Asserted Patents.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

9      AOS incorporates by this reference its General Objections. AOS objects further to this

10  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

11  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

12  the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

13  objects further that this request is premature and improper to the extent it seeks discovery

14  inconsistent with the requirements of Patent L.R. 3-8. AOS objects further to this request as

15  being overly broad, unduly burdensome, and harassing because it is unlimited in time and scope.

16  AOS objects further to this request as premature and calling for expert analysis. AOS objects

17  further to this request to the extent that it seeks materials protected by the attorney-client privilege

18  or work-product doctrine. AOS objects further to this request as being vague, ambiguous, and

19  unintelligible because it seeks documents regarding whether AOS infringes its own patents. AOS

20  objects further that this request is not reasonably calculated to lead to the discovery of admissible

21  evidence. Subject to and without waiving its objections, AOS responds that it either already has

22  or will produce non-privileged responsive documents in its possession, custody, or control to the

23  extent they exist and can be located through a reasonable search.

24  **REQUEST FOR PRODUCTION NO. 57:**

25      All documents and things relating to the alleged invalidity or unenforceability of the

26  Fairchild Asserted Patents, including without limitation any search, opinion, study, report,

27  investigation, or analysis conducted by or on behalf of you to determine whether any Fairchild

28  Asserted Patents are invalid or unenforceable.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

16

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1     **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

2        AOS incorporates by this reference its General Objections.  AOS objects further to this

3     request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

4     that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

5     the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

6     objects further that the request is vague and ambiguous with respect to the phrase "relating to the

7     alleged invalidity or unenforceability of the Fairchild Asserted Patents."  AOS objects further to

8     this request as being overly broad, unduly burdensome, and harassing because it is unlimited in

9     time and scope.  AOS objects further to this request as premature, calling for expert analysis, and

10    calling for legal conclusions.  AOS objects further to this request to the extent that it seeks

11    materials protected by the attorney-client privilege or work-product doctrine.  AOS objects

12    further to this request as being vague, ambiguous, and not reasonably calculated to lead to the

13    discovery of admissible evidence. Subject to and without waiving its objections, AOS responds

14    that it either already has or will produce non-privileged responsive documents in its possession,

15    custody, or control to the extent they exist and can be located through a reasonable search.

16    **REQUEST FOR PRODUCTION NO. 58:**

17       All documents and things relating to the level of knowledge, schooling, experience,

18    expertise or relevant technical skill of a person having ordinary skill in the art relating to any

19    invention disclosed, described or claimed in the AOS Asserted Patents or Fairchild Asserted

20    Patents (as this phrase is used in 35 U.S.C. § 103).

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

22       AOS incorporates by this reference its General Objections.  AOS objects further to this

23    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

24    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

25    the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

26    objects further that the request is vague and ambiguous with respect to the phrase "all documents

27    and things sufficient to show."  AOS objects further to this request as calling for legal conclusions

28    and expert opinion testimony that will be the subject of expert discovery.  AOS objects further to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

17

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1   this request to the extent that it seeks materials protected by the attorney-client privilege or work-

2   product doctrine.  Subject to and without waiving its objections, AOS responds that it either

3   already has or will produce non-privileged responsive documents in its possession, custody, or

4   control to the extent they exist and can be located through a reasonable search.

5   **REQUEST FOR PRODUCTION NO. 59:**

6        All documents and things sufficient to show the name, number, line, series, family and

7   any other designation used by you to refer to each Accused AOS Device.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

9        AOS incorporates by this reference its General Objections.  AOS objects further to this

10  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

11  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

12  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

13  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

14  not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

15  waiving its objections, AOS responds that it either already has or will produce non-privileged

16  responsive documents in its possession, custody, or control to the extent they exist and can be

17  located through a reasonable search.

18  **REQUEST FOR PRODUCTION NO. 60:**

19       A fully functional sample of each Accused AOS Device.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

21       AOS incorporates by this reference its General Objections.  AOS objects further to this

22  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

23  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

24  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

25  objects further to this request as being overbroad, unduly burdensome, oppressive, and not

26  reasonably calculated to lead to admissible evidence.  Subject to and without waiving its

27  objections, AOS responds that it will produce a mutually agreed-upon sample of its products.

28  **REQUEST FOR PRODUCTION NO. 61:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

18

1    All documents and things describing any analyses of the Accused AOS devices, including

2    but not limited to Secondary Ion Mass Spectrometry (SMS), Scanning Electron Microscopy

3    (SEM), or Transmission Electron Microscopy (TEM).

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

5    AOS incorporates by this reference its General Objections. AOS objects further to this

6    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

7    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

8    the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

9    objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

10    not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

11    this request as premature and calling for expert analysis. AOS objects further to this request to

12    the extent that it seeks materials protected by the attorney-client privilege or work-product

13    doctrine. Subject to and without waiving its objections, AOS responds that it either already has

14    or will produce non-privileged responsive documents in its possession, custody, or control to the

15    extent they exist and can be located through a reasonable search.

16    **REQUEST FOR PRODUCTION NO. 62:**

17    Documents sufficient to determine the function and/or performance characteristics of any

18    layer, region, interface, connection, and/or bond, the spreading resistance, conductivity type,

19    threshold voltage, turn-on resistance, depletion width, channel length, breakdown voltage,

20    breakdown profile, and punch-through tolerance of the Accused AOS devices.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

22    AOS incorporates by this reference its General Objections. AOS objects further to this

23    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

24    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

25    the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

26    further objects to the request as being vague and ambiguous with respect to the phrase "layer,

27    region, interface, connection, and/or bond, the spreading resistance, conductivity type, threshold

28    voltage, turn-on resistance, depletion width, channel length, breakdown voltage, breakdown

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

19

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    profile, and punch-through tolerance." AOS objects further to this request as being overly broad,

2    unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

3    admissible evidence. AOS objects further to this request as premature and calling for expert

4    analysis. AOS objects further to this request to the extent that it seeks materials protected by the

5    attorney-client privilege or work-product doctrine. Subject to and without waiving its objections,

6    AOS responds that it either already has or will produce non-privileged responsive documents

7    regarding a mutually agreed-upon sample of its accused products.

8    **REQUEST FOR PRODUCTION NO. 63:**

9         All documents and things concerning the advantages or purported advantages of any

10   Accused AOS Device, including without limitation statements related to cost savings, quality,

11   reliability, features, functions, power consumption, voltage requirements, or other purported

12   advantages of any Accused AOS Device.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

14        AOS incorporates by this reference its General Objections. AOS objects further to this

15   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

16   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

17   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

18   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

19   not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

20   this request as premature and calling for expert analysis. AOS objects further to this request to

21   the extent that it seeks materials protected by the attorney-client privilege or work-product

22   doctrine. AOS objects further to this request to the extent it calls for speculation. Subject to and

23   without waiving its objections, AOS responds that it either already has or will produce non-

24   privileged responsive documents regarding a mutually agreed-upon sample of its accused

25   products.

26   **REQUEST FOR PRODUCTION NO. 64:**

27        Product specifications for any Accused AOS Device, including without limitation

28   documents and things sufficient to show their dimensions (including thickness of each layer) and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2                                    20                    AOS'S RESPONSES AND OBJECTIONS TO
                                                                       FAIRCHILD'S SECOND SET OF REQUESTS FOR
                                                                       PRODUCTION (C 07-2638 JSW)

1    components, materials from which they are made (including concentrations of each element), the

2    electrical properties of the materials, the mechanical properties of the materials, the thermal

3    properties of the materials, and a complete set of design, engineering, and/or manufacturing

4    drawings of any Accused AOS Device.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

6         AOS incorporates by this reference its General Objections. AOS objects further to this

7    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

8    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

9    the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

10   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

11   not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

12   this request to the extent that it seeks materials protected by the attorney-client privilege or work-

13   product doctrine. Subject to and without waiving its objections, AOS responds that it either

14   already has or will produce non-privileged responsive documents regarding a mutually agreed-

15   upon sample of its accused products.

16   **REQUEST FOR PRODUCTION NO. 65:**

17        All articles, publications, papers, reports, or presentations authored in whole or in part by

18   a current or former employee of AOS concerning any Accused AOS Device.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

20        AOS incorporates by this reference its General Objections. AOS objects further to this

21   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

22   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

23   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

24   further objects to this request as being vague and ambiguous with respect to the phrase

25   "concerning any Accused AOS Device." AOS objects further to this request as being overly

26   broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the

27   discovery of admissible evidence. AOS objects further to this request to the extent it seeks

28   confidential business information and AOS trade secrets. Subject to and without waiving its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

21

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    objections, AOS responds that it either already has or will produce non-privileged responsive

2    documents in its possession, custody, or control to the extent they exist and can be located

3    through a reasonable search.

4    **REQUEST FOR PRODUCTION NO. 66:**

5         All documents and things concerning your first design of any Accused AOS Device,

6    including but not limited to documents sufficient to identify all persons having knowledge of your

7    first design of the device, any drawings, specifications, recipes, other descriptions of the device,

8    and/or any prototype of the device.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

10        AOS incorporates by this reference its General Objections.  AOS objects further to this

11   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

12   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

13   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

14   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

15   not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further to

16   this request as not reasonably calculated to lead to admissible evidence.  Subject to and without

17   waiving its objections, AOS responds that it either already has or will produce non-privileged

18   responsive documents in its possession, custody, or control to the extent they exist and can be

19   located through a reasonable search.

20   **REQUEST FOR PRODUCTION NO. 67:**

21        All documents and things relating to competitive analyses, comparisons, reports, reverse

22   engineering, or differences in structure, function, operation, performance, or the advantages or

23   disadvantages of any Accused AOS Device.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

25        AOS incorporates by this reference its General Objections.  AOS objects further to this

26   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

27   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

28   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1   further objects to this request as being vague and ambiguous with respect to the phrase "the

2   advantages or disadvantages of any Accused AOS Device." AOS objects further to this request

3   as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to

4   lead to the discovery of admissible evidence. AOS objects further to this request to the extent

5   that it seeks materials protected by the attorney-client privilege or work-product doctrine. AOS

6   objects further to this request to the extent it seeks confidential business information and AOS

7   trade secrets. Subject to and without waiving its objections, AOS responds that it either already

8   has or will produce non-privileged responsive documents in its possession, custody, or control to

9   the extent they exist and can be located through a reasonable search.

10  **REQUEST FOR PRODUCTION NO. 68:**

11        Documents and things sufficient to identify any entity that performs any part of the

12  manufacture of any Accused AOS Devices, including any entity that acts as a foundry or wafer

13  fab, and documents and things sufficient to identify the role that entity plays in the manufacture

14  of any Accused AOS Devices.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

16        AOS incorporates by this reference its General Objections. AOS objects further to this

17  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

18  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

19  the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

20  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

21  not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

22  waiving its objections, AOS directs Fairchild to AOS's response to Interrogatory #8.

23  **REQUEST FOR PRODUCTION NO. 69:**

24        All documents and things relating to any work performed by any person or entity other

25  than AOS or its employees relating to the research, design, development, or manufacture of any

26  Accused AOS Device.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

28        AOS incorporates by this reference its General Objections. AOS objects further to this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

23

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

2  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

3  the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

4  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

5  not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

6  this request to the extent it seeks information confidential to third parties. Subject to and without

7  waiving its objections, AOS responds that it either already has or will produce non-privileged

8  responsive documents in its possession, custody, or control to the extent they exist and can be

9  located through a reasonable search.

10 **REQUEST FOR PRODUCTION NO. 70:**

11      All communications between you, on the one hand, and the named inventors of the

12 Fairchild Asserted Patents, on the other hand, relating to any Accused AOS Device or any

13 Fairchild Asserted Patents.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

15      AOS incorporates by this reference its General Objections. AOS objects further to this

16 request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

17 that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

18 the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

19 objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

20 not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

21 this request as being overbroad, unduly burdensome, and harassing because "communications ...

22 relating to any Fairchild Asserted Patents or AOS Asserted Patents" is not limited to relevant

23 subject matter. AOS objects further to the extent this request purports to seek documents

24 covered by the attorney-client privilege and/or work-product doctrine. Subject to and without

25 waiving its objections, AOS responds that it either already has or will produce non-privileged

26 responsive documents in its possession, custody, or control to the extent they exist and can be

27 located through a reasonable search.

28 **REQUEST FOR PRODUCTION NO. 71:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

24

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    All documents and things relating to communications between you, on the one hand, and

2    any other person or entity (including actual or potential customers), on the other hand, relating to

3    any Fairchild Asserted Patents or AOS Asserted Patents.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

5    AOS incorporates by this reference its General Objections. AOS objects further to this

6    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

7    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

8    the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

9    objects further to this request to the extent it seeks documents and things subject to the attorney-

10   client privilege or work-product doctrine. AOS objects further to this request as being overly

11   broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the

12   discovery of admissible evidence. AOS objects further to this request as being overbroad, unduly

13   burdensome, and harassing because "communications … relating to any Fairchild Asserted

14   Patents or AOS Asserted Patents" is not limited to relevant subject matter. AOS objects further to

15   this request to the extent it seeks information confidential to third parties. Subject to and without

16   waiving its objections, AOS responds that it will produce non-privileged responsive documents in

17   its possession, custody, or control to the extent they exist and can be located through a reasonable

18   search.

19   **REQUEST FOR PRODUCTION NO. 72:**

20   All documents and things relating to any products that compete with any Accused AOS

21   Device in the relevant market, including without limitation competitive analyses and product

22   comparisons.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

24   Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

25   request at a later time.

26   **REQUEST FOR PRODUCTION NO. 73:**

27   Documents sufficient to show the earliest date when you became aware of each of the

28   Fairchild Asserted Patents and the actions taken by you in response to such awareness.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

J-PA/3677182.2

25

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this request at a later time with respect to the earliest date when AOS became aware of the Fairchild Asserted Patents.

With respect to actions taken by AOS in response to awareness of the Fairchild Asserted Patents, AOS responds as follows:  AOS incorporates by this reference its General Objections. AOS objects further to this request in that it is substantially identical to a request that AOS served on Fairchild; to the extent that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further to this request to the extent that it seeks materials protected by the attorney-client privilege or work-product doctrine.  AOS objects further to this request to the extent it seeks confidential business information.  Subject to and without waiving its objections, AOS responds that it either already has or will produce non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things relating to knowledge of the Fairchild Asserted Patents by any individual involved in the research, design, development, engineering and testing of any Accused AOS Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

AOS incorporates by this reference its General Objections.  AOS objects further to this request in that it is substantially identical to a request that AOS served on Fairchild; to the extent that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

26

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    that the phrase "relating to knowledge" makes this request overly broad and unduly burdensome.

2    AOS objects further to this request because it seeks documents and things outside the possession,

3    custody, or control of AOS.  Subject to and without waiving its objections, AOS responds that it

4    either already has or will produce non-privileged responsive documents in its possession, custody,

5    or control to the extent they exist and can be located through a reasonable search.

6         **REQUEST FOR PRODUCTION NO. 75:**

7         All documents and things relating to your document retention policies.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

9         AOS incorporates by this reference its General Objections.  AOS objects further to this

10   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

11   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

12   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

13   objects further to this request to the extent it seeks documents and things subject to the attorney-

14   client privilege or work-product doctrine.  AOS objects further to this request as being overly

15   broad and unduly burdensome in requesting irrelevant information not reasonably calculated to

16   lead to admissible evidence.  AOS objects further that this request is overly broad and unduly

17   burdensome because it seeks "all" documents and things, including cumulative, duplicative, and

18   redundant items.  Subject to and without waiving its objections, AOS responds that it either

19   already has or will produce non-privileged responsive documents in its possession, custody, or

20   control to the extent they exist and can be located through a reasonable search.

21   **REQUEST FOR PRODUCTION NO. 76:**

22        Documents sufficient to identify the location where each Accused AOS Device was

23   researched, designed, tested, made, sold or offered for sale by or on behalf of you.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

25        AOS incorporates by this reference its General Objections.  AOS objects further to this

26   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

27   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

28   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

27

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

2    not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further

3    that the locations sought in this request are not relevant to the claims or defenses in this action.

4    Subject to and without waiving its objections, AOS responds that it either already has or will

5    produce non-privileged responsive documents in its possession, custody, or control to the extent

6    they exist and can be located through a reasonable search.

7    **REQUEST FOR PRODUCTION NO. 77:**

8        All documents constituting or relating to business plans, strategic plans, consultant reports

9    or strategy reviews concerning the design, manufacture, marketing or sale of any Accused AOS

10   Device.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

12       AOS incorporates by this reference its General Objections. AOS objects further to this

13   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

14   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

15   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

16   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

17   not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

18   this request to the extent it seeks confidential business information and AOS trade secrets.

19   Subject to and without waiving its objections, AOS responds that it either already has or will

20   produce non-privileged responsive documents in its possession, custody, or control to the extent

21   they exist and can be located through a reasonable search. Pursuant to the parties' stipulation,

22   AOS reserves its right to object further and respond to this request at a later time.

23   **REQUEST FOR PRODUCTION NO. 78:**

24       Documents sufficient to identify each of your U.S. and foreign customers for any Accused

25   AOS Device.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

27       AOS incorporates by this reference its General Objections. AOS objects further to this

28   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

1-PA/3677182.2

1   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

2   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

3   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

4   not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

5   waiving its objections, AOS responds that it will produce non-privileged responsive documents in

6   its possession, custody, or control to the extent they exist and can be located through a reasonable

7   search.

8   **REQUEST FOR PRODUCTION NO. 79:**

9        All documents reflecting communications regarding Fairchild, any of the AOS Asserted

10  Patents, Fairchild Asserted Patents or this litigation, with each customer, potential customer,

11  buyer, client, consumer or vendor for all the Accused AOS Devices.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

13       AOS incorporates by this reference its General Objections.  AOS objects further to this

14  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

15  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

16  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

17  objects further to this request as being overly broad, unduly burdensome, vague, and ambiguous,

18  particularly with respect to the phrase "documents reflecting communications."  AOS objects

19  further that the request is not reasonably calculated to lead to the discovery of admissible

20  evidence.  Subject to and without waiving its objections, AOS responds that it either already has

21  or will produce non-privileged responsive documents in its possession, custody, or control to the

22  extent they exist and can be located through a reasonable search.

23  **REQUEST FOR PRODUCTION NO. 80:**

24       All documents evidencing your knowledge or lack of knowledge concerning the

25  downstream sales or uses of any Accused AOS Device, including without limitation your

26  knowledge or lack of knowledge that any Accused Fairchild Devices are made, used, sold,

27  offered for sale, or imported in(to) the United States.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

29

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    AOS incorporates by this reference its General Objections.  AOS objects further to this

2    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

3    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

4    the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

5    objects further to this request as being vague, ambiguous, overly broad, and unintelligible.  AOS

6    objects further to this request as being vague, ambiguous, and unintelligible because it initially

7    refers to "Accused AOS Devices," and later refers to including "Accused Fairchild Devices."

8    AOS objects further that the request is not reasonably calculated to lead to the discovery of

9    admissible evidence.  Subject to and without waiving its objections, AOS responds that it either

10   already has or will produce non-privileged responsive documents in its possession, custody, or

11   control to the extent they exist and can be located through a reasonable search.

12   **REQUEST FOR PRODUCTION NO. 81:**

13       All documents and things relating to any patents (whether expired or in force) or patent

14   applications (whether issued, pending, or abandoned) related to the AOS Asserted Patents,

15   including any continuations, continuations-in-part, divisionals, reissues, reexaminations, or

16   counterparts related thereto, and any related foreign patents and patent applications, including any

17   underlying patent applications.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

19       AOS incorporates by this reference its General Objections.  AOS objects further to this

20   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

21   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

22   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

23   further objects to this request as being vague and ambiguous with respect to the phrase

24   "underlying patent applications."  AOS objects further to this request as being overly broad,

25   unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

26   admissible evidence.  Subject to and without waiving its objections, AOS responds that it either

27   already has or will produce non-privileged responsive documents in its possession, custody, or

28   control to the extent they exist and can be located through a reasonable search.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

30

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    **REQUEST FOR PRODUCTION NO. 82:**

2          All notebooks, diaries, files, appointment calendars, research reports, or workbooks

3    generated or maintained by any inventor of any of the Fairchild Asserted Patents or AOS

4    Asserted Patents during the time period beginning with the earliest possible date of conception of

5    the patented invention and ending with the issuance of the patent.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

7          AOS incorporates by this reference its General Objections.  AOS objects further to this

8    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

9    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

10   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

11   objects further to this request to the extent it seeks documents and things subject to the attorney-

12   client privilege or work-product doctrine.  AOS objects further to this request as being overly

13   broad, unduly burdensome and vague.  AOS objects further that the request is neither limited to

14   relevant evidence nor reasonably calculated to lead to admissible evidence.  AOS objects further

15   to the extent it seeks personal items, or items under the control of Fairchild, and thus not in the

16   possession, custody, or control of AOS.  AOS objects further that the request is ambiguous

17   because it refers to inventors of the Fairchild and AOS patents, but subsequently refers to "the

18   earliest possible date of conception of the patented invention and ending with the issuance of the

19   patent."  Subject to and without waiving its objections, AOS responds that it either already has or

20   will produce non-privileged responsive documents in its possession, custody, or control to the

21   extent they exist and can be located through a reasonable search.

22   **REQUEST FOR PRODUCTION NO. 83:**

23         All documents and things prepared, reviewed, or edited by an inventor of any AOS

24   Asserted Patent relating to any invention disclosed, described, or claimed in the AOS Asserted

25   Patent.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

27         AOS incorporates by this reference its General Objections.  AOS objects further to this

28   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

31                    AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

2   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

3   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

4   not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further to

5   this request as being overly broad and unduly burdensome because it is not limited to the asserted

6   claims of the AOS Asserted Patents and not limited in time.  Subject to and without waiving its

7   objections, AOS responds that it either already has or will produce non-privileged responsive

8   documents in its possession, custody, or control to the extent they exist and can be located

9   through a reasonable search.

10  **REQUEST FOR PRODUCTION NO. 84:**

11          Documents reflecting the last-known residence and employment of each inventor of any

12  AOS Asserted Patent.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14          AOS incorporates by this reference its General Objections.  AOS objects further to this

15  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

16  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

17  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

18  objects further to this request to the extent it seeks documents and things subject to the attorney-

19  client privilege or work-product doctrine.  AOS objects further to this request as being overly

20  broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the

21  discovery of admissible evidence.  AOS objects further to the request to the extent it seeks

22  information protected by common law, constitutional and/or statutory rights of privacy.  Subject

23  to and without waiving its objections, AOS responds that it either already has or will produce

24  non-privileged responsive documents in its possession, custody, or control to the extent they exist

25  and can be located through a reasonable search.

26  **REQUEST FOR PRODUCTION NO. 85:**

27          All drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence,

28  memoranda, reports, test results, and all other documents and things relating to, or that were

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

32

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  created, used, or referred to in connection with, the design, research, development, or testing of

2  any invention claimed, disclosed, or described in any AOS Asserted Patent.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

4      AOS incorporates by this reference its General Objections. AOS objects further to this

5  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

6  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

7  the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

8  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

9  not reasonably calculated to lead to the discovery of admissible evidence. AOS object further to

10  this request as being overly broad and harassing because it seeks irrelevant items and is not

11  limited to the asserted claims of the AOS Asserted Patents. Subject to and without waiving its

12  objections, AOS responds that it either already has or will produce non-privileged responsive

13  documents in its possession, custody, or control to the extent they exist and can be located

14  through a reasonable search.

15  **REQUEST FOR PRODUCTION NO. 86:**

16      All documents and things regarding the breakdown characteristics or performance of

17  trench MOSFET devices, including without limitation breakdown initiation.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

19      AOS incorporates by this reference its General Objections. AOS objects further to this

20  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

21  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

22  the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

23  objects further to this request as being overly broad, unduly burdensome, and not reasonably

24  calculated to lead to the discovery of admissible evidence because it seeks documents and things

25  without limitation as to authorship, possession, relationship to the patents in suit, or relationship

26  to any accused devices. AOS objects further to this request as seeking documents and things that

27  are equally available to Fairchild. AOS objects further that this request is vague and ambiguous

28  because it appears to request AOS to collect and provide to Fairchild all documents and things in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

33

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    the entire trench MOSFET industry. Subject to and without waiving its objections, AOS

2    responds that it either already has or will produce non-privileged responsive documents regarding

3    the breakdown characteristics of a mutually agreed-upon sampling of Accused AOS Devices.

4    **REQUEST FOR PRODUCTION NO. 87:**

5        All documents and things regarding the breakdown characteristics, breakdown

6    performance, and/or resistance to "punchthrough" of any devices that AOS contends practice any

7    claim of the AOS Asserted Patents, including without limitation any analysis or simulation of the

8    breakdown initiation in such devices.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

10       AOS incorporates by this reference its General Objections. AOS objects further to this

11   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

12   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

13   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

14   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

15   not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

16   the extent this request purports to seek document covered by the attorney-client privilege and/or

17   work-product doctrine. AOS objects further that this request is premature and calls for expert

18   analysis, particularly with regard to the terms "breakdown characteristics," "breakdown

19   performance," and "punchthrough." AOS objects further that this request is overly broad and

20   harassing because it is not limited to the asserted claims of the AOS Asserted Patents. Subject to

21   and without waiving its objections, AOS responds that it either already has or will produce non-

22   privileged responsive documents that are in its possession, custody, or control to the extent they

23   exist and can be located through a reasonable search.

24   **REQUEST FOR PRODUCTION NO. 88:**

25       All documents and things regarding the doping of any "heavy body" and any "doped

26   well" in a MOSFET device, including without limitation the existence or creation of any "abrupt

27   junction" at any interface between such a "heavy body" and such a "doped well."

28   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

I-PA/3677182.2

34

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    AOS incorporates by this reference its General Objections.  AOS objects further to this

2    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

3    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

4    the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

5    objects further that this request calls for legal conclusions.  AOS objects further that the request is

6    vague and ambiguous and AOS is unable to respond further until after the claim construction

7    phase of the case.

8    **REQUEST FOR PRODUCTION NO. 89:**

9    All documents and things referring to or defining an "abrupt junction."

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

11   AOS incorporates by this reference its General Objections.  AOS objects further to this

12   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

13   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

14   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

15   objects further to the extent this request purports to seek documents covered by the attorney-client

16   privilege and/or the work-product doctrine.  AOS objects further that this request is unduly

17   burdensome.  Subject to and without waiving its objections, AOS responds that it either already

18   has or will produce non-privileged responsive documents referring to the term "abrupt junction"

19   and in the possession, custody, or control of AOS to the extent they exist and can be located

20   through a reasonable search.

21   **REQUEST FOR PRODUCTION NO. 90:**

22   All documents and things relating to your first commercial embodiment of each and every

23   AOS Asserted Patent.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

25   AOS incorporates by this reference its General Objections.  AOS objects further to this

26   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

27   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

28   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

35

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    objects further to this request as being overly broad, unduly burdensome, vague, and ambiguous.

2    AOS objects further that this request is not reasonably calculated to lead to the discovery of

3    admissible evidence to the extent it seeks documents and things identifying the first sale of

4    products that were not sold or offered for sale until after the patent applications leading to the

5    AOS Asserted Patents were filed.  Subject to and without waiving its objections, AOS responds

6    that it either already has or will produce non-privileged responsive documents that are in its

7    possession, custody, or control to the extent they exist and can be located through a reasonable

8    search.

9    **REQUEST FOR PRODUCTION NO. 91:**

10        All draft or final press releases relating to the AOS Asserted Patents, Fairchild Asserted

11    Patents, this lawsuit, or any product relating to any of the foregoing.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

13        AOS incorporates by this reference its General Objections.  AOS objects further to this

14    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

15    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

16    the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

17    further objects to this request as being vague and ambiguous with respect to the phrase "any

18    product relating to any of the foregoing."  AOS objects further to this request as being overly

19    broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the

20    discovery of admissible evidence.  AOS objects further to this request to the extent it seeks

21    documents or communications protected by the attorney-client privilege or the work-product

22    doctrine.  AOS objects further to the request to the extent it seeks press releases by Fairchild or

23    other third parties.  AOS objects further that the request is overly broad, ambiguous, and

24    harassing because it is not limited to press releases by AOS.  Subject to and without waiving its

25    objections, AOS responds that it either already has or will produce non-privileged responsive

26    documents in its possession, custody, or control to the extent they exist and can be located

27    through a reasonable search.

28    **REQUEST FOR PRODUCTION NO. 92:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

36

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1     All documents reflecting any assignment, sale, acquisition, license or transfer of any rights

2   relating to any AOS Asserted Patent or any related patent or application.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

4     Pursuant to the parties' stipulation, AOS reserves its right to object and respond to this

5   request at a later time.

6   **REQUEST FOR PRODUCTION NO. 93:**

7     All documents relating to your contemplated or actual commercial exploitation of any

8   invention disclosed, described, or claimed by any AOS Asserted Patent, including without

9   limitation feasibility studies, marketing plans, marketing forecasts, estimates or projections of

10  market share, periodic research and development reports, management reports or other periodic

11  reports, advertisements, promotional brochures, product literature, catalogs, trade show exhibits

12  or displays, technical brochures, specifications, price lists, contracts, purchase orders, papers

13  published or presented, and customer lists (including sales to all end-users, distributors and

14  retailers).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

16    AOS incorporates by this reference its General Objections.  AOS objects further to this

17  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

18  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

19  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

20  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

21  not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further to

22  this request as being overly broad with respect to "contemplated products."  AOS objects further

23  to this request to the extent that it seeks confidential business information or AOS trade secrets.

24  AOS objects further to this request as being overly broad, unduly burdensome, and harassing to

25  the extent that it seeks information about products that do not embody asserted claims of the AOS

26  Asserted Patents.  Subject to and without waiving its objections, AOS responds that it either

27  already has or will produce non-privileged responsive documents in its possession, custody, or

28  control to the extent they exist and can be located through a reasonable search.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

37

1  **REQUEST FOR PRODUCTION NO. 94:**

2  　　Documents sufficient to determine the structure, function, or operation of all products

3  made, used, sold, offered for sale, licensed, offered for license, or transferred by or for AOS that

4  you contend embody or use any invention disclosed, described, or claimed in any AOS Asserted

5  Patent.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

7  　　AOS incorporates by this reference its General Objections.  AOS objects further to this

8  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

9  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

10  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

11  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

12  not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further to

13  this request to the extent that it is cumulative and duplicative of Request For Production Nos. 10

14  and 42.  AOS objects further to this request to the extent that it seeks information about products

15  that do not embody asserted claims of the AOS Asserted Patents.  Subject to and without waiving

16  its objections, AOS responds that it either already has or will produce non-privileged responsive

17  documents in its possession, custody, or control to the extent they exist and can be located

18  through a reasonable search.

19  **REQUEST FOR PRODUCTION NO. 95:**

20  　　Documents sufficient to identify all persons who participated in the design or

21  development of all products made, used, sold, offered for sale, licensed, offered for license, or

22  transferred by or for AOS that you contend embodies or uses any invention disclosed, described,

23  or claimed in any AOS Asserted Patent.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

25  　　AOS incorporates by this reference its General Objections.  AOS objects further to this

26  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

27  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

28  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3677182.2

38

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

2    not reasonably calculated to lead to the discovery of admissible evidence.  AOS further objects to

3    this request as being vague and ambiguous with respect to the phrase "participated in the design

4    or development." AOS objects further to this request to the extent that it seeks information about

5    people who participated in the design or development of products that do not embody asserted

6    claims of the AOS Asserted Patents.  Subject to and without waiving its objections, AOS

7    responds that it either already has or will produce non-privileged responsive documents in its

8    possession, custody, or control to the extent they exist and can be located through a reasonable

9    search.

10   **REQUEST FOR PRODUCTION NO. 96:**

11        All documents and things relating to commercial exploitation by others of any invention

12   disclosed, described, or claimed in any AOS Asserted Patent.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

14        AOS incorporates by this reference its General Objections.  AOS objects further to this

15   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

16   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

17   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

18   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous

19   (specifically with respect to the term "others"), and not reasonably calculated to lead to the

20   discovery of admissible evidence.  AOS objects further to this request to the extent that it seeks

21   information about products that do not embody asserted claims of the AOS Asserted Patents.

22   AOS objects further to this request to the extent it seeks information about third parties.  Subject

23   to and without waiving its objections, AOS responds that it will produce non-privileged

24   responsive documents in its possession, custody, or control to the extent they exist and can be

25   located through a reasonable search.

26        **REQUEST FOR PRODUCTION NO. 97:**

27        All documents and things relating to any current or former employee of Fairchild.

28   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3677182.2

39

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1       AOS incorporates by this reference its General Objections. AOS objects further to this

2   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

3   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

4   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

5   further objects to this request as being vague and ambiguous with respect to the phrase "relating

6   to any current or former employee." AOS objects further to this request as being overly broad,

7   unduly burdensome, vague, and ambiguous. AOS objects further to this request as not reasonably

8   calculated to lead to the discovery of admissible evidence. AOS objects further to the extent this

9   request seeks documents covered by the attorney-client privilege, work-product doctrine and/or

10   other doctrine. AOS objects further to the request to the extent it seeks information protected by

11   common law, constitutional and/or statutory rights of privacy. Subject to and without waiving its

12   objections, AOS responds that it will produce non-privileged responsive documents in its

13   possession, custody, or control to the extent they exist and can be located through a reasonable

14   search, except that AOS will not produce any employee personnel files.

15   **REQUEST FOR PRODUCTION NO. 98:**

16       Documents sufficient to identify all persons involved with prosecuting the AOS Asserted

17   Patents, related patents, or related applications.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

19       AOS incorporates by this reference its General Objections. AOS objects further to this

20   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

21   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

22   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

23   objects further to this request to the extent it seeks documents and things subject to the attorney-

24   client privilege or work-product doctrine. AOS objects further to this request as being overly

25   broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the

26   discovery of admissible evidence. AOS objects further to this request as being overly broad and

27   unduly burdensome because it is not limited to individuals with relevant involvement or limited

28   to the AOS asserted patents. Subject to and without waiving its objections, AOS responds that it

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

40

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1   either already has or will produce non-privileged responsive documents in its possession, custody,

2   or control to the extent they exist and can be located through a reasonable search.

3   **REQUEST FOR PRODUCTION NO. 99:**

4       All documents constituting or reflecting any search, investigation, evaluation, or opinion

5   as to the novelty, patentability, validity, enforceability, or scope of any AOS Asserted Patent, or

6   any related patent or application

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

8       AOS incorporates by this reference its General Objections.  AOS objects further to this

9   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

10  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

11  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

12  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

13  not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further

14  this request because it seeks materials protected by the attorney-client privilege and/or the work-

15  product doctrine.  AOS objects further to this request as being overly broad, unduly burdensome,

16  and harassing because it seeks information regarding the novelty, patentability, validity,

17  enforceability, and scope of unasserted claims, unasserted patents, and unassertable patent

18  applications.  AOS objects further to this request to the extent it calls for expert analysis and legal

19  conclusions.  Subject to and without waiving its objections, AOS responds that it either already

20  has or will produce non-privileged responsive documents in its possession, custody, or control to

21  the extent they exist and can be located through a reasonable search.

22  **REQUEST FOR PRODUCTION NO. 100:**

23      All patents and other publications that were reviewed or received by anyone involved with

24  prosecuting any AOS Asserted Patent, related patent, or related application, during the period of

25  such involvement.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

27      AOS incorporates by this reference its General Objections.  AOS objects further to this

28  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

2    the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

3    objects further to this request to the extent it seeks documents and things subject to the attorney-

4    client privilege or work-product doctrine.  AOS objects further to this request as being vague and

5    ambiguous as to what patents or publications the request is seeking.  AOS objects further to this

6    request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the

7    discovery of admissible evidence because the request seeks patents and publications that are not

8    being asserted and are not even related to the asserted patents.  Subject to and without waiving its

9    objections, AOS responds that it either already has or will produce non-privileged responsive

10   documents in its possession, custody, or control to the extent they exist and can be located

11   through a reasonable search.

12   **REQUEST FOR PRODUCTION NO. 101:**

13       All documents and things evidencing or relating to making, using, testing, or selling any

14   invention disclosed, described, or claimed in any AOS Asserted Patent, including without

15   limitation documents and things relating to the first uses (whether or not public) of such

16   inventions.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

18       AOS incorporates by this reference its General Objections.  AOS objects further to this

19   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

20   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

21   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

22   objects further to this request to the extent it seeks documents and things subject to the attorney-

23   client privilege or work-product doctrine.  AOS objects further to this request as being overly

24   broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the

25   discovery of admissible evidence.  AOS objects further to this request as being overly broad,

26   unduly burdensome, and harassing because it is not limited to the asserted claims of the AOS

27   Asserted Patents.  Subject to and without waiving its objections, AOS responds that it either

28   already has or will produce non-privileged responsive documents in its possession, custody, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

42                          AOS'S RESPONSES AND OBJECTIONS TO
                            FAIRCHILD'S SECOND SET OF REQUESTS FOR
                            PRODUCTION (C 07-2638 JSW)

1    control to the extent they exist and can be located through a reasonable search.

2    **REQUEST FOR PRODUCTION NO. 102:**

3        All documents and things evidencing or relating to (a) public use, (b) on sale activity, (c)

4    commercial exploitation, and (d) experimental use (as these phrases are used in the application of

5    35 U.S.C. § 102(b)), by each inventor, you, or any other person, of any invention disclosed,

6    described, or claimed in any AOS Asserted Patent.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

8        AOS incorporates by this reference its General Objections. AOS objects further to this

9    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

10   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

11   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

12   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

13   not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

14   this request as being unduly burdensome and harassing to the extent it duplicates or is cumulative

15   of Request For Production Nos. 10, 42, and 101. AOS objects further to this request to the extent

16   it is duplicative or cumulative of Interrogatory Nos. 5 and 6. AOS objects further to this request

17   as being overly broad, unduly burdensome, and harassing because it is not limited to the asserted

18   claims of the AOS Asserted Patents. AOS objects further to this request as being overly broad,

19   unduly burdensome, and harassing to the extent it seeks documents and things of "others". AOS

20   objects further to this request to the extent it calls for expert analysis or legal conclusions.

21   Subject to and without waiving its objections, AOS responds that it either already has or will

22   produce non-privileged responsive documents in its possession, custody, or control to the extent

23   they exist and can be located through a reasonable search.

24   **REQUEST FOR PRODUCTION NO 103:**

25       All documents and things constituting, evidencing or relating to patents, publications,

26   written descriptions, or other prior art references of which you are aware, relating to any

27   invention claimed in any of the AOS Asserted Patents.

28   **RESPONSE TO REQUEST FOR PRODUCTION NO 103:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3677182.2

43

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    AOS incorporates by this reference its General Objections. AOS objects further to this

2    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

3    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

4    the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

5    objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

6    not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

7    this request as being overly broad, unduly burdensome, and harassing because it is not limited to

8    the asserted claims of the AOS Asserted Patents and not limited in time. AOS objects further to

9    this request to the extent it calls for expert analysis or legal conclusions. Subject to and without

10   waiving its objections, AOS responds that it either already has or will produce non-privileged

11   responsive documents in its possession, custody, or control to the extent they exist and can be

12   located through a reasonable search.

13   **REQUEST FOR PRODUCTION NO. 104:**

14       All publications, including without limitation books, book excerpts, articles in technical or

15   trade publications, conference papers or presentations, or internal technical memoranda, authored

16   in whole or in part by any inventor of any AOS Asserted Patent, regarding breakdown

17   performance or breakdown characteristics of MOSFETs.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

19       AOS incorporates by this reference its General Objections. AOS objects further to this

20   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

21   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

22   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

23   objects further to this request as being overly broad, unduly burdensome, and not reasonably

24   calculated to lead to the discovery of admissible evidence because it seeks documents and things

25   without limitation as to possession, relationship to the patents in suit, or relationship to any

26   accused devices. AOS objects further that this request is overly broad, unduly burdensome, and

27   harassing because it is not limited to power MOSFETs with a trench design. AOS objects further

28   to this request as seeking documents and things that are equally available to Fairchild. AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

44

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    objects further to this request as being vague and ambiguous.  Subject to and without waiving its

2    objections, AOS responds that it either already has or will produce non-privileged responsive

3    documents concerning trench design power MOSFETs that are in the possession, custody, or

4    control of AOS to the extent they exist and can be located through a reasonable search.

5    **REQUEST FOR PRODUCTION NO. 105:**

6         All publications, articles, conference papers, or technical or marketing presentations

7    relating to any commercial embodiment of the AOS Asserted Patents.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

9         AOS incorporates by this reference its General Objections.  AOS objects further to this

10   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

11   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

12   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

13   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

14   not reasonably calculated to lead to the discovery of admissible evidence.  AOS object further to

15   this request as being overly broad, unduly burdensome, and harassing because it is substantially

16   cumulative and duplicative of Request For Production Nos. 10 and 42.  AOS objects further to

17   this request as being overly broad, unduly burdensome, and harassing because it is not limited to

18   the asserted claims of the AOS Asserted Patents.  Subject to and without waiving its objections,

19   AOS responds that it either already has or will produce non-privileged responsive documents that

20   are in the possession, custody, or control of AOS to the extent they exist and can be located

21   through a reasonable search.

22   **REQUEST FOR PRODUCTION NO. 106:**

23        All documents and things evidencing or relating to any problems solved by any

24   commercial embodiment or invention disclosed, described, or claimed in any AOS Asserted

25   Patent.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

27        AOS incorporates by this reference its General Objections.  AOS objects further to this

28   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

45

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

2   the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

3   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

4   not reasonably calculated to lead to the discovery of admissible evidence. AOS object further to

5   this request as being overly broad, unduly burdensome, and harassing because it is substantially

6   cumulative and duplicative of Request For Production Nos. 10, 42, and 105. AOS objects further

7   to this request as being overly broad, unduly burdensome, and harassing because it is not limited

8   to the asserted claims of the AOS Asserted Patents. Subject to and without waiving its

9   objections, AOS responds that it either already has or will produce non-privileged responsive

10  documents that are in the possession, custody, or control of AOS to the extent they exist and can

11  be located through a reasonable search.

12  **REQUEST FOR PRODUCTION NO. 107:**

13       All documents and things evidencing or relating to failures by persons to solve any

14  problems solved by any commercial embodiment or invention disclosed, described, or claimed in

15  any AOS Asserted Patent.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

17       AOS incorporates by this reference its General Objections. AOS objects further to this

18  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

19  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

20  the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

21  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

22  not reasonably calculated to lead to the discovery of admissible evidence. AOS object further to

23  this request as being overly broad, unduly burdensome, and harassing because it is substantially

24  cumulative and duplicative of Request For Production Nos. 10, 42, and 105. AOS objects further

25  to this request as being overly broad, unduly burdensome, and harassing because it is not limited

26  to the asserted claims of the AOS Asserted Patents. Subject to and without waiving its

27  objections, AOS responds that it either already has or will produce non-privileged responsive

28  documents that are in the possession, custody, or control of AOS to the extent they exist and can

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2                                            46                    AOS'S RESPONSES AND OBJECTIONS TO
                                                                               FAIRCHILD'S SECOND SET OF REQUESTS FOR
                                                                               PRODUCTION (C 07-2638 JSW)

1    be located through a reasonable search.

2    **REQUEST FOR PRODUCTION NO. 108:**

3          All documents and things evidencing or relating to whether any commercial embodiment

4    or invention disclosed, described, or claimed in any AOS Asserted Patent, has been commercially

5    successful.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

7          AOS incorporates by this reference its General Objections.  AOS objects further to this

8    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

9    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

10   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

11   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

12   not reasonably calculated to lead to the discovery of admissible evidence.  AOS object further to

13   this request as being overly broad, unduly burdensome, and harassing because it is substantially

14   cumulative and duplicative of Request For Production Nos. 10, 42, and 105.  AOS objects further

15   to this request as being overly broad, unduly burdensome, and harassing because it is not limited

16   to the asserted claims of the AOS Asserted Patents.  Subject to and without waiving its

17   objections, AOS responds that it either already has or will produce non-privileged responsive

18   documents that are in the possession, custody, or control of AOS to the extent they exist and can

19   be located through a reasonable search.

20   **REQUEST FOR PRODUCTION NO. 109:**

21         All documents and things evidencing or relating to whether any commercial embodiment

22   or invention disclosed, described, or claimed in any AOS Asserted Patent, has been copied by

23   others.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

25         AOS incorporates by this reference its General Objections.  AOS objects further to this

26   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

27   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

28   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

47

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

2    not reasonably calculated to lead to the discovery of admissible evidence.  AOS object further to

3    this request as being overly broad, unduly burdensome, and harassing because it is substantially

4    cumulative and duplicative of Request For Production Nos. 10, 42, and 105.  AOS objects further

5    to this request as being overly broad, unduly burdensome, and harassing because it is not limited

6    to the asserted claims of the AOS Asserted Patents.  Subject to and without waiving its

7    objections, AOS responds that it either already has or will produce non-privileged responsive

8    documents that are in the possession, custody, or control of AOS to the extent they exist and can

9    be located through a reasonable search.

10   **REQUEST FOR PRODUCTION NO. 110:**

11        All documents and things evidencing or relating to whether any commercial embodiment

12   or invention disclosed, described, or claimed in any AOS Asserted Patent, has been praised by

13   anyone other than its inventors or you.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

15        AOS incorporates by this reference its General Objections.  AOS objects further to this

16   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

17   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

18   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

19   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

20   not reasonably calculated to lead to the discovery of admissible evidence.  AOS object further to

21   this request as being overly broad, unduly burdensome, and harassing because it is substantially

22   cumulative and duplicative of Request For Production Nos. 10, 42, and 105.  AOS objects further

23   to this request as being overly broad, unduly burdensome, and harassing because it is not limited

24   to the asserted claims of the AOS Asserted Patents.  Subject to and without waiving its

25   objections, AOS responds that it either already has or will produce non-privileged responsive

26   documents that are in the possession, custody, or control of AOS to the extent they exist and can

27   be located through a reasonable search.

28   **REQUEST FOR PRODUCTION NO. 111:**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3677182.2

48

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1         All documents and things evidencing or relating to whether any commercial embodiment

2    or invention disclosed, described, or claimed in any AOS Asserted Patent has departed from

3    accepted principles in the industry.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

5         AOS incorporates by this reference its General Objections.  AOS objects further to this

6    request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

7    that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

8    the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

9    objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

10   not reasonably calculated to lead to the discovery of admissible evidence.  AOS object further to

11   this request as being overly broad, unduly burdensome, and harassing because it is substantially

12   cumulative and duplicative of Request For Production Nos. 10, 42, and 105.  AOS objects further

13   to this request as being overly broad, unduly burdensome, and harassing because it is not limited

14   to the asserted claims of the AOS Asserted Patents.  AOS objects further that the phrase "departed

15   from accepted principles in the industry" is vague and ambiguous.  Subject to and without

16   waiving its objections, AOS responds that it either already has or will produce non-privileged

17   responsive documents that are in the possession, custody, or control of AOS to the extent they

18   exist and can be located through a reasonable search.

19   **REQUEST FOR PRODUCTION NO. 112:**

20        All documents and things evidencing or relating to whether any commercial embodiment

21   or invention disclosed, described, or claimed in any AOS Asserted Patent has been recognized by

22   the industry or received industry acclaim.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

24        AOS incorporates by this reference its General Objections.  AOS objects further to this

25   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

26   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

27   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

28   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3677182.2

49

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1    not reasonably calculated to lead to the discovery of admissible evidence.  AOS object further to

2    this request as being overly broad, unduly burdensome, and harassing because it is substantially

3    cumulative and duplicative of Request For Production Nos. 10, 42, and 105.  AOS objects further

4    to this request as being overly broad, unduly burdensome, and harassing because it is not limited

5    to the asserted claims of the AOS Asserted Patents.  AOS objects further that the phrase

6    "recognized by the industry or received industry acclaim" is vague and ambiguous.  Subject to

7    and without waiving its objections, AOS responds that it either already has or will produce non-

8    privileged responsive documents that are in the possession, custody, or control of AOS to the

9    extent they exist and can be located through a reasonable search.

10   **REQUEST FOR PRODUCTION NO. 113:**

11           All documents and things evidencing or relating to any mode contemplated by any

12   inventor for carrying out any invention disclosed, described, or claimed in any AOS Asserted

13   Patent, from a period starting with the earliest possible conception of the invention and ending six

14   months after the patent application was filed.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

16           AOS incorporates by this reference its General Objections.  AOS objects further to this

17   request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

18   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

19   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

20   objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

21   not reasonably calculated to lead to the discovery of admissible evidence.  AOS objects further to

22   this request as being overly broad, unduly burdensome, and harassing because it is not limited to

23   the asserted claims of the AOS Asserted Patents.  AOS objects further to this request as being

24   overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to admissible

25   evidence to the extent that it seeks contemplated modes of operation at any time other than the

26   filing of the patent applications.  AOS objects further to this request to the extent that it is

27   cumulative and duplicative of Request For Production No. 35.  Subject to and without waiving its

28   objections, AOS responds that it either already has or will produce non-privileged responsive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

50

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  documents that are in the possession, custody, or control of AOS to the extent they exist and can

2  be located through a reasonable search.

3  **REQUEST FOR PRODUCTION NO. 114:**

4      All documents reflecting any statement, assertion, or claim by anyone relating to the

5  patentability, validity, enforceability, or scope of any claim of any AOS Asserted Patent,

6  including without limitation any document that states or implies that any AOS Asserted Patent, or

7  any claim thereof, is, or may be, invalid or unenforceable.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

9      AOS incorporates by this reference its General Objections. AOS objects further to this

10  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

11  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

12  the Court or agreement of the parties, AOS incorporates those same objections herein. AOS

13  objects further to this request as being overly broad, unduly burdensome, vague, ambiguous, and

14  not reasonably calculated to lead to the discovery of admissible evidence. AOS objects further to

15  this request as being overly broad, unduly burdensome, and harassing because it is not limited to

16  the asserted claims of the AOS Asserted Patents. AOS objects further to this request as being

17  vague and ambiguous by seeking documents that "imply" patent claims are invalid or

18  unenforceable. AOS objects further to the extent this request purports to seek documents covered

19  by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving its

20  objections, AOS responds that it either already has or will produce non-privileged responsive

21  documents in its possession, custody, or control to the extent they exist and can be located

22  through a reasonable search.

23  **REQUEST FOR PRODUCTION NO. 115:**

24      A fully functional sample of each commercial embodiment of each and every AOS

25  Asserted Patent.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

27      AOS incorporates by this reference its General Objections. AOS objects further to this

28  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

51

1   that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

2   the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

3   further objects to this request as being vague and ambiguous with respect to the phrase "each

4   commercial embodiment."  AOS objects further that this request is substantially cumulative to

5   Request For Production No. 60.  AOS objects further to the extent this request seeks information

6   protected by the attorney-client privilege, work-product doctrine or other applicable privilege or

7   doctrine.  AOS objects further on the ground that this request is vague and ambiguous, overbroad,

8   unduly burdensome and oppressive and seeks information not relevant to the subject matter of the

9   pending action or claims or defenses of any party, and not reasonably calculated to lead to the

10  discovery of admissible evidence.

11  **REQUEST FOR PRODUCTION NO. 116:**

12          Documents sufficient to identify, such as by manufacturer, model, and part number, all

13  automated information systems at AOS, both past and present, including e-mail and document

14  management systems, including without limitation any such e-mail or document management

15  systems that would apply to documents concerning the design, manufacture, production,

16  marketing, or sales of Accused AOS Devices or documents concerning the AOS Asserted Patents

17  or the Fairchild Asserted Patents.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

19          AOS incorporates by this reference its General Objections.  AOS objects further to this

20  request in that it is substantially identical to a request that AOS served on Fairchild; to the extent

21  that Fairchild has objected to AOS's request and that Fairchild's objections are given weight by

22  the Court or agreement of the parties, AOS incorporates those same objections herein.  AOS

23  objects further to this request as being overly broad, unduly burdensome, and not reasonably

24  calculated to lead to the discovery of admissible evidence.  AOS objects further to this request as

25  being overly broad, unduly burdensome, and harassing to the extent that it is not limited to

26  automated information systems containing relevant information.  AOS objects further to this

27  request as being vague, ambiguous, overly broad, and unduly burdensome because the phrase

28  "automated information system," unless limited, could encompass every computer workstation or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3677182.2

52

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1  server at AOS.  Subject to and without waiving its objections, AOS responds that it either already

2  has or will produce non-privileged responsive documents in its possession, custody, or control to

3  the extent they exist and can be located through a reasonable search.

4

5

6

7

8  Dated: December 12, 2007                    MORGAN, LEWIS & BOCKIUS LLP

9
                                             By _____ _for A.JW
10
                                               Andrew J. Wu
11
                                               Attorneys for Plaintiffs and
12                                             Counterdefendants
                                               ALPHA & OMEGA SEMICONDUCTOR,
13                                             LTD. AND ALPHA & OMEGA
                                               SEMICONDUCTOR, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

1-PA/3677182.2

AOS'S RESPONSES AND OBJECTIONS TO
FAIRCHILD'S SECOND SET OF REQUESTS FOR
PRODUCTION (C 07-2638 JSW)

1   DANIEL JOHNSON, JR. (State Bar No. 57409)
    BRETT M. SCHUMAN State Bar No. 189247)
2   AMY M. SPICER (State Bar No. 188399)
    **MORGAN, LEWIS & BOCKIUS** LLP
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   djjohnson@morganlewis.com
    bschuman@morganlewis.com
6   aspicer@morganlewis.com

7   ANDREW J. WU (State Bar No. 214442)
    DAVID V. SANKER (State Bar No. 251260)
8   **MORGAN, LEWIS & BOCKIUS** LLP
    2 Palo Alto Square
9   3000 El Camino Real, Suite 700
    Palo Alto, CA  94306-2122
10  Tel:  650.843.4000
    Fax:  650.843.4001
11  awu@morganlewis.com
    dsanker@morganlewis.com
12
    Attorneys for Plaintiffs and Counterdefendants
13  ALPHA & OMEGA SEMICONDUCTOR, LTD.
    ALPHA & OMEGA SEMICONDUCTOR, INC.
14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18

19  ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-02638 JSW
    LTD., a Bermuda corporation; and       (Consolidated with Case No. C-07-02664 JSW)
20  ALPHA & OMEGA SEMICONDUCTOR,
    INC., a California corporation,
21          *Plaintiffs and Counterdefendants,*   **PROOF OF SERVICE**
22              v.
23  FAIRCHILD SEMICONDUCTOR
    CORP., a Delaware corporation,
24          *Defendant and Counterclaimant.*
25  ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─
26  AND RELATED COUNTERCLAIMS.
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-PA/3680457.1                                PROOF OF SERVICE
                            C07-02638 JSW (CONSOLIDATED WITH C-07-02664 JSW)

## PROOF OF SERVICE

*Alpha & Omega Semiconductor v. Fairchild Semiconductor*
USND-C07-02638 JSW (Consolidated with C-07-02664 JSW)

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, CA 94306.

On **December 12, 2007**, I served the within document(s) on the parties listed below:

- AOS'S RESPONSES AND OBJECTIONS TO FAIRCHILD'S SECOND SET OF REQUESTS FOR PRODUCTION

| ☒ | I caused the envelope(s) with the document(s) listed above to be **delivered by U.S. Mail**, to the addressee(s) noted below. |
|---|---|

| Addressee | Service |
|---|---|
| Eric Jacobs<br>Igor Shoiket<br>Matthew Hulse<br>Leonard Augustine<br>Priya Sreenivasan<br>**TOWNSEND & TOWNSEND**<br>2 Embarcadero Center, 8th Floor<br>San Francisco, CA 94111<br>Tel: 415.576.0200<br>**Fax: 415.576.0300** | **U.S. Mail** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **December 12, 2007**, at Palo Alto, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

David Sanker

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1
1-
PA/3

PROOF OF SERVICE
C07-02638 JSW (CONSOLIDATED WITH C-07-02664 JSW)