# Exhibit 15

1    DANIEL JOHNSON, JR. (State Bar No. 57409)
     RITA E. TAUTKUS (State Bar No. 162090)
2    AMY M. SPICER (State Bar No. 188399)
     **MORGAN, LEWIS & BOCKIUS** LLP
3    One Market, Spear Street Tower
     San Francisco, CA  94105-1126
4    Tel: 415.442.1000
     Fax: 415.442.1001
5    E-mail: djjohnson@morganlewis.com
     E-mail: rtautkus@morganlewis.com
6    E-mail: aspicer@morganlewis.com

7    ANDREW J. WU (State Bar No. 214442)
     **MORGAN, LEWIS & BOCKIUS** LLP
8    2 Palo Alto Square
     3000 El Camino Real, Suite 700
9    Palo Alto, CA  94306-2122
     Tel: 650.843.4000
10   Fax: 650.843.4001
     E-mail: awu@morganlewis.com

11
     Attorneys for Plaintiffs and Counterdefendants
12   ALPHA & OMEGA SEMICONDUCTOR, INC.
     ALPHA & OMEGA SEMICONDUCTOR, LTD.

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18   ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW
     INC., a California corporation; and
19   ALPHA & OMEGA SEMICONDUCTOR,          **ALPHA & OMEGA SEMICONDUCTOR,**
     LTD., a Bermuda corporation,          **INC.'S FIRST SET OF REQUESTS TO**
20                                         **FAIRCHILD SEMICONDUCTOR CORP.**
                                           **FOR PRODUCTION OF DOCUMENTS**
21               Plaintiffs,               **AND THINGS**

22        v.

23   FAIRCHILD SEMICONDUCTOR
     CORP., a Delaware corporation,
24
                 Defendant.
25   _____

     AND RELATED COUNTERCLAIMS
26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3656480.2

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and

2    Counterclaim-Defendant Alpha & Omega Semiconductor, Inc. ("AOS") requests that Defendant

3    and Counterclaimant Fairchild Semiconductor Corp. produce the following documents and things

4    for copying and inspection at Morgan, Lewis & Bockius, 3000 El Camino Real, Two Palo Alto

5    Square, Suite 700, Palo Alto, California 94306 on the same date that Fairchild serves its written

6    responses to these requests.

7    **DEFINITIONS**

8    1.    "Fairchild," "you," and "your" means Defendant and Counterclaimant Fairchild

9    Semiconductor Corp., its predecessors and successors, parents, subsidiaries, divisions, affiliates,

10    and other organizational or operating units of any of the foregoing, and its past and present

11    directors, officers, employees, agents and representatives (including attorneys, accountants and

12    consultants), and any other person acting on behalf of such entities.

13    2.    "AOS," and "Plaintiff" means Alpha & Omega Semiconductor, Inc. and/or Alpha

14    & Omega Semiconductor, Ltd., their predecessors and successors, parents, subsidiaries, divisions,

15    affiliates, and other organizational or operating units of any of the foregoing, and its past and

16    present directors, officers, employees, agents and representatives (including attorneys,

17    accountants and consultants), and any other person acting on behalf of such entities.

18    3.    The term "person" shall mean both natural persons and/or other business entities,

19    associations, government agency or other organization recognizable at law and the "acts" of a

20    person are defined to include the acts of directors, officers, owners, members, employees, agents

21    or attorneys acting on the person's behalf.

22    4.    The term "affiliated" in the context of being affiliated with an entity means having

23    worked with or for the entity, having an ownership interest in the entity, being owned at least in

24    part by the entity, serving as a foundry, fabricator, or manufacturer for the entity, or performing

25    any step in the manufacture or processing of the entity's products.

26    5.    The term "document" shall have the broadest possible meaning and refers to any

27    recorded information, including without limitation the original and each non-identical copy of any

28    written, printed, typed, recorded, computerized or electronic data, taped, graphic, or other matter,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-PA/3656480.2                    1        AOS, INC.'S 1ST PRODUCTION REQUESTS
C 07-2638 JSW

1  in whatever form, whether in final or draft, including but not limited to all materials that

2  constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of

3  Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the

4  Federal Rules of Civil Procedure. "Electronic data" includes without limitation all text files

5  (including word processing documents and presentations), spread sheets, electronic mail

6  documents (emails), databases, calendars, computer system activity logs, audit trails, data used

7  for electronic data interchange, Internet usage files, network access information, voicemail,

8  digitized audio, digital image files, video files (e.g., data stored in MPEG, JPEG, GIF, TIFF, and

9  BMP formats) and any other information stored magnetically, optically or electronically, and data

10  stored on workstations, laptops, network servers, removable media, handheld devices, backup

11  tapes, hard disk drives, diskettes and other computer media such as magnetic tape, floppy disks,

12  memory sticks and recordable optical disks. If documents are identified in lieu of answering an

13  interrogatory, identify the documents in sufficient detail to permit AOS to locate and identify, as

14  readily as Fairchild, the documents and portions therein from which the answer may be

15  ascertained.

16      6.      The term "thing" has the broadest meaning prescribed in Rule 34, Fed. R. Civ. P.,

17  and includes every kind of tangible item, other than a document, in your possession, custody or

18  control, for example, without limitation, prototypes, samples, models, or specimens.

19      7.      The terms "communication" shall mean any transmittal of information regardless

20  of the manner in which such communication took place, including but not limited to, personal

21  conversations, correspondence, electronic or computer mail (emails), telephone calls, facsimile

22  communications, or telegrams.

23      8.      "Prior art" includes without limitation the subject matter described in 35 U.S.C. §§

24  102 and 103, including but not limited to U.S. patents having application filing dates before the

25  filing date of any subject patent, printed publications published before the filing date of any

26  subject patent, anything in public use or on sale more than one year before the filing date of any

27  subject patent, anything in secret commercial use by an inventor of any subject patent more than

28  one year before the filing date of the subject patent, anything known or used in a publicly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3656480.2                          2        AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                          C 07-2638 JSW

1    accessible form by one other than an inventor of any subject patent before the filing date of the

2    subject patent, or anything invented by one other than an inventor of any subject patent before the

3    filing date of the subject patent.

4        9.      The term "prosecution" shall mean or refer to proceedings before any patent

5    office, either the United States Patent and Trademark Office or a foreign patent office, in

6    connection with the filing of a particular application and/or issuance of a particular patent.

7        10.     The term "public use" shall mean or refer to any public or private use or

8    demonstration, whether experimental or otherwise, of the alleged invention or which disclosed

9    the alleged invention to anyone other than an employee, agent or attorney of the inventor,

10   including without limitation existing or potential investors, licensees, customers or distributors.

11       11.     Patents or patent applications "related" or "relating" to a patent shall mean or refer

12   to any patents (whether expired or in force) and patent applications (whether issued, pending or

13   abandoned) that include any common disclosure with the patent, or that refer in any way to the

14   patent, including but not limited to continuations, continuations-in-part, divisionals, or any

15   foreign counterpart applications or patents.

16       12.     The term "sale" shall mean or refer to public or private efforts of any sort in

17   connection with the commercialization of an alleged invention, whether experimental or

18   otherwise, including without limitation any offers for sale or license, actual sales or licenses, or

19   any advertising of the alleged invention.

20       13.     The term "AOS Asserted Patent" means any or all of U.S. Patent Nos., 5,767,567

21   ("'567 patent") and/or 5,907,776 ("'776 patent").

22       14.     The term "IC" means any integrated circuit or circuitry.

23       15.     The term "MOSFET" means any field effect transistor having a gate terminal

24   composed of metal and/or metal oxide and/or polysilicon.

25       16.     The term "trenched field effect transistor" means any field effect transistor having

26   a vertical channel extending into a semiconductor substrate.

27       17.     The term "conductivity type" means the means by which a semiconductor carries a

28   charge, and is typically denoted as either p-type or n-type.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                    3              AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                C 07-2638 JSW

1    18.    The term "source region" means the region from which current flows in a

2    transistor with p-type conductivity, or to which current flows in a transistor with n-type

3    conductivity.

4    19.    The term "source contact" means a surface or area through which a voltage can be

5    applied to a source region.

6    20.    The term "lead wire" means a wire connecting to a source contact area and serving

7    as a means of connecting the transistor through a lead frame with the pins on the packaging.

8    21.    The term "gate-runner" means a material that divides a surface contact surface into

9    more than one area.

10    22.    The term "Accused Fairchild Device" shall mean any power MOSFET-based

11    device made, used, sold, offered for sale, or imported by Fairchild, including without limitation,

12    the devices identified on Fairchild's web site as Power Modules, Switches, Power Controllers,

13    Power Drivers, Transistors, TRIACs, Voltage Regulators, Application based Products (Audio,

14    Video, Lighting, Motor Divers and USB), Interface, Filters, and Temperature Management, and

15    further including:

16    (a)    any IC that includes a source contact area that is connected to a lead-frame

17    by more than one lead-wire; and/or

18    (b)    any trench MOSFET; and/or

19    (c)    any other devices identified by AOS in the course of the litigation as

20    infringing asserted AOS Asserted Patent.

21    23.    The term "Fairchild Asserted Patent" or "counterclaim patents" means U.S. Patent

22    Nos. 6,429,481 B1 ("'481 patent"), 6,521,497 B2 ("'497 patent"), 6,710,406 B2 ("'406 patent"),

23    and/or 6,828,195 B2 ("'195 patent").

24    24.    The term "Accused AOS Device" shall mean that device, product, tool or

25    equipment that Fairchild contends infringes any Fairchild Asserted Patent.

26    25.    These definitions are not intended to be interpretations of any of the terms of the

27    patents-in-suit.  Neither party shall be bound by the interpretations used herein except with

28    respect to these discovery requests.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUESTS**

1.    All documents and things that you may use to support your claims or defenses.

2.    All documents and things on which you intend to rely at trial or at any pre-trial hearing.

3.    All documents and things that are identified in or support Fairchild's responses to AOS's First Set Of Interrogatories.

4.    All documents and things relating to the AOS Asserted Patents, including, but not limited to, any expired patents, any continuations, continuations-in-part, divisionals, reissues, reexaminations, or counterparts related thereto, and any related foreign patents and patent applications, including any underlying patent applications.

5.    All documents supporting or relating to any contention by Fairchild that it does not infringe the AOS Asserted Patents, including without limitation non-infringement studies, non-infringement reports, and any search, opinion, study, investigation, or analysis conducted by or on behalf of you to determine whether you infringe any AOS Asserted Patents.

6.    All documents and things relating to Fairchild's contention that the AOS Asserted Patents are invalid or unenforceable, including but not limited to all prior art which you contend renders the AOS Asserted Patents invalid.

7.    All documents and things that you contend are prior art to the AOS Asserted Patents, including without limitation documents and things sufficient to identify products of third parties that you contend constitute prior art to the AOS Asserted Patents, or are believed to be covered by any claim of the AOS Asserted Patents.

8.    All documents and things relating to the alleged invalidity or unenforceability of the AOS Asserted Patents, including without limitation any search, opinion, study, report, investigation, or analysis conducted by or on behalf of you to determine whether any AOS Asserted Patents are invalid or unenforceable.

9.    All documents and things relating to the level of knowledge, schooling, experience, expertise or relevant technical skill of a person having ordinary skill in the art relating to any invention disclosed, described or claimed in the patents-in-suit (as this phrase is used in 35

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-PA/3656480.2                                    5                    AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                                      C 07-2638 JSW

1    U.S.C. § 103).

2         10.    All documents and things sufficient to show the name, number, line, series, family

3    and any other designation used by you to refer to each Accused Fairchild Device.

4         11.    A fully functional sample of each Accused Fairchild Device.

5         12.    All documents and things describing any Accused Fairchild Device, including the

6    recipes, travelers, and/or specifications used to produce the documents and things, and any

7    analyses of the products such as Secondary Ion Mass Spectrometry (SMS), Scanning Electron

8    Microscopy (SEM), or Transmission Electron Microscopy (TEM).

9         13.    All documents and things relating to the research, development, design,

10   configuration, engineering, testing, and operation of any Accused Fairchild Device, including

11   without limitation manuals, design specifications, engineering specifications, manufacturing or

12   production specifications, schematics, diagrams, charts, test results, laboratory notebooks,

13   engineering drawings, design drawings, comparisons and any other analyses.

14        14.    Documents sufficient to determine the structure and/or composition of all Accused

15   Fairchild Devices, including without limitation the materials, layers, regions, semiconductors,

16   insulators, impurities, terminals, impurity concentrations, source contacts, and lead wire

17   configuration.

18        15.    Documents sufficient to determine the manufacturing process by which all

19   Accused Fairchild Devices are made and assembled, including without limitation directions,

20   instructions, procedures, specifications, diagrams, charts, test results, notebooks, drawings, and

21   any analyses for each step in the manufacturing process, i.e., wafer cleaning, substrate formation,

22   photoresists, photolithography masks, photolithography sequences, dopants, doping procedures,

23   and/or describing the characteristics of any Accused Fairchild Device.

24        16.    Documents sufficient to determine the function and/or performance characteristics

25   of all Accused Fairchild Devices, including without limitation the function and/or performance

26   characteristics of any layer, region, interface, connection, and/or bond, the spreading resistance,

27   conductivity type, threshold voltage, turn-on resistance, depletion width, channel length,

28   breakdown voltage, breakdown profile, and punch-through tolerance of the devices.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                    6            AOS, INC.'S 1ST PRODUCTION REQUESTS
                                               C 07-2638 JSW

17.    All documents and things relating to the configuration of lead wire and source contacts of any Accused Fairchild Devices, including without limitation documents and things discussing the even or uneven distribution of lead wires for source contact connections and documents and things discussing lead wire configuration and on-resistance or spread-resistance.

18.    All documents and things relating to the development of the configuration of lead wire and source contacts of MOSFET devices, including without limitation documents and things discussing the even or uneven distribution of lead wires for source contact connections and documents and things discussing lead wire configuration and on-resistance or spread-resistance.

19.    All documents and things concerning the advantages or purported advantages of any Accused Fairchild Device, including without limitation statements related to cost savings, quality, reliability, features, functions, power consumption, voltage requirements, or other purported advantages of any Accused Fairchild Device.

20.    All documents and things relating to product specifications for any Accused Fairchild Device, including without limitation documents and things that show their dimensions (including thickness of each layer) and components, materials from which they are made (including concentrations of each element), the electrical properties of the materials, the mechanical properties of the materials, the thermal properties of the materials, and a complete set of design, engineering, and/or manufacturing drawings of any Accused Fairchild Device.

21.    All articles, publications, papers, reports, or presentations authored in whole or in part by a current or former employee of Fairchild or any entity affiliated with Fairchild concerning any Accused Fairchild Device.

22.    All documents and things concerning your first design of any Accused Fairchild Device, including but not limited to documents sufficient to identify all persons having knowledge of your first design of the device, any drawings, specifications, recipes, other descriptions of the device, and/or any prototype of the device.

23.    All documents and things relating to competitive analyses, comparisons, reports, reverse engineering, or differences in structure, function, operation, performance, or the advantages or disadvantages of any Accused Fairchild Device, including without limitation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                                                        7              AOS, INC.'S 1ST PRODUCTION REQUESTS
C 07-2638 JSW

1    comparisons of any Accused Fairchild Device to any other device.

2        24.    Documents and things sufficient to identify any entity that performs any part of the

3    manufacture of any Accused Fairchild Devices, including any entity that acts as a foundry or

4    wafer fab, and documents and things sufficient to identify the role that entity plays in the

5    manufacture of any Accused Fairchild Devices.

6        25.    All documents and things relating to any work performed by any person or entity

7    other than Fairchild or its employees relating to the research, design, development, or

8    manufacture of any Accused Fairchild Device.

9        26.    All communications between you, on the one hand, and the named inventors of the

10   AOS Asserted Patents, on the other hand, relating to any Accused Fairchild Device or any AOS

11   Asserted Patents.

12       27.    All documents and things relating to communications between you, on the one

13   hand, and any other person or entity (including actual or potential customers), on the other hand,

14   relating to any patents-in-suit.

15       28.    All documents and things relating to any products that compete with any Accused

16   Fairchild Device in the relevant market, including without limitation competitive analyses and

17   product comparisons.

18       29.    Documents sufficient to show the earliest date when you became aware of each of

19   the AOS Asserted Patents and the actions taken by you in response to such awareness.

20       30.    All documents and things relating to knowledge of the AOS Asserted Patents by

21   any individual involved in the research, design, development, engineering and testing of any

22   Accused Fairchild Device.

23       31.    All documents and things relating to any Fairchild policy or practice for licensing

24   or valuing the intellectual property, technology, or know-how of others, including but not limited

25   to any such policy or practice that would apply to the AOS Asserted Patents or other patents

26   relating to any Accused Fairchild Device.

27       32.    All documents and things relating to any Fairchild policy or practice for licensing

28   or valuing its intellectual property, technology, or know-how, including but not limited to any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2

8

AOS, INC.'S 1ST PRODUCTION REQUESTS
C 07-2638 JSW

1    such policy or practice that would apply to licenses of the Fairchild Asserted Patents or other

2    patents relating to any AOS Device.

3         33.    All documents constituting or reflecting license agreements pertaining to the

4    Fairchild Asserted Patents.

5         34.    Documents sufficient to determine Fairchild's policy or practice for determining

6    whether its products infringe any U.S. patents.

7         35.    All documents and things relating to your document retention policies.

8         36.    Documents sufficient to show Fairchild's organizational structure, including, but

9    not limited to, the corporate structure, officers, board of directors, predecessor corporations, as

10   well as facilities relating to warranty and service operations for any Accused Fairchild Device,

11   replacement parts operations for any Accused Fairchild Device, quality inspection operations for

12   any Accused Fairchild Device, product refurbishing operations for any Accused Fairchild Device,

13   branch sales operations for any Accused Fairchild Device, and import/export operations for any

14   Accused Fairchild Device, including without limitation, organizational charts, directors and/or

15   personnel lists.

16        37.    Documents sufficient to identify the location where each Accused Fairchild

17   Device was researched, designed, tested, made, sold or offered for sale by or on behalf of you.

18        38.    All of Fairchild's annual reports to shareholders, annual and quarterly profit and

19   loss statements, Form 10-K reports filed with the U.S. Securities and Exchange Commission, and

20   any prospectus prepared or filed since 1998.

21        39.    All documents constituting or relating to business plans, strategic plans, consultant

22   reports or strategy reviews concerning the design, manufacture, marketing or sale of any Accused

23   Fairchild Device.

24        40.    All documents relating to marketing of the Accused Fairchild Devices, including

25   without limitation market requirement statements, marketing reports, market feedback reports,

26   market studies, market forecasts, market surveys, competitive analyses, market share data,

27   customer needs studies, advertising materials, promotional materials, trade show releases, and

28   product descriptive literature.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                          9              AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                       C 07-2638 JSW

41.    All documents relating to each license granted by you or obtained by you which cover in whole or in part any technology contained in any Accused Fairchild Device, including without limitation complete licensing agreements and royalty reports.

42.    All documents relating to the negotiations concerning each license granted or obtained by you which cover in whole or in part any technology contained in any Accused Fairchild Device.

43.    Documents sufficient to identify each of your U.S. and foreign customers for any Accused Fairchild Device.

44.    All documents reflecting communications regarding AOS, any of the patents-in-suit, or this litigation, with each customer, potential customer, buyer, client, consumer or vendor for all the Accused Fairchild Devices.

45.    All documents relating to any requirements of your customers, both in the United States and worldwide, relating to any Accused Fairchild Device, including without limitation specifications, design parameters, tolerances, features, functions, price, and other requirements.

46.    Documents and things sufficient to identify your sales of Accused Fairchild Devices and/or other Fairchild products that were sold with any Accused Fairchild Device, both in the United States and worldwide, including without limitation documents sufficient to identify the name of such customers and the products the customers purchased.

47.    All documents reflecting Fairchild's profit margins on any Accused Fairchild Device, including without limitation gross margin, order contribution, incremental profit, product margin and product contribution margin from January 1, 1998 to the present.

48.    Documents sufficient to determine the profitability of all Accused Fairchild Devices, including without limitation unit sales, revenues, costs, including costs of manufacturing and sales, gross margins, operating margins, pricing elasticity, factors affecting price and price comparisons.

49.    Documents sufficient to determine the amount of sales, sales forecasts, costs of sales, projected sales and anticipated sales of all Accused Fairchild Devices, including without limitation sales reports, business plans, budgets, forecasts and outside consultants' or financial

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3656480.2

10

AOS, INC.'S 1ST PRODUCTION REQUESTS
C 07-2638 JSW

1    analysts' reports.

2        50.    Documents and things sufficient to determine the costs of production for all

3    Accused Fairchild Devices from January 1, 1998 to the present.

4        51.    All documents constituting or referring to analyses of the U.S. and worldwide

5    markets for all Accused Fairchild Device, including without limitation reports obtained by

6    Fairchild from others.

7        52.    All documents discussing or relating to the share of the market possessed or

8    expected to be possessed by any Accused Fairchild Device from January 1, 1998 to the present.

9        53.    All documents relating to any efforts to reduce manufacturing costs of any

10    Accused Fairchild Device and any benefits thereof.

11        54.    All documents relating to any communications between AOS and you relating to

12    the patents-in-suit, including without limitation any negotiations between AOS and you and

13    materials used to analyze the patents-in-suit.

14        55.    All documents evidencing your knowledge or lack of knowledge concerning the

15    downstream sales or uses of any Accused Fairchild Device, including without limitation your

16    knowledge or lack of knowledge that any Accused Fairchild Devices are made, used, sold,

17    offered for sale, or imported in(to) the United States.

18        56.    All documents and things relating to the Fairchild Asserted Patents.

19        57.    All documents and things relating to any patents (whether expired or in force) or

20    patent applications (whether issued, pending, or abandoned) related to the Fairchild Asserted

21    Patents, including any continuations, continuations-in-part, divisionals, reissues, reexaminations,

22    or counterparts related thereto, and any related foreign patents and patent applications, including

23    any underlying patent applications.

24        58.    All documents supporting Fairchild's contention that AOS infringes the Fairchild

25    Asserted Patents.

26        59.    All documents and things evidencing or relating to the conception of any invention

27    claimed, disclosed, or described by any Fairchild Asserted Patent.

28        60.    All notebooks, diaries, files, appointment calendars, research reports, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1-PA/3656480.2            11        AOS, INC.'S 1ST PRODUCTION REQUESTS
C 07-2638 JSW

1    workbooks generated or maintained by any inventor of any of the Fairchild Asserted Patents or

2    AOS Asserted Patents during the time period beginning with the earliest possible date of

3    conception of the patented invention and ending with the issuance of the patent.

4          61.    All documents and things prepared, reviewed, or edited by an inventor of any

5    Fairchild Asserted Patent relating to any invention disclosed, described, or claimed in the

6    Fairchild Asserted Patent.

7          62.    Documents reflecting the last-known residence and employment of each inventor

8    of any Fairchild Asserted Patent.

9          63.    All documents and things evidencing or relating to the first reduction to practice of

10   any invention claimed, disclosed, or described by any Fairchild Asserted Patent.

11         64.    All drawings, prototypes, notes, notebooks, workbooks, project reports,

12   correspondence, memoranda, reports, test results, and all other documents and things relating to,

13   or that were created, used, or referred to in connection with, the design, research, development, or

14   testing of any invention claimed, disclosed, or described in any Fairchild Asserted Patent.

15         65.    All drawings, prototypes, notes, notebooks, workbooks, project reports,

16   correspondence, memoranda, reports, test results, and all other documents and things relating to,

17   or that were created, used, or referred to in connection with, the design, research, development, or

18   testing of any method for improving

19         66.    All documents and things regarding the breakdown characteristics or performance

20   of trench MOSFET devices, including without limitation breakdown initiation.

21         67.    All documents and things regarding the breakdown characteristics, breakdown

22   performance, and/or resistance to "punchthrough" of any devices that Fairchild contends practice

23   any claim of the Fairchild Asserted Patents, including without limitation any analysis or

24   simulation of the breakdown initiation in such devices.

25         68.    All documents and things regarding the doping of any "heavy body" and any

26   "doped well" in a MOSFET device, including without limitation the existence or creation of any

27   "abrupt junction" at any interface between such a "heavy body"and such a "doped well."

28         69.    All documents and things referring to or defining an "abrupt junction."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                    12         AOS, INC.'S 1ST PRODUCTION REQUESTS
                                              C 07-2638 JSW

70.    All documents and things constituting or relating to prior art references for any Fairchild Asserted Patent.

71.    All documents and things relating to your first commercial embodiment of each and every Fairchild Asserted Patent.

72.    All documents referring to any AOS Device.

73.    All patents or patent applications (foreign or domestic, pending, abandoned or issued) owned or controlled by you relating to the design, configuration, or method of manufacture of any MOSFET IC device.

74.    All draft or final press releases relating to the AOS Asserted Patents, Fairchild Asserted Patents, this lawsuit, or any product relating to any of the foregoing.

75.    All documents reflecting any assignment, sale, acquisition, license or transfer of any rights relating to any Fairchild Asserted Patent or any related patent or application.

76.    The personnel files for any employee who was involved in the development of the claimed invention in any Fairchild Asserted Patent.

77.    All documents relating to your contemplated or actual commercial exploitation of any invention disclosed, described, or claimed by any Fairchild Asserted Patent, including without limitation feasibility studies, marketing plans, marketing forecasts, estimates or projections of market share, periodic research and development reports, management reports or other periodic reports, advertisements, promotional brochures, product literature, catalogs, trade show exhibits or displays, technical brochures, specifications, price lists, contracts, purchase orders, papers published or presented, and customer lists (including sales to all end-users, distributors and retailers).

78.    Documents sufficient to determine the structure, function, or operation of all products made, used, sold, offered for sale, licensed, offered for license, or transferred by or for Fairchild that you contend embody or use any invention disclosed, described, or claimed in any Fairchild Asserted Patent.

79.    Documents sufficient to identify all persons who participated in the design or development of all products made, used, sold, offered for sale, licensed, offered for license, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3656480.2                    13                    AOS, INC.'S 1ST PRODUCTION REQUESTS
C 07-2638 JSW

1    transferred by or for Fairchild that you contend embodies or uses any invention disclosed,

2    described, or claimed in any Fairchild Asserted Patent.

3        80.    All documents and things relating to commercial exploitation by others of any

4    invention disclosed, described, or claimed in any Fairchild Asserted Patent.

5        81.    All documents and things relating to AOS.

6        82.    All documents and things relating to any current or former employee of AOS.

7        83.    All documents and things relating to any AOS product.

8        84.    All documents relating to the prosecution of the applications that resulted in the

9    Fairchild Asserted Patents, or related patents or applications, including without limitation the files

10    of attorneys or other individuals involved in prosecuting the Fairchild Asserted Patents, related

11    patents, or related applications.

12        85.    Documents sufficient to identify all persons involved with prosecuting the

13    Fairchild Asserted Patents, related patents, or related applications.

14        86.    All documents constituting or reflecting any search, investigation, evaluation, or

15    opinion as to the novelty, patentability, validity, enforceability, or scope of any Fairchild Asserted

16    Patent, or any related patent or application.

17        87.    All patents and other publications that were reviewed or received by anyone

18    involved with prosecuting any Fairchild Asserted Patent, related patent, or related application,

19    during the period of such involvement.

20        88.    All documents evidencing or relating to the earliest sales and offers for sale of any

21    invention disclosed, described, or claimed in any Fairchild Asserted Patent, or of any product

22    embodying or using any invention disclosed, described, or claimed in any Fairchild Asserted

23    Patent, including without limitation all advertising, sales, promotional, and technical materials

24    relating to such offers and sales.

25        89.    All documents and things evidencing or relating to making, using, testing, or

26    selling any invention disclosed, described, or claimed in any Fairchild Asserted Patent, including

27    without limitation documents and things relating to the first uses (whether or not public) of such

28    inventions.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                         14        AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                C 07-2638 JSW

90.    All documents and things evidencing or relating to (a) public use, (b) on sale activity, (c) commercial exploitation, and (d) experimental use (as these phrases are used in the application of 35 U.S.C. § 102(b)), by each inventor, you, or any other person, of any invention disclosed, described, or claimed in any Fairchild Asserted Patent.

91.    All documents and things constituting, evidencing or relating to patents, publications, written descriptions, or other prior art references of which you are aware, relating to any invention claimed in any of the Fairchild Asserted Patents.

92.    All documents constituting or reflecting searches, investigations, or evaluations of domestic or foreign patents, literature, or other published materials relating to any invention disclosed, described, or claimed in any of the Fairchild Asserted Patents.

93.    All documents and things evidencing or relating to products of third parties that constitute prior art to any Fairchild Asserted Patent.

94.    All publications, including without limitation books, book excerpts, articles in technical or trade publications, conference papers or presentations, or internal technical memoranda, authored in whole or in part by any inventor of any Fairchild Asserted Patent, regarding breakdown performance or breakdown characteristics of MOSFETs.

95.    All publications, articles, conference papers, or technical or marketing presentations relating to any commercial embodiment of the Fairchild Asserted Patents.

96.    All documents and things relating to whether any commercial embodiment, or invention disclosed, described, or claimed in any Fairchild Asserted Patent satisfied any long-felt but unresolved need.

97.    All documents and things evidencing or relating to any problems solved by any commercial embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent.

98.    All documents and things evidencing or relating to failures by persons to solve any problems solved by any commercial embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent.

99.    All documents and things evidencing or relating to whether any commercial

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                                   15          AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                                 C 07-2638 JSW

1  embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent, has

2  been commercially successful.

3      100.    All documents and things evidencing or relating to whether any commercial

4  embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent, has

5  been copied by others.

6      101.    All documents and things evidencing or relating to whether any commercial

7  embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent, has

8  been praised by anyone other than its inventors or you.

9      102.    All documents and things evidencing or relating to whether any commercial

10  embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent has

11  departed from accepted principles in the industry.

12      103.    All documents and things evidencing or relating to whether any commercial

13  embodiment or invention disclosed, described, or claimed in any Fairchild Asserted Patent has

14  been recognized by the industry or received industry acclaim.

15      104.    All documents evidencing or relating to the level of knowledge, schooling,

16  experience, expertise, or relevant technical information of a person having ordinary skill in the

17  arts to which any invention is disclosed, described, or claimed in the Fairchild Asserted Patents

18  (as this phrase is used in 35 U.S.C. § 103).

19      105.    All documents and things evidencing or relating to any mode contemplated by any

20  inventor for carrying out any invention disclosed, described, or claimed in any Fairchild Asserted

21  Patent, from a period starting with the earliest possible conception of the invention and ending six

22  months after the patent application was filed.

23      106.    For the Fairchild Asserted Patents, all documents and things evidencing or relating

24  to the best mode contemplated by their inventors carrying out any invention disclosed, described,

25  or claimed in the patents or applications (as this phrase is used in 35 U.S.C. § 112, 1st paragraph).

26      107.    All documents reflecting any statement, assertion, or claim by anyone relating to

27  the patentability, validity, enforceability, or scope of any claim of any Fairchild Asserted Patent,

28  including without limitation any document that states or implies that any Fairchild Asserted

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2

16    AOS, INC.'S 1ST PRODUCTION REQUESTS
C 07-2638 JSW

1    Patent, or any claim thereof, is, or may be, invalid or unenforceable.

2          108.    Documents sufficient to determine when and how you first learned of any of the

3    AOS Devices that allegedly infringe any Fairchild Asserted Patent.

4          109.    All documents and things evidencing or relating to AOS's alleged use of any

5    invention disclosed, described, or claimed in any Fairchild Asserted Patent including without

6    limitation all documents and things establishing or otherwise showing when and how you first

7    learned of any such alleged use or infringement.

8          110.    All documents and things constituting, evidencing or relating to any analysis of

9    any of AOS's products for potential or actual infringement of any Fairchild Asserted Patent.

10         111.    All documents constituting or reflecting any opinion regarding infringement by

11   anyone of any Fairchild Asserted Patent.

12         112.    A fully functional sample of each commercial embodiment of each and every

13   Fairchild Asserted Patent.

14         113.    All documents and things constituting, evidencing or relating to any product that

15   competes with any commercial embodiment.

16         114.    All documents and things that show any commercial embodiment marked with a

17   U.S. patent number of the relevant Fairchild Asserted Patent in accordance with 35 U.S.C. § 287,

18   including the dates on which the mark was affixed, the identity of the person(s) who marked the

19   commercial embodiment and the manner in which each such commercial embodiment was

20   marked.

21         115.    Documents sufficient to identify, such as by manufacturer, model, and part

22   number, all automated information systems at Fairchild, both past and present, including e-mail

23   and document management systems, including without limitation any such e-mail or document

24   management systems that would apply to documents concerning the design, manufacture,

25   production, marketing, or sales of Accused Fairchild Devices or documents concerning the AOS

26   Asserted Patents or the Fairchild Asserted Patents.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3656480.2                                17                AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                                            C 07-2638 JSW

1

2    Dated: July 27, 2007                    MORGAN, LEWIS & BOCKIUS LLP

3

4                                            By    /s/ Daniel Johnson, Jr.
                                                 Daniel Johnson, Jr.
5                                            Attorneys Plaintiffs and Counterdefendants
                                             ALPHA & OMEGA SEMICONDUCTOR,
6                                            LTD., AND ALPHA & OMEGA
                                             SEMICONDUCTOR, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3656480.2                        18        AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                       C 07-2638 JSW

## CERTIFICATE OF SERVICE

I am employed in the City of Palo Alto, County of Santa Clara, State of California, I am over the age of 18 years and not a party to the within action. My business address is 2 Palo Alto Square, 3000 El Camino Real, Palo Alto, California 94306. On July 30, 2007, I caused copies of the attached document(s) described as follows:

**ALPHA & OMEGA SEMICONDUCTOR, INC.'S FIRST SET OF REQUESTS TO FAIRCHILD SEMICONDUCTOR CORP. FOR PRODUCTION OF DOCUMENTS AND THINGS**

to be served on:

Eric P. Jacobs, Esq.
**TOWNSEND & TOWNSEND**
2 Embarcadero Center, 8th Floor
San Francisco, CA 94111
Tel:    415.576.0200
**Fax:    415.576.0300**

_____(BY OVERNIGHT DELIVERY) I caused each such envelope to the addressee(s) noted above, with charges fully prepaid, to be sent by overnight delivery from Palo Alto, California. I am readily familiar with the practice of Morgan, Lewis & Bockius LLP for collection and processing of correspondence for overnight delivery, said practice being that in the ordinary course of business, mail is placed with the overnight delivery service on the same day as it is placed for collection.

__BY ELECTRONIC MAIL) The person whose name is noted below caused to be transmitted by electronic mail each such document to the addressee(s) noted above.

__(BY FIRST CLASS MAIL) I caused each such envelope to the addressee(s) noted above, with postage thereon fully prepaid, to be placed in the United States mail in Palo Alto, California. I am readily familiar with the practice of Morgan, Lewis & Bockius LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited in the United States Postal Service the same date as it is placed for collection; and

_____(BY FACSIMILE) The person whose name is noted below caused to be transmitted by facsimile each such document to the addressee(s) noted above; and

_X_(BY PERSONAL SERVICE) The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California, on July 30, 2007.

Mary C. Wong

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-PA/3656480.2                                      19          AOS, INC.'S 1ST PRODUCTION REQUESTS
                                                                C 07-2638 JSW

# Exhibit 16
## Highly Confidential - Attorneys' Eyes Only (Filed Under Seal)

# Exhibit 17

## Augustine Jr., Leonard J.

| | |
|---|---|
| **From:** | Ahren C. Hoffman [ahoffman@morganlewis.com] |
| **Sent:** | Friday, August 01, 2008 6:54 PM |
| **To:** | Sreenivasan, Priya |
| **Cc:** | aosvfairchild@morganlewis.com; Jacobs, Eric P.; Shoiket, Igor; Augustine Jr., Leonard J.; Hulse, Matthew R |
| **Subject:** | Re: Fairchild/AOS-30(b)(6) Deposition of AOS |

Priya,

Contrary to your assertions, AOS has produced all documents that you properly and clearly requested, including but not limited to process flows, drive-in diffusion recipes, and information describing product simulations. Indeed, AOS has produced each piece of information specifically requested by Fairchild and satisfied discovery requests above and beyond those called for under the parties' agreement to proceed with discovery on the basis of representative parts. To the extent you claim that AOS has not produced certain documents, you need to be much clearer than simply describing those as "other technical documents." Accordingly, at this juncture, the decision to take the deposition off the calendar is Fairchild's alone.

Yours sincerely,

Ahren C. Hoffman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306
650-843-7250 (office)
650-843-4001 (fax)
ahoffman@morganlewis.com


"Sreenivasan, Priya" <psreenivasan@townsend.com>

07/31/2008 09:51 AM

To  aosvfairchild@morganlewis.com

cc  "Jacobs, Eric P." <epjacobs@townsend.com>, "Shoiket, Igor" <ishoiket@townsend.com>, "Hulse, Matthew R" <mrhulse@townsend.com>, "Augustine Jr., Leonard J." <ljaugustine@townsend.com>

Subject  Fairchild/AOS-30(b)(6) Deposition of AOS


Brett:

AOS has failed to produce the relevant recipes and other technical documents requested by Fairchild that are needed for Fairchild to proceed with the 30(b)(6) deposition of AOS on August 12th. Therefore, Fairchild will re-schedule the deposition once AOS produces the relevant documents.

Priya Sreenivasan, Esq.
Litigation Associate
Townsend and Townsend and Crew, LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Phone: 415.273.4742
Fax: 415.576.0300

8/11/2008

psreenivasan@townsend.com
www.townsend.com

Offices in:  Denver | Palo Alto | San Diego | San Francisco | Seattle | Tokyo | Walnut Creek | Washington D.C.

This message may contain confidential information.  If you are not the intended recipient and received this message in error, any use or distribution of this message is strictly prohibited.  Please also notify us immediately by return e-mail, and delete this message from your computer system.  Thank you.

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

# Exhibit 18
## Highly Confidential – Attorneys' Eyes Only (Filed Under Seal)