# EXHIBIT A

1   MORGAN, LEWIS & BOCKIUS LLP
    Daniel Johnson, Jr. (State Bar No. 57409)
2   Brett Schuman (State Bar No. 189247)
    Amy M. Spicer (State Bar No. 188399)
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   djjohnson@morganlewis.com
    bschuman@morganlewis.com
6   aspicer@morganlewis.com

7   MORGAN, LEWIS & BOCKIUS LLP
    Andrew J. Wu (State Bar No. 214442)
8   2 Palo Alto Square
    3000 El Camino Real, Suite 700
9   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
10  Fax:  650.843.4001
    awu@morganlewis.com
11
    Attorneys for Plaintiffs and
12  Counterdefendants
    ALPHA & OMEGA SEMICONDUCTOR,
13  INC.
    ALPHA & OMEGA SEMICONDUCTOR,
14  LTD.

TOWNSEND AND TOWNSEND AND
CREW LLP
Eric P. Jacobs (State Bar No. 88413)
Peter H. Goldsmith (State Bar No. 91294)
Robert A. McFarlane (State Bar No. 172650)
Igor Shoiket (State Bar No. 190066)
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111
Tel:  415.576.0200
Fax:  415.576.0300
epjacobs@townsend.com
phgoldsmith@townsend.com
ramcfarlane@townsend.com
ishoiket@townsend.com

Attorneys for Defendant and
Counterclaimant
FAIRCHILD SEMICONDUCTOR CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>    Plaintiffs and Counterdefendants,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>    Defendant and Counterclaimant.<br>_____<br><br>AND RELATED COUNTERCLAIMS | Case No. C 07-2638 JSW<br>(Consolidated with Case No. C-07-2664 JSW)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7580628.3

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

1    Pursuant to Civil L.R. 16-9(a) and Patent L.R. 2-1(a), plaintiffs and counterdefendants

2    Alpha & Omega Semiconductor, Ltd. and Alpha & Omega Semiconductor, Inc. (collectively,

3    "AOS") and defendant and counterclaimant Fairchild Semiconductor Corp. ("Fairchild") jointly

4    submit this Case Management Statement and Proposed Order and request the Court to adopt it as

5    the Case Management Order in this case.  As described below, the Court consolidated this case

6    for all purposes with *Fairchild Semiconductor Corp. v. Alpha & Omega Semiconductor, Inc., et

7    al.*, Case No. 07-2664 JSW, and the parties request that all provisions of this Case Management

8    Statement and Proposed Order apply to both cases.

9    **I.        Jurisdiction and Service**

10    This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

11    and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over

12    the subject matter of this action, including Fairchild's counterclaims, pursuant to 28 U.S.C.

13    §§ 1331 and 1338.  The parties agree that venue is proper in this district and that the Court has

14    personal jurisdiction over all current parties.  There are no remaining parties to be served.

15    **II.        Description Of The Case and Disputed Factual Issues**

16    This is a patent infringement action.  The patents-in-suit relate to certain methods and

17    designs for semiconductor technology.  On May 17, 2007, AOS filed the above-captioned suit

18    (the "*AOS*" action) for patent infringement and declaratory judgment against Fairchild seeking

19    relief for Fairchild's alleged willful infringement of U.S. Patent No. 5,907,776 (the "'776 patent")

20    and U.S. Patent No. 5,767,567 (the "'567 patent") (collectively, "the AOS patents-in-suit").  AOS

21    also seeks declaratory judgment of alleged non-infringement of U.S. Patent No. 6,429,481 (the

22    "'481 patent") and U.S. Patent No. 6,710,406 (the "'406 patent").

23    On May 18, 2007, Fairchild filed suit against AOS, *Fairchild Semiconductor Corp. v.

24    Alpha & Omega Semiconductor, Inc., et al.*, Case No. 07-2664 (the "*Fairchild*" action).  In its

25    complaint, Fairchild seeks relief for AOS's alleged willful infringement of U.S. Patent No.

26    6,429,481 (the "'481 patent"), U.S. Patent No. 6,710,406 (the "'406 patent"), U.S. Patent No.

27    6,521,497 (the "'497 patent"), and U.S. Patent No. 6,828,195 (the "'195 patent") (collectively,

28    "the Fairchild patents-in-suit").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

1    Subsequently, Fairchild asserted six counterclaims in the *AOS* action. Fairchild's first and

2    second counterclaims seek declaratory judgment of alleged non-infringement and alleged

3    invalidity of the '776 and '567 patents – the two patents AOS asserted against Fairchild in the

4    *AOS* action. Fairchild additionally seeks relief for alleged willful infringement of the '481, '406,

5    '497, and '195 patents – the four patents Fairchild asserted against AOS in the *Fairchild* action.

6    This Court deemed the two cases to be related within the meaning of Civil Local Rule 3-

7    12 and the later-filed *Fairchild* action was reassigned to the Honorable Jeffrey S. White on June

8    15, 2007. Pursuant to the parties' stipulation, the Court thereafter consolidated the two actions

9    into the *AOS* action, Civil Action No. 07-2638, on July 31, 2007.

10    AOS asserts that Fairchild has directly, indirectly, contributorily and/or by inducement

11    infringed and continues to infringe the AOS patents-in-suit by its manufacture, use, sale,

12    importation and/or offer for sale of certain products that embody inventions claimed in the AOS

13    patents-in-suit. AOS alleges that this infringement is willful and deliberate. Fairchild denies

14    AOS's allegations, including that Fairchild infringes the '776 and '567 patents. Fairchild also

15    raises a number of affirmative defenses to AOS's claims, including that the '776 and '567 patents

16    are invalid.

17    Fairchild asserts that AOS has directly, indirectly, contributorily and/or by inducement

18    infringed and continues to infringe the Fairchild patents-in-suit by its manufacture, use, sale,

19    importation and/or offer for sale of certain products that embody inventions claimed in the

20    Fairchild patents-in-suit. Fairchild alleges that this infringement is willful and deliberate. AOS

21    denies Fairchild's allegations, including that AOS infringes the '481, '406, '497, and '195

22    patents. AOS also raises a number of affirmative defenses to Fairchild's counterclaims, including

23    that the '481, '406, '497, and '195 patents are invalid.

24    The principal factual issues in dispute are:

25    1.    whether Fairchild has infringed and is infringing the AOS patents-in-suit;

26    2.    whether Fairchild has contributed to the infringement by others of the AOS

27    patents-in-suit;

28    3.    whether Fairchild has induced others to infringe the AOS patents-in-suit;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

4.    whether any such infringement by Fairchild is willful;

5.    whether AOS's patents-in-suit are valid;

6.    the amount of AOS's damages;

7.    whether AOS has infringed and is infringing the Fairchild patents-in-suit;

8.    whether AOS has contributed to the infringement by other of the Fairchild patents-in-suit;

9.    whether AOS has induced other to infringe the Fairchild patents-in-suit;

10.    whether any such infringement by AOS is willful;

11.    whether Fairchild's patents-in-suit are valid;

12.    the amount of Fairchild's damages.

**III.    Description Of the Legal Issues**

The principal disputed legal issues are:

1.    the construction of the claims of the patents-in-suit;

2.    the validity of the patents-in-suit;

3.    whether any infringement was willful, and it so, the amount of enhanced damages;

4.    whether an injunction (or injunctions) should issue if any of the patents-in-suit are found valid, enforceable, and infringed.

**IV.    Motions**

There are no pending motions.  The parties anticipate filing motions for summary judgment on the issues of infringement and/or invalidity.

**V.    Amendment Of Pleadings**

AOS may seek to amend its complaint to allege infringement of additional patents. Likewise, Fairchild may seek to amend its counterclaims to allege infringement of additional patents.  Neither party expects to add to or dismiss any of the current parties.  The parties propose a deadline of November 16, 2007, for the amendment of the pleadings with the right to seek leave of the Court to amend the pleadings beyond that date.

**VI.        Evidence Preservation**

AOS and Fairchild have taken steps, including the suspension of normal document

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

4

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

1    destruction programs and the institution of a litigation hold for both hardcopy documents and

2    electronic documents, to preserve evidence relevant to the issues reasonably evident in this action,

3    including interdiction of any document-destruction program and any ongoing erasure of e-mails,

4    voice mails, and other electronically-recorded material.

5    **VII.        Disclosures**

6            The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on

7    July 27, 2007.  During that conference, the parties agreed that initial disclosures will be served no

8    later than August 10, 2007.  The parties each reserve the right to supplement their disclosures as

9    discovery continues.

10   **VIII.        Discovery**

11           The parties agree to the following discovery plan:

12           (a)      Discovery Needed –

13                    1.   The alleged infringement of the asserted six patents

14                    2.   The alleged invalidity of the asserted six patents

15                    3.   The enforceability of the asserted six patents

16                    4.   The alleged damages resulting from the alleged infringement of each of the

17                         asserted six patents

18                    5.   If any asserted patent is found valid and infringed, whether the

19                         infringement was willful

20           (b)      Bifurcation – The parties oppose bifurcation for discovery or trial.

21           (c)      Interrogatories – The parties request that each party be allowed to serve a

22   maximum of 25 interrogatories.

23           (d)      Depositions –

24           <u>AOS's Position</u>: In view of the fact that these consolidated cases involve six patents with

25   multiple inventors, AOS requests that each side be limited to 30 depositions lasting no more than

26   10 hours per witness, with the exception that depositions that require an interpreter shall last no

27   longer than 20 hours per witness.

28           <u>Fairchild's Position</u>: These consolidated cases involve the same six patents.  The four

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

1   Fairchild patents-in-suit are related to the same parent patent application and share the same

2   named inventors.  Consequently, Fairchild believes that 20 depositions per side is sufficient.

3   Fairchild requests that each deposition last no longer than seven hours per witness, with the

4   exception that depositions that require an interpreter should last no longer than fourteen hours per

5   witness.

6   　　　　(e)　　Requests for Admissions and for Documents – The parties agree that there should

7   be no limits on requests for admissions or document discovery requests.

8   　　　　(f)　　Foreign Deponents – The parties agree that each party shall produce for deposition

9   in the United States any foreign witness over which it has control.

10  　　　　(g)　　Representative Accused Products –

11  　　　　AOS's Position:  Because this case is in its initial stages, AOS is not in a position to make

12  an informed decision regarding the viability of using only representative accused products or the

13  process by which the parties would select those products.  AOS proposes that the parties discuss

14  this issue as discovery progresses.

15  　　　　Fairchild's Position:  Fairchild proposes that the parties agree to select representative

16  accused products in order to reduce the amount of discovery and to reduce the length of trial.

17  **IX.**　　　　**Class Action**

18  　　　　This is not a class action.

19  **X.**　　　　**Related Cases**

20  　　　　Related cases C 07-2638 JSW and C 07-2664 JSW have been consolidated.  The parties

21  are not aware of any other related cases pending before another judge of this Court or before

22  another court or administrative body.

23  **XI.**　　　　**Relief**

24  　　　　AOS seeks a declaration of non-infringement and invalidity of the '481 and '406 patents.

25  AOS also seeks judgment of infringement of the '776 and '567 patents.  AOS requests entry of a

26  permanent injunction, an award of damages, including enhanced damages pursuant to 35 U.S.C.

27  § 284, a declaration that the case is exceptional within the meaning of 35 U.S.C. § 285 and an

28  award of attorney's fees and costs.  AOS also seeks dismissal of all of Fairchild's counterclaims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

1    asserting infringement of the '481, '406, '497, and '195 patents.

2          Fairchild seeks a declaration of non-infringement and invalidity of the '776 and '567

3    patents. Fairchild also seeks judgment of infringement of the '481, '406, '497, and '195 patents.

4    Fairchild requests entry of a permanent injunction, an award of damages, including enhanced

5    damages pursuant to 35 U.S.C. § 284, a declaration that the case is exceptional within the

6    meaning of 35 U.S.C. § 285 and an award of attorney's fees and costs.

7    **XII.          Settlement and ADR**

8          The parties timely met and conferred pursuant to ADR Local Rule 3-5(a). During that

9    meeting, the parties agreed to participate in private mediation and filed a Stipulation and

10   [Proposed] Order Selecting ADR Process with the Court on July 27, 2007. The parties believe

11   that mediation should be scheduled after they have had an opportunity to engage in sufficient

12   discovery related to the (1) design, fabrication method, and structure of the accused products, and

13   (2) invalidity allegations to allow for meaningful settlement discussions. It may also be more

14   productive to conduct the mediation after the Court has issued its claim construction ruling.

15   **XIII.         Consent To Magistrate Judge For All Purposes**

16         AOS's Position: AOS does not consent to the assignment of this case to a United States

17   Magistrate Judge.

18         Fairchild's Position: Fairchild would agree to assignment of this case to a United States

19   Magistrate Judge for jury trial subject to the approval of the parties.

20   **XIV.         Other References**

21         The parties do not believe that this case is suitable for reference to binding arbitration, a

22   special master, or the Judicial Panel on Multidistrict Litigation.

23         AOS's Position: AOS requests that this Court handle all claims construction, pretrial and

24   trial issues.

25         Fairchild's Position: Fairchild would agree to having claims construction issues referred to

26   a special master if the Court would find that to be an efficient use of its time.

27   **XV.          Narrowing Of The Issues**

28         The parties are not aware of any issues that can be narrowed by agreement or motion at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

1  this time.  The parties believe that discovery is not mature enough and trial is too remote at this

2  time to determine issues that can be narrowed, suggestions to expedite the presentation of

3  evidence at trial, or whether bifurcation of issues, claims or defenses is appropriate.  The parties

4  intend to address these issues as discovery proceeds and the issues become clearer.

5  **XVI.        Expedited Schedule**

6          The parties at this time do not believe that this is the type of case that can be handled on

7  an expedited basis with streamlined procedures.

8  **XVII.        SCHEDULING**

9          The parties agree to the following schedule:

| EVENT | PARTIES' PROPOSED DATES |
|---|---|
| Initial Disclosures | August 10, 2007 |
| Initial Case Management Conference | August 17, 2007 |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions (Patent L.R. 3-1) | August 31, 2007 |
| Exchange of Documents Supporting Infringement Contentions (Patent L.R. 3-2) | August 31, 2007 |
| Disclosure of Preliminary Invalidity Contentions (Patent L.R. 3-3) | October 15, 2007 |
| Exchange of Documents Supporting Invalidity Contentions (Patent L.R. 3-4) | October 15, 2007 |
| Simultaneous Exchange of Proposed Terms and Claim Elements for Construction  (Patent L.R. 4-1(a)) | October 29, 2007 |
| Meet and Confer re: Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(b)) | November 5, 2007 |
| Last Day to Amend Complaint/Counterclaims | November 16, 2007 |
| Simultaneous Exchange of Preliminary Claim Constructions (Patent L.R. 4-2(a)) | November 19, 2007 |
| Preliminary Exchange of Extrinsic Evidence  (Patent L.R. 4-2(b)) | November 19, 2007 |
| Joint Claim Construction Statement Due  (Patent L.R. 4-3) | December 14, 2007 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

| | |
|---|---|
| Discovery on Claim Construction Closes  (Patent L.R. 4-4) | January 14, 2007 |
| Opening Claim Construction Brief(s) Due  (Patent L.R. 4-5(a)) | February 1, 2008 |
| Opposition Claim Construction Brief(s) Due  (Patent L.R. 4-5(b)) | February 15, 2008 |
| Reply Claim Construction Brief(s) Due  (Patent L.R. 4-5(c)) | February 22, 2008 |
| Tutorial | March 5, 2008 |
| Claim Construction Hearing | March 12, 2008 |
| Fact Discovery Cut-off | Remainder of dates to be set during post-claim construction case management conference |
| Disclosure of Identity of Liability Experts | |
| Written Expert Reports Due | |
| Rebuttal Expert Reports Due | |
| Expert Discovery Cut-off | |
| Deadline for Filing Dispositive Motions | |
| Pre-trial Conference | |
| Trial | |

## XVIII.    Trial

Both parties have requested a jury trial and agree that trial will last three to four weeks.

## XIX.    Disclosure Of Non-Party Interested Entities Or Persons

The parties have each filed the required Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

AOS certifies that that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

1    ALPHA & OMEGA SEMICONDUCTOR (SHANGHAI) LIMITED

2    ALPHA & OMEGA SEMICONDUCTOR (HONG KONG) LIMITED

3    Fairchild certifies that that the following listed persons, associations of persons, firms,

4    partnerships, corporations (including parent corporations) or other entities (i) have a financial

5    interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

6    financial interest in that subject matter or in a party that could be substantially affected by the

7    outcome of this proceeding:

8    FAIRCHILD SEMICONDUCTOR CORPORATION

9    **XX.    Patent Related Issues Pursuant To Patent Local Rule 2-1(a)**

10    **A.    Order of Presentation at the Claims Construction Hearing**

11    The parties propose that AOS will present first at the claims construction hearing with

12    respect to the construction of claims of the AOS patents-in-suit and that Fairchild will present

13    first at the claims construction hearing with respect to the construction of the claims of the

14    Fairchild patents-in-suit.

15    **B.    Extrinsic Evidence and Live Testimony at the Claims Construction Hearing**

16    Currently, the parties do not anticipate presenting live testimony at the Claims

17    Construction Hearing.   If these positions change during the course of discovery and briefing, the

18    parties will seek the Court's approval should they decide to present extrinsic evidence at the

19    hearing pursuant to the Court's Standing Order for Patent Cases ¶ 10.

20    **C.    Need for Limits on Discovery Relating to Claims Construction**

21    The parties do not envision the need for any limits on discovery related to claims

22    construction, other than those provided by the Federal Rules or as provided by this Case

23    Management Order.

24    **D.    Scheduling of a Claims Construction Prehearing Conference**

25    At this time, the parties do not anticipate the need for the scheduling of a Claim

26    Construction Prehearing Conference.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

1  Dated: August 10, 2007                    MORGAN, LEWIS & BOCKIUS LLP

2

3

4                                            By: /s/ Daniel Johnson, Jr.
                                                 Daniel Johnson, Jr.
5                                                Attorneys for Plaintiffs and
                                                 Counterdefendants
6                                                ALPHA & OMEGA SEMICONDUCTOR,
                                                 LTD., AND ALPHA & OMEGA
7                                                SEMICONDUCTOR, INC.

8  Dated: August 10, 2007                    TOWNSEND AND TOWNSEND AND
                                             CREW LLP
9

10

11                                           By: /s/ Eric P. Jacobs
                                                 Eric P. Jacobs
12                                               Attorneys for Defendant and
                                                 Counterclaimant
13                                               FAIRCHILD SEMICONDUCTOR
                                                 CORPORATION

14

15                    [PROPOSED] CASE MANAGEMENT ORDER

16

17        The Case Management Statement and Proposed Order is hereby adopted by the Court as

18  the Case Management Order for the case.  The parties shall comply with this Order.

19        **IT IS SO ORDERED.**

20  Dated:

21                                           _____
                                             HON. JEFFREY S. WHITE
22                                           UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                          11               JOINT CASE MGMT CONF. STMT &
                                           [PROPOSED] ORDER
                                           C 07-2638 JSW

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Amy M. Spicer, attest that concurrence in the filing of this document has been obtained from counsel for plaintiffs, counterdefendants, counterclaimants, and defendants.  I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of August 2007, at San Francisco, California.


_____/s/ Amy M. Spicer_____.
Amy M. Spicer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7580628.3

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
C 07-2638 JSW

# EXHIBIT B

1   TOWNSEND AND TOWNSEND AND CREW LLP
    ERIC P. JACOBS (State Bar No. 88413)
2   PETER H. GOLDSMITH (State Bar No. 91294)
    ROBERT A. McFARLANE (State Bar No. 172650)
3   IGOR SHOIKET (State Bar No. 190066)
    Two Embarcadero Center, 8th Floor
4   San Francisco, California 94111
    Telephone:    (415) 576-0200
5   Facsimile:    (415) 576-0300
    E-mail:    epjacobs@townsend.com
6              phgoldsmith@townsend.com
               ramcfarlane@townsend.com
7              ishoiket@townsend.com

8   Attorneys for Defendant and Counterclaimant
    FAIRCHILD SEMICONDUCTOR CORPORATION

9

10                      UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14

15   ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW (EDL)
     INC., a California corporation; and   (Consolidated with Case No. C 07-2664 JSW)
16   ALPHA & OMEGA SEMICONDUCTOR,
     LTD., a Bermuda corporation,          **FAIRCHILD SEMICONDUCTOR**
17                                         **CORPORATION'S NOTICE OF MOTION**
           Plaintiffs and Counterdefendants, **AND MOTION TO COMPEL RESPONSES**
18                                         **TO INTERROGATORIES AND**
           v.                              **PRODUCTION OF DOCUMENTS**
19   FAIRCHILD SEMICONDUCTOR
     CORP., a Delaware corporation,        Date:       December 11, 2007
20                                         Time:       9:00 a.m.
           Defendant and Counterclaimant.  Courtroom:  Courtroom E, 15th Floor
21
                                           Hon. Elizabeth D. Laporte
22

23   AND RELATED COUNTERCLAIMS.

24

25

26

27

28

1  TO PLAINTIFFS AND COUNTERDEFENDANTS ALPHA & OMEGA
2  SEMICONDUCTOR, INC., AND ALPHA & OMEGA SEMICONDUCTOR, LTD.:

3      PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and

4  Northern District of California Civil L.R. 7-1, 7-2, and 37-2, Defendant and Counterclaimant Fairchild

5  Semiconductor Corporation ("Fairchild") hereby moves the Court for an Order To Compel Responses

6  To Interrogatories And Production Of Documents. Specifically, Fairchild moves this Court to order

7  Plaintiffs and Counterdefendants Alpha & Omega Semiconductor, Inc., and Alpha & Omega

8  Semiconductor, Ltd. (collectively, "AOS") to provide full and complete discovery responses regarding

9  all AOS trench power MOSFET products accused of infringement in this case.

10      This motion will be heard in Courtroom E, 15th Floor, of the Northern District of California,

11  San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, on December

12  11, 2007, at 9:00 AM, or as soon thereafter as counsel may be heard, or at such other date and time as

13  the Court orders *sua sponte* or pursuant to the Motion to Change Time To Consolidate The Hearing

14  Dates On Discovery Motions, filed concurrently herewith. This motion is based on this notice and

15  memorandum, the attached declarations and exhibits, the oral argument to be heard at the hearing on

16  this motion, and any and all papers on file in this proceeding.

17  **MEMORANDUM OF POINTS AND AUTHORITIES**

18  **I.    INTRODUCTION**

19      Fairchild filed its complaint for patent infringement against AOS on May 18, 2007. In its

20  Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"), Fairchild

21  specifically identified 342 AOS power MOSFET[1] products as infringing Fairchild's asserted patents.

22  AOS seeks to limit its discovery obligations in this case to eighteen AOS products, including fourteen

23  _____

24  [1] A "MOSFET" is a Metal Oxide Semiconductor Field Effect Transistor. It is a semiconductor device
   that is used to switch current on and off. An "IGBT" is an Insulated Gate Bipolar Transistor. It is
25  similar to a MOSFET in respects that are material to the Fairchild patents-in-suit. Based on
   information available to Fairchild from AOS's website at the time of service of Fairchild's PICs, it
26  appears that AOS does not manufacture or sell trench IGBT products at this time. To the extent AOS
   does manufacture any trench IGBT products, Fairchild believes that such products also practice the
27  asserted claims of Fairchild's patents and are included in Fairchild's discovery requests.

28

1  AOS products for which Fairchild provided claim charts and reverse-engineering analysis in its PICs,

2  as well as four additional AOS products that are identified in a letter dated August 3, 2005, from

3  Fairchild's Director of Patents to AOS's Chief Executive Officer.  AOS's ostensible justification for

4  unilaterally limiting its discovery obligations is its assertion that Fairchild's definition of "accused

5  product(s)" in its discovery requests is so broad as to "encompass every electronic system device used

6  by either AOS or its customers including, e.g., telephones and automobiles."  AOS had previously

7  taken the untenable position that its discovery obligations were limited to eight products listed in the

8  August 3, 2005 letter, on the basis that Fairchild's PICs are "legally insufficient to identify more than

9  the products identified by Fairchild in its August 3, 2005 letter."  (Declaration of Igor Shoiket In

10  Support Of Fairchild's Motion To Compel Responses To Interrogatories And Production Of

11  Documents, ("Shoiket Decl."), Exh. 6).  The day Fairchild filed the present motion, AOS abandoned

12  this indefensible position in a letter from AOS's counsel to Fairchild's counsel.  (Shoiket Decl., Exh.

13  7).  Nonetheless, AOS still refuses to produce discovery on the other 324 products identified in

14  Fairchild's PICs.

15      AOS's arguments are legally unsupported and factually incorrect.  Fairchild has accused all of

16  AOS's trench power MOSFET and IGBT products, whether sold by themselves or in modules with

17  other electronic devices, and provided PICs explaining how the asserted claims of the Fairchild

18  patents read on the accused products.  AOS's attempts to limit its discovery obligations to a small

19  subset of those products should be rejected, and AOS should be ordered to produce discovery on all of

20  its accused trench power MOSFET and IGBT products.

21      Fairchild's counsel met-and-conferred in good faith with opposing counsel as required by Rule

22  37 of the Federal Rules of Civil Procedure, Civil Local Rule 37-1(a), and the Court's Order regarding

23  Discovery Procedures in an effort to resolve this dispute without Court intervention.  (Shoiket Decl.,

24  ¶¶ 7-9, and exhibits attached thereto).

25  **II.    BACKGROUND**

26      Fairchild served its First Set Of Interrogatories To Alpha And Omega Semiconductor Limited

27  and its First Set Of Requests For Production Of Documents To Alpha And Omega Semiconductor

28  Incorporated and Alpha And Omega Semiconductor Limited on July 27, 2007.  (Shoiket Decl., Exhs.

1 and 2). The first set of interrogatories and the first set of requests for production both include the

following definition of "accused product(s)":

> 3. The term "accused product(s)" refers to any and all systems of products, including but not limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale, sold, or imported into the United States by you, on your behalf, or by any of your customers."

(Shoiket Decl., Exh. 1 at 2, Exh. 2 at 2). Fairchild's first set of interrogatories and its first set of

requests for production both include a number of discovery requests directed towards information

regarding the design, manufacture, testing, operation, structure and function of AOS's "accused

product(s)." (Shoiket Decl., Exh. 1 at 4-6, Exh. 2 at 5-7). In particular, interrogatories 1-5 and 8-12,

and requests for production 1-10 and 14-21, all reference AOS's "accused product(s)." (Shoiket Decl.,

Exh. 1 at 4-6, Exh. 2 at 5-7).

AOS served its responses and objections to these requests on September 28, 2007. (Shoiket

Decl., Exhs. 3 and 4). AOS interposed the following objection to Fairchild's definition of "accused

product(s)" in the "General Objections" section:

> 4. AOS objects to Fairchild's definition of "accused product(s)" as overly broad. As Fairchild has defined the term, it purports to encompass ***each and every trench MOSFET product*** that AOS has ever made, used, offered for sale, sold or imported. AOS will treat this term as referring to the following trench MOSFET products that were identified by Fairchild in a letter dated August 3, 2005, from Stephen Schott to Dr. Michael Chang: AO4812, AO4912, AOD412, AOD414, AOD404, AOD406, AO4407, and AO4422.

(Shoiket Decl., Exh. 3 at 3, Exh. 4 at 3) (emphasis added). AOS incorporated its general objection to

Fairchild's definition of "accused product(s)" throughout its responses, refusing to provide any

information in its interrogatory responses, or to produce any documents, relating to products other

than the eight products specifically referenced in AOS's objection to the definition of "accused

product(s)." (Shoiket Decl., Exh. 3 at 3-8, Exh. 4 at 3-10). Thus, AOS has limited the scope of its

discovery obligations in this case to those eight products.

In a letter from AOS's counsel to Fairchild's counsel dated October 25, 2007, AOS again stated

that it is limiting the scope of "accused products" as that term is used in Fairchild's discovery requests

to the eight products identified in the August 3, 2005 letter. (Shoiket Decl., Exh. 6 at 2). In the

1   October 25 letter, AOS's counsel asserted that its objection to Fairchild's definition of "accused

2   product(s)" is related to its objection to the sufficiency of Fairchild's PICs. (Id.). Specifically, AOS's

3   counsel stated that "[t]he PICs served by Fairchild fail to provide any guidance as to what products are

4   at issue in this case. Fairchild's PICs, as with its definition of accused products, purport to cover an

5   indiscriminate array of AOS's MOSFET products." (Id.). AOS also stated that "Fairchild's PICs are

6   legally insufficient to identify more than the products identified by Fairchild in its August 3, 2005

7   letter." (Id.).

8       The October 25 letter explicitly tied AOS's refusal to provide discovery on anything but eight

9   of its power MOSFET products (out of approximately 342 accused power MOSFET products) to

10  purported deficiencies in Fairchild's PICs. (Shoiket Decl., Exh. 6 at 2). However, as explained in

11  Fairchild's opposition to AOS's motion to strike Fairchild PICs, filed concurrently herewith,

12  Fairchild's PICs clearly and unambiguously identified the accused products and provided results of

13  reverse engineering analyses that shows how the asserted claims of Fairchild's patents read on the

14  accused products. (Fairchild's PICs are attached to the Declaration Of Brett M. Schuman In Support

15  Of AOS's Motion To Strike Fairchild's Patent Local Rule 3.1, ("Schuman Decl."), Exh. A). Moreover,

16  discovery is not limited by the patentholder's PICs. *See Epicrealm, Licensing, LLC v. Autoflex*

17  *Leasing, Inc.*, 2007 WL 2580969 (E.D.Texas, Aug. 27, 2007) (construing Eastern District of Texas

18  patent local rules which are substantively the same as the Northern District of California's patent local

19  rules).

20      In its PICs, which were served on August 31, 2007, Fairchild explicitly accused 342 of AOS's

21  power MOSFET products listed in Exhibit 1 to the PICs of infringing various claims of U.S. Patent

22  Nos. 6,429,481 ("the '481 Patent"), 6,521,497 ("the '497 Patent"), 6,710,406 ("the '406 Patent"), and

23  6,828,195 ("the '195 Patent"). (Schuman Decl., Exh. A). Exhibit 1 to the PICs, which is entitled

24  "MOSFET Selector Guide – All Products" ("the MOSFET Selector Guide"), lists all 342 of AOS's

25  trench power MOSFETs that were available at the time of the service of the PICs, and which are

26  accused of infringing the Fairchild patents. (Id.) The MOSFET Selector Guide provides detailed

27  information about each of those 342 products, such as its configuration (e.g., single, dual,

28  complementary), its type (e.g., p-channel, n-channel), its drain-source voltage ($V_{DS}$), and numerous

1    other parameters. (Id.)

2    Fairchild's PICs also contain detailed claim charts, supported by reverse-engineering analyses,

3    for the 14 AOS trench power MOSFET products analyzed by Fairchild as part of its pre-filing

4    investigation. (Schuman Decl., Exh. A). These 14 parts are included in the list of 342 AOS power

5    MOSFETs provided in the MOSFET Selector Guide. (Id.) With regard to these 14 parts, Fairchild

6    stated:

7    These claim charts are based on information available to Fairchild at this
time and are based, in part, upon reverse engineering of a reasonable
8    sampling of AOS products. Fairchild contends that each of the accused
AOS products meets the limitations of the asserted claims because,
9    based upon their published characteristics, they are likely to have the
same design and structure as the products for which reverse engineering
10   data is provided. In addition, each of the accused AOS products is
likely to have been manufactured using a process that is the same or
11   similar in all respects relevant to the asserted claims as the products for
which reverse engineering data is provided.

12   (Id.)

13   The August 3, 2005, letter referenced in AOS's general objections to Fairchild's discovery

14   requests was written by Stephen Schott, Director of Patents and Associate General Counsel at

15   Fairchild, to Dr. Michael Chang, the CEO of AOS, as part of the parties' licensing negotiations in

16   2005. (Shoiket Decl., Exh. 8). The letter described prior communications between several senior

17   employees at Fairchild and Dr. Chang regarding the possibility of AOS taking a license to four of the

18   Fairchild patents that are at issue in this litigation. (Id.) In addition to identifying eight AOS

19   products, the letter also stated that Fairchild believed that a wide range of additional AOS products are

20   covered by these Fairchild patents. (Id. at 1). Fairchild's accusation of infringement cannot be limited

21   to a few products identified by Fairchild in licensing negotiations that took place two years before this

22   action was filed.

23   In a letter from AOS's counsel to Fairchild's counsel dated November 6, 2007, AOS abandoned

24   its position that it would product discovery on only the eight AOS products listed in the August 3,

25   2005 letter. (Shoiket Decl., Exh. 7). In that letter, AOS repeated its position that the definition of

26   
27   
28

1    "accused product(s)" in Fairchild's discovery requests is overly broad.[2] (Id.) AOS also recognized,

2    however, that Fairchild's PICs identify ten additional AOS products that were not previously identified

3    in pre-litigation correspondence.[3] (Id.) AOS stated that it will produce discovery on these additional

4    ten AOS products, in addition to the eight AOS products listed in the August 3, 2005 letter. (Id.)

5    AOS still refuses, however, to produce discovery on the remaining 324 products explicitly identified

6    in Fairchild's PICs. (Id.)

7    **III.    ARGUMENT**

8         **A.    Fairchild's Definition Of "Accused Product(s)" Is Not Overly Broad**

9         AOS objects to Fairchild's definition of "accused product(s)" as being overly broad, arguing

10   that the definition "purports to encompass each and every trench MOSFET product that AOS has ever

11   made, used, offered for sale, sold or imported." (Shoiket Decl., Exh. 3 at 3, Exh. 4 at 3). AOS also

12   argues that Fairchild's definition of this phrase is "so vague and overly broad that it fails to put AOS

13   on fair notice of the products that Fairchild suspects are infringing its patents." (Shoiket Decl., Exh. 6

14   at 2). AOS provides no explanation, however, as to why seeking discovery on AOS's entire trench

15   power MOSFET product line is overly broad. If all of AOS's trench MOSFET products infringe

16   Fairchild's patents, as Fairchild believes they do, then Fairchild is entitled to discovery on all those

17   products.

18

19   _____

20   [2] AOS also stated in the November 6, 2005, letter that Fairchild's PICs for the '111 and '947 Patents,
     which were served on October 29, include a narrower identification of accused products than is

21   provided in the PICs for the '481, '497, '406, and '195 Patents. The reason why the PICs for the '111
     and '947 Patents includes a narrower identification of products is because Fairchild believes that only

22   a subset, and not all, of AOS's trench MOSFET products infringe those patents. Fairchild believes
     that all of AOS's trench MOSFET products infringe the '481, '497, '406, and '195 Patents. Therefore,

23   Fairchild cannot agree to limit the number AOS trench MOSFET products accused of infringing the
     '481, '497, '406, and '195 Patents, as it has done for the '111 and '947 Patents.

24   [3] The August 3, 2005, letter listed AO4812, AO4912, AOD412, AOD414, AOD404, AOD406,
     AO4407, and AO4422 as being covered by Fairchild's patents. Fairchild's PICs include reverse-

25   engineering analysis for fourteen AOS products, specifically AO4410, AO4413A, AO4422, AO4468,
     AO4704, AO4812, AO4914, AO6402, AO6405, AOD414, AOL1412, AO4912, AOD438, and

26   AOL1414. Thus, Fairchild's PICs provide reverse-engineering analysis for four of the AOS products
     that were identified in the August 3, 2005 letter. Ten of the AOS products for which reverse-

27   engineering analysis is provided in the PICs were not listed in the August 3, 2005 letter.

28

1    The scope of discovery in all federal court litigation, including patent cases, is set forth in

2    Federal Rule of Civil Procedure 26(b)(1), which provides that:

3    Parties may obtain discovery regarding *any matter, not privileged, that is relevant to the claim or defense of any party*, including the existence,
4    description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of
5    persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject
6    matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to
7    lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

8    (Emphasis added).  Fairchild's discovery requests relating to AOS's "accused product(s)" are relevant

9    to Fairchild's claims of patent infringement and reasonably calculated to lead to the discovery of

10   admissible evidence.  As clearly stated in the PICs and reflected in the corresponding definitions of

11   "accused product(s)" in Fairchild's discovery requests, Fairchild has accused AOS's entire line of

12   power MOSFETs of infringing Fairchild's '481, '497, '406, and '195 Patents.  (Schuman Decl., Exh. A;

13   Shoiket Decl., Exh. 1 at 2, Exh. 2 at 2).  Fairchild's infringement assertions are based upon a detailed

14   pre-filing investigation of the design and process of manufacture of a reasonable sample of fourteen of

15   AOS's power MOSFETs, as reflected in the reverse-engineering results of AOS's products supporting

16   Fairchild's PICs.[4]  (AOS has never complained about the sufficiency of the PICs as they relate to the

17   fourteen products, yet AOS even refuses to provide discovery on some of *those* products.)  AOS has

18   no basis for limiting its discovery obligations to some artificially narrow subset of the accused

19   products of its own choosing.

20   Fairchild has on several occasions offered to enter into an agreement that would limit

21   discovery and trial to a set of accused products that are representative of other products.  *See, e.g.,*

22   Joint Case Management Conference Statement (Docket No. 28) at p. 6.  Such an agreement is

23   typically entered into in semiconductor patent litigation as a means of reducing discovery costs and

24

25   _____

26   [4] A Declaration of Dr. Richard A. Blanchard accompanies Fairchild's opposition to AOS's motion to strike Fairchild's PICs.  In his declaration, Dr. Blanchard, who is a noted semiconductor expert,
27   explains why it is reasonable to assume that *all* of AOS's power MOSFETs have a similar design and are made by a similar process as those products for which reverse engineering was performed.

28

1  trial time.  Such agreements make sense because many semiconductor products are of similar design

2  and manufacture.  AOS has refused to enter into such an agreement.  Consequently, any argument by

3  AOS that Fairchild's discovery requests are overbroad is disingenuous.

**B.    Fairchild's Preliminary Infringement Contentions Do Not Limit The Scope Of
Discovery In This Litigation**

After first arguing that the definition of "accused product(s)" is overly broad, AOS then argues

that Fairchild's PICs do not provide any clarification as to what products are being accused of

infringement.  (Shoiket Decl., Exh. 6 at 2).  AOS's argument is wrong for two reasons.  First, in its

PICs Fairchild clearly identified by part number every AOS product accused of infringement as of the

date the PICs were served.  (Schuman Decl., Exh. A).  Second, the PICs themselves do not serve to

limit the scope of discovery.  The scope of discovery is set forth in Federal Rule of Civil Procedure

26(b).  The Northern District of California's Patent Local Rules do not introduce any limits on the

scope of discovery beyond what are set forth in the Federal Rules of Civil Procedure.  In particular,

the portions of the Patent Local Rules dealing with Preliminary Infringement Contentions do not state

in any way that the PICs are intended to limit the scope of discovery.

While Fairchild could not find a decision from the Northern District of California that

specifically addressed the effect of the PICs on the scope of discovery, other jurisdictions have issued

such decisions.  In particular, the Eastern District of Texas, which has adopted patent local rules that

model those adopted by the Northern District of California, has held that the scope of discovery in a

patent case is not limited by the PICs.  In *Epicrealm, Licensing, LLC v. Autoflex Leasing, Inc.*, 2007

WL 2580969 (E.D. Texas, Aug. 27, 2007), the District Court for the Eastern District of Texas

addressed the issue of "whether the scope of discovery should be strictly limited to the products and

services specifically identified in the patent holder's PICs."  *Id.* at *2.  The court held that:

> ... the Court finds no bright line rule that discovery can only be obtained
> if related to an accused product identified in a party's PICs.  For
> example, the Dallas Division of the Northern District of Texas has
> adopted local rules for patent cases directing that "the scope of
> discovery is not limited to the preliminary infringement contentions or
> preliminary invalidity contentions but is governed by the Federal Rules
> of Civil Procedure." § 2-5, Miscellaneous Order No. 62 (Apr. 2, 2007).
> The Court infers that this Dallas Division local rule intends that the
> scope of discovery is determined on a case-by-case basis and as
> contemplated by the "relevant to the claim or defense of any party"
> language in Federal Rule of Civil Procedure 26(b)(1).  Further, Judge

Ward of the Eastern District of Texas has found that relevant discovery in a patent infringement suit "includes discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product." *See, e.g., Microunity Sys. Eng'g, Inc. v. Advanced Micro Devices, Inc.*, 2-06-cv-486, Dkt. No. 38 at ¶ 3 (E.D.Tex. May 23, 2007).

The Court concludes that the scope of discovery may include products and services (in this case, websites and systems) "reasonably similar" to those accused in the PICs. *Id.* This finding best comports with the "notice pleading and broad discovery regime created by the Federal Rules" and the "right to develop new information in discovery." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

*Id.* at *3. Thus, the Eastern District of Texas, whose local patent rules closely follow those of the Northern District of California, has expressly rejected the argument that discovery is limited to the specific products listed in a plaintiff's PICs. *Id.*

**C.    AOS Has No Justification For Limiting The Scope Of Discovery To The Eighteen AOS Products Listed In The November 6, 2007, Letter**

There is simply no justification for limiting AOS's discovery obligations to the eighteen AOS products identified in the November 6, 2007, letter. The Northern District of California has at least implicitly stated that all the products disclosed in a plaintiff's PICs, and not some subset of those products, are within the scope of discovery. In *IXYS Corp. v. Advanced Power Technology, Inc.*, 2004 WL 1368860 (N.D.Cal. June 16, 2004), the plaintiff's PICs accused the following products:

(a) any and all Power MOS 7® products or Power MOS V® (Generation 5) products with dual-layer metallization manufactured, used, sold, or offered for sale by APT on or after August 15, 1996, and

(b) any and all products manufactured, used, sold, or offered for sale by APT on or after August 15, 1996 *that are designed in substantially the same way, or function in substantially the same way*, as APT 5018BLL [a Power MOS 70 MOSFET].

*Id.* at *3 (quoting Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions) (emphasis added). With regard to the defendant's discovery obligations under Patent Local Rule 3-4(a), the court stated that "[b]y consequence [of the plaintiff having accused these products in its PICs], it is documents describing *those* devices that APT was obligated to produce ...." *Id.* Thus, the scope of discovery in the IXYS case covered two *families of products* having a particular feature (i.e., all "Power MOS 7® products" and all of the "Power MOS V® (Generation 5) products" having dual-

1  layer metallization), as well as all products that were **_designed in substantially the same way_** or that

2  **_functioned in substantially the same way_** as a particular product (the "APT 5018BLL power

3  MOSFET"). In other words, the scope of discovery included every accused product that was listed in

4  the PICs, not even excluding other family members that were not listed specifically by name, and not

5  excluding products that had similar characteristics to the specifically enumerated products.

6      In this case, Fairchild has explicitly accused 342 of AOS's power MOSFET products of

7  infringing Fairchild's patents. (Schuman Decl., Exh. A). Fairchild's PICs could not be any clearer in

8  identifying the products that are accused of infringement.

9  **IV.    CONCLUSION**

10      For these reasons, Fairchild respectfully requests that the court compel AOS to supplement its

11  discovery responses to include information related to all of its systems of products, including but not

12  limited to modules, containing trench design power MOSFETs or IGBTs made, used, offered for sale,

13  sold, or imported into the United States on its behalf, or by any of its customers, as originally

14  requested by Fairchild, within fourteen days of the issuance of the Court's Order.

15

16  DATED:  November 6, 2007        TOWNSEND AND TOWNSEND AND CREW LLP

17

18                    By:/s/Igor Shoiket
                          IGOR SHOIKET
19

20                    Attorneys for Defendant and Counterclaimant.
                      FAIRCHILD SEMICONDUCTOR CORPORATION
21  61200149 v5

22

23

24

25

26

27

28

# EXHIBIT C

1    TOWNSEND AND TOWNSEND AND CREW LLP
     ERIC P. JACOBS (State Bar No. 88413)
2    PETER H. GOLDSMITH (State Bar No. 91294)
     ROBERT A. McFARLANE (State Bar No. 172650)
3    IGOR SHOIKET (State Bar No. 190066)
     Two Embarcadero Center, 8th Floor
4    San Francisco, California 94111
     Telephone:    (415) 576-0200
5    Facsimile:    (415) 576-0300
     E-mail:       epjacobs@townsend.com
6                  phgoldsmith@townsend.com
                   ramcfarlane@townsend.com
7                  ishoiket@townsend.com

8    Attorneys for Defendant and Counterclaimant
     FAIRCHILD SEMICONDUCTOR CORPORATION

9

10                  UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14

15   ALPHA & OMEGA SEMICONDUCTOR,          Case No. C 07-2638 JSW (EDL)
     INC., a California corporation; and
                                           (Consolidated with Case No. C 07-2664 JSW)
16   ALPHA & OMEGA SEMICONDUCTOR,
     LTD., a Bermuda corporation,
17                                         **FAIRCHILD SEMICONDUCTOR**
            Plaintiffs and Counterdefendants,   **CORPORATION'S REPLY BRIEF IN**
18                                         **SUPPORT OF ITS MOTION TO COMPEL**
                  v.                       **RESPONSES TO INTERROGATORIES AND**
19                                         **PRODUCTION OF DOCUMENTS**
     FAIRCHILD SEMICONDUCTOR
     CORP., a Delaware corporation,
20                                         Date:        December 11, 2007
            Defendant and Counterclaimant. Time:        9:00 a.m.
21                                         Courtroom:   Courtroom E, 15th Floor

22                                         Hon. Elizabeth D. Laporte

23   AND RELATED COUNTERCLAIMS.

24

25

26

27

28

## I.      INTRODUCTION

Fairchild has moved this Court to compel AOS to produce discovery relating to all 342 AOS products that Fairchild has accused of infringement in this litigation.  AOS argues in its opposition to that motion that "[t]o justify its discovery requests, Fairchild relies exclusively on its Patent L.R. 3-1 Disclosures ("PICs") …"  AOS then argues that:

> Fairchild's approach fails for at least two reasons.  First, as AOS has demonstrated, Fairchild's PICs do not comply with Patent Local Rule 3-1. … Second, even if the Court were to accept that Fairchild's PICs are sufficient to accuse AOS's entire product line, it does not necessarily follow that Fairchild is entitled to the discovery it seeks by way of this motion.

AOS's first argument was rejected by this Court on November 27, 2007, when the Court denied AOS's motion to strike Fairchild's PICs.  AOS's second argument is equally flawed.  In support of its second argument, AOS argues that:

> Different legal standards govern the evaluation of Fairchild's PICs, i.e., Patent Local Rule 3-1, and Fairchild's motion to compel AOS to produce all information it has requested in relation to all of AOS's trench MOSFETs. Because Fairchild has not demonstrated that it is entitled to the relief it seeks by way of its motion to compel, the motion should be denied regardless of whether Fairchild's PICs are accepted or rejected by this Court.

For the reasons provided below, Fairchild has demonstrated that it is entitled to discovery on all 342 of AOS's trench MOSFET products, based on Fairchild's reasonable belief that all 342 accused AOS products infringe the asserted claims of the Fairchild patents.

## II.     ARGUMENT

### A.      Discovery On All 342 Accused AOS Products Is Necessary To Determine Infringement

AOS argues that its trench MOSFET products differ in ways that are materially relevant to Fairchild's infringement claims.  First, AOS states that AOS's products are used in many different applications.  Then, AOS states that to succeed in these different applications, AOS's products must have different performance characteristics.  Next, AOS states that to achieve these different performance characteristics, AOS's products must have different features.  Finally, AOS states that "[w]hile not all of the features are different as to every product, there are certainly some differences between each of the products."  Furthermore, AOS asserts that "these differences are relevant to

FAIRCHILD SEMICONDUCTOR CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS
CASE NO. C 07-02638 JSW (EDL) (CONSOLIDATED WITH CASE NO. C 07-2664 JSW)

1

1    Fairchild's claims." Despite these broad claims, however, AOS lists only the following two purported

2    material differences among its trench MOSFET products:

- the depth of the doped well relative to the depth of the trench;
  and

- the drain-source voltage ($V_{DS}$).

These are the only two examples provided by AOS as to how its products differ materially from one to

the next.

AOS has failed in its opposition to Fairchild's motion to compel to show that Fairchild's

discovery requests are not "relevant to the claim or defense of any party," which is the permissible

scope of discovery enunciated in Fed. Rule Civ. P. 26(b). AOS's contention that its trench MOSFET

products differ in some respects does not mean that those differences are relevant to all of the

infringement issues. For example, the depth of the doped well relative to the depth of the trench is not

recited in most of the asserted claims of Fairchild's patents. Claims 6, 7, 8, 10, 15, 16, 17, 18, 21, and

22 of the '481 patent; all of the asserted claims of the '497 patent; and claims 13, 14, 15, 17, 24, 25, 26,

27, 28, 29, 30, 31, and 32 of the '406 patent make no mention whatsoever of the depth of the doped

well relative to the depth of the trench. Similarly, the drain-source voltage is not recited in the vast

majority of the asserted claims.

AOS has not established in its opposition to this motion that its products are made using

different processes that result in differences that are material to the infringement analysis for all the

claims of Fairchild's asserted patents. By refusing to produce discovery on anything but the 14

products specifically identified in Fairchild's PICs, AOS is denying Fairchild information that is

reasonably calculated to lead to discovery of admissible evidence and is critical to proving Fairchild's

infringement case against AOS trench MOSFET product line.

Moreover, AOS's grumbling that it is being asked to provide discovery on too many products

is baseless. Fairchild has for several months sought to arrive at an agreement whereby the parties can

provide discovery on representative parts, but AOS thus far has refused to enter into such an

agreement. If AOS believes that a category of products is so materially different from the asserted

patent claims that it cannot possibly infringe, AOS can use the representative parts approach. In

1    particular, AOS can identify a product or products that it believes cannot possibly infringe, it can

2    produce discovery relating to that product or products, and it can identify any other products that it

3    believes incorporate the same allegedly non-infringing structure or are manufactured using the same

4    allegedly non-infringing process.  Such use of representative parts is a reasonable and commonly-

5    followed approach to reduce the burden of discovery in semiconductor cases and to reduce trial time.

6    AOS's improper attempt to limit the scope of discovery must be rejected.

7    **B.    Fairchild's Has Carried Its Burden Of Demonstrating Its Right To The Discovery It Seeks**

8

9    AOS argues that:

10   > Beyond the definitional overbreadth of Fairchild's requests, the scope and magnitude of the discovery sought by Fairchild is unduly burdensome. ***Fairchild seeks fulsome discovery regarding AOS's entire trench MOSFET product line, some 342 different products.***  In seeking information about all of AOS's products, Fairchild is essentially asking for every document that AOS has ever generated in the ordinary course of business. (emphasis added)

11

12

13

14   First, Fairchild is not asking for "every document that AOS has ever generated in the ordinary course

15   of business," but only for documents reasonably calculated to lead to discovery of admissible evidence

16   on the issue of infringement, albeit for all 342 accused parts, unless the parties can reach agreement on

17   the issue of representative parts as was proposed by Fairchild.  Second, AOS's argument above is

18   defeated by AOS's own arguments in opposition to Fairchild's Motion to compel. There, AOS argued

19   that:

20   > Fairchild offers no reason why the size of its own power MOSFET-based product lines should render discovery regarding those lines overbroad when any product within those lines could potentially infringe one or more of AOS's asserted patents.[1]

21

22   AOS makes the point for Fairchild.  Fairchild has not only identified every single product that it has

23   accused of infringement, but it has also explained why it believes the products for which it did not

24   _____

25   [1] This argument lacks force when applied to Fairchild's objections to AOS's discovery requests, because AOS has failed to provide any explanation whatsoever as to why any of Fairchild's products

26   other than those specifically listed in AOS's PICs could possibly infringe AOS's patents, or what it means by a "corresponding design."  Therefore, AOS has failed to show why the discovery it seeks in

27   its motion to compel are relevant to this litigation.

28

1    provide reverse-engineering analysis also infringe Fairchild's asserted patents.  Fairchild has

2    demonstrated its reasonable belief that all of AOS's trench MOSFET products infringe Fairchild's

3    asserted patents -- a showing that AOS has utterly failed to make in its own PICs.

4        AOS also argues that Fairchild cannot rely on a declaration from it's retained expert witness,

5    Dr. Blanchard, because AOS has objected to Dr. Blanchard's involvement in the case on behalf of

6    Fairchild and has filed a related motion for a protective order.  AOS's argument that Fairchild cannot

7    rely on Dr. Blanchard to support its infringement contentions is without merit, because such an order

8    even if granted would only preclude Dr. Blanchard from viewing AOS's "Confidential" and "Highly

9    Confidential -- Attorneys' Eyes Only" information.  Dr. Blanchard has relied entirely upon (1)

10   Fairchild's own reverse-engineering analyses and (2) publicly available AOS product information.

11   Since Dr. Blanchard has not relied on any confidential information -- indeed, Dr. Blanchard has not

12   yet seen any confidential AOS information -- Fairchild is not precluded from relying on his opinions

13   regarding infringement by AOS of Fairchild's asserted patents.

14       **C.    Fairchild's PICs Define The Minimum Scope Of Discovery**

15       AOS finally argues that "courts have imposed boundaries on discovery in patent cases that are

16   tied to the specific products accused of good faith of infringement."  In support of this argument, AOS

17   cites *T-Netix, Inc. v. Global Tel\*Link Corp.*, No. 2:06-cv-426 (E.D. Tex. May 23, 2007), an order in

18   which the District Court for the Eastern District of Texas, *sua sponte*, limited discovery to "discovery

19   relating to the technical operation of the accused products, as well as the identity of and technical

20   operation of any products reasonably similar to any accused product."  This order does not support

21   AOS's position.  Fairchild explicitly accused all of AOS's trench MOSFET products of infringement

22   by listing them in its PICs.  It goes without saying that the products listed as being accused of

23   infringement in a party's PICs are, in fact, "accused products" as that phrase is used in the *T-Netix*

24   order.  There is no authority supporting AOS's assertion that the scope of discovery can actually be so

25   narrow as to exclude products specifically accused of infringement and identified by part number in a

26   party's PICs.

27   **III.    CONCLUSION**

28       For the foregoing reasons, Fairchild's Motion To Compel Responses To Interrogatories And

FAIRCHILD SEMICONDUCTOR CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO
INTERROGATORIES AND PRODUCTION OF DOCUMENTS
CASE NO. C 07-02638 JSW (EDL) (CONSOLIDATED WITH CASE NO. C 07-2664 JSW)

4



1   Production Of Documents should be granted.

2

3   DATED:  November 27, 2007          TOWNSEND AND TOWNSEND AND CREW LLP

4

5                                      By:  /s/ Igor Shoiket
                                            IGOR SHOIKET
6

7                                      Attorneys for Defendant and Counterclaimant
                                       FAIRCHILD SEMICONDUCTOR CORPORATION
8   61219108 v1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D



1   MORGAN, LEWIS & BOCKIUS LLP
    Daniel Johnson, Jr. (State Bar No. 57409)
2   Brett M. Schuman (State Bar No. 189247)
    Amy M. Spicer (State Bar No. 188399)
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   djjohnson@morganlewis.com
    bschuman@morganlewis.com
6   aspicer@morganlewis.com

7   MORGAN, LEWIS & BOCKIUS LLP
    Andrew J. Wu (State Bar No. 214442)
8   2 Palo Alto Square
    3000 El Camino Real, Suite 700
9   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
10  Fax:  650.843.4001
    awu@morganlewis.com
11
    Attorneys for Plaintiffs and
12  Counterdefendants
    ALPHA & OMEGA
13  SEMICONDUCTOR, INC.
    ALPHA & OMEGA
14  SEMICONDUCTOR, LTD.

15                  UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18

19
    ALPHA & OMEGA                        Case No. 07-2638 JSW (EDL)
20  SEMICONDUCTOR, INC., a               (Consolidated with Case No. 07-2664 JSW)
    California corporation; and ALPHA &
21  OMEGA SEMICONDUCTOR, LTD., a         **DECLARATION OF FRANCOIS
    Bermuda corporation,                 HEBERT IN SUPPORT OF
22                                        PLAINTIFF'S REPLY IN SUPPORT OF
                   Plaintiffs,            ITS MOTION TO STRIKE
23                                        FAIRCHILD'S PATENT L.R. 3-1
              v.                          DISCLOSURES**
24
    FAIRCHILD SEMICONDUCTOR              Date:  November 27, 2007
25  CORP., a Delaware corporation,       Time:  9:00 a.m.
                                         Location: Courtroom E, 15th Floor
26                 Defendant.            Judge:  Hon. Elizabeth D. Laporte

27  ─────────────────────────────

28  AND RELATED COUNTERCLAIMS

MORGAN, LEWIS &
BOCKIUS LLP         1-PA/3675120.1
ATTORNEYS AT LAW
SAN FRANCISCO

1       I, François Hébert, declare as follows:

2    1.     I am the Chief Technology Officer for Alpha & Omega Semiconductor, Inc.

3    2.     My educational background includes a Bachelor's degree in Electrical Engineering

4 in 1984 from the University of Waterloo, a Master's degree in Electrical Engineering in

5 1985 from the University of Waterloo and a Ph.D in Electrical Engineering from the

6 University of Waterloo in 1988.

7    3.     I have worked in the semiconductor industry for more than 20 years. I have

8 worked in the power MOSFET industry for more than 12 years, and I have extensive

9 knowledge regarding the structure, design, simulation, manufacturing, characterization

10 and performance of these devices.

11    4.     I have reviewed Fairchild Corporation's Opposition to Plaintiff's Motion to Strike

12 Fairchild's Patent Local Rule 3-1 Disclosure, as well as the Declaration of Dr. Richard

13 Blanchard in support of that opposition. I may refer to those documents herein as

14 "Fairchild Opposition" and "Blanchard Declaration."

15    5.     I disagree with a number of statements in the Blanchard Declaration. For example,

16 I disagree with his statement and suggestions that all of AOS's accused power MOSFET

17 products are manufactured using processes that are the same in all respects relevant to

18 Fairchild's asserted patents.

19    6.     In fact, there are numerous differences among AOS's MOSFET devices. For

20 example, different AOS MOSFET products have different turn-on (threshold) voltages,

21 different gate voltage ratings (maximum Vgs voltage which can be applied for safe

22 operation), different drain voltage ratings (maximum Vds voltage which can be applied

23 for safe operation), different maximum drain current ratings, different drain to source

24 resistance, different transconductance, different drain to source breakdown voltages

25 (BVdss), different capacitances (input capacitance Ciss, output capacitance Coss and gate-

26 drain capacitance Crss), different gate resistance (Rg), different optimum operating

27 frequencies.

28    7.     Many of these characteristics relate to the operating performance of the products,

HEBERT DECLARATION IN SUPPORT OF AOS'S REPLY
IN SUPPORT OF ITS MOTION TO STRIKE CASE NO. 07-
2638 JSW (EDL) (CONSOL. WITH CASE NO. 07-2664 JSW)

1   including, for example, the resistance of the device to breakdown.

2   8.    To achieve the different performance characteristics described above, AOS's

3   MOSFET devices have different features, such as different silicon substrates (n type, p

4   type, and different doping concentrations), different drain drift regions, different doping

5   concentrations in certain regions, carrier type (n or p) and thickness, different trench

6   depth, different trench width, different distances between the trenches, different active cell

7   geometries (striped, closed-cell for example), different depths of the various doping

8   profiles (sometimes referred to as wells), and different number of steps used to fabricate

9   the devices.  While not all of the features are different between every product, the there

10  are certainly some differences between the products.

11  9.    Power MOSFETs are configured and optimized for different applications.  AOS's

12  catalog (see aosmd.com website for example), shows that the applications include for

13  example:  low-frequency DC-DC power conversion, high-frequency DC-DC power

14  conversion,  switch-mode-power-supplies (SMPS), SMPS low-side MOSFET, SMPS

15  high-side MOSFET, low-frequency load-switching applications, battery protection

16  applications, AC-DC power conversion, inverters, motor control, general purpose.  Some

17  applications even include multiple MOSFETs in one package, or one MOSFET with one

18  passive device such as a diode.  An example showing multiple applications of AOS

19  MOSFETs can be found below (from the AOS website, aosmd.com):

20

21

22

23

24

25

26

27

28

HEBERT DECLARATION IN SUPPORT OF AOS'S REPLY
IN SUPPORT OF ITS MOTION TO STRIKE CASE NO. 07-
2638 JSW (EDL) (CONSOL. WITH CASE NO. 07-2664 JSW)

3674935_1.DOC

**ALPHA & OMEGA SEMICONDUCTOR** — MOSFET Selector Guide - All Products

| # | Part Number | Status | Replacement Part | Package | Application | N or P | Logic | Avalanche | Type | BV | VGS | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 309 | AOD496 | New | | TO-252 | Single | SMPS | N | No | No | | 30 | 20 | 62 | 44 | 62.5 | 31 | 9.5 | 18 |
| 310 | AOD593 | Full Production | | TO-252-5L | Complementary | Inverter | N | No | No | 60 | 20 | 12 | 12 | 2 | 1.3 | 60 | 85 |
| 311 | AOD593 | Full Production | | TO-252-5L | Complementary | Inverter | P | No | No | -60 | 20 | -12 | -10 | 2.5 | 1.6 | 115 | 150 |
| 312 | AOD594 | Full Production | | TO-252-5L | Complementary | Inverter | N | No | No | 40 | 20 | 8 | 8 | 2 | 1.3 | 33 | 47 |
| 313 | AOD594 | Full Production | | TO-252-5L | Complementary | Inverter | P | No | No | -40 | 20 | -8 | -8 | 2.5 | 1.6 | 50 | 70 |
| 314 | AOD596 | New | | TO-252-4L | Complementary | Inverter | N | No | No | 60 | 20 | 8 | 8 | 4.2 | 2.7 | 53 | 47 |
| 315 | AOD596 | New | | TO-252-4L | Complementary | Inverter | P | No | No | -40 | 20 | -8 | -8 | 5 | 3.2 | 50 | 70 |
| 316 | AOD597 | New | | TO-252-4L | Complementary | Inverter | N | No | No | 30 | 20 | 12 | | 2.1 | 1.3 | 25 | 34 |
| 317 | AOD597 | Full Production | | TO-252-4L | Complementary | Inverter | P | No | No | -30 | 20 | -12 | | 2.1 | 1.3 | 37 | 62 |
| 318 | AOD608 | Full Production | | TO-252-4L | Complementary | Inverter | N | Yes | No | 40 | 20 | 10 | 10 | 2 | 1.3 | 39 | 50 |
| 319 | AOD608 | Full Production | | TO-252-4L | Complementary | Inverter | P | Yes | No | -40 | 20 | -10 | -10 | 2.5 | 1.8 | 51 | 75 |
| 320 | AOI452 | New | | TO-251A | Single | General Purpose | N | No | No | 25 | 20 | 55 | | 50 | | 8.7 | 14.7 |
| 321 | AOI472 | New | | TO-251A | Single | General Purpose | N | No | No | 25 | 20 | 50 | | 50 | | 5 | 9.5 |
| 322 | AOL1401 | New | | Ultra SO8 | Single | Battery Protection | P | Yes | No | -38 | 25 | -18 | -15 | 5 | 3 | 10 | |
| 323 | AOL1409 | Not for new designs | AOL1700 | Ultra SO8 | Single | SMPS Low Side | N | No | No | 30 | 20 | 27 | 22 | 5 | 3 | 4 | 6 |
| 324 | AOL1412 | New | | Ultra SO8 | Single | SMPS Low Side | N | No | Yes | SRFET | 30 | 12 | 27 | 21 | 5 | 3 | 3.9 | 4.6 |
| 325 | AOL1413 | New | | Ultra SO8 | Single | Load Switch | P | Yes | No | -30 | 25 | -14 | -11 | 5 | 3.2 | 17 | |
| 326 | AOL1414 | Full Production | | Ultra SO8 | Single | SMPS High Side | N | No | No | 30 | 12 | 21 | 17 | 5 | 3 | 6.5 | 7.5 |
| 327 | AOL1410 | Full Production | | Ultra SO8 | Single | SMPS High Side | N | No | No | 30 | 20 | 21 | 17 | 5 | 3 | 6.5 | 10.5 |
| 328 | AOL1428 | Not for new designs | AOL1700 | Ultra SO8 | Single | SMPS Low Side | N | No | No | 30 | 20 | 20 | 18 | 5 | 3 | 3.7 | 5.5 |
| 329 | AOL1424 | New | | Ultra SO8 | Single | SMPS | N | Yes | No | 30 | 20 | 24 | 19 | 5 | 3 | 5.4 | 8 |
| 330 | AOL1426 | New | | Ultra SO8 | Single | SMPS High Side | N | No | No | 30 | 12 | 15 | 12 | 4 | 2.6 | 10.5 | 13.5 |
| 331 | AOL1428 | New | | Ultra SO8 | Single | SMPS High Side | N | No | No | 30 | 20 | 18 | 14 | 5 | 3 | 9.5 | 15 |
| 332 | AOL1432 | New | | Ultra SO8 | Single | SMPS High Side | N | No | No | 25 | 20 | 21 | 17 | 6 | 4 | 8.5 | 14 |
| 333 | AOL1436 | Not for new designs | AOL1426 | Ultra SO8 | Single | SMPS Low Side | N | No | No | 25 | 30 | 20 | 16 | 5 | 3 | 11.5 | |
| 334 | AOL1440 | New | | Ultra SO8 | Single | SMPS Low Side | N | No | No | 30 | 25 | 20 | | 5 | 3 | 6.2 | |
| 335 | AOL1444 | Not for new designs | AOL1700 | Ultra SO8 | Single | SMPS Low Side | N | No | No | 30 | 20 | 26 | 21 | 5 | 3 | 4.3 | 6.3 |
| 336 | AOL1446 | Not for new designs | AOL1418 | Ultra SO8 | Single | SMPS High Side | N | No | No | 30 | 20 | 17 | 15 | 5 | 3.2 | 7 | 11 |
| 337 | AOL1454 | New | | Ultra SO8 | Single | Inverter | N | Yes | No | 40 | 20 | 17 | 13 | 5 | 3.2 | 9 | 13 |
| 338 | AOL1700 | New | | Ultra SO8 | Single | SMPS Low Side | N | No | No | 30 | 20 | 26 | 21 | 5 | 3.2 | 4.2 | 6 |
| 339 | AOL1702 | New | | Ultra SO8 | Single | SMPS Low Side | N | Yes | No | SRFET | 30 | 12 | 21 | 17 | 5 | 3.2 | 6.2 | 9.5 |
| 340 | AOL1704 | New | | Ultra SO8 | Single | SMPS Low Side | N | No | Yes | SRFET | 30 | 12 | 18 | 14 | 4.3 | 2.8 | 7.8 | 9.8 |
| 341 | AOL1708 | New | | Ultra SO8 | Single | SMPS Low Side | N | Yes | Yes | SRFET | 30 | 12 | 21 | 18.5 | 5 | 3.2 | 6.2 | 9.5 |
| 342 | AON3402 | New | | DFN 3x3 | Single | General Purpose | N | Yes | No | 20 | 12 | 12 | 9.8 | 3 | 1.9 | 13 | 17 |
| 343 | AON3406 | New | | DFN 3x3 | Single | General Purpose | N | No | No | 30 | 30 | 16 | 7.8 | 3 | 1.9 | 15 | 24 |

10.    Specific differences between transistors configured for different applications include, without limitation, the following examples:  Devices which are switched often and under severe conditions (SMPS, DC-DC converters, etc…) require different characteristics than devices which are rarely switched.  Motor-control devices (devices used in hand held battery powered tools for example), must be able to survive much harsher conditions than MOSFETs used to protect batteries of notebook computers and as a result, special techniques to clamp the breakdown voltage and protect the active cells of Power Tool MOSFETs are integrated in the structure.

11.    In addition to differences between among the 14 products for which Fairchild provided analysis, there are also difference between those 14 products and the other 342 products that Fairchild accuses of infringement.

12.    For example, many of the 342 products have performance characteristics not reflected among any of the 14 products.  As one example, the highest $R_{DS}$ among the 14 specifically identified products is 52 m$\Omega$ (AOD6405), while $R_{DS}$ of the 342 products AOS products (at $V_{GS}$=10V) ranges from 3.5 m$\Omega$ (AOD438) to 1600 m$\Omega$ (AO5800E).

4

HEBERT DECLARATION IN SUPPORT OF AOS'S REPLY
IN SUPPORT OF ITS MOTION TO STRIKE CASE NO. 07-
2638 JSW (EDL) (CONSOL. WITH CASE NO. 07-2664 JSW)

3674935_1.DOC

1    13.    Similarly, while the 14 products for which Fairchild provided analysis all have the

2    same drain-source voltage of 30V, the drain-source voltage of the other members in the

3    product family ranges from 12V (AO4437) to 20V (AO6702), 30V (AO6800), 40V

4    (AO4617), 60V (AO4612), 75V (AO4850); AOD464 (105V), AOT404 (105V), and

5    AOD450 (200V).

6    14.    These differences among drain-source voltages of the AOS products are driven by

7    the technical features of those products.  For example, the $V_{DS}$ as well as the $R_{DS}$ (when

8    normalized to the area of the device) are impacted by (among other things) the relative

9    depths of a MOSFET transistor's trenches and wells.

10   15.    In short, there are certainly differences among the 14 products for which Fairchild

11   has provided reverse-engineering analyses, as well as differences between those products

12   and the other products listed on the AOS selection guide. Some devices for example, have

13   a well which is shallower than the gate trenches, while other devices haves wells which

14   are deeper than the gate trenches.

15   16.    Finally, it is my understanding that at least some of these differences between the

16   AOS products would be shown by additional reverse engineering, such as Scanning

17   Electron Microscopy (SEMs), or Scanning Capacitance Microscopy (SCMs), or

18   Secondary Ion Mass Spectroscopy (SIMS).   Among other things, such analysis would

19   indicate the relative depths of the trenches and wells in the products.

20

21        I declare under penalty of perjury under the laws of the United States that the

22   foregoing is true and correct to my personal knowledge.

23

24        Executed this 13th day of November, 2007, at Sunnyale, California.

25

26                                              By _____

27                                                   François Hébert

28

5
HEBERT DECLARATION IN SUPPORT OF AOS'S REPLY
IN SUPPORT OF ITS MOTION TO STRIKE CASE NO. 07-
2638 JSW (EDL) (CONSOL. WITH CASE NO. 07-2664 JSW)

3674935_1.DOC