```
1  TOWNSEND AND TOWNSEND AND CREW LLP
   ERIC P. JACOBS (State Bar No. 88413)
2  PETER H. GOLDSMITH (State Bar No. 91294)
   ROBERT A. McFARLANE (State Bar No. 172650)
3  IGOR SHOIKET (State Bar No. 190066)
   Two Embarcadero Center, 8th Floor
4  San Francisco, California 94111
   Telephone:   (415) 576-0200
5  Facsimile:   (415) 576-0300
   E-mail:      epjacobs@townsend.com
6               phgoldsmith@townsend.com
                ramcfarlane@townsend.com
7               ishoiket@townsend.com

8  Attorneys for Defendant and Counterclaimant
   FAIRCHILD SEMICONDUCTOR CORPORATION
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHA & OMEGA SEMICONDUCTOR, INC., a California corporation; and ALPHA & OMEGA SEMICONDUCTOR, LTD., a Bermuda corporation,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR CORP., a Delaware corporation,<br><br>Defendant and Counterclaimant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C 07-2638 JSW (EDL)<br>(Consolidated with Case No. C 07-2664 JSW)<br><br>**DECLARATION OF LEONARD J. AUGUSTINE, JR. IN SUPPORT OF ADMINISTRATIVE MOTION FOR AN ORDER PERMITTING THE FILING OF DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 79-5(c)**<br><br>Date:      September 16, 2008<br>Time:      2:00 p.m.<br>Courtroom: E, 15th Floor<br>           Hon. Elizabeth D. Laporte |

I, Leonard J. Augustine, Jr., declare as follows:

1. I am an attorney and member in good standing of the State Bar of California and the Bar of this Court. I am an associate attorney in the law firm of Townsend and Townsend and Crew LLP ("Townsend"), counsel for Defendant Fairchild Semiconductor Corp. ("Fairchild"). I have personal knowledge of the matters stated, except where otherwise indicated, in this Declaration and could competently testify to them if I were called as a witness.

2. On August 2, 2007, the Court entered a Stipulated Protective Order [Docket No. 27] in this case.

3. On September 3, 2008, Fairchild lodged with the clerk "Confidential Exhibit 2" and "Confidential Exhibit 3" attached to the Declaration of Leonard J. Augustine, Jr. in Support of Fairchild Semiconductor Corporation's Reply to AOS's Opposition Motion To Fairchild's Motion to Compel Production of Documents ("Declaration of Leonard J. Augustine, Jr.").

4. Fairchild's Confidential Exhibit 2 and Confidential Exhibit 3 to the Declaration of Leonard J. Augustine, Jr. are sealable under the Court's Protective Order and Local Rules because the documents contains information of Fairchild that: (1) is confidential; (2) has not been disclosed to the public; and (3) could, if disclosed to the general public, cause harm to Fairchild's competitive positions. Accordingly, Fairchild requests that the documents remain sealed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on September 3, 2008 at San Francisco, California.

　　　　　　　　　　　　　　　　　　　/s/ Leonard J. Augustine, Jr.
　　　　　　　　　　　　　　　　　　　Leonard J. Augustine, Jr.

61482290 v1

# Exhibit 1

TOWNSEND
and
TOWNSEND
and
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

Direct: (415) 273-7511
mrhulse@townsend.com

August 25, 2008

VIA EMAIL AND U.S. FIRST CLASS MAIL

Harry F. Doscher
Morgan Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

  Re: *Alpha & Omega Semiconductor v. Fairchild Semiconductor*
    USDC N.D. CA Case No. C07-02638 JSW (EDL)
    Consolidated with Case No. C07-02664 JSW
    Our Reference No. 18865P-021600

Dear Harry:

  I write in response to your August 18, 2008, letter to Igor Shoiket concerning Fairchild's request for AOS's in-line data. Your letter is filled with inaccurate assertions. You claim that Fairchild "has never shown an interest" in the production of in-line data, for example. Yet Fairchild sought this data long ago. AOS's in-line data is responsive to at least Request Nos. 1, 3, and 8 in Fairchild's First Set of Requests for Production of Documents, which we served more than a year ago. We requested this data again on July 11, 2008. (Letter from Hulse to Hoffman, July 11, 2008, ("in-line data . . . must be produced for every AOS product.")). There are other inaccuracies in the letter which I will not spend time addressing now.

  In any event, we reject your request to withhold all of AOS's in-line data from discovery in this case. In-line data is collected during the manufacturing process, and typically includes information concerning the structural features of devices. Accordingly, certain in-line data is highly relevant to infringement issues in this case, as many asserted claims of the Fairchild Mo patents include limitations directed to structural aspects of devices, including the depths of trenches, doped wells, and other features. *See, e.g.,* claim 1 of the '481 patent. Additionally, in-line data can be used as input information for simulations of AOS's accused products.

  AOS objects to the production of in-line data on the grounds that it is irrelevant and unduly burdensome to produce. We disagree. As for relevance, for the reasons explained above, certain in-line data is highly relevant to infringement issues presented by the Fairchild patents. We are willing to work with AOS to reduce the burden this production may impose. But AOS's

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Harry F. Doscher
August 25, 2008
Page 2

prior proposal regarding quality control data is unacceptable to the extent it would potentially exclude from production certain categories of relevant data, including some listed above. Nevertheless, there is some in-line data that may be excluded from production. AOS produced two spreadsheets after we filed the motion to compel which you represented in your August 18, 2008, letter were samples of AOS's quality assurance documents. AOS can exclude from production these spreadsheets for all AOS products. However, AOS should produce other categories of in-line data, including trench measurements, field oxide measurements, gate oxide measurements, poly gate measurements, and other measurements relating to the structure of AOS's accused products. We are willing to consider any proposals AOS may have to reduce the burden of producing such data.

Very truly yours,

*[signature]*

Matthew R. Hulse

61476915 v1

# Exhibit 2
# Highly Confidential - Attorneys' Eyes Only
# (Filed under Seal)

# Exhibit 3
# Highly Confidential - Attorneys' Eyes Only
# (Filed under Seal)